Robert P. Goe - State Bar No. 137019
Elizabeth A, LaRocque – State Bar No. 219977
**GOE & FORSYTHE, LLP**
660 Newport Center Drive, Suite 320
Newport Beach, CA 92660
rgoe@goeforlaw.com
elarocque@goeforlaw.com

Telephone: (949) 467-3780
Facsimile:   (949) 721-0409

Attorneys for POINT CENTER FINANCIAL, INC.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>THE PRESERVE, LLC,<br><br>Debtor and Debtor in Possession. | Case No.  6:08-bk-23006-BB<br><br>Chapter 11 Case<br><br>**POINT CENTER FINANCIAL'S OPPOSITION AND REQUEST FOR HEARING ON DEBTOR'S MOTION FOR ORDER AUTHORIZING EXTENSION OF (1) DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT; AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Hearing Requested] |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

Point Center Financial, Inc., secured creditor herein ("PCF") hereby files its Opposition ("Opposition") to the debtor, The Preserve, LLC, A California limited liability company's ("Debtor") Motion For Order Authorizing Extension Of (1) Deadline To File A Plan And

1

Disclosure Statement; And (2) Exclusivity Period Regarding Solicitation Of Acceptances And Rejections To Plan (the "Motion"). As discussed herein, the Motion must be denied.

The Motion fails to make any mention of the shenanigans Debtor's principal Scott Krentel ("Krentel") has played in, among other things, recording a $3,000,000 deed of trust against Debtor's property on the day of the bankruptcy filing, or the "acquiring" of assets on the eve of the filing to skirt the single asset rules.

Even more importantly, neither the Motion nor Declarations make any mention of any buyers for the property, refinancing of the existing debt, or any other means to reorganize and pay creditors. Rather, nearly the entire focus of the Motion is on its spurious claims against PCF. In essence, Debtor is asking for an open ended extension of exclusivity to coincide with the pending litigation against PCF and its resolution. No legal support is cited for such proposition.

Krentel, on behalf of the Debtor, requesting an exclusivity extension comes before the Court with unclean hands having made several misrepresentations to the Court, including but not limited to, the following

    a.    That on the <u>day of the bankruptcy filing, he recorded a $3 million deed of trust in his favor against property of the bankruptcy estate</u>, which was not disclosed in the Motion, Schedules or Statement of Financial Affairs ("SOFA");

    b.    That on September 18, 2008 Krentel recorded an additional deed of trust in <u>his favor</u> against property of the bankruptcy estate with no stated amount, which was also not disclosed; and

    c.    That he fraudulently encumbered certain property which was dedicated to the City of Beaumont for open space for which PCF was asked and did partially release its lien;

As the Debtor has provided absolutely no evidence to support the granting of this Motion by the Debtor, which essentially is a one-asset case, the Motion should be denied.

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

By the Motion, the Debtor has requested that its exclusive period for filing a plan be extended to and including May 22, 2009. The Debtor has also requested that its exclusive period for seeking acceptances and confirming its plan be extended to July 22, 2009.

The Debtor has alleged that "cause" exists to extend the Debtor's exclusive periods to file a plan and to seek acceptances thereof because the Debtor has taken steps necessary to position itself for a reorganization. Upon closer examination, however, the Debtor's evidence of "cause" is limited to the Debtor's retention of two law firms, complying with the United States Trustee ("UST") requirements, borrow money from its principal, set a bar date for claims and sue PCF (See Krentel Declaration). Big deal! Where is evidence of new financing, sale of the Legacy Highlands or any other substantial infusion of cash to reorganize Debtor's case?

The sole basis for the Motion is that Debtor needs exclusivity extended until its dispute with PCF is resolved. However, that is not a basis to grant the Motion. There is no obstacle to the Debtor's preparation and filing of a plan. The question presented is not whether the Debtor is ready and able to prepare a plan, but rather whether the Debtor should have the exclusive right to do so. PCF believes that there is no reason why the Debtor in this case should be favored with exclusivity at all, much less an extended period. Although this Court denied PCF's single asset motion, there is no dispute that the Legacy Highlands project represents over ninety percent (90%) of the alleged value in this bankruptcy estate and Debtor has been working on such project for over seven (7) years. This is not an overly complicated or large case.

Accordingly, there is no justification for a further delay in the filing of a plan of reorganization or liquidation. Allowing the Debtor further time to languish in bankruptcy while preventing PCF or other parties from actively participating in the reorganization process would be inefficient, costly and detrimental to the bankruptcy estate. Denial of the Debtor's Motion would facilitate the Debtor's exit from Chapter 11.

/ / /

Furthermore, Debtor is generating no revenue whatsoever, and is subsisting on insider "loans" further deepening the Debtor into administrative insolvency.

## II.

## NO CAUSE EXISTS TO EXTEND THE EXCLUSIVITY PERIODS

There is insufficient cause to justify and award an extension of the exclusivity periods.

It is Debtor's burden to demonstrate that there is cause to extend the exclusivity period. Here, Debtor has not met its burden in showing good cause for the extension.

"Since the debtor seeks the extension, the burden is on it to demonstrate the existence of good cause." *In re Newark Airport/Hotel L.P.,* 156 B.R. 444, 451 (Bankr.D.N.J.1993), *aff'd* 155 B.R. 93 (D.N.J.1993). "11 U.S.C. Section 1121(d) requires that an affirmative showing of cause, supported by evidence, be made by the party seeking the extension ... of time." *In re Parker Street Florist & Garden Center, Inc.,* 31 B.R. 206, 207 (Bankr.D.Mass.1983). See *In re R.G. Pharmacy, Inc.* 374 B.R. 484 (Bkrtcy.D.Conn.,2007)

As is the case here, in the *R.G. Pharmacy, Inc*. case there was a pending adversary proceeding affecting the largest claims asserted against the debtor and debtor's value as a viable business. There, the Debtor argued that the unresolved contingencies favored extending debtor's exclusivity period. The Court held as follows:

> "The existence of such issues will not ordinarily be sufficient to establish the requisite cause for granting an extension. *See, e.g. In re Lake in the Woods,* 10 B.R. 338, 342 (E.D.Mich.1981) (holding that pending litigation over title to the land on which the debtor's apartment complex was situated was not sufficient cause to extend the exclusivity period). "The ordinary Chapter 11 debtor is expected to bring with it litigation, or the potential for it. Litigation with creditors is not an unusual circumstance, and the fact that litigation is pending with creditors is not in itself sufficient cause to justify an extension of the exclusivity period. Only under extreme circumstances would the existence of litigation constitute cause for an extension ...." *In re Southwest Oil Co. of Jourdanton, Inc.,* 84 B.R. 448, 452 (Bankr.W.D.Tex.1987).

Courts have often cited the legislative history of § 1121 , which indicates that the Bankruptcy Code imposed limitations on the debtor's exclusive right to file a plan in order to

balance the bargaining positions of debtors and creditors in negotiating the terms of a reorganization. *See, e.g., Lake in the Woods,* 10 B.R. at 342-344.  See *In re R.G. Pharmacy, Inc*. 374 B.R. 484 (Bkrtcy.D.Conn.,2007)

In *R.G. Pharmacy, Inc.,* the Court further found that the debtor did not show that an extension would be likely to significantly improve the progress of the case and that the contingencies were not cause for granting the extension.  In concluding, the Court indicated that "[t]he fact that the debtor no longer has the *exclusive* right to file a plan does not affect its concurrent right to file a plan. Denying [the] motion only affords creditors their right to file a plan; there is no negative affect [sic] upon the debtor's coexisting right to file its plan." *Parker Street,* 31 B.R. at 207.  See *In re R.G. Pharmacy, Inc*.  374 B.R. 484 (Bkrtcy.D.Conn., 2007).

The *R.G. Pharmacy, Inc*. case is directly on point as this case also presents a situation where the Debtor is seeking to extend the exclusivity period because of pending litigation, which the Court found was not sufficient cause.  Thus, in this case, the exclusivity period should not be extended.

### A.  The Majority of Cases Hold That Routine Requests for Extensions of the Exclusivity Period Should be Denied Absent Special Circumstances

Section 1121(d) of the Code provides that the Court may extend the Debtor's exclusivity period "for cause."  See  11 U.S.C. §1121(d).  However, it is manifest that the debtor has the burden of establishing that cause exists to extend the exclusivity period.  In re Curry Corp., 148 B.R. 754, 755 (Bankr. S.D.N.Y. 1992).

Cases interpreting Section 1121(d) uniformly hold that "cause" to extend the Debtor's exclusivity period does not include the Debtor's mere need for additional time to formulate or confirm a plan of reorganization.  See, e.g., In re Tony Downs Food Co., 34 B.R. 405 (Bankr. D. Minn. 1983). For instance, in the Tony Downs case, the bankruptcy court stated:

> The debtor argued at the hearing that it needed more time in order to develop its plan.  Section 1121 does not create a deadline for filing a plan; the debtor is free to take as much time to develop and file its plan as it feels appropriate.  The risk is, of course, that while it is developing its plan, another party in interest will file a plan.  However, that is as Congress intended.

Tony Downs, 34 B.R. at 757 (emphasis added). Thus, the Tony Downs court aptly recognized that absent special circumstances, the Debtor's exclusivity period should not be extended beyond the initial term.

In United Savings Assn. of Texas v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365 (1988), the Supreme Court held that bankruptcy courts should exercise greater scrutiny in reviewing routine requests for extensions of the exclusivity period. In Timbers, the Court declared:

> The bankruptcy court must avoid reinstituting the imbalance between the debtor and its creditors that characterized proceedings under the old Chapter XI. <u>Section 1121 was designed, and should be faithfully interpreted, to limit the delay that makes creditors the hostages of Chapter 11 debtors.</u>

Timbers of Inwood Forest, 484 U.S. at 372 (emphasis added).

In other words, the Timbers Court recognized that Congress intended that the exclusivity period of Section 1121 should confer upon the Debtor a certain degree of bargaining power during the early stages of the Debtor's chapter proceeding. However, once the initial period expires, the Debtor's inability to negotiate effectively with its creditors is not cause to extend the exclusivity period and does not preclude interested parties from exercising their valid rights. Under no circumstances should an extension be employed as a tactical device to put pressure on creditors to yield to a plan that they might not otherwise consider. Curry, 148 B.R. at 756.

This case is little more than a single asset real estate case (respectfully, PCF believes it is such) that would subject it to the ninety (90) day timeframes of Code Section 362(d) (3).

**B.   This Case Does Not Involve Special Circumstances that Justify Extension of the Exclusivity Period.**

Refusal by this court to extend the Debtor's exclusivity period will in no way affect the Debtor's ability to negotiate with PCF and other creditors in this case. If anything, denial of the Motion will cause the Debtor to work more effectively in negotiating with its constituents in order to confirm a consensual plan as soon as possible.

Denial by this Court of the Debtor's request to extend the exclusivity period will not impede upon the Debtor's ability to continue negotiating with its creditors. Rather, denial of the

6

impede upon the Debtor's ability to continue negotiating with its creditors. Rather, denial of the Motion will serve to free the creditors from the restraint imposed upon them by Section 1121 and allow it to prepare and file its own plan in this case as contemplated by the Timbers Court should a more favorable alternative arise.

### III.

### CONCLUSION

As set forth above, the Debtor has failed to meet its burden of proof regarding "cause" within the meaning of Section 1121(d) for an extension of the exclusive periods for the filing of a plan and the solicitation of acceptances thereto. Accordingly, the Debtor's Motion should be denied.

DATED: February 5, 2009          **GOE & FORSYTHE, LLP**

By: _____
Robert P. Goe
Attorneys for Point Center Financial

7

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, Suite 320, Newport Beach, CA 92660.

The foregoing document described **POINT CENTER FINANCIAL'S OPPOSITION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING EXTENSION OF (1) DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT; AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 5, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Jeffrey W Broker    jbroker@brokerlaw.biz
- Don Fisher    dfisher@ptwww.com
- Robert P Goe    kmurphy@goeforlaw.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Mark C Schnitzer    mschnitzer@rhlaw.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- David R Zaro    dzaro@allenmatkins.com
- Joshua del Castillo    jdelcastillo@allenmatkins.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

The Honorable Sheri Bluebond, USBC, East Temple Street, Suite 1482, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 02/05/2009 | Kerry A. Murphy | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |