1 | JEFFREY W. BROKER – State Bar No. 53226
PAMELA J. ZYLSTRA – State Bar No. 147977
2 | BROKER & ASSOCIATES PROFESSIONAL CORPORATION
18191 Von Karman Avenue, Suite 470
3 | Irvine, CA 92612-7114

4 | Telephone: (949) 222-2000
Facsimile: (949) 222-2022
5 | email:    jbroker@brokerlaw.biz

6 | General Reorganization Counsel
for Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| In re | Case No. 6:08-bk-23006-BB |
| --- | --- |
| | Chapter 11 Proceeding |
| THE PRESERVE, LLC, a California Limited Liability Company, | **SUPPLEMENTAL DECLARATION OF JOHN C. NOLAN IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO OPPOSITION BY POINT CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1) AUTHORIZING EXTENSION OF DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN** |
| Debtor and Debtor-in-Possession | |
| | Date: March 11, 2009 |
| | Time: 11:00 a.m. |
| | Ctrm: 303 |

I, John C. Nolan, declare and state as follows:

1.    I am an attorney at law, duly licensed to practice in the State of California and before the bar of this Court. I am a shareholder of Gresham Savage Nolan & Tilden APC (the "Firm"), special litigation counsel to THE PRESERVE, LLC, a California Limited Liability Company, the Debtor and Debtor-in-Possession (the "Debtor") in the within Chapter 11 case in

1 connection with . All of the matters testified to herein are based upon my own personal knowledge, are true and correct and, if called upon to testify, I could testify competently thereto.

2. The Firm was hired pursuant to Bankruptcy Court Order entered on November 19, 2008 to advise, represent and assist the Debtor with respect to the pending litigation in the Superior Court of California, County of Riverside, Case No. RIC 492830 which is a "CEQA challenge." Although the City of Beaumont is the named Respondent, the Debtor is specified in the caption of the CEQA challenge as the Real Party in Interest in that its property interests in the Legacy Highlands specific plan are potentially impacted by the CEQA challenge. The interests of the Debtor and the City of Beaumont are at all times aligned with one another in this matter. I have been the lead trial counsel in connection with the litigation of the CEQA challenge. In order for The Preserve, LLC ("Preserve"), to develop its property near the City of Beaumont, California, it must first obtain the necessary land use approvals. In pursuit of these approvals, Preserve sought to have Beaumont issue it an approved Specific Plan that would authorize the ultimate build-out and construction envisioned by Preserve.

3. Under California law (Public Resources Code Section 21000, et seq.) before any public agency can take discretionary action on any land use decision, it must first comply with the California Environmental Quality Act ("CEQA").

4. Where, after initial review, a land use project is shown to have a reasonable possibility of creating an environmental impact, CEQA requires that before making the land use decision, the agency first prepare (or have prepared for it by independent experts) an Environmental Impact Report ("EIR"). The EIR is to examine a range of potential impacts, discuss them, and also evaluate potential, possibly less impacting, alternatives. Additionally, where a project will create more than 500 residences, a Water Supply Assessment is required, to illustrate that the proposed project will, if built, have sufficient water. The purpose of the EIR is to inform the decision makers so that they can determine if an alternative is feasible, and whether the proposed project, despite possible environmental impacts, has benefits that "override" those impacts so that it should still be approved.

5. The EIR thus becomes something akin to the record of proceedings for a project, and must contain all the necessary information required under CEQA. Additionally, if the approving agency determines to "override" the environmental impact potential and approve the projects, its action in doing so must have factual support either from within the EIR or from other information or testimony adduced during the review proceedings.

6. In the instant situation, the application made by the Debtor did result in the production of an EIR, which included a presentation regarding water supply. After reviewing the EIR and noting some of the alternatives considered, the City of Beaumont, though it's City Council, determined that the water supply had been adequately analyzed, and that the suggested alternatives which were smaller in scope were not practical. Accordingly, the City issued a Statement of Overriding Considerations indicating that, despite potential environmental impacts, the benefits of the project served to override them.

7. A lawsuit was then filed with the Riverside Superior Court, Case No. RIC 492830 by certain nearby residents, contesting almost every aspect of the CEQA process involved with this project (the "CEQA Challenge").

8. A CEQA "trial" is, in reality, much like an appellate proceeding, where the only "evidence" is the administrative record which includes all oral and written presentation made at the various agency review steps.

9. Although there were a large number of CEQA issues contested within the CEQA Challenge, when the trial was held on January 23, 2009, the trial court judge concluded that, in his opinion, some, (but far from all that had been alleged) CEQA "violations" had occurred. Specifically, the trial count found that the water supply for the next 20 years had not been adequately reviewed. The court further determined that there was not sufficient information included within the administrative record to justify the rejection of some alternatives. Finally, it was held that, in preparing the Statement of Overriding Considerations, that the City did not rely on specific "record" information, but instead, acted largely upon conclusion.

1      10.    This determination was made by way of the trial court's Statement of Decision issued on February 3, 2009, which will, in due course, serve as the basis for a Judgment and Writ of Mandate.

    11.    Recognizing that the scope of items reviewed under CEQA can be, and often is, extensive, the statutes require that the court "itemize" its determination of any shortfall. This, then, enables the agency to redo that portion (<u>and that portion only</u>) that was found to be inadequate. Accordingly, this project will be returned to the City of Beaumont to "correct" those portions of CEQA's requirements that were found wanting. The Debtor has, even before trial, conducted its own further water analysis and can with relative ease supply the City with additional factual data about water as well as more information regarding the unacceptability of the suggested alternatives and furnish more support for the overriding benefits of the project.

    12.    Although precise time lines are somewhat uncertain for situations such as this, I believe it to be likely that the correction activities can be completed within the next 4 to 6 months and then submitted to this same court for confirmation and the matter of the CEQA Challenge concluded favorably to the Debtor and the City of Beaumont.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 2nd day of March, 2009 at Riverside, California.

_____
John C. Nolan

| In re:<br>THE PRESERVE, LLC<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 6:08-bk-23006-BB |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 18191 Von Karman Avenue, Suite 470, Irvine, CA 92612

The foregoing document described **SUPPLEMENTAL DECLARATION OF JOHN C. NOLAN IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO OPPOSITION BY POINT CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1) AUTHORIZING EXTENSION OF DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 4, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

dfisher@ptwww.com (Palmieri Tyler et al.)
kmurphy@goeforlaw.com (Goe & Forsythe, LLP) [counsel for Point Center Financial, Inc.]
ustregion16.rs.ecf@usdoj.gov (United States Trustee)
elizabeth.lossing@usdoj.gov   (United States Trustee)
mcschnitzer@rhlaw.com (Reid & Hellyer) [counsel for Deep Canyon Holdings
dzaro@allenmatkins.com (courtesy NEF)
jdelcastillo@allenmatkins.com (courtesy NEF)

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On <u>February 10, 2009</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or **with an overnight mail service** addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

The Hon. Sheri Bluebond, 255 East Temple Street, Suite 1482, Los Angeles, CA 90012

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 4, 2009 | Jeffrey W. Broker | */s/ Jeffrey Broker* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**