1  Robert P. Goe - State Bar No. 137019
   Elizabeth A, LaRocque – State Bar No. 219977
2  **GOE & FORSYTHE, LLP**
   18101 Von Karman Ave., Ste. 510
3  Irvine, CA 92612
   rgoe@goeforlaw.com
4  elarocque@goeforlaw.com

5  Telephone: (949) 798-2460
   Facsimile:  (949) 955-9437
6
   Attorneys for POINT CENTER FINANCIAL, INC.
7

8             UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    RIVERSIDE DIVISION

11

| | |
|---|---|
| In re:<br><br>THE PRESERVE, LLC,<br><br>Debtor and Debtor in Possession. | Case No. 6:08-bk-23006-BB<br><br>Chapter 11 Case<br><br>**POINT CENTER FINANCIAL'S PRELIMINARY OPPOSITION AND REQUEST FOR HEARING ON DEBTOR'S SECOND MOTION FOR ORDER AUTHORIZING EXTENSION OF (1) DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT; AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF**<br><br>**Hearing:**<br>Date: July 29, 2009<br>Time: 2:00 p.m.<br>Courtroom: 303 |

TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:

Point Center Financial, Inc., secured creditor herein ("PCF") hereby files its Preliminary Opposition ("Opposition") to the debtor, The Preserve, LLC, A California limited liability company's ("Debtor") Second Motion For Order Authorizing Extension Of (1) Deadline To File A

1

1  Plan And Disclosure Statement; And (2) Exclusivity Period Regarding Solicitation Of
2  Acceptances And Rejections To Plan (the "Motion").
3      The Motion was noticed on 15 days request for hearing. However, at the May 27, 2009
4  Status Conference, the requests set forth in the Motion were raised, with PCF indicating that it
5  would be filing an objection to the Motion. Accordingly, the Court set the Motion for hearing.
6      PCF files this Preliminary Opposition within the 15 days required to preserve its rights,
7  despite the matter already being set for hearing. PCF contends that within the approximate two
8  months prior to the hearing the facts affecting this Motion may change. Accordingly, PCF
9  reserves its rights to file further Opposition to the Motion within 14 days of the July 29, 2009
10 hearing in compliance with Local Bankruptcy Rule 9013-1(f).
11     Based upon the facts set forth herein below, the Motion should be denied.
12     This is Debtor's second request for an extension to file its disclosure statement and plan.
13 PCF objected to the first request for an extension and the Court ruled that it is not inclined to
14 extend exclusivity until the end of litigation (with PCF) and that if Debtor wants to maintain
15 exclusivity it needs to figure out how to propose a plan that includes alternate treatments of the
16 litigated claim. A true and correct copy of the Court's Tentative Ruling to Debtor's first Motion to
17 Extend Exclusivity is attached to the Declaration of Robert P. Goe ("Goe Declaration") as **Exhibit**
18 **"1"** and incorporated herein by reference. Moreover, Debtor's ability to reorganize has diminished
19 in light of the CEQA Judgment setting aside approval for the Legacy Highland Project and
20 suspending all activity on the project. A true and correct copy of the CEQA Judgment is attached
21 to the Goe Declaration as **Exhibit "2"** and incorporated herein by reference.
22     The Motion fails to make any mention of the shenanigans Debtor's principal Scott Krentel
23 ("Krentel") has played in, among other things, recording a $3,000,000 deed of trust against
24 Debtor's property on the day of the bankruptcy filing, or the "acquiring" of assets on the eve of the
25 filing to skirt the single asset rules.
26     Even more importantly, neither the Motion nor Declarations make any mention of any
27 buyers for the property, refinancing of the existing debt, or any other means to reorganize and pay
28 creditors. Rather, nearly the entire focus of the Motion is on its spurious claims against PCF. In

1 | essence, Debtor is asking for an open ended extension of exclusivity to coincide with the pending
2 | litigation against PCF and its resolution. No legal support is cited for such proposition.
3 |     Krentel, on behalf of the Debtor, requesting an exclusivity extension comes before the
4 | Court with unclean hands having made several misrepresentations to the Court, including but not
5 | limited to, the following
6 |     a.    That on the <u>day of the bankruptcy filing, he recorded a $3 million deed of
7 | trust in his favor against property of the bankruptcy estate</u>, which was not disclosed in the Motion,
8 | Schedules or Statement of Financial Affairs ("SOFA");
9 |     b.    That on September 18, 2008 Krentel recorded an additional deed of trust in
10 | <u>his favor</u> against property of the bankruptcy estate with no stated amount, which was also not
11 | disclosed; and
12 |     c.    That he fraudulently encumbered certain property which was dedicated to
13 | the City of Beaumont for open space for which PCF was asked and did partially release its lien;
14 |     As the Debtor has provided absolutely no evidence to support the granting of this Motion
15 | by the Debtor, which essentially is a one-asset case, the Motion should be denied.
16 | ///
17 | ///
18 | ///
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.

## INTRODUCTION

By the Motion, the Debtor has requested that its exclusive period for filing a plan be extended to and including September 23, 2009. The Debtor has also requested that its exclusive period for seeking acceptances and confirming its plan be extended to November 23, 2009.

The Debtor has alleged that "cause" exists to extend the Debtor's exclusive periods to file a plan and to seek acceptances thereof because the Debtor has taken steps necessary to position itself for a reorganization. Upon closer examination, however, the Debtor's evidence of "cause" is limited to the Debtor's retention of two law firms, complying with the United States Trustee ("UST") requirements, borrow money from its principal, set a bar date for claims and sue PCF. There is no evidence of new financing, sale of the Legacy Highlands or any other substantial infusion of cash to reorganize Debtor's case?

The sole basis for the Motion is that Debtor needs exclusivity extended until its dispute with PCF is resolved. However, that is not a basis to grant the Motion. There is no obstacle to the Debtor's preparation and filing of a plan. In fact, the Court ruled in response to Debtor's first motion to extend exclusivity that Debtor needed to find a way to deal with PCF's claim in a Plan as the Court was not inclined to extend exclusivity to coincide with the likely end of the PCF litigation. See **Exhibit "2".** The question presented is not whether the Debtor is ready and able to prepare a plan, but rather whether the Debtor should have the exclusive right to do so. PCF believes that there is no reason why the Debtor in this case should be favored with exclusivity at all, much less an extended period. Although this Court denied PCF's single asset motion, there is no dispute that the Legacy Highlands project represents over ninety percent (90%) of the alleged value in this bankruptcy estate and Debtor has been working on such project for over seven (7) years. This is not an overly complicated or large case.

Accordingly, there is no justification for a further delay in the filing of a plan of reorganization or liquidation. Allowing the Debtor further time to languish in bankruptcy while <u>preventing</u> PCF or other parties from actively participating in the reorganization process would

1  be inefficient, costly and detrimental to the bankruptcy estate. Denial of the Debtor's Motion
2  would facilitate the Debtor's exit from Chapter 11.
3      Furthermore, Debtor is generating no revenue whatsoever, and is subsisting on insider
4  "loans" further deepening the Debtor into administrative insolvency.

## II.

## NO CAUSE EXISTS TO EXTEND THE EXCLUSIVITY PERIODS

There is insufficient cause to justify and award an extension of the exclusivity periods.

It is Debtor's burden to demonstrate that there is cause to extend the exclusivity period. Here, Debtor has not met its burden in showing good cause for the extension.

"Since the debtor seeks the extension, the burden is on it to demonstrate the existence of good cause." *In re Newark Airport/Hotel L.P.*, 156 B.R. 444, 451 (Bankr.D.N.J.1993), *aff'd* 155 B.R. 93 (D.N.J.1993). "11 U.S.C. Section 1121(d) requires that an affirmative showing of cause, supported by evidence, be made by the party seeking the extension ... of time." *In re Parker Street Florist & Garden Center, Inc.*, 31 B.R. 206, 207 (Bankr.D.Mass.1983). See *In re R.G. Pharmacy, Inc.* 374 B.R. 484 (Bkrtcy.D.Conn.,2007)

As is the case here, in the *R.G. Pharmacy, Inc.* case there was a pending adversary proceeding affecting the largest claims asserted against the debtor and debtor's value as a viable business. There, the Debtor argued that the unresolved contingencies favored extending debtor's exclusivity period. The Court held as follows:

> "The existence of such issues will not ordinarily be sufficient to establish the requisite cause for granting an extension. *See, e.g. In re Lake in the Woods*, 10 B.R. 338, 342 (E.D.Mich.1981) (holding that pending litigation over title to the land on which the debtor's apartment complex was situated was not sufficient cause to extend the exclusivity period). "The ordinary Chapter 11 debtor is expected to bring with it litigation, or the potential for it. Litigation with creditors is not an unusual circumstance, and the fact that litigation is pending with creditors is not in itself sufficient cause to justify an extension of the exclusivity period. Only under extreme circumstances would the existence of litigation constitute cause for an extension ...." *In re Southwest Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 452 (Bankr.W.D.Tex.1987).

5

Courts have often cited the legislative history of § 1121, which indicates that the Bankruptcy Code imposed limitations on the debtor's exclusive right to file a plan in order to balance the bargaining positions of debtors and creditors in negotiating the terms of a reorganization. *See, e.g., Lake in the Woods,* 10 B.R. at 342-344. See *In re R.G. Pharmacy, Inc.* 374 B.R. 484 (Bkrtcy.D.Conn.,2007)

In *R.G. Pharmacy, Inc.,* the Court further found that the debtor did not show that an extension would be likely to significantly improve the progress of the case and that the contingencies were not cause for granting the extension. In concluding, the Court indicated that "[t]he fact that the debtor no longer has the *exclusive* right to file a plan does not affect its concurrent right to file a plan. Denying [the] motion only affords creditors their right to file a plan; there is no negative affect [sic] upon the debtor's coexisting right to file its plan." *Parker Street,* 31 B.R. at 207. See *In re R.G. Pharmacy, Inc.* 374 B.R. 484 (Bkrtcy.D.Conn., 2007).

The *R.G. Pharmacy, Inc.* case is directly on point as this case also presents a situation where the Debtor is seeking to extend the exclusivity period because of pending litigation, which the Court found was not sufficient cause. Thus, in this case, the exclusivity period should not be extended.

### A. The Majority of Cases Hold That Routine Requests for Extensions of the Exclusivity Period Should be Denied Absent Special Circumstances

Section 1121(d) of the Code provides that the Court may extend the Debtor's exclusivity period "for cause." See 11 U.S.C. §1121(d). However, it is manifest that the debtor has the burden of establishing that cause exists to extend the exclusivity period. In re Curry Corp., 148 B.R. 754, 755 (Bankr. S.D.N.Y. 1992).

Cases interpreting Section 1121(d) uniformly hold that "cause" to extend the Debtor's exclusivity period does not include the Debtor's mere need for additional time to formulate or confirm a plan of reorganization. See, e.g., In re Tony Downs Food Co., 34 B.R. 405 (Bankr. D. Minn. 1983). For instance, in the Tony Downs case, the bankruptcy court stated:

> The debtor argued at the hearing that it needed more time in order to develop its plan. Section 1121 does not create a deadline for filing a plan; the debtor is free to

6

> take as much time to develop and file its plan as it feels appropriate. The risk is, of course, that while it is developing its plan, another party in interest will file a plan. However, <u>that is as Congress intended</u>.

<u>Tony Downs</u>, 34 B.R. at 757 (emphasis added). Thus, the <u>Tony Downs</u> court aptly recognized that absent special circumstances, the Debtor's exclusivity period should not be extended beyond the initial term.

In <u>United Savings Assn. of Texas v. Timbers of Inwood Forest Assoc., Ltd.</u>, 484 U.S. 365 (1988), the Supreme Court held that bankruptcy courts should exercise greater scrutiny in reviewing routine requests for extensions of the exclusivity period. In <u>Timbers</u>, the Court declared:

> The bankruptcy court must avoid reinstituting the imbalance between the debtor and its creditors that characterized proceedings under the old Chapter XI. <u>Section 1121 was designed, and should be faithfully interpreted, to limit the delay that makes creditors the hostages of Chapter 11 debtors.</u>

<u>Timbers of Inwood Forest</u>, 484 U.S. at 372 (emphasis added).

In other words, the <u>Timbers</u> Court recognized that Congress intended that the exclusivity period of Section 1121 should confer upon the Debtor a certain degree of bargaining power during the early stages of the Debtor's chapter proceeding. However, once the initial period expires, the Debtor's inability to negotiate effectively with its creditors is not cause to extend the exclusivity period and does not preclude interested parties from exercising their valid rights. Under no circumstances should an extension be employed as a tactical device to put pressure on creditors to yield to a plan that they might not otherwise consider. <u>Curry</u>, 148 B.R. at 756.

This case is little more than a single asset real estate case (respectfully, PCF believes it is such) that would subject it to the ninety (90) day timeframes of Code Section 362(d)(3).

**B.    This Case Does Not Involve Special Circumstances that Justify Extension of the Exclusivity Period.**

Refusal by this court to extend the Debtor's exclusivity period will in no way affect the Debtor's ability to negotiate with PCF and other creditors in this case. If anything, denial of the Motion will cause the Debtor to work more effectively in negotiating with its constituents in order to confirm a consensual plan as soon as possible.

7

1  Denial by this Court of the Debtor's second request to extend the exclusivity period will
2  not impede upon the Debtor's ability to continue negotiating with its creditors. Rather, denial of
3  the Motion will serve to free the creditors from the restraint imposed upon them by Section 1121
4  and allow it to prepare and file its own plan in this case as contemplated by the <u>Timbers</u> Court
5  should a more favorable alternative arise.

### III.

### CONCLUSION

As set forth above, the Debtor has failed to meet its burden of proof regarding "cause" within the meaning of Section 1121(d) for an extension of the exclusive periods for the filing of a plan and the solicitation of acceptances thereto. Accordingly, the Debtor's Motion should be denied.

DATED: June 4, 2009

**GOE & FORSYTHE, LLP**

By: _____
Robert P. Goe
Attorneys for Point Center Financial

## DECLARATION OF ROBERT P. GOE

I, Robert P. Goe, declare and state:

I am a partner at the law firm of Goe & Forsythe, LLP, attorneys for creditor Point Center Financial ("PCF") in the bankruptcy case of In re The Preserve, LLC ("Debtor"). I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto.

1. Attached hereto as Exhibit "1" is a Filed stamped copy of the CEQA Judgment entered on March 30, 2009 affecting the Legacy Highlands Project.

2. Attached hereto as Exhibit "2" is a true and correct copy of the Bankruptcy Court's tentative ruling dated march 11, 2009 in regard to Debtor's first Motion to Extend Exclusivity Period.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 4, 2009            By: _____
                                    Robert P. Goe

# EXHIBIT 1

# EXHIBIT 1

1  ROGERS JOSEPH O'DONNELL
   ROBERT C. GOODMAN (State Bar No. 111554)
2  ANN M. BLESSING (State Bar No. 172573)
   D. KEVIN SHIPP (State Bar No. 245947)
3  311 California Street
   San Francisco, California 94104
4  Telephone: 415.956.2828
   Facsimile: 415.956.6457
5  rgoodman@rjo.com

6  Attorneys for Petitioners
   CHERRY VALLEY PASS ACRES AND
7  NEIGHBORS AND CHERRY VALLEY
   ENVIRONMENTAL PLANNING
8  GROUP

Riverside Superior Court
Date Received: MAR 10 2009

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 30 2009

MEC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

RIVERSIDE BRANCH

| | |
|---|---|
| CHERRY VALLEY PASS ACRES AND NEIGHBORS, a California non-profit corporation; and CHERRY VALLEY ENVIRONMENTAL PLANNING GROUP, a California non-profit corporation,<br><br>Petitioners,<br><br>vs.<br><br>CITY OF BEAUMONT, a municipal corporation,<br><br>Respondent.<br><br>THE PRESERVE, LLC; and ROES 1 to 100, inclusive,<br><br>Real Party in Interest. | Case No. RIC 492830<br><br>Case Filed Under the Environmental Quality Act<br><br>[PROPOSED] JUDGMENT<br><br>[Cal. Pub. Res. Code § 21168.5; Cal. Civ. Proc. Code § 1085]<br><br>Dept.: 6<br>Judge: Honorable Mac R. Fisher<br><br>FILED BY FAX<br>CRC 2005 |

This matter came on regularly for hearing on January 23, 2009, in Department 6 of this Court. Robert C. Goodman appeared on behalf of Petitioners Cherry Valley Pass Acres and Neighbors and Cherry Valley Environmental Planning Group (collectively referred to hereinafter as "CVAN"). Respondent City of Beaumont ("Respondent") and Real Party in

Interest The Preserve, LLC ("Real Party") appeared through attorneys John C. Nolan and Jennifer M. Guenther.

The Court having reviewed the administrative record and the written and oral arguments of counsel; the matter having been submitted for decision; and the Court having issued an order that judgment and a peremptory writ of mandate issue in this proceeding,

IT IS ORDERED that:

1. Judgment be entered in favor of Petitioners Cherry Valley Pass Acres and Neighbors and Cherry Valley Environmental Planning Group in this proceeding.

2. A peremptory writ of mandate directed to Respondent issue under seal of this Court, ordering Respondent to:

   a. Set aside and vacate its adoption of Resolution No. 2008-05 certifying the Final Environmental Impact Report for the Legacy Highlands Specific Plan, adopting Findings of Facts and a Statement of Overriding Considerations, and adopting the Mitigation Monitoring Program pursuant to the California Environmental Quality Act ("CEQA");

   b. Set aside and vacate its approvals of the Legacy Highlands Project, including the Legacy Highlands Specific Plan, and its adoption of Resolution No. 2008-06, Resolution 2008-07, Ordinance 924, Ordinance 925.

3. The Respondent shall set aside approval of the Project and suspend all activity on the Project until it has taken the actions necessary to bring the Project into compliance with CEQA.

4. The court shall retain jurisdiction over the proceedings pursuant to Public Resources Code §21168.9(b) and (c). Nevertheless, the Court intends this to be a final, appealable judgment.

5. Costs and attorneys fees may be claimed pursuant to California Rules of Court 3.1700 and 3.1702.

6. Petitioner CVAN, as prevailing party, may request costs pursuant to Code of Civil Procedure Section 1033.5

7. Petitioner CVAN, as prevailing party, is entitled to apply for attorney's fees and costs through appropriate noticed motions after entry of this Judgment pursuant to Code of Civil Procedure Section 1021.5.

8. Under Public Resources Code §21168.9(c), the Court does not direct Respondent to exercise its lawful discretion, in any particular way. Nothing in the judgment or peremptory writ should be construed as requiring Respondent or Real Party to go forward with the project, or to reapprove the project, or to take any particular action other than as specifically set forth herein.

9. Respondent shall file a preliminary return to the peremptory writ no later than sixty (60) days after the date of the issuance of the peremptory writ which shall state that an appeal from the judgment has or will be filed or that it has complied with the order to set aside its approval of the project.

Dated: 3/30/09

_____
Honorable Mac R. Fisher
JUDGE OF THE SUPERIOR COURT

# PROOF OF SERVICE
### [C.C.P. § 1013, C.R.C.§ 2008, F.R.C.P. Rule 5]

I, Clara Chun, state:

My business address is 311 California Street, 10th Floor, San Francisco, CA 94104. I am employed in the City and County of San Francisco where this service occurs. I am over the age of eighteen years and not a party to this action. On the date set forth below, I served the foregoing documents described as:

### [PROPOSED] JUDGMENT

on the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Joseph S. Aklufi, Esq.
Aklufi and Wysocki
3403 Tenth Street, Suite 610
Riverside, CA 92501-3653
Tel    951.682.5480
Fax    951.682.2619

John C. Nolan, Esq.
Gresham Savage Nolan & Tilden
3750 University Avenue, Suite 250
Riverside, CA 92501-3335
Tel    951.684.2171
Fax    951.684.2150

Jennifer M. Guenther, Esq.
Gresham Savage Nolan & Tilden
550 East Hospitality Lane, Suite
San Bernardino, CA 92408-72058
Tel    909.890.4499 x1712
Fax    909.890.2511

X    BY FIRST CLASS MAIL: I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

___    BY PERSONAL SERVICE: I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

___    BY OVERNIGHT MAIL: I caused such envelope to be delivered by a commercial carrier service for overnight delivery to the office(s) of the addressee(s).

X    BY FACSIMILE: I caused said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated: March 10, 2009

_____
Clara Chun

Page 4

[PROPOSED] JUDGMENT – Case No. 492830

277429.1

# EXHIBIT 2

# EXHIBIT 2

United States Bankruptcy Court
Central District of California

Riverside

Judge Sheri Bluebond, Presiding

Courtroom 303 Calendar

Wednesday, March 11, 2009                                               Hearing Room   303

11:00 am

6:08-23006     The Preserve, LLC                                                Chapter  11
   #115.00     Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan
               and Disclosure Statement

                                    Docket #:  76

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

Grant motion. Court agrees that it would be difficult at this point for the debtor to craft a plan of reorganization in light of uncertainties surrounding the amount of the secured creditor's claim; however, debtor should be aware that Court is not inclined to extend exclusivity until the likely end of litigation with the debtor's secured creditor. If debtor wishes to maintain exclusivity, it will need to figure out how to propose a plan that includes alternate treatments for the lender's secured claim, depending on the outcome of the litigation.

### Party Information

Debtor(s):

The Preserve, LLC                              Represented By

                                               Jeffrey W Broker

Movant(s):

The Preserve, LLC                              Represented By

                                               Jeffrey W Broker

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 510, Irvine, CA 92612.

The foregoing document described **POINT CENTER FINANCIAL'S PRELIMINARY OPPOSITION AND REQUEST FOR HEARING ON DEBTOR'S SECOND MOTION FOR ORDER AUTHORIZING EXTENSION OF (1) DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT; AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 4, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Jeffrey W Broker    jbroker@brokerlaw.biz
- Don Fisher    dfisher@ptwww.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Robert P Goe    kmurphy@goeforlaw.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Mark C Schnitzer    mschnitzer@rhlaw.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- David R Zaro    dzaro@allenmatkins.com
- Joshua del Castillo    jdelcastillo@allenmatkins.com

☐    Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On June 4, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒    Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 4, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

The Honorable Sheri Bluebond, USBC, East Temple Street, Suite 1482, Los Angeles, CA 90012

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 4, 2009 | Kerry A. Murphy | *(signature)* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

10

1  **II.    SERVED BY U.S. MAIL**

2

3  Jeffrey S Benice  
650 Town Center Drive Ste 1300  
Costa Mesa, CA 92626

Broker & Associates  
18191 Von Karman Ave Ste 470  
Irvine, CA 92612-7114

Gresham Savage Nolan & Tilden APC  
3750 University Ave, Ste 250  
Attn: John Nolan Esq.  
Riverside, CA 92501-3335

4

5

6  Richard A Harvey  
21076 Bake Parkway Ste 106  
Lake Forest, CA 92630

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28