1  JEFFREY W. BROKER – State Bar No. 53226
   PAMELA J. ZYLSTRA – State Bar No. 147977
2  BROKER & ASSOCIATES PROFESSIONAL CORPORATION
   18191 Von Karman Avenue, Suite 470
3  Irvine, CA 92612-7114

4  Telephone:  (949) 222-2000
   Facsimile:  (949) 222-2022
5  email:      jbroker@brokerlaw.biz

6  General Reorganization Counsel
   for Debtor and Debtor-in-Possession
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **RIVERSIDE DIVISION**

11

| | |
|---|---|
| In re | Case No.  6:08-bk-23006-BB |
| | Chapter 11 Proceeding |
| THE PRESERVE, LLC, a California Limited Liability Company, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO PRELIMINARY OPPOSITION BY POINT CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1) AUTHORIZING SECOND EXTENSION OF DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN** |
| Debtor and Debtor-in-Possession | |
| | Date:  July 29, 2009 Time:  2:00 p.m. Ctrm:  303 |

25  **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE;**

26  **THE OFFICE OF THE UNITED STATES TRUSTEE; AND MOVING PARTY POINT**

27  **CENTER FINANCIAL, INC. AND ITS ATTORNEYS:**

28

1    THE PRESERVE, LLC, a California Limited Liability Company, the Debtor and Debtor-

2    in-Possession in the within Chapter 11 case (the "Debtor"), hereby presents its **REQUEST FOR**

3    **JUDICIAL NOTICE IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-**

4    **POSSESSION TO PRELIMINARY OPPOSITION BY POINT CENTER FINANCIAL TO**

5    **MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1)**

6    **AUTHORIZING SECOND EXTENSION OF DEADLINE TO FILE A PLAN AND**

7    **DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING**

8    **SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN.**  Attached hereto are

9    true and correct copies of the following pleadings heretofore filed in this case that the Debtor

10   requests that the Court take judicial notice of pursuant to Federal Rules of Evidence 201:

11       1.       Exhibit 4:       **OPPOSITION OF DEEP CANYON HOLDINGS, INC. TO**

12   **MOTION BY POINT CENTER FINANCIAL, INC. FOR RELIEF FROM STAY;**

13   **DECLARATION OF ALLEN PARRIN** that was filed on June 29, 2009, 2009 as Docket No.

14   109.

15       2.       Exhibit 5:       **OPPOSITION OF REAL PARTIES IN INTEREST TO**

16   **MOTION BY POINT CENTER FINANCIAL, INC.FOR RELIEF FROM STAY** that was

17   filed on July 13, 2009 as Docket No. 125.

18       3.       Exhibit 6:       **DECLARATION OF JESSICA M. LOUIE IN SUPPORT OF**

19   **OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket

20   No. 126.

21       4.       Exhibit 7:       **DECLARATION OF WANDA HARRELL IN SUPPORT OF**

22   **OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket

23   No. 127.

24       5.       Exhibit 8:       **DECLARATION OF ROBERT L. WELLS IN SUPPORT OF**

25   **OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket

26   No. 128.

27

28

6.      Exhibit 9:      **DECLARATION OF MAX PERRY IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket No. 129.

7.      Exhibit 10:      **DECLARATION OF PAUL KRASNER, M.D. IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket No. 130.

8.      Exhibit 11:      **DECLARATION OF TERRY N. HOLDT IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket No. 131.

9.      Exhibit 12:      **DECLARATION OF ALBERT HECHINGER IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket No. 132.

10.      Exhibit 13:      **DECLARATION OF ROBERT M. PEPPERCORN, M.D. IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket No. 133.

11.      Exhibit 14:      **PROOF OF CLAIM** filed by Point Center Financial dated April 3, 2009 and filed on or about April 6, 2009.

12.      Exhibit 15:      **POINT CENTER FINANCIAL, INC.'S REPLY TO OPPOSITIONS TO MOTION FOR RELIEF FROM STAY; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF DAN HARKEY AND PAUL CHANDLER IN SUPPORT THEREOF** filed on July 7, 2009 as Docket No. 112 (first three (3) pages only).

13.      Exhibit 16:      **SUPPLEMENTAL DECLARATION OF JOHN C. NOLAN IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO OPPOSITION BY POINT CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1) AUTHORIZING EXTENSION OF DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD**

1    **REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN** that

2    was filed on March 4, 2009 as Docket No. 87.

3          14.    Exhibit 17:    **DECLARATION OF JOHN C. NOLAN IN SUPPORT OF**

4    **OPPOSITION BY DEBTOR AND DEBTOR-IN-POSSESSION TO MOTION FOR**

5    **RELIEF FROM STAY FILED BY POINT CENTER FINANCIAL, INC.** that was filed on

6    July 1, 2009 as Docket No. 116.

7

8    DATED:  July **22** , 2009                          BROKER & ASSOCIATES
                                                          PROFESSIONAL CORPORATION

9

10                                                        By: _____

11                                                           Jeffrey W. Broker
                                                             General Reorganization Counsel to Debtor and
12                                                           Debtor-in-Possession

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              -4-

1   MARK C. SCHNITZER, State Bar No. 48628
    MARTHA A. WARRINER, State Bar No. 76132
2   **REID & HELLYER**
    A Professional Corporation
3   3880 Lemon Street, Fifth Floor
    Post Office Box 1300
4   Riverside, California 92502-1300
    Telephone: (951) 682-1771
5   Facsimile: (951) 686-2415

6   Attorneys for Deep Canyon Holdings, Inc.

**ECF-FILED**

JUN 2·9 2009

Docket # _109_

7

8                   UNITED STATES BANKRUPTCY COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          RIVERSIDE DIVISION

11

12   In re                              ) CASE NO. 6:08-bk-23006BB
                                        ) Chapter 11 Proceeding
13   THE PRESERVE, LLC, a California Limited )
     Liability Company,                 ) **OPPOSITION OF DEEP CANYON**
14                                       ) **HOLDINGS, INC. TO MOTION BY POINT**
                Debtor and             ) **CENTER FINANCIAL, INC. FOR RELIEF**
15              Debtor-in Possession    ) **FROM STAY; DECLARATION OF ALLEN**
                                        ) **PARRIN;**
16                                       )
                                        ) **[FILED CONCURRENTLY WITH**
17                                       ) **REQUEST FOR JUDICIAL NOTICE]**
                                        )
18   _____ ) DATE:      July 14, 2009
                                           TIME:      10:00 a.m.
19                                         CRTRM.: 303

20       TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY

21   JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; CREDITORS AND PARTIES IN

22   INTEREST:

23       Deep Canyon Holdings, Inc. ("Deep Canyon"), files this Opposition to the MOTION FOR

24   RELIEF FROM STAY ("Motion") filed by Point Center Financial, Inc. ("Point Center"), and

25   respectfully represents:

26       Deep Canyon believes it is the largest fractional, non Point Center related, investor in the

27   Point Center loan with the Debtor ("Loan"). Deep Canyon is scheduled by the Debtor as having a

28   secured claim in the original amount of $1,341,600, representing its fractional investment in the

-1-

Exhibit __4__
Page __5__

*(left margin, vertical text)* REID & HELLYER APC   3880 LEMON STREET, FIFTH FLOOR   RIVERSIDE, CALIFORNIA 92502-1300   TELEPHONE (951) 682-1771

1  Loan ("Secured Claim").  The Secured Claim is not indicated to be disputed, contingent or

2  unliquidated.  On April 27, 2009, Deep Canyon filed a secured proof of claim ("Secured Claim")

3  with supporting documents to substantiate its fractional investment.  A copy of the Secured Claim is

4  attached to the declaration of Allen Parrin ("Parrin Declaration") as Exhibit A.

5      In addition, Deep Canyon is scheduled by the Debtor as having an unsecured claim in the

6  original amount of $4,302,000 ("Unsecured Claim").  The Unsecured claim is the largest scheduled

7  unsecured claim and is not indicated to be disputed, contingent or unliquidated.  On April 27, 2009,

8  Deep Canyon filed an unsecured proof of claim ("Unsecured Claim").  A copy of the Unsecured

9  Claim is attached to the declaration of Allen Parrin ("Parrin Declaration") as Exhibit B.

10      Deep Canyon has its own disputes with Point Center regarding the Loan and Point Center's

11  acting as servicer of the Loan.  The closing statement for the Loan, which was attached as an exhibit

12  to the declaration of Scott Krentel in pleadings previously filed in this case, identifies four

13  individual investors holding about .52% of the fractional interests in the Loan.  (See Request for

14  Judicial Notice ("RJN"), Exhibit F and Exhibit 1, p. 20, to the declaration of Scott Krentel).

15      Deep Canyon has not signed any agreement authorizing Point Center to act as the servicer

16  of the Loan that has been recorded.  Deep Canyon has caused the real property records to be

17  searched and has not located any recorded Majority Action Affidavit under *California Civil Code*

18  Section 2941.9 (See RJN, Exhibit G).  After Deep Canyon became a fractional investor in the Loan,

19  it made requests to Point Center to provide it with the names of other fractional investors.  A copy

20  of letters dated January 25, 2008 and September 18, 2008 are attached to the Parrin Declaration as

21  Exhibits C and D.  Point Center has failed to comply with Deep Canyon's requests.  However,

22  according to the recorded deed of trust (Exhibit 1 to the Motion), and the proof of claim filed by

23  Point Center (RJN, Exhibit H, pp. 72-78), Point Center indicates at least a hundred (100) more

24  fractional investors than at Loan closing.  Deep Canyon is not included as an investor in the proof of

25  claim.

26      Deep Canyon understood it would be making periodic investments and receiving additional

27  fractional interests.  After the investments references in Exhibit A, Point Center refused to allow

28  Deep Canyon to make additional investments.  It may be that Deep Canyon is the majority non

-2-

Exhibit ___4___

Page ___6___

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1 | affiliated Point Center investor, but it will not be able to verify that until Point Center complies with

2 | its requests for names and addresses of the other investors. Deep Canyon believed that Point Center

3 | was not acting in its best interests and served notice of termination as servicer. A copy of the

4 | termination letter is attached to the Parrin Declaration as Exhibit E.

5 |      Deep Canyon has been in discussions with the Debtor and believes it is in its best interest

6 | and the best interest of creditors if the Debtor is given the opportunity to reorganize. Point Center

7 | has not provided evidence that it is authorized to file the Motion. Deep Canyon has a significant

8 | investment in the Debtor. Allowing Point Center relief to foreclose on the Legacy Highlands

9 | property would be extremely detrimental, not only to Deep Canyon, but to all non Point Center

10 | affiliated creditors and investors.

11 |      It is therefore respectfully requested that the Motion be denied; and for such other and

12 | further relief as the court deems just and proper.

13 |

14 | DATED: June 29, 2009                      Respectfully submitted,

15 |                                    REID & HELLYER

16 |                                    A PROFESSIONAL CORPORATION

17 |

18 |                        By: _____

19 |                             MARK C. SCHNITZER
                            Attorneys for Deep Canyon Holdings, Inc.

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

-3-

Exhibit 4
Page 7

1
2
3                    DECLARATION OF ALLEN PARRIN
4
5        I, Allen Parrin, declare:
6        1.      I am the president of Deep Canyon Holdings, Inc.  I have first hand knowledge of
7    the matters set forth herein and if call as a witness could and would competently testify thereto.
8        2.      I believe from my review of the Loan closing statement, the trust deed and the Point
9    Center proof of claim that Deep Canyon is the largest fractional, non Point Center related, investor
10   in the Point Center loan with the Debtor ("Loan").  Deep Canyon is scheduled by the Debtor as
11   having a secured claim in the original amount of $1,341,600, representing its fractional investment
12   in the Loan ("Secured Claim").  The Secured Claim is not indicated to be disputed, contingent or
13   unliquidated.  On April 27, 2009, Deep Canyon filed a secured proof of claim ("Secured Claim")
14   with supporting documents to substantiate its fractional investment.  A copy of the Secured Claim is
15   attached hereto  as Exhibit A.
16       3.      In addition, Deep Canyon is scheduled by the Debtor as having an unsecured claim in
17   the original amount of $4,302,000 ("Unsecured Claim").  The Unsecured claim is the largest
18   scheduled unsecured claim and is not indicated to be disputed, contingent or unliquidated.  On April
19   27, 2009, Deep Canyon filed an unsecured proof of claim ("Unsecured Claim").  A copy of the
20   Unsecured Claim is attached hereto as Exhibit B.
21       4.      Deep Canyon has its own disputes with Point Center regarding the Loan and Point
22   Center's acting as servicer of the Loan.  The closing statement for the Loan, which was attached as
23   an exhibit to the declaration of Scott Krentel in pleadings previously filed in this case, identifies
24   four individual investors holding about  .52% of the fractional interests in the Loan.
25       5.      On behalf of Deep Canyon, I have not signed any agreement authorizing Point Center
26   to act as the servicer of the Loan that has been recorded.  On behalf of Deep Canyon, I caused the
27   real property records to be searched and have not located any recorded Majority Action Affidavit.
28   After Deep Canyon became a fractional investor in the Loan, on its behalf I made requests to Point

REID & HELLYER  APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

-4-

Exhibit ____4____
Page ____8____

1    Center to provide Deep Canyon with the names of other fractional investors. Copies of letters dated

2    January 25, 2008 and September 18, 2008 are attached hereto as Exhibits C and D. Point Center has

3    failed to comply with my requests. However, according to the recorded deed of trust and the proof

4    of claim filed by Point Center, Point Center indicates at least a hundred (100) more fractional

5    investors than at Loan closing. Deep Canyon is not included as an investor in the proof of claim.

6       6.     I understood that Deep Canyon would be making periodic investments and receiving

7    additional fractional interests. After the investments references in Exhibit A, Point Center refused

8    to allow Deep Canyon to make additional investments. It may be that Deep Canyon is the majority

9    non affiliated Point Center investor, but I will not be able to verify that until Point Center complies

10   with Deep Canyon's requests for names and addresses of the other investors. Since I believed that

11   Point Center was not acting in the best interests of Deep Canyon, on Deep Canyon's behalf I served

12   notice of termination as servicer. A copy of the termination letter is attached hereto as Exhibit E.

13      7.     On behalf of Deep Canyon, I have been in discussions with the Debtor and believe it

14   is in Deep Canyon's best interest and the best interest of creditors if the Debtor is given the

15   opportunity to reorganize. Deep Canyon has a significant investment in the Debtor. Allowing Point

16   Center relief to foreclose on the Legacy Highlands property would be extremely detrimental, not

17   only to Deep Canyon, but to all non Point Center affiliated creditors and investors. Deep Canyon

18   therefor, opposes the Motion and requests that it be denied.

19      I declare under penalty of perjury under the laws of the State of California that the foregoing

20   is true and correct. Dated this 26th day of June, 2009.

_Allen Parrin_

-5-

Exhibit 4
Page 9

# EXHIBIT A

-6-

Exhibit __4__
Page __10__

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Claims Filing

The following transaction was received from Schnitzer, Mark on 4/27/2009 at 11:15 AM PDT

| | |
|---|---|
| **Case Name:** | The Preserve, LLC |
| **Case Number:** | 6:08-bk-23006-BB |
| **Creditor Name:** | Deep Canyon Holdings Inc. |
| | P O Box 10723 |
| | Palm Desert, CA 92255 |
| **Claim Number:** | 6   Claims Register |
| **Total Amount Claimed:** | $1484914.71 |

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** S:\WP\D0766\pleadings\ECF\Proof of Claim [Secured].pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=4/27/2009] [FileNumber=25219116-
0] [a403b430a696330c9fd2dff51bcecc61038e526dccbce361a1b0612df2446b0f57
c703daba6f9ff84df36c70f88a772bf583eb7d195ef7324aaa86021314bb3a]]

File another claim

Exhibit ___4___
Page ___11___

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: The Preserve, LLC, a California Limited Liability Company | Case Number: 6:08-bk-23006BB |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): Deep Canyon Holdings, Inc. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: Mark C. Schnitzer, Esq. Reid & Hellyer, APC P.O. Box 1300 Riverside, CA 92502 Telephone number 951-682-1771 | **Court Claim Number:** _____ *(If known)* Filed on: _____ |
| Name and address where payment should be sent (if different from above): Deep Canyon Holdings, Inc. P.O. Box 10723 Palm Desert, CA 92255 Telephone number | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed: $1,484,914.71 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|---|

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges

**2. Basis for Claim:** Money loaned.
*(See instruction #2 on reverse side.)*

**3. Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: _____
*(See instruction #3a on reverse side.)*

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☒ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $103,000,000.00   Annual Interest Rate 12.5 %

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $ _____   Basis for perfection: _____

Amount of Secured Claim: $1,484,914.71   Amount Unsecured: $ _____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)( ____ ).

Amount entitled to priority:

$ 0.00

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date: 4-24-09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Deep Canyon Holdings, Inc. By A. Parrin, President | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.* B10

-8-

Exhibit ___4___
Page ___12___

ITEMIZATION OF INTEREST

Principal:                                    $1,341,600.00

Interest at 12.5% from 12-12-2007                143,314.71

Total secured claim on 9-25-2008              $1,484,914.71

Exhibit ___ 4 ___
Page ___ 13 ___

$1.0 MILLION POINT CENTER INVESTMENT

ASSIGNMENT OF UNDIVIDED 2.5641%

Exhibit _____4_____

Page _____14_____

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

NAME      Point Center Financial, Inc.
A' 'RESS  30900 Rancho Viejo Road, #100
C.. / &   San Juan Capistrano, CA 92675
STATE
Attn:     Loan Servicing Department

Loan #206070/The Preserve, LLC

## CORPORATION ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to:

**Deep Canyon Holdings, Inc., a Nevada corporation, as to an undivided 2.5641% interest.**

All of Assignor's undivided right, title and beneficial interest of the undersigned, without recourse or warranty, in and to that certain Deed of Trust dated **September 21, 2006** executed by **The Preserve, LLC, a California limited liability company,** as Trustor to National Financial Lending, Inc., a California corporation, as Trustee and recorded on **October 23, 2006** as instrument no. **2006-776838** of Official Records in the office of the County Recorder of **Riverside** County, State of **California**, describing land therein.

T^ GETHER with the note or notes therein described or referred to, the money due and to become due th.. eon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: December 12, 2007

Point Center Financial, Inc.
a California corporation

By: _____
Dan J. Harkey, President

STATE OF CALIFORNIA
COUNTY OF ORANGE

On _12-12-07_, before me, _M. Courtney Hagee_, a Notary Public in and for said County, and State, personally appeared **Dan J. Harkey,** personally known to me (or proven to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

M. COURTNEY HAGEE
COMM. #1663368
Notary Public-California
ORANGE COUNTY
My Comm. Exp. May 2, 2010

Place Notary Seal Above

Exhibit __4__
Page __15__

Loan #206070/The Preserve, LLC

## CORPORATION ASSIGNMENT OF PROMISSORY NOTE

Dated: December 12, 2007

FOR VALUABLE CONSIDERATION, RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED, THE UNDERSIGNED HEREBY ASSIGNS AND TRANSFERS TO:

**Deep Canyon Holdings, Inc., a Nevada corporation, as to an undivided 2.5641% interest.**

ALL OF ASSIGNOR'S UNDIVIDED BENEFICIAL INTEREST, <u>AS STATED</u>, IN AND TO THIS NOTE FOR **$39,000,000.00** TOGETHER WITH ALL INTEREST ACCRUED OR TO ACCRUE THEREFROM.

Point Center Financial, Inc.
a California corporation

By: _____
Dan J. Harkey, President

Exhibit ___4___
Page ___16___

$341,600 POINT CENTER INVESTMENT

ASSIGNMENT OF UNDIVIDED .876%

Exhibit ___ 4
Page ___ 17

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

NAME       Point Center Financial, Inc.
  )RESS    30900 Rancho Viejo Road, #100
CITY &     San Juan Capistrano, CA 92675
STATE
Attn:      Loan Servicing Department

Loan #206070/The Preserve, LLC

## CORPORATION ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to:

**Deep Canyon Holdings, Inc., a Nevada corporation, as to an undivided 0.876% interest.**

All of Assignor's undivided right, title and beneficial interest of the undersigned, without recourse or warranty, in and to that certain Deed of Trust dated **September 21, 2006** executed by **The Preserve, LLC, a California limited liability company**, as Trustor to National Financial Lending, Inc., a California corporation, as Trustee and recorded on **October 23, 2006** as instrument no. **2006-776838** of Official Records in the office of the County Recorder of Riverside County, State of California, describing land therein.

'GETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: January 29, 2008

Point Center Financial, Inc.
a California corporation

By: _____
    Dan J. Harkey, President

STATE OF CALIFORNIA
COUNTY OF ORANGE

On January 29, 2008 before me, M. Courtney Hagee _____, a Notary Public personally appeared Dan J. Harkey, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

Witness my hand and official seal.

```
M. COURTNEY HAGEE
COMM. #1663368
Notary Public-California
ORANGE COUNTY
My Comm. Exp. May 2, 2010
```

Place Notary Seal Above

-14-

Exhibit ___ 4 ___
Page ___ /8 ___

Loan #206070/The Preserve, LLC

## CORPORATION ASSIGNMENT OF PROMISSORY NOTE

Dated: January 29, 2008

FOR VALUABLE CONSIDERATION, RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED, THE UNDERSIGNED HEREBY ASSIGNS AND TRANSFERS TO:

Deep Canyon Holdings, Inc., a Nevada corporation, as to an undivided 0.876% interest.

ALL OF ASSIGNOR'S UNDIVIDED BENEFICIAL INTEREST, AS STATED, IN AND TO THIS NOTE FOR $39,000,000.00 TOGETHER WITH ALL INTEREST ACCRUED OR TO ACCRUE THEREFROM.

Point Center Financial, Inc.
a California corporation

By: _____
Dan J. Harkey, President

-15-

Exhibit ___4___
Page ___19___

# EXHIBIT B

Exhibit _____4_____

Page _____20_____

CM/ECF - U.S. Bankruptcy Court (v3.3.1 - LIVE)                                    Page 1 of 1

## U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Claims Filing

The following transaction was received from Schnitzer, Mark on 4/27/2009 at 11:12 AM PDT

| | |
|---|---|
| **Case Name:** | The Preserve, LLC |
| **Case Number:** | 6:08-bk-23006-BB |
| **Creditor Name:** | Deep Canyon Holdings Inc. |
| | P O Box 10723 |
| | Palm Desert, CA 92255 |
| **Claim Number:** | 5    Claims Register |
| **Total Amount Claimed:** | $4391876.23 |

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**S:\WP\D0766\pleadings\ECF\Proof of Claim [Unsecured].pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=4/27/2009] [FileNumber=25218995-0] [32785e88e2adc776e07a116f2b5dd9cb2e9b6306710ec57c5e58b82ad9906fa9a2d3bdec395bcf78c3fd99157e982eee491becdad703ea327223b307ca2936f2]]

   File another claim

https://ecf.cacb.uscourts.gov/cgi-bin/FilingClaims.pl?708995004128412-L_282_3-1                4/27/2009

-17-

Exhibit ___ 4
Page ___ 21

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>The Preserve, LLC, a California Limited Liability Company | Case Number:<br>6:08-bk-23006BB |
|---|---|

NOTE *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Deep Canyon Holdings, Inc. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Mark C. Schnitzer<br>Reid & Hellyer, APC<br>P.O. Box 1300<br>Riverside, CA 92502<br>Telephone number 951-682-1771 | Court Claim Number: _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br>Deep Canyon Holdings, Inc.<br>P.O. Box 10723<br>Palm Desert, CA 92255<br><br>Telephone number | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:     $ 4,391,876.23<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4<br><br>If all or part of your claim is entitled to priority, complete item 5<br><br>X  Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
| 2. Basis for Claim: Financial Accommodations<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B) |
| 3. Last four digits of any number by which creditor identifies debtor: _____<br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4) |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:    Real Estate ☐  Motor Vehicle ☐  Other ☐<br>Describe:<br><br>Value of Property:$ 0.00 _____  Annual Interest Rate _____%<br>Amount of arrearage and other charges as of time case filed included in secured claim,<br>if any: $ 0.00 _____  Basis for perfection: _____<br>Amount of Secured Claim: $ 0.00 _____  Amount Unsecured: $ 0.00 _____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C §507 (a)(7). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim | ☐ Taxes or penalties owed to governmental units – 11 U S C §507 (a)(8). |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary  (See instruction 7 and definition of "redacted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING<br><br>If the documents are not available, please explain: | ☐ Other – Specify applicable paragraph of 11 U S C §507 (a)( ___ )<br>Amount entitled to priority:<br><br>$ 0.00 _____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date:<br>+ 24 09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any.   ✗ _____ TCren<br><br>Deep Canyon Holdings, Inc. By A. Parrin, President | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U S C §§ 152 and 3571.*     810

Exhibit __4__
Page __22__

ITEMIZATION OF INTEREST

Financial Accommodation:                    $4,302,000.00

Interest at 7.5%  from 12-12-2007 to 9-25-2008          89,876.23

Total unsecured claim on 9-25-2008          $4,391,876.23

Exhibit ____4____

Page ____23____

# EXHIBIT C

Exhibit ___4___

Page ___24___

# Deep Canyon Holdings, Inc.

January 25, 2008

Mr. Dan Harkey
Point Center Financial, Inc.
30900 Rancho Viejo Road, #100
San Juan Capistrano, CA 92675

RE:     The Preserve, LLC
        List of Joint Beneficiaries

Dear Mr. Harkey:

We have today made an additional investment in the note and deed of trust secured by real property owned by the The Preserve, LLC.

We have not received the list of the names and addresses of the other beneficiaries under the note described herein, available to us under your subscription agreement, from either the broker or the servicing agent.

Please consider this a formal request for the list of the names and addresses of the other beneficiaries under the note in which we are a joint beneficiary to be furnished to us promptly.

Yours very truly,

DEEP CANYON HOLDINGS, INC.

By:     A. Parrin
Its:    President

Exhibit ___4___
Page ___25___

# EXHIBIT D

Exhibit ____4____

Page ____26____

# Deep Canyon Holdings, Inc.

September 18, 2008

Mr. Dan Harkey
Point Center Financial, Inc.
7 Argonaut
Aliso Viejo, CA 92656

RE: The Preserve, LLC Loan

Dear Mr. Harkey:

As you may recall, this firm is an investor in the loan to The Preserve and for some months we have requested appropriate contact information for each of the co-investors in that loan.

Your continued failure to constructively respond to our request for information regarding co-investors in the loan to The Preserve will no longer be tolerated. Demand is made, for the last time, for sufficient contact information for each of the co-investors named on the Deed of Trust recorded against The Preserve property so that representatives of Deep Canyon Holdings can contact them regarding the present situation.

If the requested information is not received by the end of the business day on September 24, 2008, we intend to pursue the appropriate civil remedies against your firm, yourself, and each of the individuals who participated in this investment on behalf of Point Center.

Yours very truly,

DEEP CANYON HOLDINGS, INC.

By: A. Parrin
Its: President

*Deep Canyon Holdings, Inc*
*Post Office Box 10723 Palm Desert CA 92255*

# EXHIBIT E

Exhibit _____4_____

Page _____28_____

# *Deep Canyon Holdings, Inc.*

October 3, 2008

Mr. Dan Harkey
Point Center Financial, Inc.
7 Argonaut
Aliso Viejo, CA 92656

RE:   The Preserve, LLC Loan

Dear Mr. Harkey:

The purpose of this letter is to give notice of termination of any and all Servicing Agreements that may pertain or be alleged to pertain to the relationship that exists between Point Center Financial, Inc. ("Point Center") and Deep Canyon Holdings, Inc. ("Deep Canyon") with regard to Deep Canyon's investment in The Preserve. While Deep Canyon is of the opinion that no valid Servicing Agreement presently exists between Point Center and Deep Canyon, and the forwarding of this letter in no way is an admission that any Servicing Agreement either exists or controls the conduct and liability of the parties with regard to the investment by Deep Canyon, Point Center is hereby notified Deep Canyon hereby terminates Point Center's "servicer" position effective immediately.

This termination is for cause as Point Center has defaulted and continues to default under both the draft Servicing Agreement attached to the Subscription Agreement and the duties, both fiduciary and otherwise, owed to Deep Canyon by Point Center as a broker, agent, servicer, and co-investor as those interests either appear or are subsequently found to be in existence between the parties. Point Center has continuously, without exception, refused to supply contact information to Deep Canyon regarding other purported investors in The Preserve, thus effectively preventing Deep Canyon from obtaining the 50% majority vote for actions taken by investors, in the unlikely event the Servicing Agreement controls the relationship. This willful misconduct is obviously in bad faith and terminates any obligation of any investor under any Servicing Agreement pertaining to The Preserve which may otherwise ultimately be applied to the issues at hand.

Further multiple violations of the Servicing Agreement and of the fiduciary duties that exist between Deep Canyon, on the one hand, and Point Center and its multiple affiliates and controlled entities, on the other, include, but are not limited to, commingling of funds, failure to fund, failure to attempt to fund, overt refusal to allow funding by the borrower, further overt steps by Point Center to cause a purported default under The Preserve's loan agreement, failure to pay, failure to truthfully represent the amount funded, potential conversion of funds, and other violations of duties owed to Deep Canyon and other investors which are the subject of further investigation.

Exhibit ___4___
Page ___29___

Mr. Dan Harkey
October 3, 2008
Page Two

It clearly appears from documentation including, but not limited to, the Deed of Trust for The Preserve loan that Deep Canyon individually holds more than 50% of the fractional interests of the actual money invested in The Preserve (according to Point Center's admissions) other than interests held by Point Center and its controlled entities. Therefore, this termination is in full accordance with the termination requirements of the Servicing Agreement, if the Agreement should ever be held to be applicable to Deep Canyon. In addition, any sums claimed by Point Center to be due as a "servicer" will be subject to all offsets, damages, repayment of converted commissions, and other expenses unlawfully claimed by Point Center and obtained through the close of escrow, unearned servicing fees, and other valid costs, expenses, and damages caused as a result of Point Center's and its controlled entities' actions.

You are immediately directed to turn over originals of all accounting records, investor lists, and other records, books of account, correspondence, and the like to Deep Canyon or its designee.

Your continued failures to respond other than by refusal to cooperate and proceeding with unauthorized actions has caused, and will continue to cause, the investors substantial damages. Demand is thereby made for an immediate response from Point Center which response must include confirmation of an early delivery of all relevant documents, books of account, bank statements, and other accounting records. Failure to do so will result in the filing of a civil lawsuit against Point Center and its affiliates, controlled parties, managers, and representatives to enforce the investors' rights.

Demand is further made that copies of this letter be immediately forwarded to all other investors in The Preserve. Failure to do so will be yet another willful failure by Point Center and will be further evidence of its continuing misrepresentations.

Yours very truly,

DEEP CANYON HOLDINGS, INC.

By:    A. Parrin
Its:    President

Exhibit __4__
Page __30__

| In re:<br>THE PRESERVE, LLC, a California Limited Liability Company<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 6:08-BK-23006BB |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3880 Lemon Street, 5th Floor, Riverside, CA 92501
Mailing Address:  P.O. Box 1300, Riverside, CA 92502-1300

The foregoing document described <u>OPPOSITION OF DEEP CANYON HOLDINGS, INC. TO MOTION BY POINT CENTER FINANCIAL, INC. FOR RELIEF FROM STAY; DECLARATION OF ALLEN PARRIN;</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>June 29, 2009</u>I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

&#9746; Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>June 29, 2009</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Honorable Sheri Bluebond
United States Bankruptcy Court
Edward R. Roybal Federal Building
255 E. Temple Street, Room 940
Los Angeles, CA  90012

&#9746; Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

&#9744; Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 29, 2009 | Lori Bequette | *signature* |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    F 9013-3.1

Exhibit ____4____

Page ____31____

# Mailing Information for Case 6:08-bk-23006-BB

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- **Jeffrey W Broker**   jbroker@brokerlaw.biz
- **Don Fisher**   dfisher@ptwww.com
- **Marc C Forsythe**   kmurphy@goeforlaw.com
- **Robert P Goe**   kmurphy@goeforlaw.com
- **Richard A Harvey**   dickatlaw@cox.net
- **Elizabeth A Lossing**   elizabeth.lossing@usdoj.gov
- **Mark C Schnitzer**   mschnitzer@rhlaw.com
- **United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov
- **David R Zaro**   dzaro@allenmatkins.com
- **Joshua del Castillo**   jdelcastillo@allenmatkins.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Jeffrey S Benice**
650 Town Center Drive Ste 1300
Costa Mesa, CA 92626

- **Broker & Associates**
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114

**Gresham Savage Nolan & Tilden APC**
3750 University Ave, Ste 250
Attn: John Nolan Esq.
Riverside, CA 92501-3335

**Richard A Harvey**
21076 Bake Parkway Ste 106
Lake Forest, CA 92630

**Law Office of Richard A Harvey**
21076 Bake Parkway Ste 106
Lake Forest, CA 92630

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## Mailing Matrix

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.

https://ecf.cacb.uscourts.gov/cgi-bin/MailList.pl?72729...5731013346-L_384_0-1        6/29/2009

Exhibit _____ 4
Page _____ 32

## File an answer to a motion:

6:08-bk-23006-BB The Preserve, LLC
Type: bk                          Chapter: 11 v                    Office: 6 (Riverside)
Assets: y                         Judge: BB                        Case Flag: PlnDue, DsclsDue


### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Mark C Schnitzer entered on 6/29/2009 at 11:27 AM PDT
and filed on 6/29/2009
**Case Name:**        The Preserve, LLC
**Case Number:**      6:08-bk-23006-BB
**Document Number:** 109

**Docket Text:**
Opposition to (related document(s): [105] Notice of motion/application filed by Creditor Point Center
Financial Inc) *Opposition of Deep Canyon Holdings, Inc. to Motion by Point Center Financial, Inc. For
Relief From Stay; Declaration of Allen Parrin with Proof of Service* Filed by Creditor Deep Canyon
Holdings, Inc. (Schnitzer, Mark)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** S:\WP\D0766\pleadings\ECF\Opposition for Relief From Stay.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=6/29/2009] [FileNumber=26473522-
0] [ca84599501e90ad2d46c86056d6a5088afd3796154fbf2fd3faba366dfe67d0d62
7c4875165dbd8faa5b56331d5d1e098893294efa2428229375d0edb6102875]]

**6:08-bk-23006-BB Notice will be electronically mailed to:**

Jeffrey W Broker on behalf of Debtor The Preserve, LLC
jbroker@brokerlaw.biz

Don Fisher on behalf of Creditor PALMIERI, TYLER, WIENER WILHELM & WALDRON LLP
dfisher@ptwww.com

Marc C Forsythe on behalf of Creditor Point Center Financial Inc
kmurphy@goeforlaw.com

Robert P Goe on behalf of Attorney Robert Goe
kmurphy@goeforlaw.com

Exhibit 6/29/2009 _4_

Page _____ _33_

Richard A Harvey on behalf of Plaintiff The Preserve LLC
dickatlaw@cox.net

Elizabeth A Lossing on behalf of U.S. Trustee United States Trustee (RS)
elizabeth.lossing@usdoj.gov

Mark C Schnitzer on behalf of Creditor Deep Canyon Holdings, Inc.
mschnitzer@rhlaw.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

David R Zaro on behalf of Interested Party Courtesy NEF
dzaro@allenmatkins.com

Joshua del Castillo on behalf of Interested Party Courtesy NEF
jdelcastillo@allenmatkins.com

**6:08-bk-23006-BB Notice will not be electronically mailed to:**

Jeffrey S Benice on behalf of Defendant Escrow Professionals Inc
650 Town Center Drive Ste 1300
Costa Mesa, CA 92626

- Broker & Associates
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114

Gresham Savage Nolan & Tilden APC
3750 University Ave, Ste 250
Attn: John Nolan Esq.
Riverside, CA 92501-3335

Richard A Harvey
21076 Bake Parkway Ste 106
Lake Forest, CA 92630

Law Office of Richard A Harvey
21076 Bake Parkway Ste 106
Lake Forest, CA 92630

Exhibit _____ 6/29/2009 4

Page _____ 34

1 | David C. Grant (SBN 053635)
Catherine Convy (SBN 178208)
2 | Amanda R. Breneman (SBN 252810)
GRANT, GENOVESE & BARATTA, LLP
3 | 2030 Main Street, Suite 1600
Irvine, CA  92614
4 | Telephone:  (949) 660-1600
Facsimile:  (949) 660-6060
5 | Email: dcg@ggb-law.com
       catherine@ggb-law.com
6 |        arb@ggb-law.com

7 | Attorneys for Real Parties In Interest

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | RIVERSIDE DIVISION

11 |

12 | In re

13 | THE PRESERVE, LLC, a California Limited

14 | Liability Company,

15 |                Debtor and

16 |                Debtor-in Possession

Case No. 6:08-bk-23006BB
Chapter 11 Proceeding

**OPPOSITION OF REAL PARTIES IN
INTEREST TO MOTION BY POINT
CENTER FINANCIAL, INC. FOR
RELIEF FROM STAY**

DATE   :   July 14, 2009
TIME   :   10:00 a.m.
CRTRM. :   303

23 |     **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY**

24 | **JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; MOVING PARTY AND**

25 | **PARTIES IN INTEREST:**

26 |

27 | // // //

28 |

Exhibit ___5___
Page ___35___

1

1    Real parties in interest Albert Hechinger and Kathryn Berkowitz, co-trustees of The Kathryn

2    and Albert Family Trust dated May 15, 2009, Terry Norman Holdt and Sharon Rae Holdt, Trustees of

3    the Holdt Living Trust, Robert M. Peppercorn, authorized agent for Pensco Trust Company as

4    Custodian of IRA# PE1DY FBO Robert M. Peppercorn, Paul Kranser, M.D., Trustee of The Paul

5    Krasner M.D., Defined Benefit Pension Plan and Trust and Trustee of The Nephrology Medical Group

6    of Orange County Profit Sharing Plan Retirement Trust, Sid K. Louie and Jessica M. Louie, Trustees

7    of the Sid K. and Jessica M. Louie Family Limited Partnership, Max Perry and Mary Perry, Trustees of

8    the Alder Creek Family Trust, Robert L. Wells, Trustee of The Robert L. Wells Trust Dated April 4,

9    1991, and Wanda Harrell (Wells) ("Real Parties in Interest") hereby submit the following

10   memorandum of points and authorities in Opposition to the Motion for Relief from Stay ("Motion")

11   filed by Point Center Financial, Inc. ("Point Center").

13                    **MEMORANDUM OF POINTS AND AUTHORITIES**

15   **I.     SUMMARY OF OPPOSITION.**

17       Real Parties in Interest are among several of those investors who were lured by Point Center

18   into investing their money in fractionalized trust deeds (including The Preserve, LLC) under the guise

19   their investment would be well managed and they would be kept apprised of the status of their loan.

20   The victims of a fraudulent investment scheme perpetuated by Point Center and its President Dan

21   Harkey, Real Parties in Interest found themselves in the midst of a slickly designed plot to enrich Mr.

22   Harkey with innocent investor monies. Compounding the damages suffered by Real Parties in Interest,

23   they have now learned a borrower, The Preserve, LLC, has attempted (but failed due to Point Center's

24   meritless objections) to acquire the individual investors' contact information from Point Center in an

25   effort to avoid an imminent foreclosure by Point Center and engage in negotiations with them—as the

26   investors are indeed the real parties in interest—concerning a reorganization plan such as a payoff and

27   payment options and/or profit participation in the future of the project. As Real Parties in Interest have

28   not been kept apprised of all proceedings concerning their investment, have not been provided with the

Exhibit _5_

2

Page _36_

1  opportunity to view or discuss any reorganization plan with The Preserve, LLC, they thus object to any

2  foreclosure on the loan security until such time when they can properly determine the best course of

3  business to maximize the value of their investment.

4

5  **II.    LEGAL DISCUSSION.**

6

7         Real Parties in Interest are investors in Point Center arranged loan #206070 to The Preserve,

8  LLC ("The Preserve"). Indeed, each Real Party in Interest appears as a Beneficiary on Exhibit C to the

9  Deed of Trust. (Louie Dec. ¶ 3, Exh. "A").

10

| Real Party In Interest / Investor | Undivided % Interest | Approximate Investment |
|---|---|---|
| 1   Albert Hechinger and Kathryn Berkowitz, co-trustees of The Kathryn and Albert Family Trust dated May 15, 2009 | .259% | $101,010 |
| 2   Terry Normal Holdt and Sharon Rae Holdt, Trustees of the Holdt Living Trust | .128% | $49,000 |
| 3   Robert M. Peppercorn, authorized agent for Pensco Trust Company as Custodian of IRA# PE1DY FBO Robert M. Peppercorn | .127% | $50,000 |
| 4   Paul Krasner, M.D., Trustee of The Paul Krasner M.D., Defined Benefit Pension Plan and Trust | .385% | $150,000 |
| 5   Paul Krasner, M.D., Trustee of The Nephrology Medical Group of Orange County Profit Sharing Plan Retirement Trust | .128% | $50,000 |
| 6   Sid K. and Jessica M. Louie, Trustees of the Sid K. and Jessica M. Louie Family Limited Partnership[1] | .128% | $49,920 |
| 7   Max Perry and Mary Perry, Trustees of the Alder Creek Family Trust | .256% | $100,000 |

---

[1]    While Sid K. and Jessica M. Louie, Trustees of the Sid K. and Jessica M. Family Limited Partnership, invested approximately $49,200 in The Preserve, LLC, the Deed of Trust attached as Exhibit "A" to the Declaration of Jessica Louie does not include the undivided interest percent of Sid K. and Jessica M. Louie, Trustees of the Sid K. and Jessica M. Louie Family Limited Partnership. *See* Louie Declaration ¶ 2.

Exhibit   5

Page   37

3

| 8 | Robert L. Wells, Trustee of The Robert L. Wells Trust Dated April 4, 1991 | .512% | $199,680 |
|---|---|---|---|
| 9 | Wanda Harrell (Wells) | .512% | $199,680 |
| | | **2.435%** | **$949,290** |

Thus, as the legitimate investors/credits involved in The Preserve, LLC, Real Parties in Interest—not Point Center who simply arranged the loan for the benefit of the borrower—are indispensable parties to this Motion and must be provided with notice of same and an opportunity to investigate all feasible options before any foreclosure takes place.

**A.    Real Parties In Interest, Who Were Not Provided With Notice Of This Motion, Have Been Precluded From Engaging In Reorganization Discussion With The Borrower.**

Real Parties in Interest have only recently learned The Preserve, LLC wants to negotiate with the investors, the legitimate real parties in interest, to discuss a reorganization plan such as a payoff and payment options and/or profit participation in the future of the project. (See Hechinger, Holdt, Krasner, Peppercorn, Perry, Wells, Harrell Decs., ¶ 4; Louie Dec., ¶ 5; Opposition of Debtor, pg. 22). Indeed, Real Parties in Interest were never informed the borrower/debtor, The Preserve, LLC, ever sought to contact them. (See Hechinger, Holdt, Krasner, Peppercorn, Perry, Wells, Harrell Decs., ¶ 5; Louie Dec., ¶ 6). As Real Parties in Interest have not been kept apprised of all proceedings concerning their investment's security, they rightfully object to any actions being taken with respect to said security without proper notice and prior authorization. (See Hechinger, Holdt, Krasner, Peppercorn, Perry, Wells, Harrell Decs., ¶ 6; Louie Dec., ¶ 7). As such, Real Parties in Interest, having been provided with no information on this matter, object to any foreclosure as not in the best interest of all real parties in interest—the investors. (See Hechinger, Holdt, Krasner, Perry, Wells, Harrell Decs., ¶ 7; Louie Dec., ¶ 8).

Exhibit ___5___

Page ___38___

4

1    As Real Parties in Interest desire to optimize the value of their investment and they understand

2    The Preserve, LLC intends to submit a reorganization plan to accomplish that objective; it is not in

3    their best interest, or the best interest of anyone other than Point Center for that matter, to allow Point

4    Center to foreclose on the property.  Real Parties in Interest must be provided with the opportunity to

5    evaluate a proposed reorganization plan presented by The Preserve, LLC in order to better determine

6    the most beneficial avenue to maximize the value of their investment.

7

8    **B.**    **Permitting Point Center To Foreclose Will Be To The Detriment of Real Parties In**

9    **Interest—And To All Investors.**

10

11    Not only are Real Parties in Interest direct trust deed investors in The Preserve, LLC in an

12   approximate total amount of $950,000, but they are Plaintiffs in Orange County Superior Court Case

13   styled *Lloyd Charton, et al. v. National Financial Lending, LLC, et al.*, Case No. 30-2008-00114401.

14   In that action, currently pending before the Honorable Ronald Bauer in Orange County's Complex

15   Civil Department, Real Parties in Interest allege, among other causes of action, Point Center breached

16   (and continues to breach) its fiduciary duty with regard to the lending, servicing and managing of Point

17   Center offered loans as well as in the managing of real estate owned assets following foreclosures.

18   Moreover, Real Parties in Interest charge Point Center with collecting exorbitant fees in all stages of

19   the loan, foreclosure and real estate owned stage.  It is believed currently Point Center is collecting a

20   monthly management fee of $97,500, which equals 2.5% of the loan amount ($39,000,000).  To allow

21   Point Center to foreclosure on the property and gain control of the asset will necessarily result in the

22   continued maiming of what little money the investors have left.

23

24    In sum, not only do Real Parties in Interest object to this Motion as they, as indispensable

25   parties, were not provided with notice of the potential impending foreclosure on their investment's

26   security, but Real Parties in Interest object to this Court providing Point Center, an investment

27   manager who has consistently engaged in "hide the ball" tactics, with the opportunity to continue to

28



Exhibit ___5___

Page ___39___

1  extort excessive fees and engage in the same such illegal activities for which Real Parties in Interest

2  brought suit in the above-referenced Orange County lawsuit.

3

4  **III.    CONCLUSION.**

5

6      It is therefore respectfully requested this Court Deny the Motion for Relief from Stay and

7  permit The Preserve, LLC to present a reorganization plan to the investors so that all real parties in

8  interest can make an informed decision concerning the future of the investment.

9

10  DATED:  July 10, 2009                GRANT, GENOVESE & BARATTA, LLP
11                                       DAVID C. GRANT
                                         CATHERINE CONVY
12                                       AMANDA R. BRENEMAN
13

14

15  By: _Amanda Breneman_
16      Amanda R. Breneman
17  Attorneys for Real Parties In Interest, Albert
    Hechinger, Kathryn Berkowitz, Terry and
18  Sharon  Holdt,  Robert  Peppercorn,  Paul
    Krasner, Sid and Jessica Louie, Max and
19  Mary Perry, Robert and Wanda Wells
20

21

22

23

24

25

26

27

28

Exhibit ____5____

Page ____40____

| In re: The Preserve, LLC, a California Limited Liability Company | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2030 Main Street, Irvine, CA 92614

A true and correct copy of the foregoing document described <u>OPPOSITION OF REAL PARTIES IN INTEREST TO MOTION BY POINT CENTER FINANCIAL, INC. TO MOTION FOR RELIEF FROM STAY</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On <u>July 20, 2009</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

See Attachment.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond, 225 E. Temple St., Room 940, Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 10, 2009 | Gerry Lynn Gauden | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Robert P Goe**
Goe & Forsythe, LLP
660 Newport Center Drive, Suite 320
Newport Beach, Ca 92660
(949) 467-3780
(949) 721-0409 (fax)
kmurphy@goeforlaw.com
*Assigned: 10/08/2008*

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com

**Elizabeth A Lossing**
3685 Main St Ste 300
Riverside, CA 92501
951-276-6354
951-276-6973 (fax)
elizabeth.lossing@usdoj.gov
*Assigned: 10/02/2008*

representing

**United States Trustee (RS)**
3685 Main Street, Suite 300
Riverside, CA 92501
ustpregion16.rs.ecf@usdoj.gov
*(U.S. Trustee)*

**Mark C Schnitzer**
Reid & Hellyer APC
P O Box 1300
Riverside, CA 92502-1300
951-682-1771
mschnitzer@rhlaw.com
*Assigned: 10/27/2008*
*Assigned: 11/14/2008*

representing

**Courtesy NEF**
*(Interested Party)*

representing

**Deep Canyon Holdings, Inc.**
*(Creditor)*

**David R Zaro**
515 S Figueroa St 7th Fl
Los Angeles, CA 90071-3398
213-622-5555
213-620-8816 (fax)
dzaro@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**Joshua del Castillo**
515 S Figueroa St
7th Fl
Los Angeles, CA 90071
213-622-5555
213-620-8816 (fax)
jdelcastillo@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

Exhibit __5__
Page __42__

| | | |
|---|---|---|
| **Jeffrey W Broker**<br>18191 Von Karman Ave Ste 470<br>Irvine, CA 92612-7114<br>949-222-2000<br>949-222-2022 (fax)<br>jbroker@brokerlaw.biz<br>*Assigned: 09/25/2008* | representing | **The Preserve, LLC**<br>7006 Magnolia Ave<br>PMB No 309<br>Riverside, CA 92506<br>*(Debtor)* |
| **Don Fisher**<br>2603 Main St E Tower Ste1300<br>Irvine, CA 92614-6228<br>949-851-9400<br>949-757-1225 (fax)<br>dfisher@ptwww.com<br>*Assigned: 11/12/2008* | representing | **Courtesy NEF**<br>*(Interested Party)* |
| **PALMIERI, TYLER, WIENER WILHELM & WALDRON LLP**<br>2603 Main St<br>Suite 1300<br>Irvine, CA 92614-9712<br>(949) 851-9400<br>(949) 757-1225 (fax)<br>dfisher@ptwww.com<br>*(Creditor)* | representing | Creditor |
| **Marc C Forsythe**<br>18101 Von Karman Avenue Ste 510<br>Irvine, CA 92612<br>949-798-2460<br>949-955-9437 (fax)<br>kmurphy@goeforlaw.com<br>*Assigned: 05/26/2009* | representing | **Point Center Financial Inc**<br>Point Center Financial, Inc.<br>660 Newport Center Drive<br>Suite 320<br>Newport Beach, CA 92660<br>(949) 467-3780<br>rgoe@goeforlaw.com<br>*(Creditor)* |

Exhibit ___5___
Page ___43___

1  David C. Grant (SBN 053635)
   Catherine Convy (SBN 178208)
2  Amanda R. Breneman (SBN 252810)
   GRANT, GENOVESE & BARATTA, LLP
3  2030 Main Street, Suite 1600
   Irvine, CA  92614
4  Telephone:  (949) 660-1600
   Facsimile:  (949) 660-6060
5  Email: dcg@ggb-law.com
           catherine@ggb-law.com
6          arb@ggb-law.com

7

   Attorneys for Real Parties in Interest
8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    RIVERSIDE DIVISION

12

13  In re                               Case No. 6:08-bk-23006BB
                                         Chapter 11 Proceeding
14  THE PRESERVE, LLC, a California Limited
15  Liability Company,                  **DECLARATION OF JESSICA M. LOUIE
                                         IN SUPPORT OF OPPOSITION TO
16            Debtor and                 MOTION FOR RELIEF FROM STAY**
17            Debtor-in Possession
                                         DATE    :   July 14, 2009
18                                       TIME    :   10:00 a.m.
                                         CRTRM.  :   303
19

20

21        I, JESSICA LOUIE, DECLARE AND STATE AS FOLLOWS:

22

23        1.   I am a Real Party in Interest/ Investor in the project known as The Preserve, LLC.  The

24  matters stated herein are true and correct and are within my personal knowledge.  If called upon to

25  testify as a witness I could and would competently testify thereto.

26

27        2.   As co-trustee of the Sid K..and Jessica M. Family Limited Partnership I invested

28  approximately $49,420 in the Point Center offered direct trust deed, known as The Preserve, LLC.

Exhibit ____4____
Page ____44____

                                1

3.   After investing in The Preserve, LLC, Point Center provided me with a copy of the Recorded Deed of Trust for The Preserve, LLC loan.  Attached hereto as Exhibit "A" is a true and correct copy of the Recorded Trust Deed provided to me by Point Center.

4.   Point Center Financial is the manager of my investment.  I depend on Point Center Financial to keep me informed of the status of my investment.

5.   At no time has the investment manager, Point Center Financial, informed me that the borrower, The Preserve, LLC, ever sought to contact investors, who are the real parties in interest, to discuss a possible reorganization plan.

6.   As a real party in interest, I need and would like to be kept informed of all proceedings which take place concerning my investment's security.

7.   As a real party in interest, I object to any actions being taken with respect to the land asset, which secures my indebtedness, without proper notice being provided to me and without my prior authorization.  I need due process.

8.   At this time, as I have not been provided with any information.   I object to any foreclosure as not in the best interest of the real parties in interest—the investors and me.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this Declaration was executed this 9th day of July , 2009 at _____Arcadia_____ , California.

_____
JESSICA M. LOUIE

2

Exhibit ___4___
Page ___45___

# Exhibit A

Exhibit 6
Page 46

LandAmerica Commercial Services

```
DOC # 2006-0776838
10/23/2006 08:00A Fee:223.00
            Page 1 of 53
Recorded in Official Records
        County of Riverside
        Larry W. Ward
Assessor, County Clerk & Recorder
```

WHEN RECORDED, RETURN TO:

POINT CENTER FINANCIAL, INC.
30900 Rancho Viejo Road, Suite 100
San Juan Capistrano, CA 92675

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|----|----|------|-----|------|
| 3 |   | N | 53 |    | 1 | 24 |      |     |      |
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM 021 |

Title Order No.:9301656-12
A.P.N.:421-070-004, 421-070-005, 421-070-007, 421-080-002, 421-190-002, 421-190-003, 421-190-006, 421-190-004, 421-190-005, 421-190-011, 421-070-006, and 421-070-001.
Loan No.:206070

Above Space for Recorder's Use

# DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING WITH ASSIGNMENT OF RENTS

THIS DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING WITH ASSIGNMENT OF RENTS ("Deed of Trust"), made effective as of September 21, 2006, by the person identified as Trustor in Exhibit A attached hereto ("Trustor"), whose address for purposes of this Deed of Trust is set forth in Exhibit A attached hereto TO AND IN FAVOR OF National Financial Lending, Inc., a California corporation ("Trustee"); FOR THE BENEFIT OF the persons identified in Exhibit C (collectively, the "Beneficiary"), whose address is c/o Point Center Financial, Inc., 30900 Rancho Viejo Road, Suite 100, San Juan Capistrano, CA 92675.

WITNESSETH:

TRUSTOR DOES IRREVOCABLY GRANT, TRANSFER, AND ASSIGN to Trustee, in trust, with power of sale, all Trustor's right, title, and interest now owned or later acquired in the real property (the "Premises") and the buildings, structures, additions, enlargements, lot line adjustment additions, extensions, modifications, repairs and improvements now or hereafter located thereon (the "Improvements") more particularly described in Exhibit B attached hereto.

TOGETHER WITH all right, title, interest and estate of Trustor now owned or hereafter acquired in the following property, rights, interests, and estates (collectively with the Premises and Improvements called the "Trust Property"):

(a)    All easements, rights-of-way, strips of land, streets, alleys, passages, sewer rights, mineral rights, water rights and powers, and all estates, rights, titles, interests, privileges, tenements, hereditaments and appurtenances of any nature, in any way belonging, relating or pertaining to the Premises and the reversion and reversions, remainder and remainders, and all land laying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Premises to the center line thereof and all the estates, rights, titles, interests, dower and rights

1

Exhibit 4
Page 41

of dower, courtesy and rights of courtesy, property, possession, claim and demand, both in law and in equity, of Trustor in the Premises and every part thereof and all appurtenances thereto;

(b)     All machinery, furniture, equipment, fixtures, material, appliances and other articles of personal property of every kind owned by Trustor, or in which Trustor has an interest, located upon the Premises, and appurtenances thereto, and usable for the generation and distribution of air, water, heat, electricity, light, fuel or refrigeration, or for ventilating or air conditioning purposes, or for sanitary or drainage purposes, or for the exclusion of vermin or insects, or for removal of dust, refuse or garbage, and such machinery, furniture, equipment, fixtures and other articles of personal property which consist of all appliances, awnings, window shades, drapery rods, brackets, screens, floor coverings, incinerators and carpeting used in the operation of the Premises and Improvements (and all other personal property, either similar or dissimilar to the foregoing usable in the operation of the Premises and Improvements), together with all replacements and substitutions therefore, now owned or hereafter acquired by Trustor and located in or on said Premises and Improvements, together with all materials intended for construction, reconstruction, alteration, and repair of the Improvements (hereinafter collectively called the "Equipment"), together with all condemnation awards and rights under insurance policies and Leases described below pertaining to said Premises or the Improvements now or hereafter located thereon;

(c)     All awards or payments, including interest, which may be made as to the Trust Property, whether from the exercise of the right of eminent domain, constructive taking or for any other injury to or decrease in the value of the Trust Property (collectively, "Awards");

(d)     All leases and other agreements affecting the use, enjoyment or occupancy of the Trust Property, (the "Leases"), if any, and all rents and security deposits payable under the Leases, and other deposits, issues and profits from the Trust Property (the "Rents");

(e)     All Policies (as defined herein) and their proceeds thereof and any unearned premiums on any insurance policies covering the Trust Property, including, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Trust Property, whether such insurance is or is not required by this Deed of Trust;

(f)     All utility deposits made to obtain or maintain utility services to the Premises or the Improvements;

(g)     Any amounts in any escrow fund for the purposes of payment of taxes, insurance premiums or other Impositions (as defined in paragraph 4 below) as to the Trust Property;

(h)     All building materials and supplies now or hereafter located upon the Trust Property and all architectural renderings, drawings, specifications now or hereafter relating to the Trust Property;

(i)     All contracts and agreements now or hereafter existing relating to the design, construction or improvement of the Trust Property;

2

Exhibit 6
Page 4B

(j)    All deposits given to utilities and governmental authorities pertaining to the Trust Property;

(k)    All present and future governmental, utility and homeowner association approvals, permits and entitlements pertaining to the Trust Property; and

(l)    The products and proceeds of the property described in the above (a) through (k) inclusive.

FOR THE PURPOSE OF SECURING the payment and performance of the following covenants, obligations, indebtedness, and liabilities:

(i)    all obligations of Trustor under the Promissory Note executed by Trustor in favor of Beneficiary described more particularly in Exhibit A attached hereto (the "Note"), as well as any other substituted note and all modifications, renewals, or extension of the Note, regardless of whether evidenced by a new or additional promissory note or notes. The payee under the Note and all subsequent holders of the Note are collectively the "Beneficiary" and the indebtedness evidenced by the Note is the "Loan";

(ii)    all present and future loans, advances, or other extensions of credit obtained by Trustor from Beneficiary, and all promissory notes evidencing such present or future loans, advances, or other extensions of credit, including Trustor's obligations under any present or future loan or credit agreement executed by Trustor, including any other agreement granting additional security interests (collectively, "Other Security Documents"), and all liabilities that Trustor may now or in the future owe to Beneficiary;

Collectively the obligations referred to in (i) and (ii) above are called the "Indebtedness;"

(iii)    all other obligations under this Deed of Trust and the other Loan Documents (as defined in paragraph 2(c) below), collectively referred to as the "Obligations."

Notwithstanding any provision of this Deed of Trust to the contrary, in no event shall this Deed of Trust secure the Obligations of any guarantor ("Guarantor") arising exclusively under any guaranty on or about the same date (the "Guaranty") given by Trustor or any other person to Beneficiary.

1.    Warranty of Title.  Trustor warrants that (a) Trustor has good title to the Trust Property, (b) Trustor has the unrestricted right to grant the security interests given in this Deed of Trust, (c) Trustor presently possesses an unencumbered fee simple estate in the Premises and the Improvements except for those shown in the title report for this transaction (the "Permitted Encumbrances"), and (d) this Deed of Trust is and will remain a valid and enforceable lien on and security interest in the Trust Property, subject only to the Permitted Encumbrances. Trustor shall forever warrant, defend and preserve such title and the validity and priority of the lien of this Deed of Trust, subject to the Permitted Encumbrances, and shall forever warrant and defend the same to Beneficiary against the claims of all persons.

3

Exhibit _____ 6
Page _____ 49

2.    <u>Representations, Warranties and Covenants</u>.  Trustor represents, warrants and covenants to Beneficiary that as of the date of this Deed of Trust:

(a)    <u>Trust Property</u>.

(i)    All certifications, permits, licenses and approvals, including certificates of completion and occupancy permits required for the legal use, occupancy and operation of the Trust Property as currently operated (collectively, the "Licenses"), have or will be obtained and maintained in good standing (including, without limitation, any applicable liquor license).  Trustor shall keep and maintain all Licenses.  The Trust Property is free of material damage and is in good repair, and there is no proceeding pending for the total or partial condemnation of, or affecting, the Trust Property.

(ii)    All of the Improvements which were included in determining the appraised value of the Trust Property lie wholly within the boundaries and building restriction lines of the Trust Property, and no improvements on adjoining properties encroach upon the Trust Property, and no easements or other encumbrances upon the Premises encroach upon any of the Improvements so as to affect the value or marketability of the Trust Property, except those which are insured against by the Beneficiary's policy of mortgagee's title insurance insuring the lien of this Deed of Trust.  All of the Improvements comply with all material requirements of any applicable zoning and subdivision laws and ordinances.

(iii)    The Trust Property is not subject to any Leases other than the Leases described in the rent roll delivered to Beneficiary in connection with this Deed of Trust.  No person has any possessory interest in the Trust Property or right to occupy the same except under and pursuant to the provisions of the Leases.  The current Leases are in good standing.

(iv)    The Trust Property is and shall at all times remain in compliance with all statutes, ordinances, regulations and other governmental or quasi-governmental requirements and private covenants now or in the future relating to the ownership, construction, use or operation of the Trust Property.

(v)    There has not been committed by Trustor or, to Trustor's knowledge, any other person in occupancy of or involved with the operation or use of the Trust Property, any act or omission affording the federal government or any state or local government the right of forfeiture as against the Trust Property or any part thereof or any monies paid in performance of Trustor's obligations under this Deed of Trust or any of the Other Security Documents.  Trustor hereby covenants and agrees not to commit, permit or suffer to exist any act or omission affording such right of forfeiture.

(vi)    Neither the execution nor delivery of the Note, this Deed of Trust, or the Other Security Documents, nor Trustor's performance thereunder, nor the

4

Exhibit ___4___
Page ___50___

recordation of this Deed of Trust, nor the exercise of any remedies by Beneficiary, will adversely affect Trustor's rights under any of the Licenses.

(b)    <u>Organization of Trustor</u>.

(i)    Trustor is an entity described in Exhibit A attached hereto, is organized under the laws described in Exhibit A attached hereto and is qualified to do business in each state in which such qualification is required by law.

(ii)    Trustor has the requisite power and authority to own and manage its properties, to carry on its business as now being conducted, and to own, develop, and operate the Trust Property.

(iii)    Trustor is qualified to do business in every jurisdiction in which the nature of its business or its properties makes qualification necessary.

(iv)    Trustor is in compliance with all laws, regulations, ordinances, and orders of public authorities applicable to it.

(c)    <u>Loan Documents</u>.    The Note, this Deed of Trust, the Other Security Documents and all other documents, instruments and written agreements entered into by Trustor in connection with the Loan are hereinafter referred to as the "Loan Documents." The execution, delivery, and performance by Trustor and any guarantors of the Loan, together with their respective affiliates and their respective employees, representatives, and agents (the "Loan Parties") of the Loan Documents and the borrowings evidenced by the Note:

(i)    are within the power of the Loan Parties,

(ii)    have been duly authorized by all requisite corporate or partnership actions, as appropriate,

(iii)    have received all necessary governmental approval,

(iv)    will not violate any provision of law, any order of any court or agency of government, the charter documents of any Loan Party, or any indenture, agreement, or any other instrument to which any Loan Party is a party or by which any Loan Party or any of its property is bound, nor will they conflict with, result in a breach of, or constitute (with due notice and lapse of time) a default under any indenture, agreement, or other instrument, or result in the creation or imposition of any lien, charge, or encumbrance of any nature on any of the property or assets of any Loan Party, except as contemplated by the provisions of the Loan Documents, and

(v)    will, when executed and delivered to Beneficiary, constitute a valid obligation, enforceable in accordance with its terms.

(d)    <u>Financial Statements</u>.

5

Exhibit ___ 6 ___

Page ___ 51 ___

(i)    All financial statements and data that have been given to Beneficiary with respect to any Loan Party are complete and correct in all material respects; accurately present the financial condition of that Loan Party on each date as of which they have been furnished, and accurately present the results of the operations of that Loan Party for the periods for which they have been furnished; and have been prepared in accordance with generally accepted accounting principles consistently applied throughout the periods covered.

(ii)    All balance sheets and the notes with respect to the Loan Parties furnished to Beneficiary disclose all liabilities of the Loan Parties, fixed and contingent, as of their respective dates, as well as all obligations of those Loan Parties under any guaranties.

(iii)    There has been no material and adverse change in the business or properties or condition (financial or otherwise) of Trustor, or the condition or operation of the Trust Property ("Material Adverse Change") since the date of the most recent financial statement given to Beneficiary with respect to Trustor of the Trust Property.

(e)    Use of Trust Property.  Trustor will use the Trust Property or the funds advanced pursuant to the Note to acquire and/or develop, maintain, and operate the Premises and the Improvements.

(f)    Other Arrangements.  Trustor is not a party to any agreement or instrument materially and adversely affecting Trustor's present or proposed business, properties, assets, operation, or condition, financial or otherwise; and Trustor is not in default in the performance, observance, or fulfillment of any of the material obligations, covenants, or conditions in any agreement or instrument to which Trustor is a party that materially affect Trustor's present or proposed business, properties, assets, operation, or condition, financial or otherwise.

(g)    Litigation.  There is not now pending against or affecting any Loan Party, nor to the knowledge of any Loan Party is there threatened, any action, suit, or proceeding at law or in equity or before any administrative agency that, if adversely determined, would materially impair or affect:

(i)    the financial condition or operations of Trustor, or

(ii)    the condition or operation of the Trust Property.

(h)    Survival.  The warranties of this paragraph will survive foreclosure or enforcement of this Deed of Trust and shall run with the Premises.

3.    Insurance.

6

Exhibit ___4___
Page ___52___

(a)    <u>Risks to be Insured and Policy Provisions.</u>  Subject to the provisions of paragraph 5 hereof, Trustor, at its sole cost and expense, will maintain or cause to be maintained the following:

(i)    Commercial general liability (including contractual liability) insurance ("CGL Insurance") covering any and all liability of the insured arising out of the ownership, maintenance, use or occupancy of the Trust Property, and all operations incidental thereto, said insurance to have limits of not less than Two Million Dollars ($2,000,000.00) combined single limit per occurrence for bodily injury, personal injury and property damage liability;

(ii)    Insurance ("Building Insurance") on all buildings, fixtures and improvements located on the Trust Property against fire and "special perils" (including "ordinance or law coverage"), in amounts at least equal to the greater of: (A) the full replacement cost thereof (without deduction for depreciation) as such replacement cost shall be determined from time to time at the reasonable request of Beneficiary; or (B) unless prohibited by law, the unpaid principal amount of the Indebtedness.  The Building Insurance shall include a co-insurance waiver or agreed amount endorsement.  Such insurance shall, during the course of any construction of additions to the Improvements, be on Special Form Builder's Risk 100% Completed Value Non-Reporting Form or other form approved by Beneficiary;

(iii)    Insurance on personal property against fire and any peril generally included within the classification of "extended coverage" ("Personal Property Insurance") in amounts at least equal to the replacement value thereof;

(iv)    Rental value or business interruption insurance (or a combination thereof as Beneficiary may require) ("Rental Value or Business Interruption Insurance") on all buildings, fixtures, improvements, and other constructions located on and forming a part of the Trust Property as above described (including parking and common areas) against loss by the perils covered by the Building Insurance in amounts of not less than the amount of Trustor's annual gross income from the Trust Property or Trustor's debt service on the Trust Property (including any required payments to the Escrow Fund), for twelve (12) months, whichever is greater.  Such Rental Value or Business Interruption Insurance shall contain an endorsement extending the period of indemnity for not less than ninety (90) days after restoration of said buildings, fixtures and improvements is completed;

(v)    If and whenever Trustor shall have employees, workers' compensation insurance as required by law and employer's liability insurance with limits of liability of not less than $2,000,000.00;

(vi)    If the Trust Property is located in an area which has been identified by the Secretary of Housing and Urban Development as a flood hazard area and in which flood insurance has been made available under the National Flood

Exhibit _____ 4 _____
Page _____ 53 _____

Insurance Act of 1968 (the "Act"), Trustor shall keep the Trust Property covered by flood insurance ("Flood Insurance") up to the maximum limit of coverage available under the Act, but not in excess of the amount of the Indebtedness; and

(vii)    Such other insurance with respect to the Trust Property in such amounts and against such insurable hazards as Beneficiary from time to time may reasonably require ("Additionally Required Insurance").

All insurance required hereunder, including the CGL Insurance (collectively, the "Policies"), shall provide that coverage shall not be revised, cancelled or reduced until at least thirty (30) days' written notice of such revision, cancellation or reduction shall have been given to Beneficiary; be issued by insurance companies which are qualified to do business in the State in which the Trust Property is located, which have at least one of the following A.M. Best Co. combinations of Best's Rating and Best Financial Size Category: A-, XV; A, XIII; A+, IX; or A++, VIII; and which are satisfactory to Beneficiary in all other ways.

The CGL Insurance shall name Beneficiary as an additional insured; apply severally as to Trustor and Beneficiary (excepting the limits of liability); cover each of them as insureds in the same manner as if separate policies had been issued to each of them (excepting the limits of liability); contain no provisions affecting any rights which any of them would have as claimants if not so named as insureds; and be primary insurance with any other valid and collectible insurance available to Beneficiary constituting excess insurance.

The Building Insurance, Personal Property Insurance, Rental Value or Business Interruption Insurance, and Flood Insurance and any and all other insurance maintained by the Trustor related to the Trust Property, whether or not required by this Deed of Trust, shall name Beneficiary as an additional insured; and have attached to them a Lender's Loss Payable Endorsement naming Beneficiary as Lender, a standard waiver of subrogation endorsement, a stipulated amount endorsement, and a full replacement cost endorsement.

(b)    Delivery of Policy.  Trustor will deliver to Beneficiary original certificates and evidence of all required insurance to Beneficiary and Trustor shall promptly furnish to Beneficiary copies of all renewal notices and all receipts of paid premiums received by it.  At least ten (10) days prior to the expiration date of a required policy, Trustor shall deliver to Beneficiary a renewal certificate and evidence of insurance in a form satisfactory to Beneficiary.

(c)    Assignment of Policy.  If the Trust Property is sold at a foreclosure sale or if Beneficiary shall acquire title to the Trust Property, Beneficiary shall have all of the rights of Trustor to the Policies and the unearned premiums on them and to the proceeds resulting from any damage to Trust Property prior to such sale or acquisition.

(d)    Notice of Damage or Destruction; Adjusting Loss.  If any part of the Trust Property is damaged or destroyed by fire or other casualty, Trustor will promptly give written notice thereof to the insurance carrier and Beneficiary, and will not adjust any damage or loss which exceeds $10,000 unless Beneficiary joins in such adjustment; but if there has been no adjustment of any such damage or loss within four months from the date of occurrence and if an

8

Exhibit _____4_____

Page _____54_____