23.    Liability.  If Trustor consists of more than one person, the obligations and liabilities of each such person hereunder shall be joint and several.

24.    Security Agreement.  This Deed of Trust is both a real property Deed of Trust and a "security agreement" within the meaning of the Uniform Commercial Code.  The Trust Property includes both real and personal property and all other rights and interests, whether tangible or intangible in nature, of Trustor in the Trust Property.  TRUSTOR HEREBY GRANTS TO BENEFICIARY, AS SECURITY FOR THE DEBT, A SECURITY INTEREST IN THE TRUST PROPERTY TO THE FULL EXTENT THAT THE TRUST PROPERTY MAY BE SUBJECT TO THE UNIFORM COMMERCIAL CODE OF ANY STATE OR STATES WHERE THE TRUST PROPERTY IS SITUATED (said portion of the Trust Property so subject to a Commercial Code being called in this paragraph the "Collateral").  If an Event of Default occurs, Beneficiary shall have and may exercise immediately and without demand, all rights and remedies granted to a secured party upon default under the applicable Uniform Commercial Code, including, the right to take possession of the Collateral, and to take such other measures as Beneficiary may deem reasonably necessary or advisable for the care, protection and preservation of the Collateral.  Trustor shall pay to Beneficiary on demand any expenses, including attorneys' fees and expenses, incurred by Beneficiary in protecting its interest in the Collateral and in enforcing its rights to the Collateral.  Any notice of sale, disposition or other intended action by Beneficiary as to the Collateral sent to Trustor at least ten (10) days prior to such action, shall constitute reasonable notice to Trustor.  The proceeds of any disposition of the Collateral may be applied by Beneficiary to the payment of the Indebtedness in the priority and proportions as Beneficiary in its discretion shall deem proper.

25.    Fixture Filing.  From the date of its recording, this Deed of Trust shall be effective as a financing statement filed as a fixture filing to the extent set forth in Exhibit C hereto.

26.    Successor Trustee.  The Trustee may be removed at any time with or without cause by an instrument in writing executed by the Beneficiary, or if there is more than one Beneficiary, by their designated agent.  In case of the death, resignation, removal or disqualification of the Trustee, then the Beneficiary shall have the right and hereby is authorized and empowered to appoint a successor trustee, or a substitute trustee, without formality other than appointment and designation in writing executed by the Beneficiary.  The authority hereby conferred shall extend to the appointment of other successor and substitute trustees successively until the Indebtedness finally has been paid in full or until the Trust Property is sold.  All references herein to the Trustee shall refer to the Trustee from time to time acting hereunder.

27.    Indemnification.  Trustor shall protect, indemnify and save harmless Trustee and Beneficiary from all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses (including without limitation reasonable attorneys' fees and expenses) imposed upon or incurred by or asserted against Trustee or Beneficiary because of

(a)    fraud or material misrepresentation by or on behalf of the Trustor;

20

Exhibit _____ 14

Page _____ 172

(b)    any failure on the part of Trustor to perform or comply with any of the terms of this Deed of Trust or the other security documents;

(c)    ownership of the Trust Property or any interest in it or the receipt of any rents;

(d)    any accident, injury to or death of persons or loss of or damage to property occurring in, on or about the Trust Property;

(e)    any use, nonuse or condition in, on or about the Trust Property or any part thereof; or

(f)    performance of any labor or services or the furnishing of any materials or other property to the Trust Property, whether or not caused in whole or in part by the negligent acts or omissions of the Beneficiary or individuals or entities acting as the agents or employees of Beneficiary.

However, such indemnity shall not apply to matters caused by or arising out of the gross negligence or willful misconduct of Trustee or Beneficiary, or any of its agents, or as to liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses based solely on facts or circumstances occurring only subsequent to such time, if any, that Beneficiary becomes the owner of the Trust Property by way of foreclosure of the lien of this Deed of Trust, deed in lieu of such foreclosure, or otherwise. Any amount payable to Trustee or Beneficiary because of the application of this paragraph 27 shall become immediately due and payable upon demand by Beneficiary, and shall bear interest at the Default Rate, as stated and defined in the Note, from the date of such demand. The obligations of Trustor under this paragraph shall survive any termination or satisfaction of this Deed of Trust.

28.    Environmental Provisions.

(a)    Definitions:

*Hazardous Substance:*

(i)    any oil, flammable substance, explosive, radioactive material, hazardous waste or substance, toxic waste or substance, or any other waste, material, or pollutant that:

(A)    poses a hazard to the Trust Property or to persons on the Trust Property, or

(B)    causes the Trust Property to be in violation of any Hazardous Substance Law;

(ii)    asbestos in any form;

(iii)    urea formaldehyde foam insulation;

21

P55

Exhibit _____ 14
Page _____ 173

(iv)    transformers or other equipment that contain dielectric fluid containing levels of polychlorinated biphenyls;

(v)    radon gas;

(vi)    any chemical, material, or substance defined as or included in the definition of "hazardous substance," "hazardous substances," "hazardous wastes," "hazardous materials," "extremely hazardous waste," "restricted hazardous waste," or "toxic substances" or words of similar import under any applicable local, state, or federal law or under the regulations adopted or publications promulgated pursuant to those laws.

(vii)    any other chemical, material, or substance, exposure to which is prohibited, limited, or regulated by any governmental authority or which may pose a hazard to the health and safety of the occupants of the Trust Property or the owners or occupants of property adjacent to or surrounding the Trust Property, or any other person coming on the Trust Property or any adjacent property; and

(viii)    any other chemical, material, or substance that may pose a hazard to the environment.

*Hazardous Substance Claim:*  Any enforcement, cleanup, removal, remedial, or other governmental, regulatory, or private actions, agreements, or orders threatened, instituted, or completed pursuant to any Hazardous Substance Law, together with all claims made or threatened by any third party against Trustor or the Trust Property relating to damage, contribution, cost-recovery compensation, loss, or injury resulting from the presence, release, or discharge of any Hazardous Substance.

*Hazardous Substance Law:*  Any federal, state, or local law, ordinance, regulation, or policy relating to the environment, health, and safety, any Hazardous Substance (including, without limitation, the use, handling, transportation, production, disposal, discharge, or storage of the substance), industrial hygiene, soil, groundwater, and indoor and ambient air conditions or the environmental conditions on the Trust Property, including, without limitation, the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 [42 U.S.C.A. §§9601 et seq.], as amended from time to time; the Hazardous Substances Transportation Act [49 U.S.C.A. §§1801 et seq.], as amended from time to time; the Resource Conservation and Recovery Act [42 U.S.C.A. §§6901 et seq.], as amended from time to time; the Federal Water Pollution Control Act [33 U.S.C.A. §§1251 et seq.], as amended from time to time; and any state law relating to or regulating Hazardous Substances.

*Release:*  Any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment, including continuing migration, of Hazardous Substances that goes into the soil, surface water, or groundwater of the Trust Property, whether or not caused by, contributed to, permitted by, acquiesced to, or known to Trustor.

22

P56

Exhibit  14
Page  174

(b)    Representations and Warranties.  Except as disclosed in writing to, and acknowledged in writing by, Beneficiary, Trustor represents and warrants that:

(i)    during the period of Trustor's ownership of the Trust Property

(A)    there has been no use, generation, manufacture, storage, treatment, disposal, discharge, Release, or threatened Release of any Hazardous Substance by any person on or around the Trust Property; and

(B)    there have been no Hazardous Substances transported over or through the Trust Property;

(ii)    after diligent inquiry, Trustor has no knowledge of, or reason to believe that, there has been:

(A)    any use, generation, manufacture, storage, treatment, disposal, Release, or threatened Release of any hazardous waste or substance by any prior owners or prior occupants of the Trust Property or by any third parties onto the Trust Property; or

(B)    any actual or threatened litigation or claims of any kind by any person relating to these matters;

(iii)    no Hazardous Substances in excess of permitted levels or reportable quantities under applicable Hazardous Substance Laws are present in or about the Trust Property or any nearby real property that could migrate to the Trust Property;

(iv)    no Release or threatened Release exists or has occurred;

(v)    no underground storage tanks of any kind are or ever have been located in or about the Trust Property;

(vi)    the Trust Property and all operations and activities at, and the use and occupancy of, the Trust Property, comply with all applicable Hazardous Substance Laws;

(vii)    Trustor and every user of the Trust Property ("User") has, and is now in strict compliance with, every permit, license, and approval required by all applicable Hazardous Substance Laws for all activities and operations at, and the use and occupancy of, the Trust Property;

(viii)    to the best of Trustor's knowledge, after diligent inquiry, there are no Hazardous Substance Claims pending or threatened with regard to Trust Property or against Trustor or any Guarantor;

23

P57

Exhibit
Page

14
175

(ix)    any written disclosure submitted by or on behalf of Trustor to Beneficiary concerning any Release or threatened Release, past or present compliance by Trustor, or any User or other person with any Hazardous Substance Laws applicable to the Trust Property, the past and present use and occupancy of the Trust Property, and any environmental concerns relating to the Trust Property, was true and complete when submitted and continues to be true and complete as of the date of this Deed of Trust.

(c)    Covenants. Trustor agrees, except in the ordinary course of business and in strict compliance with all applicable Hazardous Substance Laws, as follows:

(i)    not to cause or permit the Trust Property to be used as a site for the use, generation, manufacture, storage, treatment, Release, discharge, disposal, transportation, or presence of any Hazardous Substance;

(ii)    not to cause, contribute to, permit, or acquiesce in any Release or threatened Release;

(iii)    not to change or modify the use of the Trust Property without the prior written consent of Beneficiary;

(iv)    to comply with and to cause the Trust Property and every User of the Trust Property to comply with all Hazardous Substance Laws;

(v)    to immediately notify Beneficiary in writing and to provide Beneficiary with a reasonably detailed description of:

(A)    any noncompliance of the Trust Property with any Hazardous Substance Laws;
(B)    any Hazardous Substance Claim;
(C)    any Release or threatened Release;
(D)    the discovery of any occurrence or condition on any real property adjoining or in the vicinity of the Trust Property that would cause the Trust Property or any part of it to be designated as hazardous waste property;

(vi)    in the event that Trustor discovers a Release or the presence of any Hazardous Substance on or about the Trust Property in violation of any Hazardous Substance Law, to:

(A)    notify Beneficiary of that discovery together with a reasonably detailed description;

(B)    promptly after a request by Beneficiary, engage a qualified environmental engineer reasonably satisfactory to Beneficiary to investigate these matters and prepare and

24

14
176

submit to Beneficiary a written report containing the findings and conclusions resulting from that investigation, all at the sole expense of Trustor; and

(C)    take, at Trustor's sole expense, all necessary actions to remedy, repair, clean up, or detoxify any Release or Hazardous Substance, including, but not limited to, any remedial action required by any Hazardous Substance Laws or any judgment, consent, decree, settlement, or compromise in respect of any Hazardous Substance Claims. These actions are to be performed in accordance with Hazardous Substance Laws; and in a good and proper manner; and under the supervision of a qualified environmental engineer approved in writing by Beneficiary; and in accordance with plans and specifications for these actions approved in writing by Beneficiary; and using licensed and insured qualified contractors approved in writing by Beneficiary;

(vii)    immediately furnish to Beneficiary copies of all written communications received by Trustor from any governmental authority or other person or given by Trustor to any person and any other information Beneficiary may reasonably request concerning any Release, threatened Release, Hazardous Substance Claim, or the discovery of any Hazardous Substance on or about the Trust Property in violation of any Hazardous Substance Law; and

(viii)    keep Beneficiary generally informed regarding any Release, threatened Release, Hazardous Substance Claim, or the discovery of any Hazardous Substance on or about the Trust Property in violation of any Hazardous Substance Law.

(d)    Inspection and Receivership Rights.    Upon Beneficiary's reasonable belief of the existence of a past or present Release or threatened Release not previously disclosed by Trustor in connection with the making of the Loan or the execution of this Deed of Trust or upon Beneficiary's reasonable belief that Trustor has failed to comply with any environmental provision of this Deed of Trust or any other Loan Document and upon reasonable prior notice (except in the case of an emergency) to Trustor, Beneficiary or its representatives, employees, and agents, may from time to time and at all reasonable times (or at any time in the case of an emergency) enter and inspect the Trust Property and every part of it (including all samples of building materials, soil, and groundwater, and all books, records, and files of Trustor relating to the Trust Property) and perform those acts and things that Beneficiary deems necessary or desirable to inspect, investigate, assess, and protect the security of this Deed of Trust, for the purpose of determining:

(i)    the existence, location, nature, and magnitude of any past or present Release or threatened Release;

25

14
177

(ii)    the presence of any Hazardous Substances on or about the Trust Property in violation of any Hazardous Substance Law; and

(iii)    the compliance by Trustor of every environmental provision of this Deed of Trust and every other Loan Document. In furtherance of the purposes above, without limitation of any of its other rights, Beneficiary may:

(A)    obtain a court order to enforce Beneficiary's right to enter and inspect the Trust Property, to which the decision of Beneficiary as to whether there exists a Release, a threatened Release, any Hazardous Substances on or about the Trust Property in violation of any Hazardous Substance Law, or a breach by Trustor of any environmental provision of this Deed of Trust or any other Loan Document, will be deemed reasonable and conclusive as between the parties; and

(B)    have a receiver appointed to enforce Beneficiary's right to enter and inspect the Trust Property for the purpose set forth above.

All costs and expenses incurred by Beneficiary with respect to the audits, tests, inspections, and examinations that Beneficiary or its agents, representatives, or employees may conduct, including the fees of the engineers, laboratories, contractors, consultants, and attorneys, will be paid by Trustor. All costs or expenses incurred by Trustee and Beneficiary pursuant to this subparagraph (including without limitation court costs, consultant's fees, and attorney fees, whether incurred in litigation and whether before or after judgment) will bear interest at the Default Rate from the date they are incurred until those sums have been paid in full. Except as provided by law, any inspections or tests made by Beneficiary or its representatives, employees, and agents will be for Beneficiary's purposes only and will not be construed to create any responsibility or liability on the part of Beneficiary to Trustor or to any other person. Beneficiary will have the right, but not the obligation, to communicate with any governmental authority regarding any fact or reasonable belief of Beneficiary that constitutes or could constitute a breach of any of Trustor's obligations under any environmental provision contained in this Deed of Trust or any Loan Document.

(e)    Release and Indemnity. Trustor:

(i)    releases and waives any future claims against Beneficiary for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any Hazardous Substance Laws or under any Hazardous Substance Claim;

(ii)    agrees to reimburse Beneficiary, on demand, for all costs and expenses incurred by Beneficiary in connection with any review, approval,

26

14
178

consent, or inspection relating to the environmental provisions in this Deed of Trust together with interest, after demand, at the Default Rate; and

(iii)    agrees to indemnify, defend, and hold Beneficiary and Trustee harmless from all losses, costs, claims, damages, penalties, liabilities, causes of action, judgments, court costs, attorney fees and other legal expenses, costs of evidence of title, cost of evidence of value, and other expenses (collectively, "Expenses"), including, but not limited to, any Expenses incurred or accruing after the foreclosure of the lien of this Deed of Trust, which either may suffer or incur and which directly or indirectly arises out of or is in any way connected with the breach of any environmental provision either in this Deed of Trust or in any Loan Document or as a consequence of any Release or threatened Release on the presence, use, generation, manufacture, storage, disposal, transportation, Release, or threatened Release of any Hazardous Substance on or about the Trust Property, including the soils and groundwaters, caused or permitted by Trustor, any prior owner or operator of the Trust Property, any adjoining landowner or any other party, including, without limitation, the cost of any required or necessary repair, cleanup, remedy, or detoxification of any Hazardous Substance and the preparation of any closure, remedial action, or other required plans, whether that action is required or necessary by reason of acts or omissions occurring prior to or following the recordation of this Deed of Trust. Trustor's obligations will survive the satisfaction, release, or cancellation of the Indebtedness, the release and reconveyance or partial release and reconveyance of this Deed of Trust, and the foreclosure of the lien of this Deed of Trust or deed in lieu of the Deed of Trust.

(f)    <u>Request for Information.</u>    Trustor and Beneficiary agree as set forth in Exhibit C hereto.

(g)    <u>Effect of Site Assessment.</u>    Even though Trustor may have provided Beneficiary with an environmental site assessment or other environmental report together with other relevant information regarding the environmental condition of the Trust Property, Trustor acknowledges and agrees that Beneficiary is not accepting the Trust Property as security for the Loan based on that assessment, report, or information. Rather Beneficiary has relied on the representations and warranties of Trustor in this Deed of Trust, and Beneficiary is not waiving any of its rights and remedies in the environmental provisions of this Deed of Trust or any other Loan Document.

29.    <u>Dispute Resolution.</u>

(a)    <u>Arbitration of Disputes.</u>    Any dispute arising out of, or relating to, this Deed of Trust, the Note or the other Loan Documents, or the breach, termination, enforcement, interpretation or validity thereof, including the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in Orange County, California, before one arbitrator. The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures, a copy of which the parties acknowledge receiving at the time of executing this Agreement. At the conclusion of the arbitration, the arbitrator shall enter an arbitrator's award

27

Exhibit
Page

14
179

(the "Arbitration Award"). Judgment on the Arbitration Award may be entered in any court having jurisdiction. If the amount in controversy exceeds $100,000, any party can appeal the award to a three-arbitrator panel administered by JAMS which shall reconsider de novo any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote. The costs of such an appeal will be borne by the appealing party regardless of the outcome of the appeal. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction, including preliminary injunctive relief to preserve the status quo or prevent irreparable injury. The parties agree not to defend against any application for provisional relief on the ground that an arbitration is pending.

(b)    Allocation of Fees and Costs. The arbitrator may, in the Arbitration Award, allocate all or part of the costs of the arbitration, including the fees of the arbitrator and the reasonable attorneys' fees of the prevailing party.

(c)    Alternative Arbitration Agency. In the event JAMS ceases to exist, or at the written stipulation of the parties, the above mediation and arbitration shall be conducted by, and pursuant to the rules of, the American Arbitration Association, or such other alternative dispute resolution association as the parties may mutually agree.

(d)    Federal Arbitration Act. This Dispute Resolution provision is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. Sections 1 et seq. The arbitrator shall apply applicable substantive law consistent with the FAA and applicable statutes of limitations and shall honor claims of privilege recognized at law.

30.    Authority. Trustor has full power, authority and legal right to execute this Deed of Trust, and to create the security interest in the Trust Property contained in this Deed of Trust and to keep and observe all of the terms of this Deed of Trust.

31.    Inapplicable Provisions. Whenever possible, each provision of this Deed of Trust shall be interpreted as effective and valid under applicable law, but if any provision of this Deed of Trust is prohibited or invalid, it shall be ineffective to the extent necessary to make the remaining provisions valid.

32.    Duplicate Originals. This Deed of Trust may be executed in any number of duplicate originals and each such duplicate original shall be deemed to be one and the same instrument.

33.    Certain Definitions. Words used in this Deed of Trust in singular or plural form shall include the other, and the word "Trustor" shall mean "each Trustor or any subsequent owner or owners of the Trust Property or any part thereof or any interest therein," the word "Trustee" shall mean "Trustee and any successor trustee appointed by Beneficiary according to law," the word "Beneficiary" shall mean "Beneficiary or any subsequent holder of the Note or any part thereof or any of the Indebtedness," and the word "Note" shall mean "the Note or any other evidence of indebtedness secured by this Deed of Trust," the word "person" shall mean an individual, partnership, corporation, limited liability company, trust, unincorporated association,

28

or other entity or association, the word "Trust Property" shall include any portion of the Trust Property or interest in it; the term "attorneys fees" shall include reasonable fees attributable to in-house counsel. Whenever the context may require, any pronouns used shall include the corresponding masculine, feminine or neuter forms, and the singular form of nouns and pronouns shall include the plural and vice versa.

34.    No Oral Change. This Deed of Trust may not be modified, amended, changed, discharged, waived or terminated orally, but only by a writing signed by the person against whom the enforcement of the modification, amendment, change, waiver, discharge or termination is sought.

35.    Further Acts, Etc. Trustor will, at its cost, do, execute, acknowledge and deliver all other acts, deeds, conveyances, mortgages, assignments, notices of assignments, transfers and assurances as Beneficiary shall require for to facilitate the performance of the terms of this Deed of Trust or for filing, registering or recording this Deed of Trust and, on demand, will execute and deliver any financing statement, chattel mortgages or comparable security instruments, to evidence more effectively the lien upon the Trust Property.

36.    Headings, Etc. The headings and captions of various paragraphs of this Deed of Trust are for convenience of reference only and are not to be considered as affecting the contents of the paragraphs.

37.    Filing of Deed of Trust, Etc. Trustor shall pay all filing, registration or recording fees and all attorneys' fees, commissions, and expenses for the preparation, execution and acknowledgment of the Note, this Deed of Trust, and the Other Security Documents.

38.    Reconveyance of Trust Property. Upon payment of all sums secured by this Deed of Trust, the Trustee shall reconvey all of the Trust Property to the person or persons entitled to such reconveyance.

39.    Governing Law. The Note, this Deed of Trust and all Other Security Documents shall be governed by and construed in accordance with the applicable laws of the State of California (without regard to principles of conflicts of law) except to the extent (a) of procedural and substantive matters relating only to the creation, perfection and foreclosure of liens, and enforcement of rights and remedies against the Trust Property, which matters shall be governed by the laws of the State in which such Trust Property is located and (b) that the laws of the United States of America and any rules, regulations or orders issued or promulgated thereunder, applicable to the affairs and transactions entered into by Trustor, otherwise pre-empt California law or the laws of the State in which the Trust Property is located, in which event such Federal law shall control.

40.    Duties and Obligations of Trustee. Trustor agrees that:

(a)    the duties and obligations of Trustee shall be determined solely by the express provisions of this Deed of Trust and the Trustee shall not be liable except for the

29

P63

14
181

performance of such duties and obligations as are specifically set forth in this Deed of Trust, and no implied covenants or obligations shall be imposed upon Trustee;

(b)    no provision of this Deed of Trust shall require Trustee to expend or risk its own funds, or otherwise incur any financial obligation in the performance of any of its duties, or in the exercise of any of its rights or powers, if it shall have grounds for believing that the repayment of such funds or adequate indemnity against such risk or liability is not reasonably assured of it;

(c)    Trustee may consult with counsel of its own choosing and the advice of such counsel shall be full and complete authorization and protection in the respect of any actions taken by it in good faith and in reliance upon the advice;

(d)    Trustee shall not be liable for any action taken by it in good faith and reasonably believed by it to be authorized or within the discretion or rights or powers conferred upon it by this Deed of Trust.

41.    _Notices._  Any notice, demand, statement, request, or consent made under this Deed of Trust shall be in writing and shall be deemed given when hand delivered, or within three (3) days after the date sent by certified mail, return receipt requested, or the next business day after the date sent by nationally recognized overnight mail or courier service to the address, as set forth in Exhibit A, of the party to whom such notice is to be given, or to such other address as Trustor, Trustee or Beneficiary, as the case may be, shall in like manner designate in writing.

42.    _Request for Notice._  Trustor hereby requests that, unless otherwise prescribed by law, a copy of any notice of default or notice of sale pursuant to a nonjudicial foreclosure of this Deed of Trust be delivered to Trustor as set forth in the Notice provision above.

43.    _Entire Agreement._  This Deed of Trust and the other Loan Documents set forth the entire understanding between Trustor and Beneficiary and they will not be amended except by a written instrument duly executed by each of Trustor and Beneficiary.  Any previous representations, warranties, agreements, and understandings among the parties regarding the subject matter of the Loan or the Loan Documents, whether written or oral, are superseded by this Deed of Trust and the other Loan Documents.

44.    _Waiver of Rights._  Trustor and Beneficiary agree as set forth in Exhibit C hereto.

45.    _Agreement to Subordinate._

(a)    Beneficiary acknowledges that Trustor currently is engaged in entitling the Trust Property and taking the steps necessary tot complete the subdivision of the Trust Property and cause the recordation of a Final Map(s) or Parcel Map(s), which may include lot line adjustments, the creation of easements and other requirements that may be imposed by the applicable governmental agency processing the Final or Parcel Map(s) (the "Final Map Process").

30

P64
14,
182

(b) Beneficiary agrees to unconditionally subordinate this Deed of Trust, together with the Note in favor of Beneficiary, together with any renewals or extensions thereof, to any and all reasonable requirements imposed by any applicable governmental agency as part of the Final Map Process.

Beneficiary declares, agrees and acknowledges that:

       (i)    It will consent to and approve all commercially reasonable conditions, requirements and documents required as part of the Final Map Process; and

      (ii)    It will timely execute, acknowledge and deliver any and all documents or agreements necessary or required as part of the Final Map Process, as requested by Trustor.

46.   California Provision Exhibit D

47.   Partial Release Rider to Deed of Trust Exhibit E

IN WITNESS WHEREOF, the undersigned has executed and delivered this Deed of Trust, effective as of the date first above written.

Trustor:

THE PRESERVE, LLC, a California limited liability company

BY: Beaumont 1600, LLC, a California limited liability company, Manager

By: _____

Scott H. Krentel, Managing Member

P65

Exhibit ____ 14

Page ____ 183

## ACKNOWLEDGMENT

State of California
County of ~~Riverside~~ ORANGE

On SEPTEMBER 27, 2006 before me, MIKE BURCHARTZ, NOTARY PUBLIC,
<span>(here insert name and title of the officer)</span>

personally appeared SCOTT H. KRENTEL

_____, personally
known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

MIKE BURCHARTZ
COMM. #1481994
NOTARY PUBLIC • CALIFORNIA
ORANGE COUNTY
Comm. Exp. JAN. 24, 2008

(Seal)

32

P66

14
184

Loan No. 206076                                        Order # 9301656-12

## EXHIBIT "A"
### (Descriptions)

PREAMBLE:
Name (including State of formation, if any) and Mailing Address of Trustor:

THE PRESERVE, LLC, a California limited liability company

C/o Scott H. Krentel

7006 Magnolia Avenue, #309

Riverside, CA 92506

As of the signing of this document the names of the "Beneficiary" are unknown.

A complete listing of the Private Party Beneficiaries will be attached hereto, and a copy provided to Trustor at the close of escrow.

DESCRIPTION OF NOTE:

That certain promissory note executed of even date herewith by and between THE PRESERVE, LLC, in the amount of $39,000,000.00 in favor of Beneficiaries identified in the schedule of Private Party Beneficiaries attached hereto.

14
185

Loan #206070                              Order #9301656-12

EXHIBIT "B"

Legal Description of Real Property

Real property in the unincorporated area of the County of Riverside, State of California, described
as follows:

PARCEL 1:
LOTS 6, 7 AND 8 IN SECTION 8, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE
AND MERIDIAN;

EXCEPTING FROM LOTS 7 AND 8 THAT PORTION DESCRIBED AS FOLLOWS:
BEGINNING AT THE NORTHEAST CORNER OF SAID LOT 8;
THENCE WESTERLY ON THE NORTH LINE OF SAID GOVERNMENT LOT 8, 400 FEET;
THENCE SOUTHERLY AT RIGHT ANGLES TO SAID NORTHERLY LINE 900 FEET;
THENCE EASTERLY PARALLEL WITH THE NORTHERLY LINE OF SAID LOTS 7 AND 8, 1000 FEET
TO A POINT IN SAID LOT 7;
THENCE NORTHERLY AT RIGHT ANGLES 900 FEET TO A POINT ON THE NORTH LINE OF SAID
LOT 7;
THENCE WESTERLY ON SAID NORTH LINE 600 FEET TO THE POINT OF BEGINNING,
DESCRIBED IN THE DEED RECORDED JANUARY 22, 1963 AS INSTRUMENT NO. 7083 OF
OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;
ALSO EXCEPTING FROM LOT 7 A RESERVATION OF 1/20 SHARE IN ALL OIL AND MINERAL
RIGHTS AND DEPOSITS AS RESERVED IN DEED TO ED C. MARTIN AND BIRDIE F. MARTIN
FROM JAMES E. THOMPSON, A WIDOWER, RECORDED JUNE 15, 1946 IN BOOK 756 PAGE 217
OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL 2:
SECTION 17, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE AND MERIDIAN,
AS SHOWN BY UNITED STATES GOVERNMENT SURVEY:

B-1



P68

14
186

Exhibit
Page

EXCEPTING THEREFROM THAT PORTION OF THE NORTHEAST 1/4 OF SAID
SECTION,
PARTICULARLY DESCRIBED AS FOLLOWS:
BEGINNING AT A POINT FROM WHICH THE NORTHEAST CORNER OF SAID
SECTION BEARS
NORTH 14 DEGREES 58' EAST, 1073.0 FEET;
THENCE SOUTH 88 DEGREES 42' WEST, 660 FEET;
THENCE SOUTH 01 DEGREES 18' EAST, 660 FEET;
THENCE NORTH 88 DEGREES 42' EAST, 660 FEET;
THENCE NORTH 01 DEGREES 18' WEST, 660 FEET TO THE POINT OF
BEGINNING.
PARCEL 3:
THE NORTH 1/2 OF THE NORTHWEST 1/4 AND SOUTHWEST 1/4 OF NORTHWEST
1/4 OF
SECTION 20, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE
AND MERIDIAN,
AS SHOWN BY UNITED STATES GOVERNMENT SURVEY;
EXCEPTING THEREFROM ALL THE OIL AND GAS TOGETHER WITH THE RIGHT
TO PROSPECT
FOR, MINE AND REMOVE SUCH DEPOSITS FROM SAME UPON COMPLIANCE
WITH THE
CONDITIONS AND SUBJECT TO THE PROVISIONS AND LIMITATIONS OF ACT
OF JULY 17, 1914,
AS RESERVED IN THE PATENT FROM THE UNITED STATES OF AMERICA,
RECORDED MARCH 15,
1949 IN BOOK 1059 PAGE 170 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY,
CALIFORNIA.

PARCEL 4:
THE NORTH 1/2 OF THE NORTHEAST 1/4 AND THE SOUTHWEST 1/4 OF THE
NORTHEAST 1/4
AND THE SOUTHEAST 1/4 OF THE NORTHWEST 1/4 OF SECTION 20, TOWNSHIP
3 SOUTH,
RANGE 1 WEST, SAN BERNARDINO BASE AND MERIDIAN.

PARCEL 5:
THE WEST HALF OF THE NORTHEAST QUARTER OF THE SOUTHWEST
QUARTER OF SECTION
20, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE AND
MERIDIAN,
ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL 6:
THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 20;
THE NORTH HALF OF THE SOUTHEAST QUARTER OF SECTION 20;
THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 20;



EAST HALF OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 20;
ALL IN TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE AND MERIDIAN,
ACCORDING TO THE OFFICIAL PLAT THEREOF;
EXCEPTING THEREFROM THAT PORTION OF THE SOUTHEAST QUARTER OF SECTION 20 AS
CONVEYED TO THE SOUTHERN CALIFORNIA EDISON COMPANY BY DEED RECORDED JUNE 12,
1970 AS INSTRUMENT NO. 55231 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL 6A:
AN EASEMENT AND RIGHT OF WAY TO CONSTRUCT, USE, MAINTAIN AND REPAIR ONE ROAD,
20 FEET WIDE, EXTENDING IN A GENERALLY NORTHWESTERLY AND SOUTHEASTERLY
DIRECTION IN, ON, OVER AND ACROSS THAT PORTION OF THE SOUTHEAST QUARTER OF
SECTION 20, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE AND MERIDIAN,
ACCORDING TO THE OFFICIAL PLAT THEREOF AS DESCRIBED IN THE DEED TO THE
SOUTHERN CALIFORNIA EDISON COMPANY AND UPON THE TERMS AND CONDITIONS SET
FORTH IN SAID DEED RECORDED JUNE 12, 1970 AS INSTRUMENT NO. 55231 OF OFFICIAL
RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL 7:
THAT PORTION OF GOVERNMENT LOTS 7 AND 8 OF FRACTIONAL SECTION 8 TOWNSHIP 3
SOUTH RANGE 1 WEST, SAN BERNARDINO BASE AND MERIDIAN, ACCORDING TO AN
ADDITIONAL PLAT OF SAID LAND AS FOLLOWS:
BEGINNING AT THE NORTHEAST CORNER OF SAID LOT 8;
THENCE WESTERLY 400 FEET ON THE NORTHERLY LINE OF SAID GOVERNMENT LOT 8;
THENCE SOUTHERLY 900 FEET AT RIGHT ANGLES TO SAID NORTHERLY LINE;
THENCE EASTERLY 1000 FEET PARALLEL WITH THE NORTHERLY LINE OF SAID LOTS TO A
POINT IN SAID LOT 7;
THENCE NORTHERLY 900 FEET AT RIGHT ANGLES TO A POINT OF THE NORTHERLY LINE OF
SAID LOT 7;
THENCE WESTERLY 600 FEET ON SAID NORTHERLY LINE TO THE POINT OF

B-3



Exhibit ___ 14
Page ___ 188

BEGINNING;
ALSO EXCEPTING FROM LOT 7 A RESERVATION OF 1/20 SHARE IN ALL OIL AND MINERAL
RIGHTS AND DEPOSITS AS RESERVED IN DEED TO ED C. MARTIN AND BIRDIE F. MARTIN
FROM JAMES E. THOMPSON, A WIDOWER, RECORDED JUNE 15, 1946 IN BOOK 756 PAGE 217
OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL 8:
LOTS 1 AND 2 IN SECTION 8, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE
AND MERIDIAN, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA;
EXCEPT THE PORTION INCLUDED IN PUBLIC HIGHWAY ON THE NORTH.

PARCEL 8A:
AN EASEMENT FOR INGRESS AND EGRESS OVER AND ACROSS THE NORTHERLY 40 FEET OF
GOVERNMENT LOT 3, SECTION 8, TOWNSHIP 3 SOUTH, SAN BERNARDINO BASE AND
MERIDIAN, AS RESERVED IN DOCUMENT RECORDED OCTOBER 23, 1970 AS INSTRUMENT NO.
106752 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

APN: 421-070-001-5 and 421-070-004-8 and 421-070-005-9 and 421-070-006-0 and 421-070-
007-1 and 421-080-002-7 and 421-190-002-7 and 421-190-003-8 and 421-190-004-9 and 421-
421-190-005-0 and 421-190-006-1 and 421-190-011-5

B-4

Exhibit _____ 14
Page _____ 189

Loan # 206070                                        Order # 09301656-12

## Exhibit C

| | | | |
|---|---|---|---|
| JEFFREY ABRAHAM, TRUSTEE<br>Jeffrey Abraham, Trustee of the Jeff Abraham Trust | as to an undivided | 0.127% | Interest |
| SANDRA S. ALDEN, TRUSTEE<br>Sandra S. Alden, Trustee of The Sandra S. Alden Family Trust Dated August 18, 1992 | as to an undivided | 0.128% | Interest |
| ALAN M. MARKUS<br>TRENA L. MARKUS<br>Alan M. Markus and Trena L. Markus, husband and wife as joint tenants with right of survivorship | as to an undivided | 0.128% | Interest |
| LANNY W. APLANALP, TRUSTEE<br>Lanny W. Aplanalp, Trustee of The Lanny W. Aplanalp Trust Dated July 5, 2002 | as to an undivided | 0.127% | Interest |
| NICOL J. BELL<br>Nicol J. Bell, a married woman as her sole and separate property | as to an undivided | 0.128% | Interest |
| ADAM M. BENECKE<br>ANGELA K. BENECKE<br>Adam M. Benecke and Angela K. Benecke, husband and wife as joint tenants. | as to an undivided | 0.128% | Interest |
| RICHARD T. BREENE<br>Richard T. Breene, a single man | as to an undivided | 0.128% | Interest |
| ALBERT HECHINGER, CO-TRUSTEE<br>KATHRYN BERKOWITZ, CO-TRUSTEE<br>Albert Hechinger and Kathryn Berkawitz, Co-Trustees of The Kathryn and Albert Family Trust dated May 15, 2001 | as to an undivided | 0.259% | Interest |
| ARLENE BRUCKNER<br>Arlene Bruckner, a widow | as to an undivided | 0.128% | Interest |
| RICHARD BRUCKNER<br>VICKY BRUCKNER<br>Richard Bruckner and Vicky Bruckner, husband and wife as community property | as to an undivided | 0.333% | Interest |
| Lyle O. Burgess<br>Paula M. Burgess<br>Lyle O. and Paula M. Burgess husband and wife as community property with rights of survivorship | as to an undivided | 0.128% | Interest |
| CARLETON CARLSON, CUSTODIAN<br>FBO BRIANNA CARLSON<br>Carleton Carlson as Custodian FBO Brianna Carlson | as to an undivided | 0.192% | Interest |
| OSCAR CASTRO-NEVES, TRUSTEE<br>LORRAINE CASTRO-NEVES, TRUSTEE<br>Oscar Castro-Neves and Lorraine Castro-Neves, Trustees of The Castro-Neves Family Trust | as to an undivided | 0.127% | Interest |
| MILTON J. CHASIN, TRUSTEE<br>DORIS H. CHASIN, TRUSTEE | as to an undivided | 0.385% | Interest |
| WILLY CHIN, TRUSTEE<br>MARGARITA C. CHIENG, TRUSTEE<br>Willy Chin and Margarita C. Chieng, Trustees of the Chin Family Trust dated April 10, 2000 | as to an undivided | 0.128% | Interest |
| JOHN H. CHANG, TRUSTEE<br>JESSICA S. CHANG, TRUSTEE<br>John H. Chang and/or Jessica S. Chang, Trustees of The Chang Family Revocable Trust of March 22, 2000 | as to an undivided | 0.259% | Interest |
| STEVEN C. COLBURN<br>ANDREA K COLBURN<br>Steven C. Colburn and Andrea K. Colburn, husband and wife as community property with right of survivorship | as to an undivided | 0.128% | Interest |

Applied Business Software, Inc. (800) 833-3343

POSB767961 THE PRESERVE, LLC)
Lender Identification    Page 1 of 7

P72

Exhibit
Page

14
190

Loan # 206070          Order # 09301656-12

## Exhibit C

| | | | |
|---|---|---|---|
| STANLEY R. CONNOR<br>GENEVIEVE C. CONNOR<br>Genevieve C. Connor and Stanley R. Connor, Trustees as husband and wife as joint tenants with the right of survivorship | as to an undivided | 0.385% | Interest |
| MARIO F. COSTA, TRUSTEE<br>EVELYN K. COSTA, TRUSTEE<br>Mario F. Costa and Evelyn K. Costa, as Trustees of The Costa 2003 Family Trust dated October 1, 2003 | as to an undivided | 0.128% | Interest |
| JAMES ADEN DAVIS, TRUSTEE<br>James Aden Davis, Trustee of The James Aden Davis Trust dated January 29, 1992 | as to an undivided | 0.512% | Interest |
| DON DUNCAN<br>Don Duncan, a Single Man | as to an undivided | 0.127% | Interest |
| JAMES N. DEGLANDON<br>MAUREEN DETOY<br>James N. Deglandon and Maureen Detoy, joint tenants with right of survivorship | as to an undivided | 0.259% | Interest |
| MICHAEL M. DULBERG<br>LUCETTE R. DULBERG<br>Michael M. Dulberg and Lucette R. Dulberg, husband and wife joint tenants with right of survivorship | as to an undivided | 0.127% | Interest |
| TIMOTHY G. DUMOULIN, TRUSTEE<br>SHERRY L. DUMOULIN, TRUSTEE<br>Timothy G. Du Moulin and Sherry L. Du Moulin, Trustees of The Du Moulin 2001 Living Trust | as to an undivided | 0.243% | Interest |
| TIMOTHY GEORGE DuMOULIN, TRUSTEE<br>SHERRY LEE DuMOULIN, TRUSTEE<br>Timothy George DuMoulin and Sherry Lee DuMoulin, Trustees of The 2000 Charitable Remainder Unitrust of Timothy George DuMoulin and Sherry Lee DuMoulin | as to an undivided | 0.127% | Interest |
| SHAHAB EMRANI<br>CATHERINE A. EMRANI<br>Shahab Emrani and Catherine Emrani, husband and wife as community property | as to an undivided | 0.513% | Interest |
| MARY E. FARRELL, TRUSTEE<br>Mary E. Farrell, Trustee of The Mary E. Farrell Revocable Trust | as to an undivided | 0.128% | Interest |
| KATHLEEN B. FISHER, TRUSTEE<br>Kathleen B. Fisher, Trustee of The Kathleen B. Fisher Profit Sharing Plan | as to an undivided | 0.127% | Interest |
| DAVID FRIEDMAN, TRUSTEE<br>David Friedman, Trustee of The David Friedman Sole Proprietorship Retirement Trust | as to an undivided | 0.128% | Interest |
| DELBERT FREEMAN, G.P.<br>CAROL J. FREEMAN, G.P.<br>The Delbert & Carol Freeman Family L.P., a Nevada limited partnership | as to an undivided | 0.259% | Interest |
| JAMES D. GOODIN, TRUSTEE<br>CAROLYN J. GOODIN, TRUSTEE<br>James D. Goodin and Carolyn J. Goodin, Trustees of The Goodin Family Trust dated September 22, 1990 | as to an undivided | 0.127% | Interest |
| ROBIN GRAHAM, TRUSTEE<br>Robin B. Graham, Trustee of The Graham Marital Trust B | as to an undivided | 0.259% | interest |
| DALE HARTLEY, TRUSTEE<br>AUDREY HARTLEY, TRUSTEE | as to an undivided | 0.256% | Interest |

Loan # 206070                                                          Order # 09301656-12

Exhibit C

| | | | |
|---|---|---|---|
| Dale Hartley and Audrey Hartley, Trustees of The Dale and Audrey Hartley Family Trust | | | |
| WANDA HARRELL<br>Wanda Harrell, an unmarried woman | as to an undivided | 0.512% | Interest |
| TERRY NORMAN HOLDT, TRUSTEE<br>SHARON RAE HOLDT, TRUSTEE<br>Terry Norman Holdt and Sharon Rae Holdt, Trustees of The Holdt Living Trust | as to an undivided | 0.128% | Interest |
| JOHN L. HARDING<br>HELGA M. HARDING<br>John L. Harding and Helga M. Harding, husband and wife as joint tenants with right of survivorship | as to an undivided | 0.128% | Interest |
| THOMAS W. HRIBAR, TRUSTEE<br>Thomas W. Hribar, Trustee of the Thomas W. Hribar Profit Sharing Plan and Trust | as to an undivided | 0.063% | Interest |
| JOHN R. HUGHES, TRUSTEE<br>John R. Hughes, Trustee of The John R. Hughes Separate Property Trust dated November 19, 2004 | as to an undivided | 0.385% | Interest |
| STEVE COTUGNO<br>PENSCO CUSTODIAN<br>Pensco Trust Company as Custodian of IRA# CO445 FBO Steve Cotugno | as to an undivided | 0.127% | Interest |
| GERALD GHELFI<br>AUTHORIZED AGENT<br>Pensco Trust Company as Custodian of IRA# GH1AA FBO Gerald J. Ghelfi | as to an undivided | 0.156% | Interest |
| ROBERT M. PEPPERCORN<br>AUTHORIZED AGENT<br>Pensco Trust Company as Custodian of IRA #PE1DY FBO Robert M. Peppercorn | as to an undivided | 0.127% | Interest |
| BLAINE C. STRICKLAND<br>AUTHORIZED AGENT<br>IRA Resources, Inc. FBO Blaine C. Strickland IRA #30809 | as to an undivided | 0.127% | Interest |
| DENNIS L. JOHNSON, TRUSTEE<br>CHARLENE J. JOHNSON, TRUSTEE<br>Dennis L. Johnson and Charlene J. Johnson, Trustees of The Johnson Family Trust Dated November 30, 1999 | as to an undivided | 0.266% | Interest |
| BYRON D. KINSMAN, JR. CO-TTEE<br>SYLVIA L. KINSMAN, CO-TTEE<br>Byron D. Kinsman, Jr. and Sylvia L. Kinsman, Co-Trustees of The Kinsman Family Trust | as to an undivided | 0.128% | Interest |
| Albert R. Kleist, Trustee<br>Jeanette H. Kleist, Trustee<br>Albert R. Kleist and Jeanette H. Kleist, Trustees under Declaration of Trust dated December 12, 1991, The Kleist Family Trust | as to an undivided | 0.128% | Interest |
| PAUL KRASNER, M.D., TRUSTEE<br>Paul Krasner, M.D., Trustee of The Paul Krasner, M.D. Defined Benefit Pension Plan and Trust | as to an undivided | 0.385% | Interest |
| JOHN W. LANG, TRUSTEE<br>EUGENA M. LANG, TRUSTEE<br>John W. Lang and Eugena M. Lang, Trustees of The John W. Lang and Eugena M. Lang 1988 Trust | as to an undivided | 0.259% | Interest |
| SHIH SHEN LING<br>MING SHEN MARGARET LING<br>Shih Shen Ling and Ming Shen Margaret Ling, husband and wife as community property with right of survivorship | as to an undivided | 0.128% | Interest |

Exhibit _____ 14
Page _____ 192

Loan # 206070      Order # 09301656-12

**Exhibit C**

| | | | |
|---|---|---|---|
| WILLIAM K. LITTLE, TRUSTEE<br>RONDA L. LITTLE, TRUSTEE<br>William K. Little and Ronda L. Little, Trustees of the William K. Little and Ronda L. Little Revocable Trust, created on December 17,1994 | as to an undivided | 0.192% | Interest |
| NEVE J. LOVELL, TRUSTEE<br>Neva J. Lovell, Trustee of The Lovell Family Trust, dated July 2,1985 (First Amendment / Restatement dated August 30,1991) | as to an undivided | 0.128% | Interest . |
| ANTONIO N. LUCERO<br>LAUREANA T. LUCERO<br>Antonio N. Lucero and Laureana T. Lucero, husband and wife joint tenants with right of survivorship | as to an undivided | 0.19% | Interest |
| MICHAEL MADDEN, TRUSTEE<br>Michael E. Madden, Trustee of The Michael Madden Associates Retirement Trust dated December 27, 1998 | as to an undivided | 0.154% | Interest |
| MAURICE C. MAMO, TRUSTEE<br>AMY A. MAMO, TRUSTEE<br>Maurice C. Mamo and Amy A. Mamo, Trustees of the Mamo Family Trust | as to an undivided | 0.128% | Interest |
| ANNA R. MARUCA, TRUSTEE<br>Anna R. Maruca, Trustee of the Anna R. Maruca Family Trust Dated August 1, 1997 | as to an undivided | 0.128% | Interest |
| EAMON J. McCLORY, TRUSTEE<br>SUE ANNE McCLORY, TRUSTEE<br>Eamon J. McClory and Sue Anne McClory, Trustees of The McClory Family Trust | as to an undivided | 0.128% | Interest |
| MARK ROBERT MEDINA, TRUSTEE<br>BARBARA LOUISE MEDINA, TRUSTEE<br>Mark Robert Medina and Barbara Louise Medina , Trustees of the Medina Living Trust, dated July 28th 1993 | as to an undivided | 0.128% | Interest |
| WILLIAM Y. MOREHART<br>William Y. Morehart, an unmarried man | as to an undivided | 0.128% | Interest |
| JEFFERY LEE MORSE, TRUSTEE<br>PAULA JEANNETTE MORSE, TRUSTEE<br>Jeffery Lee Morse and Paula Jeannette Morse, Trustees of The Morse Family Trust Dated December 27, 2001 | as to an undivided | 0.127% | Interest |
| MARK LURIE, SECRETARY<br>The Church of The Movement of Spiritual Inner Awareness, a California nonprofit religious corporation<br>Paul Kaye, President<br>Mark Lurie, Secretary | as to an undivided | 0.259% | Interest |
| JAMES D. MURCHISON, III<br>DEBORAH T. MURCHISON<br>VESTING - James D. Murchison, III & Deborah T. Murchison, Husband and Wife as Joint Tenants | as to an undivided | 0.192% | Interest |
| SALEEM S. NABER, TRUSTEE<br>ABLA S. NABER, TRUSTEE<br>Saleem S. Naber and Abla S. Naber, Trustees of The Saleem S. Naber and Abla S. Naber Revocable Living Trust Dated August 31, 1995 | as to an undivided | 0.127% | Interest |
| PAUL P. KRASNER, M.D., TRUSTEE<br>Paul P. Krasner, M.D., Trustee of The Nephrology Medical Group, Inc. of Orange County Profit Sharing Plan Retirement Trust | as to an undivided | 0.128% | Interest |
| NATIONAL FINANCIAL LENDING, LLC, A CA LIMITED LIABILITY COMPANY | as to an undivided | 24.223% | Interest |

Applied Business Software, Inc. (800) 833-3343            [206070THE PRESERVE, LLC]<br>Lender Identification    Page 4 of 7

Exhibit      14
Page       193

Loan #.206070

Order # 09301656-12

## Exhibit C

| | | | |
|---|---|---|---|
| National Financial Lending, LLC, a California limited liability company | | | |
| RICHARD NORRIS<br>Richard Norris, an unmarried man | as to an undivided | 0.166% | Interest |
| GREGORY T. NORMAN<br>Gregory T. Norman, an Unmarried Man | as to an undivided | 0.128% | Interest |
| Denis O'Connor, Trustee<br>Annie O'Connor, Trustee<br>Denis and Annie O'Connor, Trustees of the O'Connor Family Trust | as to an undivided | 0.128% | Interest |
| RONALD F. OGLETREE<br>Ronald F. Ogletree, a Married Man as His Sole and Separate Property | as to an undivided | 0.259% | Interest |
| WILLIAM G. OLIVER, TRUSTEE<br>William G. Oliver, Trustee of The William G. Oliver 2002 Trust | as to an undivided | 0.128% | Interest |
| ROBERT M. PARKS, TRUSTEE   and/or<br>AUDREY L. PARKS, TRUSTEE<br>Robert M. Parks and/or Audrey L. Parks, Trustees of The Parks Family Trust October 13, 1975 amended and restated on March 27, 2003 | as to an undivided | 0.259% | Interest |
| Richard L. Pasquini, Trustee<br>Diane M. Pasquini, Trustee<br>Living Trust of Richard L. Pasquini and Diane M. Pasquini dated June 29, 1998 | as to an undivided | 0.256% | Interest |
| PHILIP W. PAYNE, TRUSTEE   and/or<br>HELGA G. PAYNE, TRUSTEE<br>Philip W. Payne and/or Helga G. Payne, Trustees of The Payne Family Trust Dated February 10, 1992 | as to an undivided | 0.307% | Interest |
| Point Center Financial, Inc., a California Corporation (PCF1) | as to an undivided | 27.856% | Interest |
| Point Center Financial, Inc., a California corporation (PCFU) | as to an undivided | 24.168% | Interest |
| SAMUEL J. POIDMORE, TRUSTEE<br>ELENA POIDMORE, TRUSTEE<br>Samuel J. Poidmore and Elena Poidmore, Trustees of The Samuel J. Poidmore, D.D.S. Inc. Pension Plan Trust | as to an undivided | 0.192% | Interest |
| MAX PERRY, TRUSTEE<br>MARY PERRY, TRUSTEE<br>Max Perry and Mary Perry, Trustees of the Alder Creek Family Trust | as to an undivided | 0.256% | Interest |
| GEORGE M. PHELPS<br>George M. Phelps, a single man | as to an undivided | 0.19% | Interest |
| BRUCE R. PITTENGER, TRUSTEE<br>JOHNI H. PITTENGER, TRUSTEE<br>Bruce R. Pittenger and Johni H. Pittenger, Trustees, or their successors in trust, under The Bruce R. Pittenger and Johni H. Pittenger Declaration of Trust, dated January 4, 2001, and any amendments thereto. | as to an undivided | 0.231% | Interest |
| RONALD L. PRINZING, TRUSTEE<br>ROSALYN YVONNE PRINZING, TRUSTEE<br>Ronald L. Prinzing and Rosalyn Yvonne Prinzing, Trustees of The Prinzing Revocable Living trust UDT June 21, 1990 | as to an undivided | 0.229% | Interest |
| JESUS RAMIREZ, TRUSTEE<br>Jesus Ramirez, M.D., A Medical Corporation Profit Sharing Plan | as to an undivided | 0.128% | Interest |
| RICHARD A.J. RICHARDSON, TTEE<br>BARBARA K. RICHARDSON, TTEE<br>Richard A.J. Richardson and Barbara K. Richardson, | as to an undivided | 0.128% | Interest |

P76

Exhibit _____ 14
Page _____ 194

Loan # 206070

Order # 09301656-12

**Exhibit: C**

| | | | |
|---|---|---|---|
| Trustees of The Richard A.J. Richardson and Barbara K. Richardson Trust restated July 25, 2005, or the successor Trustee thereunder | | | |
| DONOVAN H. RITTENBACH, TRUSTEE<br>SHELLEY LYNN RITTENBACH, TRUSTEE<br>Donvan H. Rittenbach Sr. and Shelley Lynn Rittenbach, Trustees of the Rittenbach Family Trust | as to an undivided | 0.128% | Interest |
| ROGER KAMRANFAR<br>ROSIE PARIVASH<br>Roger Kamranfar and Rosie Parivash, Husband and Wife as Community Property with Right of Survivorship | as to an undivided | 0.128% | Interest |
| ROBERT A. ROBERTO, TRUSTEE<br>FELICIA M. ROBERTO, TRUSTEE<br>Robert A. Roberto and Felicia M. Roberto, Trustees of The Roberto Family 1997 Trust | as to an undivided | 0.127% | Interest |
| MARVIN J. STRUIKSMA, G.P.<br>ROCAL Financial L.P., a California limited partnership | as to an undivided | 0.386% | Interest |
| BARRY RODGERS<br>PHYLLIS M. RODGERS<br>Barry Rodgers and Phyllis M. Rodgers, Husband and Wife as Joint Tenants | as to an undivided | 0.128% | Interest |
| ROBERT L. WELLS, TRUSTEE<br>Robert L. Wells, Trustee of The Robert L. Wells Trust Dated April 4, 1991 | as to an undivided | 0.512% | Interest |
| ROBERT G. WHITE<br>MARY R. WHITE<br>Robert G. White and Mary R. White, Husband and Wife as Community Property with Right of Survivorship | as to an undivided | 0.127% | Interest |
| EARL M. SAROYAN<br>Earl M. Saroyan, a married man as his sole and separate property | as to an undivided | 0.256% | Interest |
| TERRY JAMES SCHLEEDE, TRUSTEE<br>SUSAN THEE SCHLEEDE, TRUSTEE<br>The Schleede Revocable Family Trust dated October 14, 1981 | as to an undivided | 0.128% | Interest |
| ROY L. SCHUBERT<br>TERRY DIXON SCHUBERT<br>Roy L. Schubert and Terry Dixon Schubert, Husband and Wife as Community Property with Rights of Survivorship | as to an undivided | 0.259% | Interest |
| PAULINE MARY SCHELL<br>Paulina Mary Schell, a married woman, as her sole and separate property | as to an undivided | 0.128% | Interest |
| HENRY SZE LING SHING, CO-TTEE<br>WING LAI CHIN SHING, CO-TTEE<br>Henry Sze Ling Shing and Wing Lai Chin Shing, Co-Trustees of The Shing Trust dated May 21, 1996 | as to an undivided | 0.128% | Interest |
| STEVE HOFFMAN<br>Steven Hoffman, a single man | as to an undivided | 0.128% | Interest |
| BARBARA SKLAR, TRUSTEE<br>Barbara Sklar, Trustee of The Barbara Sklar Living Trust dated 8/31/01 | as to an undivided | 0.19% | Interest |
| MELVIN SMALL, TRUSTEE<br>SHIRLEY FAYE SMALL, TRUSTEE<br>Melvin Small and Shirley Faye Small, Trustees of The 3rd Amendment and Restatement of The Melvin Small and Shirley Faye Small 1991 Trust | as to an undivided | 0.127% | Interest |
| TAYLOR FLETCHER, MANAGING MEMBER | as to an undivided | 0.127% | Interest |

Applied Business Software, Inc. (800) 833-3343

206070THE PRESERVE, LLC)
Lender Identification    Page 6 of 7

P77

Exhibit ____ 14

Page ____ 195

Loan # 206070

Order # 09301656-12

**Exhibit C**

| Southwest Marketing, LLC, a Wyoming limited liability company | | | |
|---|---|---|---|
| H.W. STEERE, TRUSTEE<br>H. W. Steere, Trustee of The H.W. Steere Trust established on November 1, 2004 | as to an undivided | 1.282% | Interest |
| EDWIN B. SUDDARTH, SR.<br>KATHLEEN SUDDARTH<br>Edwin B. Suddarth, Sr.and Kathleen Suddarth, Husband and Wife as Community Property With Right of Survivorship | as to an undivided | 0.128% | Interest |
| JOHN C. HALL, PRESIDENT<br>Tall Cotton, Inc., a California corporation | as to an undivided | 0.385% | Interest |
| BRIAN TANKLAGE, MANAGING MEMBER<br>Tanks Enterprises LLC, a Delaware limited liability company | as to an undivided | 1.925% | Interest |
| MARY KATHRYN THEE,TRUSTEE<br>Mary Katherine Thee, Trustees of the Second Restated Thee Revocable Family Trust of October 8th, 1980 | as to an undivided | 0.128% | Interest |
| EARL GOTTFRIED, PRESIDENT<br>Valley Financial West, Inc., a Nevada Corporation<br>Earl Gottfried, President | as to an undivided | 0.128% | Interest |
| NINETTE R. WASSEF<br>Ninetta R. Wassef, a single woman | as to an undivided | 0.192% | Interest |
| MARYALIN V. WHITE<br>Maryalin V. White a Widow | as to an undivided | 0.127% | Interest |
| RICHARD M. WILBUR, TRUSTEE<br>Richard M. Wilbur, Trustee of The RM Wilbur Co. Employees Profit Sharing Plan | as to an undivided | 0.127% | Interest |
| KENNETH M. WILSON, TRUSTEE<br>Kenneth M. Wilson, Trustee of The Wilson Family Trust UTD October 5, 1989 | as to an undivided | 0.127% | Interest |
| THOMAS F. WILSON, TRUSTEE<br>PATSY R. WILSON, TRUSTEE<br>Thomas F. Wilson and Patsy R. Wilson, Trustees of The Wilson Trust Dated September 9, 1993 | as to an undivided | 0.359% | Interest |
| SHERRYL WISEMAN, TRUSTEE<br>Sherryl Wiseman, Trustee of The Sherryl Wiseman Trust | as to an undivided | 0.128% | Interest |
| WALTER C. WHITE<br>PHYLLIS L. WHITE<br>Walter C. White and Phyllis L. White, husband and wife as joint tenants | as to an undivided | 0.256% | Interest |
| MICHAEL M. YORBA, TRUSTEE<br>VICTORIA D. YORBA, TRUSTEE<br>Michael M. Yorba and Victoria D. Yorba, Trustees of The Yorba Family Trust Dated December 7, 1988 | as to an undivided | 0.127% | Interest |
| MARK C. YORBA<br>CRISTA K. YORBA<br>Mark C. Yorba and Crista K. Yorba, Husband and Wife as Community Property with Rights of Survivorship | as to an undivided | 0.385% | Interest |
| IRVING A. YUDOVIN, TRUSTEE<br>Irving A. Yudovin, Trustee of The Yudovin Survivor's Trust under The Yudovin Family Trust Dated February 20, 1992 | as to an undivided | 0.128% | Interest |

Exhibit ........ 14

Page ........ 196