EXHIBIT D

California Provisions

17. Remedies.

(a)    Beneficiary may enter upon, take immediate possession of, manage, and operate the Trust Property or any part thereof, make repairs and alterations and do any acts that Beneficiary deems reasonable to protect the security of the Deed of Trust, including remedies contained in any of the Other Security Documents; and either with or without taking possession, in its own name, collect the rents, issues and profits, including those past due and unpaid, and apply the rents, less costs and expenses of operation and collection, including reasonable attorneys' fees and the Beneficiary's costs, upon the Indebtedness and in such order as Beneficiary determines. If Beneficiary requests, Trustor shall assemble and make available to Beneficiary at the Premises any of the Trust Property that has been removed.  None of the foregoing actions shall cure or waive any Event of Default and Beneficiary shall be entitled to exercise every remedy allowed in this Deed of Trust or by law after an Event of Default.

(b)    Beneficiary shall be entitled to the immediate ex parte appointment of a receiver, without notice, to take possession of and protect the Trust Property and to operate it and collect the rents, issues and profits from it.

(c)    Beneficiary may bring suit to foreclose this Deed of Trust or to enforce any of its provisions.

(d)    Trustee may, upon Beneficiary's request, elect to sell the Trust Property or its parts as follows:

(i)    Trustee may proceed as if all of the Trust Property were real property in accordance with subparagraph (iv) below, or Trustee may elect to treat any of the Trust Property which consists of a right in action or which is property that can be severed from the Premises without causing structural damage thereto as if the same were personal property and dispose of the same in accordance with subparagraph (iii) below, separate from the sale of real property, the remainder of the Trust Property being treated as real property.

(ii)    Trustee may cause any such sale or other disposition to be conducted immediately following the expiration of any grace period, if any, provided in this Deed of Trust or the Note, or Trustee may delay any such sale or other disposition as Trustee deems to be in its best interest.  If Trustee conducts more than one sale, Trustee may, at its option, cause the sales to be conducted simultaneously, or successively on the same day, or at different days or times and in such order as Trustee may deem to be in its best interest.

(iii)    If Trustee elects to dispose of Trust Property as personal property as permitted in subparagraph (i) above, it or Beneficiary may dispose of any part thereof in any manner permitted by Article 9 of the California Commercial Code.

- 1 -



P79

14
197

Exhibit
Page

Both Trustor and Beneficiary shall be eligible to purchase any part of such property at any sale. Any such disposition may be either public or private, as Trustee or Beneficiary may so elect, subject to the provisions of the California Commercial Code.

Trustee or Beneficiary shall give Trustor at least ten (10) days' prior written notice of the time and place of any public sale or other disposition of such property, and if such notice is sent to Trustor at the address above, it shall constitute reasonable notice to Trustor.

Without limiting the generality of the foregoing, Trustee is expressly authorized to conduct a "unified sale" under Section 9604 of the California Commercial Code.

(iv)    If Trustee elects to sell the Trust Property which is real property or which it has elected to treat as real property, upon such election, Trustee shall give such Notice of Default and election to sell as may then be required by law. Thereafter, upon the expiration of such time and the giving of such Notice of Sale as may then be required by law, Trustee, at the time and place specified by the Notice of Sale, shall sell such Trust Property, or any portion thereof specified by Trustee, at public auction to the highest bidder for cash in lawful money of the United States. Trustee may, and upon request of Beneficiary shall, from time to time, postpone the sale by public announcement at the time and place noticed for the sale. If the Trust Property consists of several lots or parcels, Trustee may designate the order in which such lots or parcels are offered for sale or sold. Any person, including Trustor, Trustee, or Beneficiary may purchase at the sale. Beneficiary shall have the right to credit upon the amount of the bid made, to the extent necessary to satisfy such bid, the Indebtedness owing to Beneficiary, or if Beneficiary holds less than all of such indebtedness the pro rata part owing to Beneficiary, accounting to all other beneficiaries or noteholders not joining in such bid in cash for the portion of such bid or bids apportionable to such nonbidding beneficiary or noteholder. At the sale the Trustee shall execute and deliver to the purchaser, a deed conveying the property so sold, but without any covenant or warranty, express or implied, after which the purchaser shall be entitled to immediate possession.

(v)    If a foreclosure is commenced by the then Trustee, the Beneficiary may at any time before the sale of the Trust Property direct the Trustee to abandon the sale, and may then institute or complete a suit for the collection of the Note and the other Indebtedness, and for judicial foreclosure of this Deed of Trust. It is agreed that if the Beneficiary institutes a suit for the collection of the Note or any other Indebtedness and for the judicial foreclosure of this Deed of Trust, the Beneficiary may at any time before the entry of a final judgment in said suit dismiss it, and require the Trustee to sell the Trust Property under the provisions of this Deed of Trust.

(vi)    The recital of facts, such as default, the giving of Notice of Default, and Notice of Sale, terms of sale, purchaser, payment of purchase money,

-2-



P80

Exhibit    14
Page        198

and any other fact affecting the regularity or validity of such sale or disposition in a trustee's deed or other conveyance, shall be conclusive proof of the truth of those facts and conclusive against all persons.

(vii)    The proceeds of any sale or disposition, together with any other sums which then may be held by Trustee or Beneficiary, shall be applied as follows: FIRST, to the expenses of such sale or disposition together with Trustee's fees and reasonable attorneys' fees and expenses, Beneficiary's costs and the actual cost of publishing, recording, mailing and posting notice; SECOND, to the cost of any search or other policy of title procured in connection with the sale, if applicable, and recordation and transfer taxes and other charges, if any, on any release or deed of reconveyance; THIRD, to the payment of all amounts secured by this Deed of Trust and all other sums due Beneficiary from Trustor; FOURTH, to all other sums secured hereby; and the remainder, if any, to the person or persons legally entitled thereto in the order of their priority.

25.    Fixture Filing.    From the date of its recording, this Deed of Trust shall be effective as a financing statement filed as a fixture filing as to all goods constituting part of the Trust Property which are or become fixtures related to the real estate described in this Deed of Trust and the Agreements. For this purpose, the following information is set forth:

(a)    Name and address of Debtor: (See Exhibit A).

(b)    Name and Address of Secured Party:
c/o Point Center Financial, Inc.
30900 Rancho Viejo Road,
Suite 100
San Juan Capistrano, CA 92675

(c)    This document covers goods that are or are to become fixtures.

(d)    Description of Real Estate: See Exhibit "B".

(e)    Owner of Record of Real Estate: Trustor

(f)    This Financing Statement covers Proceeds.

(g)    This Financing Statement covers Products of the Collateral.

28.    Environmental Provisions.

(f)    Request for Information.    Trustor and Beneficiary agree that:

(i)    paragraph 28 of the Deed of Trust is intended as Beneficiary's written request for information and Trustor's written response concerning the environmental condition of the Trust Property as provided by California Code of Civil Procedure §726.5; and

(ii)    each representation, warranty, covenant, or indemnity made by Trustor in this Article or in any other provision of this Deed of Trust or any Loan Document that relates to the environmental condition of the Trust Property is

- 3 -



intended by Trustor and Beneficiary to be an environmental provision for purposes of California Code of Civil Procedure §736 and will survive the payment of the Indebtedness and the termination or expiration of this Deed of Trust and will not be affected by Beneficiary's acquisition of any interest in the Trust Property, whether by credit bid at foreclosure, deed in lieu of that, or otherwise. If there is any transfer of any portion of Trustor's interest in the Trust Property, any successor-in-interest to Trustor agrees by its succession to that interest that the written request made pursuant to this Article will be deemed remade to the successor-in-interest without any further or additional action on the part of Beneficiary and that by assuming the debt secured by this Deed of Trust or by accepting the interest of Trustor subject to the lien of this Deed of Trust, the successor remakes each of the representations and warranties in this Deed of Trust and agrees to be bound by each covenant in this Deed of Trust, including, but not limited to, any indemnity provision.

44.    <u>Waiver of Rights</u>.  Trustor hereby expressly (a) waives any rights it may have under California Civil Code §2954.10 to prepay the Note, in whole or in part, without penalty, upon acceleration of the maturity of the Note, and (b) agrees that if, for any reason, a prepayment of any or all of the Note is made, whether voluntary or upon or following any acceleration of the maturity of the Note by Beneficiary on account of any default by Trustor, including, but not limited to, any transfer or disposition as prohibited or restricted by paragraph 11, then Trustor shall be obligated to pay, concurrently therewith, the prepayment fee, if any, specified in the Note for a voluntary prepayment of the Note at such time.  By initialing in the space provided below, Trustor hereby declares that Beneficiary's agreement to make the Loan at the interest rate and for the term set forth in the Note constitutes adequate consideration, given individual weight by Trustor, for this waiver and agreement.

P82

Exhibit _____ 14
Page _____ 200

## ACKNOWLEDGMENT

STATE OF CALIFORNIA
COUNTY OF _ORANGE_

On _SEPTEMBER 27, 2005_ before me, _MIKE BURCHARTZ, NOTARY PUBLIC_,
(here insert name and title of officer)

personally appeared _SCOTT H. KRENTEL_

personally known to me (or proved to me on satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature _[signature]_

(Seal)

MIKE BURCHARTZ
COMM. #1464954
NOTARY PUBLIC • CALIFORNIA
ORANGE COUNTY
Comm. Exp. JAN. 24, 2008

Order # 09301656-12
Loan # 206070

### Exhibit E
#### Partial Release Rider To Deed Of Trust

At any time, from time to time, provided no default or event which would constitute a default with the giving of notice or the passage of time, or both, exists under the terms of this Deed of Trust, the Note, or any Loan Document, Trustor shall be entitled to partial release of a portion of the Trust Property (a "Parcel"), upon and subject to the following conditions:

(a) Any portion of the Trust Property to be released must be a legal parcel on a recorded final map pursuant to applicable state law. Notwithstanding anything herein to the contrary, it shall be a condition precedent to Trustor's right to obtain releases hereunder that Trustor, at its sole expense, shall have fully complied with all applicable federal, state, and local laws and rules, and all local ordinances pertaining thereto in connection with any Parcel so released and the unreleased portion of the Trust Property. If Trustor fails to comply with any of the provisions of this paragraph, Trustor shall not be relieved in any way of its obligations under the Loan Documents.

(b) Trustor shall be entitled to the partial release of a Parcel upon the payment to Beneficiary in cash of a release price (the "Release Price") in accordance with Exhibit E-1 hereto.

(c) All remaining Trust Property shall have adequate ingress and egress and direct access to dedicated public streets and utilities.

(d) The following procedures shall be used for all releases:

(i) Trustor's written request for the release must give the legal description of the portion of the Trust Property to be released,

(ii) Within a reasonable time after its approval of a release, Beneficiary will deposit the authorization for the partial release and its demand in the escrow, but Beneficiary shall be obligated to do so only if Beneficiary has received from Trustor satisfactory evidence that all of the conditions to the release set forth herein have been fulfilled.

(iii) Trustor will pay all costs and expenses incurred in connection with any releases, including, but not limited to, any and all trustee's fees, reconveyance fees, recording fees, premiums for title insurance endorsements, Beneficiary's costs in connection with such release(s), and escrow fees.

THE PRESERVE, LLC, a California limited liability company
BY: Beaumont 1608, LLC, a California limited liability company, Manager

By: _____
Scott H. Krentel, Managing Member

P84

Exhibit _____ 14,
Page _____ 202

## ACKNOWLEDGMENT

STATE OF CALIFORNIA
COUNTY OF _ORANGE_

On _SEPTEMBER 27 2006_ before me, _MIKE BURCHARTZ, NOTARY PUBLIC_,
(here insert name and title of officer)

personally appeared _SCOTT H. KRENTEL_

personally known to me (or proved to me on satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature _[signature]_

(Seal)

MIKE BURCHARTZ
COMM. #1454554
NOTARY PUBLIC • CALIFORNIA
ORANGE COUNTY
Comm. Exp. JAN. 24, 2008

Loan #206070                    Exhibit B-1        Order #09301656-12

# SCHEDULE OF RELEASE PRICES

| LOT # | APPRAISED VALUE | AMOUNT LENT BY PCF AT 45.42% | RELEASE PRICE AT 125% OF APPRAISED VALUE PER LOT |
|---|---|---|---|
| 2,881 | $85,860,000 | $39,000,000 | $37,253 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

P86

Exhibit _14_

Page _204_


**LandAmerica**
Commercial Services

## PENALTY OF PERJURY AFFIDAVIT
### (GOVERNMENT CODE 27361.7)

I certify under the penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of the Notary: Mike Burchartz

Date Commission expires: Jan. 24, 2008

County Where Bond is Filed: Orange

Commission No.: 1464954        Manufacturer/Vendor No.: MGG1

Place of Execution: _____ Irvine, Ca. _____ Date: October 5, 2006

Signature: _____
LAWYERS TITLE COMPANY

I further certify under the penalty of perjury that the illegible portion of the document to which this statement is attached reads as follows (if applicable):

Date: October 5, 2006

Signature: _____
LAWYERS TITLE COMPANY

Exhibit _14_
Page _205_

1  Robert P. Goe - State Bar No. 137019
   Elizabeth A, LaRocque – State Bar No. 219977
2  **GOE & FORSYTHE, LLP**
   18101 Von Karman Ave., Ste. 510
3  Irvine, CA 92612
   rgoe@goeforlaw.com
4  elarocque@goeforlaw.com

5  Telephone:  (949) 798-2460
   Facsimile:   (949) 955-9437
6
7  Attorneys for Secured Creditor, POINT CENTER FINANCIAL, INC.

8            **UNITED STATES BANKRUPTCY COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10                   **RIVERSIDE DIVISION**

11

12  In re:                          | Case No.  6:08-bk-23006-BB

13  THE PRESERVE, LLC,              | Chapter 11 Case

14                                  | **POINT CENTER FINANCIAL, INC.'S**
15          Debtor and Debtor in Possession. | **REPLY TO OPPOSITIONS TO MOTION FOR RELIEF FROM STAY;**
16                                  | **MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS**
17                                  | **OF DAN HARKEY AND PAUL CHANDLER IN SUPPORT THEREOF**
18
19                                  | **Hearing:**
20                                  | Date:      July 14, 2009
                                    | Time:      10: 00 a.m.
21                                  | Courtroom: 303
22
23

24       **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY**

25  **JUDGE AND ALL INTERESTED PARTIES:**

26       Point Center Financial, Inc., secured creditor herein ("PCF") hereby submits this Reply to

27  Oppositions to PCF's Motion for Relief from Stay (the "Motion"); Memorandum of Points and

28  Authorities and Declarations of Dan Harkey ("Harkey Declaration") and Paul E. Chandler, MAI

1

Exhibit ____ 15
Page ____ 206

1  ("Chandler Declaration") in Support Thereof.  As discussed herein, both of the oppositions are

2  littered with false statements and irrelevant arguments, declarations and documents.  Rather than

3  respond to the issues squarely framed by the Motion (i.e. is there any equity in the Property and is

4  a successful reorganization in prospect), the objecting parties dance around the issues in what

5  should be an unsuccessful effort to confuse the Court.  By the time of the hearing on the Motion,

6  this case will have been pending for nearly 10 months and rather than moving the case forward, it

7  is going in reverse.  Further, if the Court grants the 60-75 day continuance requested by the

8  Debtor, the case will be over a year old with no Disclosure Statement and Plan filed and not a

9  single payment to PCF.  There is no need for further hearings and the Motion should be granted

10  immediately.

11  **I.      INTRODUCTION AND STATEMENT OF FACTS**

12          PCF has produced evidence from an MAI appraiser that the Property has no equity.

13  Pursuant to Code Section 362 (g) that is PCF's only evidentiary burden, which it has easily met.

14  The Preserve, LLC ("Debtor") provides <u>absolutely no evidence of the value of the Property</u>.

15  Debtor does not even provide a number that it believes is accurate.  Moreover, the testimony of

16  Scott Krentel is inadmissible regarding the value of the Property as Krentel is not the owner of

17  the Property and is not established as a qualified expert.

18          The issues raised in the Debtor's Opposition, that PCF's claim is in dispute is irrelevant

19  in that it does not constitute cause for denying relief from stay.  Additionally, the alleged dispute

20  over PCF's claim is bogus.  PCF fully performed under the loan agreement as all parties were

21  aware and agreed that PCF would provide staged funding.  Debtor conveniently fails to attach

22  the operative loan documents in an effort to mislead the Court.  Attached to the Harkey

23  Declaration as **<u>Exhibit "1"</u>** is a true and correct copy of the Addendum to Promissory Note

24  Secured by Deed of Trust (Stage Funded Loan) dated September 21, 2006 and signed by Mr.

25  Krentel ("Note Addendum").  Remarkably, Debtor does not ever bother to attach the Note

26  Addendum to its Opposition, which destroys not only the Opposition, but its credibility and the

27  litigation before this Court.  The allegation that Debtor did not come to realize over a year later

28  that the loan was not fully funded and that there are missing funds of $7,675,980 are complete

Exhibit    *15*

Page    *307*

1    fabrications. Thus, the argument that PCF did not provide all the funds and thus caused Debtor's

2    problems is bogus as all parties agreed the funding would be staged with no guaranty the loan

3    would be fully funded.

4         Moreover, PCF is authorized to bring the Motion on behalf of the investors based upon

5    the Loan Servicing Agreement (at times "LSA") that each of the investors signed, <u>including</u>

6    <u>Deep Canyon Holdings, Inc.</u>, ("DCH"). A true and correct copy of the Loan Servicing

7    Agreement with all approximate 182 signatures[1] of all of the lenders is attached to the Harkey

8    Declaration as **Exhibit "2"** and incorporated herein by reference. PCF also recorded, on

9    October 23, 2006, its Memorandum of Servicing Agreement ("MSA") providing notice to all,

10    including DCH and the Debtor that PCF had entered the LSA with the lenders. A true and

11    correct copy of the MSA is attached to the Harkey Declaration as **Exhibit "3"** and incorporated

12    herein by reference.

13         Further, in what can only be described as a fraud on the Court and perjury by DCH's

14    President Allen Parrin, he states that "[o]n behalf of Deep Canyon, I have not signed any

15    agreement authorizing Point Center to act as the servicer of the Loan that has been recorded."

16    (Parrin Dec., pg. 4, lines 25-26). This outrageous lie is countered by the fact that Mr. Parrin

17    <u>signed at least twelve (12) documents</u> with PCF. In connection with the $1,000,000 investment

18    made by DCH with PCF for a 2.564% interest in the Debtor's loan, Mr. Parrin signed the (i)

19    Exhibit A Lender/Purchaser Disclosure Statement to Subscription Agreement, (ii) Multiple

20    Lender Addendum to Lender/Purchaser Disclosure Statement, (iii) Addendum A, (iv)

21    Addendum B, (v) <u>Loan Servicing Agreement (Deed of Trust)</u>[2] and (vi) Exhibit C to Subscription

22    Agreement. The foregoing are collectively referred to as the "First Subscription Agreement" and

23    attached to the Harkey Declaration as **Exhibit "4"** and incorporated herein by reference.

24         DCH made a second investment with PCF in the amount of $341,600.00 bringing its

25    total investment in the loan up to approximately 3.44%, signing an additional six (6) documents

26

---

27    [1] Each investor signed a separate, but identical, Loan Servicing Agreement. To eliminate unnecessary paper, Exhibit "1" provides one copy of the Loan Servicing Agreement and the signature page of all approximate 182 investors that

28    signed the identical Loan Servicing Agreement.

[2] This is the same Loan Servicing Agreement signed by the other investors and attached hereto as Exhibit "1".

Exhibit ___ 15
Page ___ 208

1  JEFFREY W. BROKER – State Bar No. 53226
   PAMELA J. ZYLSTRA – State Bar No. 147977
2  BROKER & ASSOCIATES PROFESSIONAL CORPORATION
   18191 Von Karman Avenue, Suite 470
3  Irvine, CA 92612-7114

4  Telephone: (949) 222-2000
   Facsimile:  (949) 222-2022
5  email:     jbroker@brokerlaw.biz

6  General Reorganization Counsel
   for Debtor and Debtor-in-Possession
7

**ECF-FILED**

MAR 4 2009

**Docket #** 87

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    RIVERSIDE DIVISION

11

12  In re                          Case No.  6:08-bk-23006-BB
                                    Chapter 11 Proceeding
13
    THE PRESERVE, LLC, a California Limited    **SUPPLEMENTAL DECLARATION OF**
14  Liability Company,             **JOHN C. NOLAN IN SUPPORT OF**
                                    **REPLY BY DEBTOR AND DEBTOR-IN-**
15                                  **POSSESSION TO OPPOSITION BY**
                                    **POINT CENTER FINANCIAL TO**
16                                  **MOTION OF DEBTOR AND DEBTOR-IN-**
                                    **POSSESSION FOR ORDER (1)**
17            Debtor and           **AUTHORIZING EXTENSION OF**
              Debtor-in-Possession  **DEADLINE TO FILE A PLAN AND**
                                    **DISCLOSURE STATEMENT AND (2)**
18                                  **EXCLUSIVITY PERIOD REGARDING**
                                    **SOLICITATION OF ACCEPTANCES**
19                                  **AND REJECTIONS TO PLAN**
20
                                    Date:  March 11, 2009
21                                  Time:  11:00 a.m.
                                    Ctrm:  303
22

23

24          I, John C. Nolan, declare and state as follows:

25          1.    I am an attorney at law, duly licensed to practice in the State of California and

26  before the bar of this Court.  I am a shareholder of Gresham Savage Nolan & Tilden APC (the

27  "Firm"), special litigation counsel to THE PRESERVE, LLC, a California Limited Liability

28  Company, the Debtor and Debtor-in-Possession (the "Debtor") in the within Chapter 11 case in

1   connection with . All of the matters testified to herein are based upon my own personal knowledge,

2   are true and correct and, if called upon to testify, I could testify competently thereto.

3           2.      The Firm was hired pursuant to Bankruptcy Court Order entered on November 19,

4   2008 to advise, represent and assist the Debtor with respect to the pending litigation in the Superior

5   Court of California, County of Riverside, Case No. RIC 492830 which is a "CEQA challenge."

6   Although the City of Beaumont is the named Respondent, the Debtor is specified in the caption of

7   the CEQA challenge as the Real Party in Interest in that its property interests in the Legacy

8   Highlands specific plan are potentially impacted by the CEQA challenge.  The interests of the

9   Debtor and the City of Beaumont are at all times aligned with one another in this matter.  I have

10  been the lead trial counsel in connection with the litigation of the CEQA challenge.

11  In order for The Preserve, LLC ("Preserve"), to develop its property near the City of Beaumont,

12  California, it must first obtain the necessary land use approvals.  In pursuit of these approvals,

13  Preserve sought to have Beaumont issue it an approved Specific Plan that would authorize the

14  ultimate build-out and construction envisioned by Preserve.

15          3.      Under California law (Public Resources Code Section 21000, et seq.) before any

16  public agency can take discretionary action on any land use decision, it must first comply with the

17  California Environmental Quality Act ("CEQA").

18          4.      Where, after initial review, a land use project is shown to have a reasonable

19  possibility of creating an environmental impact, CEQA requires that before making the land use

20  decision, the agency first prepare (or have prepared for it by independent experts) an Environmental

21  Impact Report ("EIR").  The EIR is to examine a range of potential impacts, discuss them, and also

22  evaluate potential, possibly less impacting, alternatives.  Additionally, where a project will create

23  more than 500 residences, a Water Supply Assessment is required, to illustrate that the proposed

24  project will, if built, have sufficient water.  The purpose of the EIR is to inform the decision makers

25  so that they can determine if an alternative is feasible, and whether the proposed project, despite

26  possible environmental impacts, has benefits that "override" those impacts so that it should still be

27  approved.

28

-2-

Exhibit  16
Page  210

5.      The EIR thus becomes something akin to the record of proceedings for a project, and must contain all the necessary information required under CEQA.  Additionally, if the approving agency determines to "override" the environmental impact potential and approve the projects, its action in doing so must have factual support either from within the EIR or from other information or testimony adduced during the review proceedings.

6.      In the instant situation, the application made by the Debtor did result in the production of an EIR, which included a presentation regarding water supply.  After reviewing the EIR and noting some of the alternatives considered, the City of Beaumont, though it's City Council, determined that the water supply had been adequately analyzed, and that the suggested alternatives which were smaller in scope were not practical.  Accordingly, the City issued a Statement of Overriding Considerations indicating that, despite potential environmental impacts, the benefits of the project served to override them.

7.      A lawsuit was then filed with the Riverside Superior Court, Case No. RIC 492830 by certain nearby residents, contesting almost every aspect of the CEQA process involved with this project (the "CEQA Challenge").

8.      A CEQA "trial" is, in reality, much like an appellate proceeding, where the only "evidence" is the administrative record which includes all oral and written presentation made at the various agency review steps.

9.      Although there were a large number of CEQA issues contested within the CEQA Challenge, when the trial was held on January 23, 2009, the trial court judge concluded that, in his opinion, some, (but far from all that had been alleged) CEQA "violations" had occurred. Specifically, the trial count found that the water supply for the next 20 years had not been adequately reviewed.  The court further determined that there was not sufficient information included within the administrative record to justify the rejection of some alternatives.  Finally, it was held that, in preparing the Statement of Overriding Considerations, that the City did not rely on specific "record" information, but instead, acted largely upon conclusion.

Exhibit _16_
Page _211_

10.    This determination was made by way of the trial court's Statement of Decision issued on February 3, 2009, which will, in due course, serve as the basis for a Judgment and Writ of Mandate.

11.    Recognizing that the scope of items reviewed under CEQA can be, and often is, extensive, the statutes require that the court "itemize" its determination of any shortfall. This, then, enables the agency to redo that portion (and that portion only) that was found to be inadequate. Accordingly, this project will be returned to the City of Beaumont to "correct" those portions of CEQA's requirements that were found wanting. The Debtor has, even before trial, conducted its own further water analysis and can with relative ease supply the City with additional factual data about water as well as more information regarding the unacceptability of the suggested alternatives and furnish more support for the overriding benefits of the project.

12.    Although precise time lines are somewhat uncertain for situations such as this, I believe it to be likely that the correction activities can be completed within the next 4 to 6 months and then submitted to this same court for confirmation and the matter of the CEQA Challenge concluded favorably to the Debtor and the City of Beaumont.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 2ⁿᵈ day of March, 2009 at Riverside, California.

John C. Nolan

-4-

Exhibit 16
213.

| In re:<br>THE PRESERVE, LLC<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 6:08-bk-23006-BB |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 18191 Von Karman Avenue, Suite 470, Irvine, CA 92612

The foregoing document described **SUPPLEMENTAL DECLARATION OF JOHN C. NOLAN IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO OPPOSITION BY POINT CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1) AUTHORIZING EXTENSION OF DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 4, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

dfisher@ptwww.com (Palmieri Tyler et al.)
kmurphy@goeforlaw.com (Goe & Forsythe, LLP) [counsel for Point Center Financial, Inc.]
ustregion16.rs.ecf@usdoj.gov (United States Trustee)
elizabeth.lossing@usdoj.gov  (United States Trustee)
mcschnitzer@rhlaw.com (Reid & Hellyer) [counsel for Deep Canyon Holdings
dzaro@allenmatkins.com (courtesy NEF)
jdelcastillo@allenmatkins.com (courtesy NEF)

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On February 10, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or **with an overnight mail service** addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

The Hon. Sheri Bluebond, 255 East Temple Street, Suite 1482, Los Angeles, CA 90012

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 4, 2009 | Jeffrey W. Broker | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

Exhibit _L_ F 9013-3.1
Page _213_

JEFFREY W. BROKER – State Bar No. 53226
PAMELA J. ZYLSTRA – State Bar No. 147977
BROKER & ASSOCIATES PROFESSIONAL CORPORATION
18191 Von Karman Avenue, Suite 470
Irvine, CA 92612-7114

Telephone:  (949) 222-2000
Facsimile:  (949) 222-2022
email:      *jbroker@brokerlaw.biz*

General Reorganization Counsel
for Debtor and Debtor-in-Possession

**FILED**

JUL – 1 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                  Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No.  6:08-bk-23006-BB |
| | Chapter 11 Proceeding |
| THE PRESERVE, LLC, a California Limited Liability Company, | **DECLARATION OF JOHN C. NOLAN IN SUPPORT OF OPPOSITION BY DEBTOR AND DEBTOR-IN-POSSESSION TO MOTION FOR RELIEF FROM STAY FILED BY POINT CENTER FINANCIAL, INC.** |
| Debtor and Debtor-in-Possession | Date:  July 14, 2009 |
| | Time:  10:00 a.m. |
| | Ctrm:  303 |

I, John C. Nolan, declare and state as follows:

1.      I am an attorney at law, duly licensed to practice in the State of California and before the bar of this Court.  I am a shareholder of Gresham Savage Nolan & Tilden APC (the "Firm"), special litigation counsel to THE PRESERVE, LLC, a California Limited Liability Company, the Debtor and Debtor-in-Possession (the "Debtor") in the within Chapter 11 case in connection with the litigation referenced in paragraph 2 hereof.  All of the matters testified to herein are based upon my own personal knowledge, are true and correct and, if called upon to testify, I could testify competently thereto.

A:\40410.2 THE PRESERVE CH 11\0230 Declarations\Nolan Relief from Stay.doc

1        2.       The Firm was hired pursuant to Bankruptcy Court Order entered on November 19,

2    2008 to advise, represent and assist the Debtor with respect to the pending litigation in the Superior

3    Court of California, County of Riverside, Case No. RIC 492830, that was filed on February 14,

4    2008, which is a "CEQA challenge." Although the City of Beaumont is the named Respondent, the

5    Debtor is specified in the caption of the CEQA challenge as the Real Party in Interest in that its

6    property interests in the Legacy Highlands specific plan are potentially impacted by the CEQA

7    challenge. The interests of the Debtor and the City of Beaumont are at all times aligned with one

8    another in this matter. I have been the lead trial counsel in connection with the litigation of the

9    CEQA challenge.

10        3.       I have previously provided the Court with a declaration that I signed on March 2,

11    2009 entitled **SUPPLEMENTAL DECLARATION OF JOHN C. NOLAN IN SUPPORT OF**

12    **REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO OPPOSITION BY POINT**

13    **CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR**

14    **ORDER (1) AUTHORIZING EXTENSION OF DEADLINE TO FILE A PLAN AND**

15    **DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING**

16    **SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN** regarding the CEQA

17    challenge which is incorporated by reference and also is the subject of a Request for Judicial Notice

18    in this proceeding.

19        4.       A notice of appeal has been timely filed in connection with the Judgment rendered

20    in the CEQA matter. This was done to preserve the status quo while at the same time this project

21    has been returned to the City of Beaumont to "correct" those portions of CEQA's requirements that

22    were found wanting. The Debtor has, even before trial, conducted its own further water analysis

23    and can with relative ease supply the City with additional factual data about water as well as more

24    information regarding the unacceptability of the suggested alternatives and furnish more support for

25    the overriding benefits of the project. In addition, the City is in the process of causing a new study

26    to be done in order to "correct" those portions of CEQA's requirements that were found wanting

27    and again obtain certification of the EIR on the Legacy Highlands project.

28

Exhibit 17
Page 215

5.      Although precise time lines are somewhat uncertain for situations such as this, I believe it to be likely that the correction activities can be completed within the next 4 to 6 months and then submitted to this same trial court for confirmation and the matter of the CEQA Challenge concluded favorably to the Debtor and the City of Beaumont.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this **25**th day of June, 2009 at Riverside, California.

_John C. Nolan_
John C. Nolan

-3-

Exhibit 17
Page 216

| In re:<br>THE PRESERVE, LLC<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER 6:08-bk-23006-BB |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 18191
Von Karman Avenue, Suite 470, Irvine, CA 92612

The foregoing document described **DECLARATION OF JOHN C. NOLAN IN SUPPORT OF OPPOSITION
BY DEBTOR AND DEBTOR-IN-POSSESSION TO MOTION FOR RELIEF FROM STAY FILED BY
POINT CENTER FINANCIAL, INC.**  will be served or was served **(a)** on the judge in chambers in the form and
manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink
to the document. On June 30, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and
determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email
address(es) indicated below:

dfisher@ptwww.com ( Don Fisher at Palmieri Tyler et al.)
kmurphy@goeforlaw.com (Robert P. Goe at Goe & Forsythe, LLP)
ustregion16.rs.ecf@usdoj.gov (United States Trustee)
elizabeth.lossing@usdoj.gov (Elizabeth Lossing at Office of the United States Trustee)
mcschnitzer@rhlaw.com (Mark Schnitzer at Reid & Hellyer)
dzaro@allenmatkins.com (David R. Zaro at Allen Matkins)
jdelcastillo@allenmatkins.com (Joshua del Castillo at Allen Matkins)

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On June 30, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class,
postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a
declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

The Hon. Sheri Bluebond, 255 East Temple Street, Suite 1482, Los Angeles, CA 90012

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or
entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following
person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by
facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on
the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 30, 2009 | Barbara Jean Little-Raphael | *Barbara Jean Little-Raphael* |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

Exhibit  11   **F 9013-3.1**

Page  217

| In re:<br>THE PRESERVE, LLC<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 6:08-bk-23006-BB |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 18191 Von Karman Avenue, Suite 470, Irvine, CA 92612

A true and correct copy of the foregoing document described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO PRELIMINARY OPPOSITION BY POINT CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1) AUTHORIZING SECOND EXTENSION OF DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 22, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

dfisher@ptwww.com ( Don Fisher at Palmieri Tyler et al.)
kmurphy@goeforlaw.com (Robert P. Goe at Goe & Forsythe, LLP)
ustregion16.rs.ecf@usdoj.gov (United States Trustee)
elizabeth.lossing@usdoj.gov (Elizabeth Lossing at Office of the United States Trustee)
mcschnitzer@rhlaw.com (Mark Schnitzer at Reid & Hellyer)
dzaro@allenmatkins.com (David R. Zaro at Allen Matkins)
jdelcastillo@allenmatkins.com (Joshua del Castillo at Allen Matkins)
dickatlaw@cox.net (Richard Harvey)

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On July 22, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

The Hon. Sheri Bluebond, 255 East Temple Street, Suite 1482, Los Angeles, CA 90012

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

July 22, 2009          Barbara Jean Little-Raphael          *Barbara Jean Little-Raphael*
_Date_                    _Type Name_                              _Signature_

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                              **F 9013-3.1**