1  Robert P. Goe - State Bar No. 137019
   Elizabeth A, LaRocque – State Bar No. 219977
2  **GOE & FORSYTHE, LLP**
   18101 Von Karman Ave., Ste. 510
3  Irvine, CA 92612
   rgoe@goeforlaw.com
4  elarocque@goeforlaw.com

5  Telephone:  (949) 798-2460
   Facsimile:  (949) 955-9437
6
   Attorneys for POINT CENTER FINANCIAL, INC.
7

8              **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10                    **RIVERSIDE DIVISION**

11

| In re: | Case No.  6:08-bk-23006-BB |
|---|---|
| THE PRESERVE, LLC, | Chapter 11 Case |
| Debtor and Debtor in Possession. | **POINT CENTER FINANCIAL'S OPPOSITION AND REQUEST FOR HEARING ON DEBTOR'S THIRD MOTION FOR ORDER AUTHORIZING EXTENSION OF (1) DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT; AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF** |
| | **Hearing:** |
| | Date:        TBD |
| | Time:        TBD |
| | Courtroom: 303 |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY
JUDGE AND ALL INTERESTED PARTIES:**

1

1    Point Center Financial, Inc., secured creditor herein ("PCF")[1] hereby files its Opposition

2    ("Opposition") to the debtor, The Preserve, LLC, A California limited liability company's

3    ("Debtor") Third Motion For Order Authorizing Extension Of (1) Deadline To File A Plan And

4    Disclosure Statement; And (2) Exclusivity Period Regarding Solicitation Of Acceptances And

5    Rejections To Plan (the "Motion").

6        Based upon the facts of this case, the Motion should be denied.

7        No progress is being made in this case and the case has been pending for over a year. As

8    the Court is aware, since the filing of the case Debtor has gone backwards in developing the

9    Legacy Highlands Project, having lost all approval to develop the property after a vote of the City

10   of Beaumont. This is Debtor's third request for an extension to file its disclosure statement and

11   plan. PCF objected to the first request for an extension and the Court explicitly stated that it is not

12   inclined to extend exclusivity until the end of litigation (with PCF) and that if Debtor wants to

13   maintain exclusivity it needs to figure out how to propose a plan that includes alternate treatments

14   of the litigated claim. A true and correct copy of the Court's Tentative Ruling to Debtor's first

15   Motion to Extend Exclusivity is attached to the Declaration of Robert P. Goe ("Goe Declaration")

16   as **Exhibit "2"** and incorporated herein by reference.

17       The Motion repeatedly states that Debtor cannot formulate a Plan of Reorganization while

18   the litigation against PCF is pending. In fact, the Motion devotes page after page describing its

19   alleged claims against PCF, which PCF vigorously disputes and is filing a Motion for Summary

20   Judgment. Such allegations are a carbon copy of what was set forth in the two (2) previous

21   exclusivity motions. Other than a few added lines concerning discovery and other procedural

22   matters that have taken place in the adversary, nothing is new or of substance that was not already

23   alleged in previous motions. Debtor further states that it does not believe the litigation will be

24   resolved for another year. Again, the Court has stated that Debtor has to find a way to propose a

25   Plan despite the ongoing litigation. Clearly, Debtor is unable to propose a Plan of Reorganization

26

27   [1] Rather than focusing on its own failures, Debtor attempts to cloud the issues concerning its frivolous claims against PCF as well as alleging PCF lacks standing in this Court. The Court at the September 17, 2009 Stay Hearing already found that PCF was the authorized agent for the various investors in the loan (See pertinent pages of transcript

28   attached hereto as **Exhibit "1"**). This Court asked for further briefing on two (2) discrete issues relating to adequate protection payments and need to file stay motion in the name of all the investors.

## DECLARATION OF ROBERT P. GOE

I, Robert P. Goe, declare and state:

I am a partner at the law firm of Goe & Forsythe, LLP, attorneys for creditor Point Center Financial ("PCF") in the bankruptcy case of In re The Preserve, LLC ("Debtor"). I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto.

1.      Attached hereto as **Exhibit "1"** are the pertinent pages from the transcript of the September 17, 2009 stay hearing.

2.      Attached hereto as **Exhibit "2"** is a true and correct copy of the Bankruptcy Court's tentative ruling dated March 11, 2009 in regard to Debtor's first Motion to Extend Exclusivity Period.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated:  October 5, 2009                    By: _____
                                                   Robert P. Goe

1    because as discussed below, rather than actually focusing on its assets and trying to bring about a

2    financial solution, the Debtor prefers to spend its resources fighting with PCF.

3            Additionally, neither the Motion nor Declarations make any mention of any buyers for the

4    property, refinancing of the existing debt, or any other means to reorganize and pay creditors.

5    Rather, nearly the entire focus of the Motion is on its spurious claims against PCF.  In essence,

6    Debtor is asking for an open ended extension of exclusivity to coincide with the pending litigation

7    against PCF and its resolution.  No legal support is cited for such proposition.

8            As previously set forth before this Court in PCF's first and second Opposition to Debtor's

9    motions to extend the exclusivity period, Krentel, on behalf of the Debtor, requesting an

10   exclusivity extension comes before the Court with unclean hands having made several

11   misrepresentations to the Court, including but not limited to, the following

12           a.    That on September 25, 2008, the day of the bankruptcy filing, he recorded a

13   $3 million deed of trust in his favor against property of the bankruptcy estate, which was not

14   disclosed in the Schedules or Statement of Financial Affairs;

15           b.    That on September 18, 2008 Krentel recorded an additional deed of trust in

16   his favor against property of the bankruptcy estate with no stated amount, which was also not

17   disclosed; and

18           c.    That he fraudulently encumbered certain property which was dedicated to

19   the City of Beaumont for open space for which PCF was asked and did partially release its lien;

20           As the Debtor has provided absolutely no evidence to show that a reorganization of its

21   assets is in progress to support the granting of this Motion by the Debtor, which essentially is a

22   one-asset case, the Motion should be denied.

23                              **MEMORANDUM OF POINTS AND AUTHORITIES**

24                                                    **I.**

25                                            **INTRODUCTION**

26           By the Motion, the Debtor has requested that its exclusive period for filing a plan be

27   extended another four (4) months. Debtor states that it will not be able to file a plan until after

28   the litigation with PCF is completed in approximately a year, a position completely contrary to

                                                    3

1   the Court's ruling early in the case that the litigation and exclusivity were not going to be tied

2   together.

3       Debtor no longer asserts that it has taken steps necessary to position itself for a

4   reorganization, because it cannot.  There is no evidence of new financing, sale of the Legacy

5   Highlands or any other substantial infusion of cash to reorganize Debtor's case.  Debtor cannot

6   reorganize and is banking on the bogus lawsuit against PCF to funds its Plan.

7       The basis for the Motion is that Debtor needs exclusivity extended until its dispute with

8   PCF is resolved.  However, that is not a basis to grant the Motion.  There is no obstacle to the

9   Debtor's preparation and filing of a plan.  In fact, the Court ruled in response to Debtor's first

10  motion to extend exclusivity that Debtor needed to find a way to deal with PCF's claim in a Plan

11  as the Court was not inclined to extend exclusivity to coincide with the likely end of the PCF

12  litigation. See **Exhibit "1"**. The question presented is not whether the Debtor is ready and able

13  to prepare a plan, but whether the Debtor should have the exclusive right to do so.  PCF believes

14  that there is no reason why the Debtor in this case should be favored with exclusivity at all,

15  much less an open ended extension.  Although this Court denied PCF's single asset motion,

16  there is no dispute that the Legacy Highlands project represents over ninety percent (90%) of the

17  alleged value in this bankruptcy estate and Debtor has been working on such project for over

18  seven (7) years.  This is not an overly complicated or large case.

19      There is no justification for a further delay in the filing of a plan of reorganization or

20  liquidation. Allowing the Debtor further time to languish in bankruptcy while preventing PCF or

21  other parties from actively participating in the reorganization process would be inefficient, costly

22  and detrimental to the bankruptcy estate.  Denial of the Debtor's Motion would facilitate the

23  Debtor's exit from Chapter 11.

24      Furthermore, Debtor is generating no revenue whatsoever, and is subsisting on insider

25  "loans" further deepening the Debtor into administrative insolvency.  Debtor has not provided

26  any evidence that it is even able to borrow sufficient funds to stay alive for another year or more,

27  or addressed how that will affect the reorganization process.

28  / / /

4

## II.

## NO CAUSE EXISTS TO EXTEND THE EXCLUSIVITY PERIODS

There is insufficient cause to justify and award an extension of the exclusivity periods.

It is Debtor's burden to demonstrate that there is cause to extend the exclusivity period.

Here, Debtor has not met its burden in showing good cause for the extension.

"Since the debtor seeks the extension, the burden is on it to demonstrate the existence of good cause." *In re Newark Airport/Hotel L.P.*, 156 B.R. 444, 451 (Bankr.D.N.J.1993), *aff'd* 155 B.R. 93 (D.N.J.1993). "11 U.S.C. Section 1121(d) requires that an affirmative showing of cause, supported by evidence, be made by the party seeking the extension ... of time." *In re Parker Street Florist & Garden Center, Inc.*, 31 B.R. 206, 207 (Bankr.D.Mass.1983). See *In re R.G. Pharmacy, Inc.* 374 B.R. 484 (Bkrtcy.D.Conn.,2007)

As is the case here, in the *R.G. Pharmacy, Inc.* case there was a pending adversary proceeding affecting the largest claims asserted against the debtor and debtor's value as a viable business. There, the Debtor argued that the unresolved contingencies favored extending debtor's exclusivity period. The Court held as follows:

> "The existence of such issues will not ordinarily be sufficient to establish
> the requisite cause for granting an extension. *See, e.g. In re Lake in the
> Woods*, 10 B.R. 338, 342 (E.D.Mich.1981) (holding that pending litigation
> over title to the land on which the debtor's apartment complex was situated
> was not sufficient cause to extend the exclusivity period). "The ordinary
> Chapter 11 debtor is expected to bring with it litigation, or the potential for
> it. Litigation with creditors is not an unusual circumstance, and the fact
> that litigation is pending with creditors is not in itself sufficient cause to
> justify an extension of the exclusivity period. Only under extreme
> circumstances would the existence of litigation constitute cause for an
> extension ...." *In re Southwest Oil Co. of Jourdanton, Inc.*, 84 B.R. 448,
> 452 (Bankr.W.D.Tex.1987).

Courts have often cited the legislative history of § 1121 , which indicates that the Bankruptcy Code imposed limitations on the debtor's exclusive right to file a plan in order to balance the bargaining positions of debtors and creditors in negotiating the terms of a reorganization. *See, e.g., Lake in the Woods*, 10 B.R. at 342-344. See *In re R.G. Pharmacy, Inc.*

374 B.R. 484 (Bkrtcy.D.Conn.,2007)

In *R.G. Pharmacy, Inc.*, the Court further found that the debtor did not show that an extension would be likely to significantly improve the progress of the case and that the contingencies were not cause for granting the extension. In concluding, the Court indicated that "[t]he fact that the debtor no longer has the *exclusive* right to file a plan does not affect its concurrent right to file a plan. Denying [the] motion only affords creditors their right to file a plan; there is no negative affect [sic] upon the debtor's coexisting right to file its plan." *Parker Street*, 31 B.R. at 207. See *In re R.G. Pharmacy, Inc.* 374 B.R. 484 (Bkrtcy.D.Conn., 2007).

The *R.G. Pharmacy, Inc.* case is directly on point as this case also presents a situation where the Debtor is seeking to extend the exclusivity period because of pending litigation, which the Court found was not sufficient cause. Thus, in this case, the exclusivity period should not be extended.

### A.   The Majority of Cases Hold That Routine Requests for Extensions of the Exclusivity Period Should be Denied Absent Special Circumstances

Section 1121(d) of the Code provides that the Court may extend the Debtor's exclusivity period "for cause." See 11 U.S.C. §1121(d). However, it is manifest that the debtor has the burden of establishing that cause exists to extend the exclusivity period. In re Curry Corp., 148 B.R. 754, 755 (Bankr. S.D.N.Y. 1992).

Cases interpreting Section 1121(d) uniformly hold that "cause" to extend the Debtor's exclusivity period does not include the Debtor's mere need for additional time to formulate or confirm a plan of reorganization. See, e.g., In re Tony Downs Food Co., 34 B.R. 405 (Bankr. D. Minn. 1983). For instance, in the Tony Downs case, the bankruptcy court stated:

> The debtor argued at the hearing that it needed more time in order to develop its plan. Section 1121 does not create a deadline for filing a plan; the debtor is free to take as much time to develop and file its plan as it feels appropriate. The risk is, of course, that while it is developing its plan, another party in interest will file a plan. However, that is as Congress intended.

/ / /

/ / /

1  Tony Downs, 34 B.R. at 757 (emphasis added).  Thus, the Tony Downs court aptly recognized that

2  absent special circumstances, the Debtor's exclusivity period should not be extended beyond the

3  initial term.

4        In United Savings Assn. of Texas v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365

5  (1988), the Supreme Court held that bankruptcy courts should exercise greater scrutiny in

6  reviewing routine requests for extensions of the exclusivity period.  In Timbers, the Court

7  declared:

8          The bankruptcy court must avoid reinstituting the imbalance between
   the debtor and its creditors that characterized proceedings under the old

9          Chapter XI.  Section 1121 was designed, and should be faithfully
   interpreted, to limit the delay that makes creditors the hostages of

10          Chapter 11 debtors.

11  Timbers of Inwood Forest, 484 U.S. at 372 (emphasis added).

12        In other words, the Timbers Court recognized that Congress intended that the exclusivity

13  period of Section 1121 should confer upon the Debtor a certain degree of bargaining power during

14  the early stages of the Debtor's chapter proceeding.  However, once the initial period expires, the

15  Debtor's inability to negotiate effectively with its creditors is not cause to extend the exclusivity

16  period and does not preclude interested parties from exercising their valid rights.  Under no

17  circumstances should an extension be employed as a tactical device to put pressure on creditors to

18  yield to a plan that they might not otherwise consider.  Curry, 148 B.R. at 756.

19        This case is little more than a single asset real estate case (respectfully, PCF believes it is

20  such) that would subject it to the ninety (90) day timeframes of Code Section 362(d) (3).

21      **B.**    **This Case Does Not Involve Special Circumstances that Justify Extension of**

22          **the Exclusivity Period.**

23        Refusal by this court to extend the Debtor's exclusivity period will in no way affect the

24  Debtor's ability to negotiate with PCF and other creditors in this case.  If anything, denial of the

25  Motion will cause the Debtor to work more effectively in negotiating with its constituents in order

26  to confirm a consensual plan as soon as possible.

27        Denial by this Court of the Debtor's third request to extend the exclusivity period will not

28  impede upon the Debtor's ability to continue negotiating with its creditors.  Rather, denial of the

1    Motion will serve to free the creditors from the restraint imposed upon them by Section 1121 and

2    allow it to prepare and file its own plan in this case as contemplated by the <u>Timbers</u> Court should a

3    more favorable alternative arise.

4                                                **III.**

5                                            **CONCLUSION**

6          As set forth above, the Debtor has failed to meet its burden of proof regarding "cause"

7    within the meaning of Section 1121(d) for an extension of the exclusive periods for the filing of

8    a plan and the solicitation of acceptances thereto.  Accordingly, the Debtor's Motion should be

9    denied.

10

11   DATED:  October 5, 2009                      **GOE & FORSYTHE, LLP**

12

13

14                                               By: _____

15                                                     Robert P. Goe
                                                 Attorneys for Point Center Financial

16

17

18

19

20

21

22

23

24

25

26

27

28

8

## DECLARATION OF ROBERT P. GOE

I, Robert P. Goe, declare and state:

I am a partner at the law firm of Goe & Forsythe, LLP, attorneys for creditor Point Center Financial ("PCF") in the bankruptcy case of <u>In re The Preserve</u>, LLC ("Debtor"). I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto.

1.    Attached hereto as **Exhibit "1"** are the pertinent pages from the transcript of the September 17, 2009 stay hearing.

2.    Attached hereto as **Exhibit "2"** is a true and correct copy of the Bankruptcy Court's tentative ruling dated March 11, 2009 in regard to Debtor's first Motion to Extend Exclusivity Period.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated:  October 5, 2009                    By: _____

                                                    Robert P. Goe

9

# EXHIBIT 1

# EXHIBIT 1

1              UNITED STATES BANKRUPTCY COURT

2               CENTRAL DISTRICT OF CALIFORNIA

3                        --oOo--

4  In Re:                      )Case No. LA08-23006-BB
                               )
5  THE PRESERVE, LLC,          ) Los Angeles, California
                               ) Thursday, September 17, 2009
6          Debtor.             ) 2:00 p.m.
                               )
7  ─────────────────────────────

8                              EVIDENTIARY HEARING RE: NOTICE
                               OF MOTION AND MOTION FOR
                               RELIEF FROM THE AUTOMATIC STAY
9                              WITH SUPPORTING DECLARATIONS
                               REAL PROPERTY RE: VACANT LAND
10                             IN RIVERSIDE COUNTY,
                               CALIFORNIA
11
                               SCHEDULING AND CASE MANAGEMENT
12                             CONFERENCE IN A CHAPTER 11
                               CASE
13
                    TRANSCRIPT OF PROCEEDINGS
14       BEFORE THE HONORABLE SHERI BLUEBOND
              UNITED STATES BANKRUPTCY JUDGE
15
   APPEARANCES:
16
   For the Debtor:             RICHARD A. HARVEY, ESQ.
17                             21076 Bake Parkway
                               Suite 106
18                             Lake Forest, California
                                 92630
19                             (949) 472-5433

20                             JEFFREY W. BROKER, ESQ.
                               Broker & Associates
21                             18191 Von Karman Avenue
                               Suite 470
22                             Irvine, California  92612
                               (949) 222-2000
23

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.

102

1        So what we've got is a -- but I do find that we've
2   got a contract that's created -- you know, valid agency, if
3   you will.  So it's an authorized agent.  I'm comfortable
4   that PCF is an authorized agent, but that they don't hold
5   the power of attorney.  And we've got a situation where the
6   prom note and the deed of trust are in the name of the
7   beneficiary.

8        So can you bring the motion at that point?  And if
9   so, what do you have to do?  Do you have to put the names of
10  the beneficiaries on it and does that work or do you have to
11  go -- do you have to get powers of attorney to be able to do
12  that or do you have to get affirmative consents from them?
13  I mean, or does the agency agreement -- is it good enough?

14       The agency agreement does talk about taking steps
15  to enforce.  So do you need a power -- another way to say
16  it -- and I'm going on and on, but another way to say it is,
17  is it enough to be an authorized agent to bring a motion on
18  behalf of somebody else for their deed of trust or do you
19  need to have a power of attorney.

20       So another way to think about it, for example,
21  would be try to create an analogy here.  Let's say you had a
22  motion for relief from stay on behalf of a landlord.  Let's
23  make it all humans.  You've got -- you know, the lessor is
24  Aunt Mary, and she's on the lease.  She's the lessor.  She
25  has not signed a power of attorney, but she's got a manager

# EXHIBIT 2

# EXHIBIT 2

Case 2:10-bk-18429-BB    Doc 173    Filed 10/05/09    Entered 10/05/09 11:44:52    Desc
Main Document    Page 15 of 17

**United States Bankruptcy Court**

**Central District of California**

**Riverside**

**Judge Sheri Bluebond, Presiding**

**Courtroom 303 Calendar**

| | |
|---|---|
| **Wednesday, March 11, 2009** | **Hearing Room** 303 |

**11:00 am**

| | | |
|---|---|---|
| 6:08-23006 | The Preserve, LLC | Chapter 11 |
| #115.00 | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement | |

Docket #: 76

**Courtroom Deputy:**

3/10/09 - Robert Goe, (949)467-3781, has been approved for telephonic appearance on 3/11/09 @ 11am

**Tentative Ruling:**

Grant motion. Court agrees that it would be difficult at this point for the debtor to craft a plan of reorganization in light of uncertainties surrounding the amount of the secured creditor's claim; however, debtor should be aware that Court is not inclined to extend exclusivity until the likely end of litigation with the debtor's secured creditor. If debtor wishes to maintain exclusivity, it will need to figure out how to propose a plan that includes alternate treatments for the lender's secured claim, depending on the outcome of the litigation.

| Party Information | |
|---|---|
| **Debtor(s):** | |
| The Preserve, LLC | Represented By |
| | Jeffrey W Broker |
| **Movant(s):** | |
| The Preserve, LLC | Represented By |
| | Jeffrey W Broker |

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 510, Irvine, CA 92612.

The foregoing document described **POINT CENTER FINANCIAL'S OPPOSITION AND REQUEST FOR HEARING ON DEBTOR'S SECOND MOTION FOR ORDER AUTHORIZING EXTENSION OF (1) DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT; AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>October 5, 2009</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Jeffrey W Broker    jbroker@brokerlaw.biz
- Don Fisher    dfisher@ptwww.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Robert P Goe    kmurphy@goeforlaw.com
- Richard A Harvey    dickatlaw@cox.net
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Mark C Schnitzer    mschnitzer@rhlaw.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- David R Zaro    dzaro@allenmatkins.com
- Joshua del Castillo    jdelcastillo@allenmatkins.com

☐    Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR ~~OVERNIGHT MAIL~~** (indicate method for each person or entity served)**:**
On <u>October 5, 2009</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☒    Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, ~~FACSIMILE TRANSMISSION OR EMAIL~~** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

The Honorable Sheri Bluebond, USBC, East Temple Street, Suite 1482, Los Angeles, CA 90012

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 5, 2009 | Kerry A. Murphy | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

II.    **<u>SERVED BY U.S. MAIL</u>**

Jeffrey S Benice
650 Town Center Drive Ste 1300
Costa Mesa, CA 92626

Broker & Associates
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114

Gresham Savage Nolan & Tilden
APC
3750 University Ave, Ste 250
Attn: John Nolan Esq.
Riverside, CA 92501-3335

Richard A Harvey
21076 Bake Parkway Ste 106
Lake Forest, CA 92630

Amanda R Breneman
Grant Genovese & Baratta LLP
2030 Main St Ste 1600
Irvine, CA 92614

Marshall & Stevens Inc
355 S Grand Ave Ste 1750
Los Angeles, CA 90071