1  JEFFREY W. BROKER – State Bar No. 53226
   PAMELA J. ZYLSTRA – State Bar No. 147977
2  BROKER & ASSOCIATES PROFESSIONAL CORPORATION
   18191 Von Karman Avenue, Suite 470
3  Irvine, CA 92612-7114

4  Telephone:  (949) 222-2000
   Facsimile:  (949) 222-2022
5  email:     jbroker@brokerlaw.biz

6  General Reorganization Counsel
   for Debtor and Debtor-in-Possession
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  RIVERSIDE DIVISION

11

12  In re                                  Case No.  6:08-bk-23006-BB

13                                          Chapter 11 Proceeding

14  THE PRESERVE, LLC, a California Limited   **REQUEST FOR JUDICIAL NOTICE IN**
    Liability Company,                        **SUPPORT OF REPLY BY DEBTOR AND**
15                                            **DEBTOR-IN-POSSESSION TO**
                                              **OPPOSITION BY POINT CENTER**
16                                            **FINANCIAL TO MOTION OF DEBTOR**
                                              **AND DEBTOR-IN-POSSESSION FOR**
17              Debtor and                    **ORDER (1) AUTHORIZING THIRD**
                Debtor-in-Possession          **EXTENSION OF DEADLINE TO FILE A**
18                                            **PLAN AND DISCLOSURE STATEMENT**
                                              **AND (2) EXCLUSIVITY PERIOD**
19                                            **REGARDING SOLICITATION OF**
                                              **ACCEPTANCES AND REJECTIONS TO**
20                                            **PLAN**

21                                          Date:   July 29, 2009
                                            Time:   2:00 p.m.
22                                          Ctrm:  303

23

24

25  **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE;**

26  **THE OFFICE OF THE UNITED STATES TRUSTEE; AND MOVING PARTY POINT**

27  **CENTER FINANCIAL, INC. AND ITS ATTORNEYS:**

28

THE PRESERVE, LLC, a California Limited Liability Company, the Debtor and Debtor-in-Possession in the within Chapter 11 case (the "Debtor"), hereby presents its **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO OPPOSITION BY POINT CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1) AUTHORIZING THIRD EXTENSION OF DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN.**  Attached hereto are true and correct copies of the following pleadings heretofore filed in this case that the Debtor requests that the Court take judicial notice of pursuant to Federal Rules of Evidence 201:

1.      Exhibit A:      **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO PRELIMINARY OPPOSITION BY POINT CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1) AUTHORIZING SECOND EXTENSION OF DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN** that was filed on July 22, 2009, 2009 as ECF Docket No. 138.

2.      Exhibit B:      **DECLARATION OF ALLEN PARRIN IN SUPPORT OF OPPOSITION BY DEBTOR AND DEBTOR-IN-POSSESSION TO MOTION FOR RELIEF FROM STAY FILED BY POINT CENTER FINANCIAL, INC. FOR EVIDENTIARY HEARING** that was filed on August 27, 2009 as ECF Docket No. 152

3.      Exhibit C:      **THE PRESERVE, LLC'S SPECIAL BRIEF ON ISSUES OF AUTHORITY AND STANDING** that was filed on October 26, 2009 as ECF Docket No. 179.

4.      Exhibit D:      **SPECIAL BRIEF OF DEEP CANYON HOLDINGS, INC. ON ISSUES OF AUTHORITY AND STANDING** that was filed on October 26, 2009 as ECF Docket No. 177.

1

2    DATED:  October 28, 2009                    BROKER & ASSOCIATES

3                                                PROFESSIONAL CORPORATION

4

5    By: _____

                                                 Jeffrey W. Broker

6                                                General Reorganization Counsel to Debtor and
                                                 Debtor-in-Possession

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORIGINAL

**ECF-FILED**

JUL 2 2 2009

**Docket #** 138

1  JEFFREY W. BROKER – State Bar No. 53226
   PAMELA J. ZYLSTRA – State Bar No. 147977
2  BROKER & ASSOCIATES PROFESSIONAL CORPORATION
   18191 Von Karman Avenue, Suite 470
3  Irvine, CA 92612-7114

4  Telephone:  (949) 222-2000
   Facsimile:  (949) 222-2022
5  email:      jbroker@brokerlaw.biz

6  General Reorganization Counsel
   for Debtor and Debtor-in-Possession
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **RIVERSIDE DIVISION**

11

12  In re                              Case No.  6:08-bk-23006-BB

13                                     Chapter 11 Proceeding

14  THE PRESERVE, LLC, a California Limited    **REQUEST FOR JUDICIAL NOTICE IN**
    Liability Company,                         **SUPPORT OF REPLY BY DEBTOR AND**
15                                             **DEBTOR-IN-POSSESSION TO**
                                               **PRELIMINARY OPPOSITION BY POINT**
16                                             **CENTER FINANCIAL TO MOTION OF**
                                               **DEBTOR AND DEBTOR-IN-**
17         Debtor and                          **POSSESSION FOR ORDER (1)**
           Debtor-in-Possession               **AUTHORIZING SECOND EXTENSION**
18                                             **OF DEADLINE TO FILE A PLAN AND**
                                               **DISCLOSURE STATEMENT AND (2)**
19                                             **EXCLUSIVITY PERIOD REGARDING**
                                               **SOLICITATION OF ACCEPTANCES**
20                                             **AND REJECTIONS TO PLAN**

21                                             Date:  July 29, 2009
                                               Time:  2:00 p.m.
22                                             Ctrm:  303

23

24

25  **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE;**

26  **THE OFFICE OF THE UNITED STATES TRUSTEE; AND MOVING PARTY POINT**

27  **CENTER FINANCIAL, INC. AND ITS ATTORNEYS:**

28  Exhibit  A
    Page  4

1    THE PRESERVE, LLC, a California Limited Liability Company, the Debtor and Debtor-

2   in-Possession in the within Chapter 11 case (the "Debtor"), hereby presents its **REQUEST FOR**

3   **JUDICIAL NOTICE IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-**

4   **POSSESSION TO PRELIMINARY OPPOSITION BY POINT CENTER FINANCIAL TO**

5   **MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1)**

6   **AUTHORIZING SECOND EXTENSION OF DEADLINE TO FILE A PLAN AND**

7   **DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING**

8   **SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN.**  Attached hereto are

9   true and correct copies of the following pleadings heretofore filed in this case that the Debtor

10   requests that the Court take judicial notice of pursuant to Federal Rules of Evidence 201:

11    1.    Exhibit 4:    **OPPOSITION OF DEEP CANYON HOLDINGS, INC. TO**

12   **MOTION BY POINT CENTER FINANCIAL, INC. FOR RELIEF FROM STAY;**

13   **DECLARATION OF ALLEN PARRIN** that was filed on June 29, 2009, 2009 as Docket No.

14   109.

15    2.    Exhibit 5:    **OPPOSITION OF REAL PARTIES IN INTEREST TO**

16   **MOTION BY POINT CENTER FINANCIAL, INC.FOR RELIEF FROM STAY** that was

17   filed on July 13, 2009 as Docket No. 125.

18    3.    Exhibit 6:    **DECLARATION OF JESSICA M. LOUIE IN SUPPORT OF**

19   **OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket

20   No. 126.

21    4.    Exhibit 7:    **DECLARATION OF WANDA HARRELL IN SUPPORT OF**

22   **OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket

23   No. 127.

24    5.    Exhibit 8:    **DECLARATION OF ROBERT L. WELLS IN SUPPORT OF**

25   **OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket

26   No. 128.

27

28    Exhibit _A_

  Page _5_

-2-

6.     Exhibit 9:    **DECLARATION OF MAX PERRY IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket No. 129.

7.     Exhibit 10:    **DECLARATION OF PAUL KRASNER, M.D. IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket No. 130.

8.     Exhibit 11:    **DECLARATION OF TERRY N. HOLDT IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket No. 131.

9.     Exhibit 12:    **DECLARATION OF ALBERT HECHINGER IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket No. 132.

10.     Exhibit 13:    **DECLARATION OF ROBERT M. PEPPERCORN, M.D. IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY** filed on July 13, 2009 as Docket No. 133.

11.     Exhibit 14:    **PROOF OF CLAIM** filed by Point Center Financial dated April 3, 2009 and filed on or about April 6, 2009.

12.     Exhibit 15:    **POINT CENTER FINANCIAL, INC.'S REPLY TO OPPOSITIONS TO MOTION FOR RELIEF FROM STAY; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF DAN HARKEY AND PAUL CHANDLER IN SUPPORT THEREOF** filed on July 7, 2009 as Docket No. 112 (first three (3) pages only).

13.     Exhibit 16:    **SUPPLEMENTAL DECLARATION OF JOHN C. NOLAN IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO OPPOSITION BY POINT CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1) AUTHORIZING EXTENSION OF DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD**

Exhibit ____A____
Page ____6____

-3-

1    **REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN** that

2    was filed on March 4, 2009 as Docket No. 87.

3        14.    Exhibit 17:    **DECLARATION OF JOHN C. NOLAN IN SUPPORT OF**

4    **OPPOSITION BY DEBTOR AND DEBTOR-IN-POSSESSION TO MOTION FOR**

5    **RELIEF FROM STAY FILED BY POINT CENTER FINANCIAL, INC.** that was filed on

6    July 1, 2009 as Docket No. 116.

7

8    DATED: July **22**, 2009                    BROKER & ASSOCIATES
                                                  PROFESSIONAL CORPORATION
9

10                                               By: _____

11                                                   Jeffrey W. Broker
                                                     General Reorganization Counsel to Debtor and
12                                                   Debtor-in-Possession

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit __A__

Page __7__

-4-

MARK C. SCHNITZER, State Bar No. 48628
MARTHA A. WARRINER, State Bar No. 76132
**REID & HELLYER**
A Professional Corporation
3880 Lemon Street, Fifth Floor
Post Office Box 1300
Riverside, California 92502-1300
Telephone: (951) 682-1771
Facsimile: (951) 686-2415

**ECF-FILED**

JUN 29 2009

Docket # 109

Attorneys for Deep Canyon Holdings, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re | ) CASE NO. 6:08-bk-23006BB |
| | ) Chapter 11 Proceeding |
| THE PRESERVE, LLC, a California Limited | ) |
| Liability Company, | ) **OPPOSITION OF DEEP CANYON** |
| | ) **HOLDINGS, INC. TO MOTION BY POINT** |
| Debtor and | ) **CENTER FINANCIAL, INC. FOR RELIEF** |
| Debtor-in Possession | ) **FROM STAY; DECLARATION OF ALLEN** |
| | ) **PARRIN;** |
| | ) |
| | ) **[FILED CONCURRENTLY WITH** |
| | ) **REQUEST FOR JUDICIAL NOTICE]** |
| | ) |
| | ) DATE:    July 14, 2009 |
| | TIME:    10:00 a.m. |
| | CRTRM.: 303 |

TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY

JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; CREDITORS AND PARTIES IN

INTEREST:

Deep Canyon Holdings, Inc. ("Deep Canyon"), files this Opposition to the MOTION FOR

RELIEF FROM STAY ("Motion") filed by Point Center Financial, Inc. ("Point Center"), and

respectfully represents:

Deep Canyon believes it is the largest fractional, non Point Center related, investor in the

Point Center loan with the Debtor ("Loan"). Deep Canyon is scheduled by the Debtor as having a

secured claim in the original amount of $1,341,600, representing its fractional investment in the

-1-

Exhibit A
Page 4

Exhibit 4
Page 5

1  Loan ("Secured Claim").  The Secured Claim is not indicated to be disputed, contingent or

2  unliquidated.  On April 27, 2009, Deep Canyon filed a secured proof of claim ("Secured Claim")

3  with supporting documents to substantiate its fractional investment.  A copy of the Secured Claim is

4  attached to the declaration of Allen Parrin ("Parrin Declaration") as Exhibit A.

5       In addition, Deep Canyon is scheduled by the Debtor as having an unsecured claim in the

6  original amount of $4,302,000 ("Unsecured Claim").  The Unsecured claim is the largest scheduled

7  unsecured claim and is not indicated to be disputed, contingent or unliquidated.  On April 27, 2009,

8  Deep Canyon filed an unsecured proof of claim ("Unsecured Claim").  A copy of the Unsecured

9  Claim is attached to the declaration of Allen Parrin ("Parrin Declaration") as Exhibit B.

10      Deep Canyon has its own disputes with Point Center regarding the Loan and Point Center's

11  acting as servicer of the Loan.  The closing statement for the Loan, which was attached as an exhibit

12  to the declaration of Scott Krentel in pleadings previously filed in this case, identifies four

13  individual investors holding about .52% of the fractional interests in the Loan.  (See Request for

14  Judicial Notice ("RJN"), Exhibit F and Exhibit 1, p. 20, to the declaration of Scott Krentel).

15      Deep Canyon has not signed any agreement authorizing Point Center to act as the servicer

16  of the Loan that has been recorded.  Deep Canyon has caused the real property records to be

17  searched and has not located any recorded Majority Action Affidavit under *California Civil Code*

18  Section 2941.9 (See RJN, Exhibit G).  After Deep Canyon became a fractional investor in the Loan,

19  it made requests to Point Center to provide it with the names of other fractional investors.  A copy

20  of letters dated January 25, 2008 and September 18, 2008 are attached to the Parrin Declaration as

21  Exhibits C and D.  Point Center has failed to comply with Deep Canyon's requests.  However,

22  according to the recorded deed of trust (Exhibit 1 to the Motion), and the proof of claim filed by

23  Point Center (RJN, Exhibit H, pp. 72-78), Point Center indicates at least a hundred (100) more

24  fractional investors than at Loan closing.  Deep Canyon is not included as an investor in the proof of

25  claim.

26      Deep Canyon understood it would be making periodic investments and receiving additional

27  fractional interests.  After the investments references in Exhibit A, Point Center refused to allow

28  Deep Canyon to make additional investments.  It may be that Deep Canyon is the majority non

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

Exhibit  A
Page  9

-2-

Exhibit  4
Page  6

1    affiliated Point Center investor, but it will not be able to verify that until Point Center complies with

2    its requests for names and addresses of the other investors. Deep Canyon believed that Point Center

3    was not acting in its best interests and served notice of termination as servicer. A copy of the

4    termination letter is attached to the Parrin Declaration as Exhibit E.

5         Deep Canyon has been in discussions with the Debtor and believes it is in its best interest

6    and the best interest of creditors if the Debtor is given the opportunity to reorganize. Point Center

7    has not provided evidence that it is authorized to file the Motion. Deep Canyon has a significant

8    investment in the Debtor. Allowing Point Center relief to foreclose on the Legacy Highlands

9    property would be extremely detrimental, not only to Deep Canyon, but to all non Point Center

10   affiliated creditors and investors.

11        It is therefore respectfully requested that the Motion be denied; and for such other and

12   further relief as the court deems just and proper.

13

14   DATED: June 29, 2009                    Respectfully submitted,

15                                           REID & HELLYER
                                             A PROFESSIONAL CORPORATION
16

17

18   By: _____
                                             MARK C. SCHNITZER
19                                           Attorneys for Deep Canyon Holdings, Inc.

20

21

22

23

24

25

26

27

28

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

Exhibit _____A_____
Page _____10_____

-3-

Exhibit _____4_____
Page _____7_____

1

2

3                    DECLARATION OF ALLEN PARRIN

4

5        I, Allen Parrin, declare:

6        1.       I am the president of Deep Canyon Holdings, Inc.  I have first hand knowledge of

7    the matters set forth herein and if call as a witness could and would competently testify thereto.

8        2.       I believe from my review of the Loan closing statement, the trust deed and the Point

9    Center proof of claim that Deep Canyon is the largest fractional, non Point Center related, investor

10   in the Point Center loan with the Debtor ("Loan").  Deep Canyon is scheduled by the Debtor as

11   having a secured claim in the original amount of $1,341,600, representing its fractional investment

12   in the Loan ("Secured Claim").  The Secured Claim is not indicated to be disputed, contingent or

13   unliquidated.  On April 27, 2009, Deep Canyon filed a secured proof of claim ("Secured Claim")

14   with supporting documents to substantiate its fractional investment.  A copy of the Secured Claim is

15   attached hereto  as Exhibit A.

16       3.       In addition, Deep Canyon is scheduled by the Debtor as having an unsecured claim in

17   the original amount of $4,302,000 ("Unsecured Claim").  The Unsecured claim is the largest

18   scheduled unsecured claim and is not indicated to be disputed, contingent or unliquidated.  On April

19   27, 2009, Deep Canyon filed an unsecured proof of claim ("Unsecured Claim").  A copy of the

20   Unsecured Claim is attached hereto as Exhibit B.

21       4.       Deep Canyon has its own disputes with Point Center regarding the Loan and Point

22   Center's acting as servicer of the Loan.  The closing statement for the Loan, which was attached as

23   an exhibit to the declaration of Scott Krentel in pleadings previously filed in this case, identifies

24   four individual investors holding about  .52% of the fractional interests in the Loan.

25       5.       On behalf of Deep Canyon, I have not signed any agreement authorizing Point Center

26   to act as the servicer of the Loan that has been recorded.  On behalf of Deep Canyon, I caused the

27   real property records to be searched and have not located any recorded Majority Action Affidavit.

28   After Deep Canyon became a fractional investor in the Loan, on its behalf I made requests to Point

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

-4-

Exhibit ___A___
Page _____11_____

Exhibit ___4___
Page _____8_____

1   Center to provide Deep Canyon with the names of other fractional investors.  Copies of letters dated

2   January 25, 2008 and September 18, 2008 are attached hereto as Exhibits C and D.  Point Center has

3   failed to comply with my requests.  However, according to the recorded deed of trust and the proof

4   of claim filed by Point Center, Point Center indicates at least a hundred (100) more fractional

5   investors than at Loan closing.  Deep Canyon is not included as an investor in the proof of claim.

6          6.     I understood that Deep Canyon would be making periodic investments and receiving

7   additional fractional interests.  After the investments references in Exhibit A, Point Center refused

8   to allow Deep Canyon to make additional investments. It may be that Deep Canyon is the majority

9   non affiliated Point Center investor, but I will not be able to verify that until Point Center complies

10  with Deep Canyon's  requests for names and addresses of the other investors.  Since I believed that

11  Point Center was not acting in the best interests of Deep Canyon, on Deep Canyon's behalf I served

12  notice of termination as servicer.  A copy of the termination letter is attached hereto as Exhibit E.

13         7.     On behalf of Deep Canyon, I have been in discussions with the Debtor and believe it

14  is in Deep Canyon's best interest and the best interest of creditors if the Debtor is given the

15  opportunity to reorganize.  Deep Canyon has a significant investment in the Debtor.  Allowing Point

16  Center relief to foreclose on the Legacy Highlands property would be extremely detrimental, not

17  only to Deep Canyon, but to all non Point Center affiliated creditors and investors.  Deep Canyon

18  therefor, opposes the Motion and requests that it be denied.

19         I declare under penalty of perjury under the laws of the State of California that the foregoing

20  is true and correct.  Dated this 26th day of June, 2009.

21

22                                          _____
                                                      Allen Parrin
23

24

25

26

27

28

Exhibit A
Page 12

-5-

Exhibit 4
Page 9

# EXHIBIT A

Exhibit ___A___

Page ___13___

-6-

Exhibit ___4___

Page ___10___

Case 2:10-bk-18429-BB   Doc 183   Filed 10/28/09   Entered 10/28/09 12:13:42   Desc
CM/ECF - U.S. Bankruptcy Court (v3.3.1 - LIVE)   Main Document   Page 14 of 50

Page 1 of 1

## U.S. Bankruptcy Court

## Central District Of California

Notice of Electronic Claims Filing

The following transaction was received from Schnitzer, Mark on 4/27/2009 at 11:15 AM PDT

| | |
|---|---|
| **Case Name:** | The Preserve, LLC |
| **Case Number:** | 6:08-bk-23006-BB |
| **Creditor Name:** | Deep Canyon Holdings Inc.<br>P O Box 10723<br>Palm Desert, CA 92255 |
| **Claim Number:** | 6    Claims Register |
| **Total Amount Claimed:** | $1484914.71 |

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**S:\WP\D0766\pleadings\ECF\Proof of Claim [Secured].pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=4/27/2009] [FileNumber=25219116-
0] [a403b430a696330c9fd2dff51bcecc61038e526dccbce361a1b0612df2446b0f57
c703daba6f9ff84df36c70f88a772bf583eb7d195ef7324aaa86021314bb3a]]

File another claim

Exhibit ___A___
Page ___14___

Exhibit ___4___
Page ___11___

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>The Preserve, LLC, a California Limited Liability Company | Case Number:<br>6:08-bk-23006BB |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Deep Canyon Holdings, Inc. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Mark C. Schnitzer, Esq.<br>Reid & Hellyer, APC<br>P.O. Box 1300<br>Riverside, CA 92502<br>Telephone number 951-682-1771 | Court Claim Number: _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br>Deep Canyon Holdings, Inc.<br>P.O. Box 10723<br>Palm Desert, CA 92255<br><br>Telephone number | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:    $1,484,914.71 | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4 | |
| If all or part of your claim is entitled to priority, complete item 5. | Specify the priority of the claim. |
| X Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B) |
| 2. Basis for Claim: Money loaned.<br>(See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 3. Last four digits of any number by which creditor identifies debtor: _____<br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:    X Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe: | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). |
| Value of Property: $103,000,000.00    Annual Interest Rate 12.5 %<br>Amount of arrearage and other charges as of time case filed included in secured claim,<br>if any: $ _____    Basis for perfection: _____<br>Amount of Secured Claim: $1,484,914.71    Amount Unsecured: $ _____ | ☐ Taxes or penalties owed to governmental units – 11 U.S.C §507 (a)(8). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)( _____ ). |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | Amount entitled to priority:<br><br>$ 0.00<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| Date:<br>4·24·09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  *[signature]*<br><br>Deep Canyon Holdings, Inc. By A. Parrin, President | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim. Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.*                    B10

Exhibit ___A___
Page ___15___

-8-

Exhibit ___4___
Page ___12___

## ITEMIZATION OF INTEREST

Principal:                                      $1,341,600.00

Interest at 12.5% from 12-12-2007                143,314.71

Total secured claim on 9-25-2008                $1,484,914.71

Exhibit ___ A ___
Page ___ 16 ___

-9-

Exhibit ___ 4 ___
Page ___ 13 ___

$1.0 MILLION POINT CENTER INVESTMENT

ASSIGNMENT OF UNDIVIDED 2.5641%

Exhibit ___A___

Page ___17___

Exhibit ___4___

Page ___14___

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

NAME       Point Center Financial, Inc.
ADDRESS   30900 Rancho Viejo Road, #100
CITY &     San Juan Capistrano, CA 92675
STATE
Attn:      Loan Servicing Department

Loan #206070/The Preserve, LLC

---

## CORPORATION ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to:

**Deep Canyon Holdings, Inc., a Nevada corporation, as to an undivided 2.5641% interest.**

All of Assignor's undivided right, title and beneficial interest of the undersigned, without recourse or warranty, in and to that certain Deed of Trust dated **September 21, 2006** executed by **The Preserve, LLC, a California limited liability company**, as Trustor to National Financial Lending, Inc., a California corporation, as Trustee and recorded on **October 23, 2006** as instrument no. **2006-776838** of Official Records in the office of the County Recorder of **Riverside** County, State of **California**, describing land therein.

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: December 12, 2007

Point Center Financial, Inc.
a California corporation

By: _____
Dan J. Harkey, President

STATE OF CALIFORNIA
COUNTY OF ORANGE

On _12-12-07_, before me, _M. Courtney Hagee_, a Notary Public in and for said County, and State, personally appeared Dan J. Harkey, personally known to me (or proven to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

M. COURTNEY HAGEE
COMM. #1663368
Notary Public-California
ORANGE COUNTY
My Comm. Exp. May 2, 2010

Place Notary Seal Above

Exhibit _A_
Page _18_

Exhibit _4_
Page _15_

Loan #206070/The Preserve, LLC

## CORPORATION ASSIGNMENT OF PROMISSORY NOTE

Dated: December 12, 2007

FOR VALUABLE CONSIDERATION, RECEIPT OF WHICH IS HEREBY
ACKNOWLEDGED, THE UNDERSIGNED HEREBY ASSIGNS AND TRANSFERS TO:

**Deep Canyon Holdings, Inc., a Nevada corporation, as to an undivided 2.5641%
interest.**

ALL OF ASSIGNOR'S UNDIVIDED BENEFICIAL INTEREST, <u>AS STATED</u>, IN AND TO
THIS NOTE FOR $39,000,000.00 TOGETHER WITH ALL INTEREST ACCRUED OR TO
ACCRUE THEREFROM.


Point Center Financial, Inc.
a California corporation

By: _____
Dan J. Harkey, President

$341,600 POINT CENTER INVESTMENT

ASSIGNMENT OF UNDIVIDED .876%

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

NAME        Point Center Financial, Inc.
  DRESS    30900 Rancho Viejo Road, #100
CITY &      San Juan Capistrano, CA 92675
STATE
Attn:        Loan Servicing Department

Loan #206070/The Preserve, LLC

---

## CORPORATION ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to:

**Deep Canyon Holdings, Inc., a Nevada corporation, as to an undivided 0.876% interest.**

All of Assignor's undivided right, title and beneficial interest of the undersigned, without recourse or warranty, in and to that certain Deed of Trust dated **September 21, 2006** executed by **The Preserve, LLC, a California limited liability company, as Trustor** to National Financial Lending, Inc., a California corporation, as Trustee and recorded on **October 23, 2006** as instrument no. **2006-776838** of Official Records in the office of the County Recorder of **Riverside County, State of California**, describing land therein.

GETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: January 29, 2008

                                Point Center Financial, Inc.
                                a California corporation

                                By: _____
                                      Dan J. Harkey, President

STATE OF CALIFORNIA
COUNTY OF ORANGE

On _January 29, 2008_ before me, _M. Courtney Hagee_____, a Notary Public personally appeared Dan J. Harkey, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

Witness my hand and official seal.

```
M. COURTNEY HAGEE
COMM. #1663368
Notary Public-California
ORANGE COUNTY
My Comm. Exp. May 2, 2010
```

Place Notary Seal Above

Exhibit ___A___
Page ___21___

-14-

Exhibit ___4___
Page ___18___

**Loan #206070/The Preserve, LLC**

## CORPORATION ASSIGNMENT OF PROMISSORY NOTE

Dated: January 29, 2008

FOR VALUABLE CONSIDERATION, RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED, THE UNDERSIGNED HEREBY ASSIGNS AND TRANSFERS TO:

**Deep Canyon Holdings, Inc., a Nevada corporation, as to an undivided 0.876% interest.**

ALL OF ASSIGNOR'S UNDIVIDED BENEFICIAL INTEREST, <u>AS STATED</u>, IN AND TO THIS NOTE FOR $39,000,000.00 TOGETHER WITH ALL INTEREST ACCRUED OR TO ACCRUE THEREFROM.

Point Center Financial, Inc.
a California corporation

By: _____
Dan J. Harkey, President

Exhibit __A__
Page __22__

-15-

Exhibit __4__
Page __19__

# EXHIBIT B

Exhibit _A_
Page _23_

-16-

Exhibit _4_
Page _20_

## U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Claims Filing

The following transaction was received from Schnitzer, Mark on 4/27/2009 at 11:12 AM PDT

| | |
|---|---|
| **Case Name:** | The Preserve, LLC |
| **Case Number:** | 6:08-bk-23006-BB |
| **Creditor Name:** | Deep Canyon Holdings Inc.<br>P O Box 10723<br>Palm Desert, CA 92255 |
| **Claim Number:** | 5    Claims Register |
| **Total Amount Claimed:** | $4391876.23 |

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** S:\WP\D0766\pleadings\ECF\Proof of Claim [Unsecured].pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=4/27/2009] [FileNumber=25218995-0] [32785e88e2adc776e07a116f2b5dd9cb2e9b6306710ec57c5e58b82ad9906fa9a2 d3bdec395bcf78c3fd99157e982eee491becdad703ea327223b307ca2936f2]]

File another claim

Exhibit A
Page 24

-17-

Exhibit 4
Page 27

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>The Preserve, LLC, a California Limited Liability Company | Case Number:<br>6:08-bk-23006BB |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Deep Canyon Holdings, Inc.

Name and address where notices should be sent:
Mark C. Schnitzer
Reid & Hellyer, APC
P.O. Box 1300
Riverside, CA 92502
Telephone number 951-682-1771

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
Deep Canyon Holdings, Inc.
P.O. Box 10723
Palm Desert, CA 92255

Telephone number

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $4,391,876.23

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

X   Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges

**2. Basis for Claim:** Financial Accommodations
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property: $0.00    Annual Interest Rate ___ %

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $0.00    Basis for perfection: _____

Amount of Secured Claim: $0.00    Amount Unsecured: $0.00

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use– 11 U.S.C §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C §507 (a)( ___ )

Amount entitled to priority:

$0.00

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>+ 2-4-09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>[signature]<br><br>Deep Canyon Holdings, Inc. By A. Parrin, President | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.*    B10

Exhibit   A
Page   25

-18-

Exhibit   4
Page   22

ITEMIZATION OF INTEREST

| | |
|---|---|
| Financial Accommodation: | $4,302,000.00 |
| Interest at 7.5%  from 12-12-2007 to 9-25-2008 | 89,876.23 |
| Total unsecured claim on 9-25-2008 | $4,391,876.23 |

Exhibit __A__
Page __26__

-19-

Exhibit __4__
Page __23__

# EXHIBIT C

Exhibit _A_

Page _27_

-20-

Exhibit _4_

Page _24_

# Deep Canyon Holdings, Inc.

January 25, 2008

Mr. Dan Harkey
Point Center Financial, Inc.
30900 Rancho Viejo Road, #100
San Juan Capistrano, CA 92675

RE:   The Preserve, LLC
      List of Joint Beneficiaries

Dear Mr. Harkey:

We have today made an additional investment in the note and deed of trust secured by real property owned by the The Preserve, LLC.

We have not received the list of the names and addresses of the other beneficiaries under the note described herein, available to us under your subscription agreement, from either the broker or the servicing agent.

Please consider this a formal request for the list of the names and addresses of the other beneficiaries under the note in which we are a joint beneficiary to be furnished to us promptly.

Yours very truly,

DEEP CANYON HOLDINGS, INC.

By:   A. Parrin
Its:   President

Exhibit ___A___
Page ___28___

-21-

Exhibit ___4___
Page ___25___

# EXHIBIT D

Exhibit ___A___
Page ___29___

Exhibit ___4___
Page ___26___

# *Deep Canyon Holdings, Inc.*

September 18, 2008

Mr. Dan Harkey
Point Center Financial, Inc.
7 Argonaut
Aliso Viejo, CA 92656

RE:    The Preserve, LLC Loan

Dear Mr. Harkey:

As you may recall, this firm is an investor in the loan to The Preserve and for some months we have requested appropriate contact information for each of the co-investors in that loan.

Your continued failure to constructively respond to our request for information regarding co-investors in the loan to The Preserve will no longer be tolerated.   Demand is made, for the last time, for sufficient contact information for each of the co-investors named on the Deed of Trust recorded against The Preserve property so that representatives of Deep Canyon Holdings can contact them regarding the present situation.

If the requested information is not received by the end of the business day on September 24, 2008, we intend to pursue the appropriate civil remedies against your firm, yourself, and each of the individuals who participated in this investment on behalf of Point Center.

Yours very truly,

DEEP CANYON HOLDINGS, INC.

By:    A. Parrin
Its:    President

Exhibit A
Page 30

Exhibit 4
Page 27

# EXHIBIT E

Exhibit ___A___
Page ___31___



Exhibit ___4___
Page ___28___

# Deep Canyon Holdings, Inc.

October 3, 2008

Mr. Dan Harkey
Point Center Financial, Inc.
7 Argonaut
Aliso Viejo, CA 92656

RE:    The Preserve, LLC Loan

Dear Mr. Harkey:

The purpose of this letter is to give notice of termination of any and all Servicing Agreements that may pertain or be alleged to pertain to the relationship that exists between Point Center Financial, Inc. ("Point Center") and Deep Canyon Holdings, Inc. ("Deep Canyon") with regard to Deep Canyon's investment in The Preserve. While Deep Canyon is of the opinion that no valid Servicing Agreement presently exists between Point Center and Deep Canyon, and the forwarding of this letter in no way is an admission that any Servicing Agreement either exists or controls the conduct and liability of the parties with regard to the investment by Deep Canyon, Point Center is hereby notified Deep Canyon hereby terminates Point Center's "servicer" position effective immediately.

This termination is for cause as Point Center has defaulted and continues to default under both the draft Servicing Agreement attached to the Subscription Agreement and the duties, both fiduciary and otherwise, owed to Deep Canyon by Point Center as a broker, agent, servicer, and co-investor as those interests either appear or are subsequently found to be in existence between the parties. Point Center has continuously, without exception, refused to supply contact information to Deep Canyon regarding other purported investors in The Preserve, thus effectively preventing Deep Canyon from obtaining the 50% majority vote for actions taken by investors, in the unlikely event the Servicing Agreement controls the relationship. This willful misconduct is obviously in bad faith and terminates any obligation of any investor under any Servicing Agreement pertaining to The Preserve which may otherwise ultimately be applied to the issues at hand.

Further multiple violations of the Servicing Agreement and of the fiduciary duties that exist between Deep Canyon, on the one hand, and Point Center and its multiple affiliates and controlled entities, on the other, include, but are not limited to, commingling of funds, failure to fund, failure to attempt to fund, overt refusal to allow funding by the borrower, further overt steps by Point Center to cause a purported default under The Preserve's loan agreement, failure to pay, failure to truthfully represent the amount funded, potential conversion of funds, and other violations of duties owed to Deep Canyon and other investors which are the subject of further investigation.

*Deep Canyon Holdings Inc*
*Post Office Box 10723 Palm Desert CA 92255*

-25-

Exhibit __A__
Page __32__

Exhibit __4__
Page __29__

Mr. Dan Harkey
October 3, 2008
Page Two

It clearly appears from documentation including, but not limited to, the Deed of Trust for
The Preserve loan that Deep Canyon individually holds more than 50% of the fractional interests
of the actual money invested in The Preserve (according to Point Center's admissions) other than
interests held by Point Center and its controlled entities. Therefore, this termination is in full
accordance with the termination requirements of the Servicing Agreement, if the Agreement
should ever be held to be applicable to Deep Canyon. In addition, any sums claimed by Point
Center to be due as a "servicer" will be subject to all offsets, damages, repayment of converted
commissions, and other expenses unlawfully claimed by Point Center and obtained through the
close of escrow, unearned servicing fees, and other valid costs, expenses, and damages caused as
a result of Point Center's and its controlled entities' actions.

You are immediately directed to turn over originals of all accounting records, investor
lists, and other records, books of account, correspondence, and the like to Deep Canyon or its
designee.

Your continued failures to respond other than by refusal to cooperate and proceeding
with unauthorized actions has caused, and will continue to cause, the investors substantial
damages. Demand is thereby made for an immediate response from Point Center which response
must include confirmation of an early delivery of all relevant documents, books of account, bank
statements, and other accounting records. Failure to do so will result in the filing of a civil
lawsuit against Point Center and its affiliates, controlled parties, managers, and representatives to
enforce the investors' rights.

Demand is further made that copies of this letter be immediately forwarded to all other
investors in The Preserve. Failure to do so will be yet another willful failure by Point Center and
will be further evidence of its continuing misrepresentations.

Yours very truly,

DEEP CANYON HOLDINGS, INC.

By:    A. Parrin
Its:    President

| In re:<br>THE PRESERVE, LLC, a California Limited Liability Company<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 6:08-BK-23006BB |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

3880 Lemon Street, 5th Floor, Riverside, CA 92501
Mailing Address:  P.O. Box 1300, Riverside, CA 92502-1300

The foregoing document described OPPOSITION OF DEEP CANYON HOLDINGS, INC. TO MOTION BY POINT CENTER FINANCIAL, INC. FOR RELIEF FROM STAY; DECLARATION OF ALLEN PARRIN; will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 29, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On June 29, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Honorable Sheri Bluebond
United States Bankruptcy Court
Edward R. Roybal Federal Building
255 E. Temple Street, Room 940
Los Angeles, CA  90012

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 29, 2009 | Lori Bequette | *[signature]* |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                  **F 9013-3.1**

Exhibit ___A___
Page ___34___

Exhibit ___4___
Page ___31___

# Mailing Information for Case 6:08-bk-23006-BB

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- **Jeffrey W Broker**    jbroker@brokerlaw.biz
- **Don Fisher**    dfisher@ptwww.com
- **Marc C Forsythe**    kmurphy@goeforlaw.com
- **Robert P Goe**    kmurphy@goeforlaw.com
- **Richard A Harvey**    dickatlaw@cox.net
- **Elizabeth A Lossing**    elizabeth.lossing@usdoj.gov
- **Mark C Schnitzer**    mschnitzer@rhlaw.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov
- **David R Zaro**    dzaro@allenmatkins.com
- **Joshua del Castillo**    jdelcastillo@allenmatkins.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

> **Jeffrey S Benice**
> 650 Town Center Drive Ste 1300
> Costa Mesa, CA 92626
>
> **- Broker & Associates**
> 18191 Von Karman Ave Ste 470
> Irvine, CA 92612-7114
>
> **Gresham Savage Nolan & Tilden APC**
> 3750 University Ave, Ste 250
> Attn: John Nolan Esq.
> Riverside, CA 92501-3335
>
> **Richard A Harvey**
> 21076 Bake Parkway Ste 106
> Lake Forest, CA 92630
>
> **Law Office of Richard A Harvey**
> 21076 Bake Parkway Ste 106
> Lake Forest, CA 92630

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## Mailing Matrix

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.

Exhibit  A
Page  35

Exhibit  4
Page  32

## File an answer to a motion:

6:08-bk-23006-BB The Preserve, LLC

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 6 (Riverside) |
| Assets: y | Judge: BB | Case Flag: PlnDue, DsclsDue |

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Mark C Schnitzer entered on 6/29/2009 at 11:27 AM PDT and filed on 6/29/2009

**Case Name:** The Preserve, LLC
**Case Number:** 6:08-bk-23006-BB
**Document Number:** 109

**Docket Text:**
Opposition to (related document(s): [105] Notice of motion/application filed by Creditor Point Center Financial Inc) *Opposition of Deep Canyon Holdings, Inc. to Motion by Point Center Financial, Inc. For Relief From Stay; Declaration of Allen Parrin with Proof of Service* Filed by Creditor Deep Canyon Holdings, Inc. (Schnitzer, Mark)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**S:\WP\D0766\pleadings\ECF\Opposition for Relief From Stay.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=6/29/2009] [FileNumber=26473522-0] [ca84599501e90ad2d46c86056d6a5088afd3796154fbf2fd3faba366dfe67d0d62 7c4875165dbd8faa5b56331d5d1e098893294efa2428229375d0edb6102875]]

**6:08-bk-23006-BB Notice will be electronically mailed to:**

Jeffrey W Broker on behalf of Debtor The Preserve, LLC
jbroker@brokerlaw.biz

Don Fisher on behalf of Creditor PALMIERI, TYLER, WIENER WILHELM & WALDRON LLP
dfisher@ptwww.com

Marc C Forsythe on behalf of Creditor Point Center Financial Inc
kmurphy@goeforlaw.com

Robert P Goe on behalf of Attorney Robert Goe
kmurphy@goeforlaw.com



Richard A Harvey on behalf of Plaintiff The Preserve LLC
dickatlaw@cox.net

Elizabeth A Lossing on behalf of U.S. Trustee United States Trustee (RS)
elizabeth.lossing@usdoj.gov

Mark C Schnitzer on behalf of Creditor Deep Canyon Holdings, Inc.
mschnitzer@rhlaw.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

David R Zaro on behalf of Interested Party Courtesy NEF
dzaro@allenmatkins.com

Joshua del Castillo on behalf of Interested Party Courtesy NEF
jdelcastillo@allenmatkins.com

**6:08-bk-23006-BB Notice will not be electronically mailed to:**

Jeffrey S Benice on behalf of Defendant Escrow Professionals Inc
650 Town Center Drive Ste 1300
Costa Mesa, CA 92626

- Broker & Associates
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114

Gresham Savage Nolan & Tilden APC
3750 University Ave, Ste 250
Attn: John Nolan Esq.
Riverside, CA 92501-3335

Richard A Harvey
21076 Bake Parkway Ste 106
Lake Forest, CA 92630

Law Office of Richard A Harvey
21076 Bake Parkway Ste 106
Lake Forest, CA 92630

Exhibit A
Page 37

Exhibit    6/29/2009    4
Page    34

1   David C. Grant (SBN 053635)
    Catherine Convy (SBN 178208)
2   Amanda R. Breneman (SBN 252810)
    GRANT, GENOVESE & BARATTA, LLP
3   2030 Main Street, Suite 1600
    Irvine, CA  92614
4   Telephone:  (949) 660-1600
    Facsimile:  (949) 660-6060
5   Email: dcg@ggb-law.com
           catherine@ggb-law.com
6          arb@ggb-law.com

7   Attorneys for Real Parties In Interest

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       RIVERSIDE DIVISION

11

12  In re                                Case No. 6:08-bk-23006BB
                                          Chapter 11 Proceeding
13
    THE PRESERVE, LLC, a California Limited
14  Liability Company,                    OPPOSITION OF REAL PARTIES IN
                                          INTEREST TO MOTION BY POINT
15            Debtor and                  CENTER FINANCIAL, INC. FOR
                                          RELIEF FROM STAY
16            Debtor-in Possession

17                                        DATE    :   July 14, 2009
                                          TIME    :   10:00 a.m.
18                                        CRTRM.  :   303

19

20

21

22

23      TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY

24  JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; MOVING PARTY AND

25  PARTIES IN INTEREST:

26

27  // // //

28

Exhibit   A
Page      38

Exhibit   5
Page      35

1

1    Real parties in interest Albert Hechinger and Kathryn Berkowitz, co-trustees of The Kathryn

2  and Albert Family Trust dated May 15, 2009, Terry Norman Holdt and Sharon Rae Holdt, Trustees of

3  the Holdt Living Trust, Robert M. Peppercorn, authorized agent for Pensco Trust Company as

4  Custodian of IRA# PE1DY FBO Robert M. Peppercorn, Paul Kranser, M.D., Trustee of The Paul

5  Krasner M.D., Defined Benefit Pension Plan and Trust and Trustee of The Nephrology Medical Group

6  of Orange County Profit Sharing Plan Retirement Trust, Sid K. Louie and Jessica M. Louie, Trustees

7  of the Sid K. and Jessica M. Louie Family Limited Partnership, Max Perry and Mary Perry, Trustees of

8  the Alder Creek Family Trust, Robert L. Wells, Trustee of The Robert L. Wells Trust Dated April 4,

9  1991, and Wanda Harrell (Wells) ("Real Parties in Interest") hereby submit the following

10  memorandum of points and authorities in Opposition to the Motion for Relief from Stay ("Motion")

11  filed by Point Center Financial, Inc. ("Point Center").

12

13                          **MEMORANDUM OF POINTS AND AUTHORITIES**

14

15  **I.      SUMMARY OF OPPOSITION.**

16

17    Real Parties in Interest are among several of those investors who were lured by Point Center

18  into investing their money in fractionalized trust deeds (including The Preserve, LLC) under the guise

19  their investment would be well managed and they would be kept apprised of the status of their loan.

20  The victims of a fraudulent investment scheme perpetuated by Point Center and its President Dan

21  Harkey, Real Parties in Interest found themselves in the midst of a slickly designed plot to enrich Mr.

22  Harkey with innocent investor monies.  Compounding the damages suffered by Real Parties in Interest,

23  they have now learned a borrower, The Preserve, LLC, has attempted (but failed due to Point Center's

24  meritless objections) to acquire the individual investors' contact information from Point Center in an

25  effort to avoid an imminent foreclosure by Point Center and engage in negotiations with them—as the

26  investors are indeed the real parties in interest—concerning a reorganization plan such as a payoff and

27  payment options and/or profit participation in the future of the project.  As Real Parties in Interest have

28  not been kept apprised of all proceedings concerning their investment, have not been provided with the





2

1  opportunity to view or discuss any reorganization plan with The Preserve, LLC, they thus object to any

2  foreclosure on the loan security until such time when they can properly determine the best course of

3  business to maximize the value of their investment.

4

5  **II.    LEGAL DISCUSSION.**

6

7      Real Parties in Interest are investors in Point Center arranged loan #206070 to The Preserve,

8  LLC ("The Preserve"). Indeed, each Real Party in Interest appears as a Beneficiary on Exhibit C to the

9  Deed of Trust. (Louie Dec. ¶ 3, Exh. "A").

10

| Real Party In Interest / Investor | Undivided % Interest | Approximate Investment |
|---|---|---|
| 1  Albert Hechinger and Kathryn Berkowitz, co-trustees of The Kathryn and Albert Family Trust dated May 15, 2009 | .259% | $101,010 |
| 2  Terry Normal Holdt and Sharon Rae Holdt, Trustees of the Holdt Living Trust | .128% | $49,000 |
| 3  Robert M. Peppercorn, authorized agent for Pensco Trust Company as Custodian of IRA# PE1DY FBO Robert M. Peppercorn | .127% | $50,000 |
| 4  Paul Krasner, M.D., Trustee of The Paul Krasner M.D., Defined Benefit Pension Plan and Trust | .385% | $150,000 |
| 5  Paul Krasner, M.D., Trustee of The Nephrology Medical Group of Orange County Profit Sharing Plan Retirement Trust | .128% | $50,000 |
| 6  Sid K. and Jessica M. Louie, Trustees of the Sid K. and Jessica M. Louie Family Limited Partnership[1] | .128% | $49,920 |
| 7  Max Perry and Mary Perry, Trustees of the Alder Creek Family Trust | .256% | $100,000 |

---

[1]    While Sid K. and Jessica M. Louie, Trustees of the Sid K. and Jessica M. Family Limited Partnership, invested approximately $49,200 in The Preserve, LLC, the Deed of Trust attached as Exhibit "A" to the Declaration of Jessica Louie does not include the undivided interest percent of Sid K. and Jessica M. Louie, Trustees of the Sid K. and Jessica M. Louie Family Limited Partnership. *See* Louie Declaration ¶ 2.

Exhibit _____ A

Page _____ 40

Exhibit _____ 5

Page _____ 37

| | | | |
|---|---|---|---|
| 8 | Robert L. Wells, Trustee of The Robert L. Wells Trust Dated April 4, 1991 | .512% | $199,680 |
| 9 | Wanda Harrell (Wells) | .512% | $199,680 |
| | | **2.435%** | **$949,290** |

Thus, as the legitimate investors/credits involved in The Preserve, LLC, Real Parties in Interest—not Point Center who simply arranged the loan for the benefit of the borrower—are indispensable parties to this Motion and must be provided with notice of same and an opportunity to investigate all feasible options before any foreclosure takes place.

A.  **Real Parties In Interest, Who Were Not Provided With Notice Of This Motion, Have Been Precluded From Engaging In Reorganization Discussion With The Borrower.**

Real Parties in Interest have only recently learned The Preserve, LLC wants to negotiate with the investors, the legitimate real parties in interest, to discuss a reorganization plan such as a payoff and payment options and/or profit participation in the future of the project. (See Hechinger, Holdt, Krasner, Peppercorn, Perry, Wells, Harrell Decs., ¶ 4; Louie Dec., ¶ 5; Opposition of Debtor, pg. 22). Indeed, Real Parties in Interest were never informed the borrower/debtor, The Preserve, LLC, ever sought to contact them. (See Hechinger, Holdt, Krasner, Peppercorn, Perry, Wells, Harrell Decs., ¶ 5; Louie Dec., ¶ 6). As Real Parties in Interest have not been kept apprised of all proceedings concerning their investment's security, they rightfully object to any actions being taken with respect to said security without proper notice and prior authorization. (See Hechinger, Holdt, Krasner, Peppercorn, Perry, Wells, Harrell Decs., ¶ 6; Louie Dec., ¶ 7). As such, Real Parties in Interest, having been provided with no information on this matter, object to any foreclosure as not in the best interest of all real parties in interest—the investors. (See Hechinger, Holdt, Krasner, Perry, Wells, Harrell Decs., ¶ 7; Louie Dec., ¶ 8).

Exhibit _____ A
Page _____ 41

Exhibit _____ 5
Page _____ 38

1    As Real Parties in Interest desire to optimize the value of their investment and they understand

2    The Preserve, LLC intends to submit a reorganization plan to accomplish that objective; it is not in

3    their best interest, or the best interest of anyone other than Point Center for that matter, to allow Point

4    Center to foreclose on the property. Real Parties in Interest must be provided with the opportunity to

5    evaluate a proposed reorganization plan presented by The Preserve, LLC in order to better determine

6    the most beneficial avenue to maximize the value of their investment.

7

8    **B.**    **<u>Permitting Point Center To Foreclose Will Be To The Detriment of Real Parties In</u>**

9    **<u>Interest—And To All Investors.</u>**

10

11    Not only are Real Parties in Interest direct trust deed investors in The Preserve, LLC in an

12    approximate total amount of $950,000, but they are Plaintiffs in Orange County Superior Court Case

13    styled *Lloyd Charton, et al. v. National Financial Lending, LLC, et al.*, Case No. 30-2008-00114401.

14    In that action, currently pending before the Honorable Ronald Bauer in Orange County's Complex

15    Civil Department, Real Parties in Interest allege, among other causes of action, Point Center breached

16    (and continues to breach) its fiduciary duty with regard to the lending, servicing and managing of Point

17    Center offered loans as well as in the managing of real estate owned assets following foreclosures.

18    Moreover, Real Parties in Interest charge Point Center with collecting exorbitant fees in all stages of

19    the loan, foreclosure and real estate owned stage. It is believed currently Point Center is collecting a

20    monthly management fee of $97,500, which equals 2.5% of the loan amount ($39,000,000). To allow

21    Point Center to foreclosure on the property and gain control of the asset will necessarily result in the

22    continued maiming of what little money the investors have left.

23

24    In sum, not only do Real Parties in Interest object to this Motion as they, as indispensable

25    parties, were not provided with notice of the potential impending foreclosure on their investment's

26    security, but Real Parties in Interest object to this Court providing Point Center, an investment

27    manager who has consistently engaged in "hide the ball" tactics, with the opportunity to continue to

28

Exhibit    A
Page    42

Exhibit    5
Page    39

1  extort excessive fees and engage in the same such illegal activities for which Real Parties in Interest

2  brought suit in the above-referenced Orange County lawsuit.

4  **III.      CONCLUSION.**

6      It is therefore respectfully requested this Court Deny the Motion for Relief from Stay and

7  permit The Preserve, LLC to present a reorganization plan to the investors so that all real parties in

8  interest can make an informed decision concerning the future of the investment.

10  DATED: July 10, 2009                     GRANT, GENOVESE & BARATTA, LLP
11                                           DAVID C. GRANT
                                             CATHERINE CONVY
12                                           AMANDA R. BRENEMAN

15                                           By: _Amanda Breneman_
16                                               Amanda R. Breneman

17                                           Attorneys for Real Parties In Interest, Albert
                                             Hechinger, Kathryn Berkowitz, Terry and
18                                           Sharon Holdt, Robert Peppercorn, Paul
                                             Krasner, Sid and Jessica Louie, Max and
19                                           Mary Perry, Robert and Wanda Wells

Exhibit  A
Page  43

Exhibit  5
Page  40

6

| In re: The Preserve, LLC, a California Limited Liability Company | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2030 Main Street, Irvine, CA 92614

A true and correct copy of the foregoing document described OPPOSITION OF REAL PARTIES IN INTEREST TO MOTION BY POINT CENTER FINANCIAL, INC. TO MOTION FOR RELIEF FROM STAY_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY OVERNIGHT MAIL** (indicate method for each person or entity served):
On July 20, 2009 _____I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See Attachment.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond, 225 E. Temple St., Room 940, Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 10, 2009 | Gerry Lynn Gauden | _Signature_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009     Exhibit ____A____

Page ____44____

Exhibit __5__   F 9013-3.1

Page ____41____

**Robert P Goe**
Goe & Forsythe, LLP
660 Newport Center Drive, Suite 320
Newport Beach, Ca 92660
(949) 467-3780
(949) 721-0409 (fax)
kmurphy@goeforlaw.com
*Assigned: 10/08/2008*

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com

**Elizabeth A Lossing**
3685 Main St Ste 300
Riverside, CA 92501
951-276-6354
951-276-6973 (fax)
elizabeth.lossing@usdoj.gov
*Assigned: 10/02/2008*

representing

**United States Trustee (RS)**
3685 Main Street, Suite 300
Riverside, CA 92501
ustpregion16.rs.ecf@usdoj.gov
*(U.S. Trustee)*

**Mark C Schnitzer**
Reid & Hellyer APC
P O Box 1300
Riverside, CA 92502-1300
951-682-1771
mschnitzer@rhlaw.com
*Assigned: 10/27/2008*
*Assigned: 11/14/2008*

representing

**Courtesy NEF**
*(Interested Party)*

representing

**Deep Canyon Holdings, Inc.**
*(Creditor)*

**David R Zaro**
515 S Figueroa St 7th Fl
Los Angeles, CA 90071-3398
213-622-5555
213-620-8816 (fax)
dzaro@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**Joshua del Castillo**
515 S Figueroa St
7th Fl
Los Angeles, CA 90071
213-622-5555
213-620-8816 (fax)
jdelcastillo@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

Exhibit ___A___
Page ___45___

Exhibit ___5___
Page ___42___

**Jeffrey W Broker**
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114
949-222-2000
949-222-2022 (fax)
jbroker@brokerlaw.biz
  *Assigned: 09/25/2008*

representing

**The Preserve, LLC**
7006 Magnolia Ave
PMB No 309
Riverside, CA 92506
*(Debtor)*

**Don Fisher**
2603 Main St E Tower Ste1300
Irvine, CA 92614-6228
949-851-9400
949-757-1225 (fax)
dfisher@ptwww.com
  *Assigned: 11/12/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**PALMIERI, TYLER, WIENER
WILHELM & WALDRON LLP**
2603 Main St
Suite 1300
Irvine, CA 92614-9712
(949) 851-9400
(949) 757-1225 (fax)
dfisher@ptwww.com
*(Creditor)*

representing

Creditor

**Marc C Forsythe**
18101 Von Karman Avenue Ste 510
Irvine, CA 92612
949-798-2460
949-955-9437 (fax)
kmurphy@goeforlaw.com
  *Assigned: 05/26/2009*

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com
*(Creditor)*

Exhibit _A_
Page _46_

Exhibit _5_
Page _43_

1   David C. Grant (SBN 053635)
    Catherine Convy (SBN 178208)
2   Amanda R. Breneman (SBN 252810)
    GRANT, GENOVESE & BARATTA, LLP
3   2030 Main Street, Suite 1600
    Irvine, CA  92614
4   Telephone:  (949) 660-1600
    Facsimile:  (949) 660-6060
5   Email: dcg@ggb-law.com
             catherine@ggb-law.com
6            arb@ggb-law.com

7

    Attorneys for Real Parties in Interest
8

9                  UNITED STATES BANKRUPTCY COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                        RIVERSIDE DIVISION

12

13  In re                                Case No. 6:08-bk-23006BB
                                          Chapter 11 Proceeding
14
    THE PRESERVE, LLC, a California Limited
15  Liability Company,                    **DECLARATION OF JESSICA M. LOUIE**
                                          **IN SUPPORT OF OPPOSITION TO**
16              Debtor and                **MOTION FOR RELIEF FROM STAY**
                Debtor-in Possession
17
                                          DATE    :    July 14, 2009
18                                        TIME    :    10:00 a.m.
                                          CRTRM.  :    303
19

20

21          I, JESSICA LOUIE, DECLARE AND STATE AS FOLLOWS:

22

23          1.   I am a Real Party in Interest/ Investor in the project known as The Preserve, LLC.  The

24  matters stated herein are true and correct and are within my personal knowledge.  If called upon to

25  testify as a witness I could and would competently testify thereto.

26

27          2.   As co-trustee of the Sid K. and Jessica M. Family Limited Partnership I invested

28  approximately $49,420 in the Point Center offered direct trust deed, known as The Preserve, LLC.

    Exhibit ____A____
    Page ____47____                    Exhibit ____6____
                                        Page ____44____

                              1

3.   After investing in The Preserve, LLC, Point Center provided me with a copy of the Recorded Deed of Trust for The Preserve, LLC loan.  Attached hereto as Exhibit "A" is a true and correct copy of the Recorded Trust Deed provided to me by Point Center.

4.   Point Center Financial is the manager of my investment.  I depend on Point Center Financial to keep me informed of the status of my investment.

5.   At no time has the investment manager, Point Center Financial, informed me that the borrower, The Preserve, LLC, ever sought to contact investors, who are the real parties in interest, to discuss a possible reorganization plan.

6.   As a real party in interest, I need and would like to be kept informed of all proceedings which take place concerning my investment's security.

7.   As a real party in interest, I object to any actions being taken with respect to the land asset, which secures my indebtedness, without proper notice being provided to me and without my prior authorization.  I need due process.

8.   At this time, as I have not been provided with any information.  I object to any foreclosure as not in the best interest of the real parties in interest—the investors and me.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this Declaration was executed this 9th day of July , 2009 at _____Arcadia_____ , California.

_____
JESSICA M. LOUIE

Exhibit   A
Page ____48

2

Exhibit   6
Page ____45

# Exhibit A

Exhibit ___6___
Page ___46___

LandAmerica Commercial Services



DOC # 2006-0776838
10/23/2006 08:00A Fee:223.00
Page 1 of 53
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

WHEN RECORDED, RETURN TO:

POINT CENTER FINANCIAL, INC.
30900 Rancho Viejo Road, Suite 100
San Juan Capistrano, CA 92675

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|-----|------|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |

Title Order No.:9301656-12
A.P.N.:421-070-004, 421-070-005, 421-070-007, 421-080-002, 421-190-002, 421-190-003, 421-190-006, 421-190-004, 421-190-005, 421-190-011, 421-070-006, and 421-070-001.
Loan No.:206070

Above Space for Recorder's Use

## DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING WITH ASSIGNMENT OF RENTS

THIS DEED OF TRUST, SECURITY AGREEMENT AND FIXTURE FILING WITH ASSIGNMENT OF RENTS ("Deed of Trust"), made effective as of September 21, 2006, by the person identified as Trustor in Exhibit A attached hereto ("Trustor"), whose address for purposes of this Deed of Trust is set forth in Exhibit A attached hereto TO AND IN FAVOR OF National Financial Lending, Inc., a California corporation ("Trustee"); FOR THE BENEFIT OF the persons identified in Exhibit C (collectively, the "Beneficiary"), whose address is c/o Point Center Financial, Inc., 30900 Rancho Viejo Road, Suite 100, San Juan Capistrano, CA 92675.

## WITNESSETH:

TRUSTOR DOES IRREVOCABLY GRANT, TRANSFER, AND ASSIGN to Trustee, in trust, with power of sale, all Trustor's right, title, and interest now owned or later acquired in the real property (the "Premises") and the buildings, structures, additions, enlargements, lot line adjustment additions, extensions, modifications, repairs and improvements now or hereafter located thereon (the "Improvements") more particularly described in Exhibit B attached hereto.

TOGETHER WITH all right, title, interest and estate of Trustor now owned or hereafter acquired in the following property, rights, interests, and estates (collectively with the Premises and Improvements called the "Trust Property"):

(a)    All easements, rights-of-way, strips of land, streets, alleys, passages, sewer rights, mineral rights, water rights and powers, and all estates, rights, titles, interests, privileges, tenements, hereditaments and appurtenances of any nature, in any way belonging, relating or pertaining to the Premises and the reversion and reversions, remainder and remainders, and all land laying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Premises to the center line thereof and all the estates, rights, titles, interests, dower and rights

Exhibit    A
Page _____ 50

1

Exhibit _____ 4
Page _____ 47