Loan # 206070                                          Order # 09301656-12

## Exhibit C

| | | | |
|---|---|---|---|
| JEFFREY ABRAHAM, TRUSTEE<br>Jeffrey Abraham, Trustee of the Jeff Abraham Trust | as to an undivided | 0.127% | Interest |
| SANDRA S. ALDEN, TRUSTEE<br>Sandra S. Alden, Trustee of The Sandra S. Alden Family Trust Dated August 18, 1992 | as to an undivided | 0.128% | Interest |
| ALAN M. MARKUS<br>TRENA L. MARKUS<br>Alan M. Markus and Trena L. Markus, husband and wife as joint tenants with right of survivorship | as to an undivided | 0.128% | Interest |
| LANNY W. APLANALP, TRUSTEE<br>Lanny W. Aplanalp, Trustee of The Lanny W. Aplanalp Trust Dated July 5, 2002 | as to an undivided | 0.127% | Interest |
| NICOL J. BELL<br>Nicol J. Bell, a married woman as her sole and separate property | as to an undivided | 0.128% | Interest |
| ADAM M. BENECKE<br>ANGELA K. BENECKE<br>Adam M. Benecke and Angela K. Benecke, husband and wife as joint tenants. | as to an undivided | 0.128% | Interest |
| RICHARD T. BREENE<br>Richard T. Breene, a single man | as to an undivided | 0.128% | Interest |
| ALBERT HECHINGER, CO-TRUSTEE<br>KATHRYN BERKOWITZ, CO-TRUSTEE<br>Albert Hechinger and Kathryn Berkowitz, Co-Trustees of The Kathryn and Albert Family Trust dated May 15, 2001 | as to an undivided | 0.259% | Interest |
| ARLENE BRUCKNER<br>Arlene Bruckner, a widow | as to an undivided | 0.128% | Interest |
| RICHARD BRUCKNER<br>VICKY BRUCKNER<br>Richard Bruckner and Vicky Bruckner, husband and wife as community property | as to an undivided | 0.333% | Interest |
| Lyle O. Burgess<br>Paula M. Burgess<br>Lyle O. and Paula M. Burgess husband and wife as community property with rights of survivorship | as to an undivided | 0.128% | Interest |
| CARLETON CARLSON, CUSTODIAN<br>FBO BRIANNA CARLSON<br>Carleton Carlson as Custodian FBO Brianna Carlson | as to an undivided | 0.192% | Interest |
| OSCAR CASTRO-NEVES, TRUSTEE<br>LORRAINE CASTRO-NEVES, TRUSTEE<br>Oscar Castro-Neves and Lorraine Castro-Neves, Trustees of The Castro-Neves Family Trust | as to an undivided | 0.127% | Interest |
| MILTON J. CHASIN, TRUSTEE<br>DORIS H. CHASIN, TRUSTEE | as to an undivided | 0.385% | Interest |
| WILLY CHIN, TRUSTEE<br>MARGARITA C. CHIENG, TRUSTEE<br>Willy Chin and Margarita C. Chieng, Trustees of the Chin Family Trust dated April 10, 2000 | as to an undivided | 0.128% | Interest |
| JOHN H. CHANG, TRUSTEE<br>JESSICA S. CHANG, TRUSTEE<br>John H. Chang and/or Jessica S. Chang, Trustees of The Chang Family Revocable Trust of March 22, 2000 | as to an undivided | 0.259% | Interest |
| STEVEN C. COLBURN<br>ANDREA K COLBURN<br>Steven C. Colburn and Andrea K. Colburn, husband and wife as community property with right of survivorship | as to an undivided | 0.128% | Interest |

Applied Business Software, Inc. (800) 833-3343

Exhibit ___A___
Page ___87___

Exhibit ___6___
Page ___84___

[206070/THE PRESERVE, LLC]
Lender Identification    Page 1 of 7

Loan # 206070                                                      Order # 09301656-12

## Exhibit C

| | | | |
|---|---|---|---|
| STANLEY R. CONNOR<br>GENEVIEVE C. CONNOR<br>Genevieve C. Connor and Stanley R. Connor, Trustees as husband and wife as joint tenants with the right of survivorship | as to an undivided | 0.385% | Interest |
| MARIO F. COSTA, TRUSTEE<br>EVELYN K. COSTA, TRUSTEE<br>Mario F. Costa and Evelyn K. Costa, as Trustees of The Costa 2003 Family Trust dated October 1, 2003 | as to an undivided | 0.128% | Interest |
| JAMES ADEN DAVIS, TRUSTEE<br>James Aden Davis, Trustee of The James Aden Davis Trust dated January 29, 1992 | as to an undivided | 0.512% | Interest |
| DON DUNCAN<br>Don Duncan, a Single Man | as to an undivided | 0.127% | Interest |
| JAMES N. DEGLANDON<br>MAUREEN DETOY<br>James N. Deglandon and Maureen Detoy, joint tenants with right of survivorship | as to an undivided | 0.259% | Interest |
| MICHAEL M. DULBERG<br>LUCETTE R. DULBERG<br>Michael M. Dulberg and Lucette R. Dulberg, husband and wife joint tenants with right of survivorship | as to an undivided | 0.127% | Interest |
| TIMOTHY G. DUMOULIN, TRUSTEE<br>SHERRY L. DUMOULIN, TRUSTEE<br>Timothy G. Du Moulin and Sherry L. Du Moulin, Trustees of The Du Moulin 2001 Living Trust | as to an undivided | 0.243% | Interest |
| TIMOTHY GEORGE DuMOULIN, TRUSTEE<br>SHERRY LEE DuMOULIN, TRUSTEE<br>Timothy George DuMoulin and Sherry Lee DuMoulin, Trustees of The 2000 Charitable Remainder Unitrust of Timothy George DuMoulin and Sherry Lee DuMoulin | as to an undivided | 0.127% | Interest |
| SHAHAB EMRANI<br>CATHERINE A. EMRANI<br>Shahab Emrani and Catherine Emrani, husband and wife as community property | as to an undivided | 0.513% | Interest |
| MARY E. FARRELL, TRUSTEE<br>Mary E. Farrell, Trustee of The Mary E. Farrell Revocable Trust | as to an undivided | 0.128% | Interest |
| KATHLEEN B. FISHER, TRUSTEE<br>Kathleen B. Fisher, Trustee of The Kathleen B. Fisher Profit Sharing Plan | as to an undivided | 0.127% | Interest |
| DAVID FRIEDMAN, TRUSTEE<br>David Friedman, Trustee of The David Friedman Sole Proprietorship Retirement Trust | as to an undivided | 0.128% | Interest |
| DELBERT FREEMAN, G.P.<br>CAROL J. FREEMAN, G.P.<br>The Delbert & Carol Freeman Family L.P., a Nevada limited partnership | as to an undivided | 0.259% | Interest |
| JAMES D. GOODIN, TRUSTEE<br>CAROLYN J. GOODIN, TRUSTEE<br>James D. Goodin and Carolyn J. Goodin, Trustees of The Goodin Family Trust dated September 22, 1990 | as to an undivided | 0.127% | Interest |
| ROBIN GRAHAM, TRUSTEE<br>Robin B. Graham, Trustee of The Graham Marital Trust B | as to an undivided | 0.259% | Interest |
| DALE HARTLEY, TRUSTEE<br>AUDREY HARTLEY, TRUSTEE | as to an undivided | 0.256% | Interest |

Applied Business Software, Inc. (800) 833-3343

Exhibit ___A___
Page ___88___

Exhibit ___C___
Page ___85___

[206070/THE PRESERVE, LLC]
Lender Identification    Page 2 of 7

Loan # 206070                                                    Order # 09301656-12

## Exhibit C

| | | | |
|---|---|---|---|
| Dale Hartley and Audrey Hartley, Trustees of The Dale and Audrey Hartley Family Trust | | | |
| WANDA HARRELL<br>Wanda Harrell, an unmarried woman | as to an undivided | 0.512% | Interest |
| TERRY NORMAN HOLDT, TRUSTEE<br>SHARON RAE HOLDT, TRUSTEE<br>Terry Norman Holdt and Sharon Rae Holdt, Trustees of The Holdt Living Trust | as to an undivided | 0.128% | Interest |
| JOHN L. HARDING<br>HELGA M. HARDING<br>John L. Harding and Helga M. Harding, husband and wife as joint tenants with right of survivorship | as to an undivided | 0.128% | Interest |
| THOMAS W. HRIBAR, TRUSTEE<br>Thomas W. Hribar, Trustee of the Thomas W. Hribar Profit Sharing Plan and Trust | as to an undivided | 0.063% | Interest |
| JOHN R. HUGHES, TRUSTEE<br>John R. Hughes, Trustee of The John R. Hughes Separate Property Trust dated November 19, 2004 | as to an undivided | 0.385% | Interest |
| STEVE COTUGNO<br>PENSCO CUSTODIAN<br>Pensco Trust Company as Custodian of IRA# CO445 FBO Steve Cotugno | as to an undivided | 0.127% | Interest |
| GERALD GHELFI<br>AUTHORIZED AGENT<br>Pensco Trust Company as Custodian of IRA# GH1AA FBO Gerald J. Ghelfi | as to an undivided | 0.156% | Interest |
| ROBERT M. PEPPERCORN<br>AUTHORIZED AGENT<br>Pensco Trust Company as Custodian of IRA #PE1DY FBO Robert M. Peppercorn | as to an undivided | 0.127% | Interest |
| BLAINE C. STRICKLAND<br>AUTHORIZED AGENT<br>IRA Resources, Inc. FBO Blaine C. Strickland IRA #30609 | as to an undivided | 0.127% | Interest |
| DENNIS L. JOHNSON, TRUSTEE<br>CHARLENE J. JOHNSON, TRUSTEE<br>Dennis L. Johnson and Charlene J. Johnson, Trustees of The Johnson Family Trust Dated November 30, 1999 | as to an undivided | 0.256% | Interest |
| BYRON D. KINSMAN, JR. CO-TTEE<br>SYLVIA L. KINSMAN, CO-TTEE<br>Byron D. Kinsman, Jr. and Sylvia L. Kinsman, Co-Trustees of The Kinsman Family Trust | as to an undivided | 0.128% | Interest |
| Albert R. Kleist, Trustee<br>Jeanette H. Kleist, Trustee<br>Albert R. Kleist and Jeanette H. Kleist, Trustees under Declaration of Trust dated December 12, 1991, The Kleist Family Trust | as to an undivided | 0.128% | Interest |
| PAUL KRASNER, M.D., TRUSTEE<br>Paul Krasner, M.D., Trustee of The Paul Krasner, M.D. Defined Benefit Pension Plan and Trust | as to an undivided | 0.385% | Interest |
| JOHN W. LANG, TRUSTEE<br>EUGENA M. LANG, TRUSTEE<br>John W. Lang and Eugena M. Lang, Trustees of The John W. Lang and Eugena M. Lang 1988 Trust | as to an undivided | 0.259% | Interest |
| SHIH SHEN LING<br>MING SHEN MARGARET LING<br>Shih Shen Ling and Ming Shen Margaret Ling, husband and wife as community property with right of survivorship | as to an undivided | 0.128% | Interest |

Applied Business Software, Inc.  (800) 833-3343

Exhibit ___A___

Page ___81___

[206070/THE PRESERVE, LLC]
Lender Identification        Page 3 of 7

Exhibit ___6___

Page ___86___

Loan # 206070                                                Order # 09301656-12

## Exhibit C

| | | | |
|---|---|---|---|
| WILLIAM K. LITTLE, TRUSTEE<br>RONDA L. LITTLE, TRUSTEE<br>William K. Little and Ronda L. Little, Trustees of the William K. Little and Ronda L. Little Revocable Trust, created on December 17,1994 | as to an undivided | 0.192% | Interest |
| NEVE J. LOVELL, TRUSTEE<br>Neva J. Lovell, Trustee of The Lovell Family Trust, dated July 2,1985 (First Amendment / Restatement dated August 30,1991) | as to an undivided | 0.128% | Interest |
| ANTONIO N. LUCERO<br>LAUREANA T. LUCERO<br>Antonio N. Lucero and Laureana T. Lucero, husband and wife joint tenants with right of survivorship | as to an undivided | 0.19% | Interest |
| MICHAEL MADDEN, TRUSTEE<br>Michael E. Madden, Trustee of The Michael Madden Associates Retirement Trust dated December 27, 1998 | as to an undivided | 0.154% | Interest |
| MAURICE C. MAMO, TRUSTEE<br>AMY A. MAMO, TRUSTEE<br>Maurice C. Mamo and Amy A. Mamo, Trustees of the Mamo Family Trust | as to an undivided | 0.128% | Interest |
| ANNA R. MARUCA, TRUSTEE<br>Anna R. Maruca, Trustee of the Anna R. Maruca Family Trust Dated August 1, 1997 | as to an undivided | 0.128% | Interest |
| EAMON J. McCLORY, TRUSTEE<br>SUE ANNE McCLORY, TRUSTEE<br>Eamon J. McClory and Sue Anne McClory, Trustees of The McClory Family Trust | as to an undivided | 0.128% | Interest |
| MARK ROBERT MEDINA, TRUSTEE<br>BARBARA LOUISE MEDINA, TRUSTEE<br>Mark Robert Medina and Barbara Louise Medina , Trustees of the Medina Living Trust, dated July 28th 1993 | as to an undivided | 0.128% | Interest |
| WILLIAM Y. MOREHART<br>William Y. Morehart, an unmarried man | as to an undivided | 0.128% | Interest |
| JEFFERY LEE MORSE, TRUSTEE<br>PAULA JEANNETTE MORSE, TRUSTEE<br>Jeffery Lee Morse and Paula Jeannette Morse, Trustees of The Morse Family Trust Dated December 27, 2001 | as to an undivided | 0.127% | Interest |
| MARK LURIE, SECRETARY<br>The Church of The Movement of Spiritual Inner Awareness, a California nonprofit religious corporation<br>Paul Kaye, President<br>Mark Lurie, Secretary | as to an undivided | 0.259% | Interest |
| JAMES D. MURCHISON, III<br>DEBORAH T. MURCHISON<br>VESTING - James D. Murchison, III & Deborah T. Murchison, Husband and Wife as Joint Tenants | as to an undivided | 0.192% | Interest |
| SALEEM S. NABER, TRUSTEE<br>ABLA S. NABER, TRUSTEE<br>Saleem S. Naber and Abla S. Naber, Trustees of The Saleem S. Naber and Abla S. Naber Revocable Living Trust Dated August 31, 1995 | as to an undivided | 0.127% | Interest |
| PAUL P. KRASNER, M.D., TRUSTEE<br>Paul P. Krasner, M.D., Trustee of The Nephrology Medical Group, Inc. of Orange County Profit Sharing Plan Retirement Trust | as to an undivided | 0.128% | Interest |
| NATIONAL FINANCIAL LENDING, LLC, A CA LIMITED LIABILITY COMPANY | as to an undivided | 24.223% | Interest |

Applied Business Software, Inc. (800) 833-3343

[206070/THE PRESERVE, LLC]
Lender Identification          Page 4 of 7

Exhibit ___A___
Page ___90___

Exhibit ___6___
Page ___81___

Loan # 206070                                                    Order # 09301656-12

### Exhibit C

| | | | |
|---|---|---|---|
| National Financial Lending, LLC, a California limited liability company | | | |
| RICHARD NORRIS<br>Richard Norris, an unmarried man | as to an undivided | 0.156% | Interest |
| GREGORY T. NORMAN<br>Gregory T. Norman, an Unmarried Man | as to an undivided | 0.128% | Interest |
| Denis O'Connor, Trustee<br>Annie O'Connor, Trustee<br>Denis and Annie O'Connor, Trustees of the O'Connor Family Trust | as to an undivided | 0.128% | Interest |
| RONALD F. OGLETREE<br>Ronald F. Ogletree, a Married Man as His Sole and Separate Property | as to an undivided | 0.259% | Interest |
| WILLIAM G. OLIVER, TRUSTEE<br>William G. Oliver, Trustee of The William G. Oliver 2002 Trust | as to an undivided | 0.128% | Interest |
| ROBERT M. PARKS, TRUSTEE    and/or<br>AUDREY L. PARKS, TRUSTEE<br>Robert M. Parks and/or Audrey L. Parks, Trustees of The Parks Family Trust Dated October 13, 1975 amended and restated on March 27, 2003 | as to an undivided | 0.259% | Interest |
| Richard L. Pasquini, Trustee<br>Diane M. Pasquini, Trustee<br>Living Trust of Richard L. Pasquini and Diane M. Pasquini dated June 29, 1998 | as to an undivided | 0.256% | Interest |
| PHILIP W. PAYNE, TRUSTEE    and/or<br>HELGA G. PAYNE, TRUSTEE<br>Philip W. Payne and/or Helga G. Payne, Trustees of The Payne Family Trust Dated February 10, 1992 | as to an undivided | 0.307% | Interest |
| Point Center Financial, Inc., a California Corporation (PCF1) | as to an undivided | 27.856% | Interest |
| Point Center Financial, Inc., a California corporation (PCFU) | as to an undivided | 24.168% | Interest |
| SAMUEL J. POIDMORE, TRUSTEE<br>ELENA POIDMORE, TRUSTEE<br>Samuel J. Poidmore and Elena Poidmore, Trustees of The Samuel J. Poidmore, D.D.S., Inc. Pension Plan Trust | as to an undivided | 0.192% | Interest |
| MAX PERRY, TRUSTEE<br>MARY PERRY, TRUSTEE<br>Max Perry and Mary Perry, Trustees of the Alder Creek Family Trust | as to an undivided | 0.256% | Interest |
| GEORGE M. PHELPS<br>George M. Phelps, a single man | as to an undivided | 0.19% | Interest |
| BRUCE R. PITTENGER, TRUSTEE<br>JOHNI H. PITTENGER, TRUSTEE<br>Bruce R. Pittenger and Johni H. Pittenger, Trustees, or their successors in trust, under The Bruce R. Pittenger and Johni H. Pittenger Declaration of Trust, dated January 4, 2001, and any amendments thereto. | as to an undivided | 0.231% | Interest |
| RONALD L. PRINZING, TRUSTEE<br>ROSALYN YVONNE PRINZING, TRUSTEE<br>Ronald L. Prinzing and Rosalyn Yvonne Prinzing, Trustees of The Prinzing Revocable Living trust UDT June 21, 1990 | as to an undivided | 0.229% | Interest |
| JESUS RAMIREZ, TRUSTEE<br>Jesus Ramirez, M.D., A Medical Corporation Profit Sharing Plan | as to an undivided | 0.128% | Interest |
| RICHARD A.J. RICHARDSON, TTEE<br>BARBARA K. RICHARDSON, TTEE<br>Richard A.J. Richardson and Barbara K. Richardson, | as to an undivided | 0.128% | Interest |

Exhibit  A                          Exhibit  6
Page  91                            Page  88

[206070/THE PRESERVE, LLC]
Lender Identification    Page 5 of 7

Loan # 206070                                                    Order # 09301656-12

## Exhibit C

| | | | |
|---|---|---|---|
| Trustees of The Richard A.J. Richardson and Barbara K. Richardson Trust restated July 25, 2005, or the successor Trustee thereunder | | | |
| DONOVAN H. RITTENBACH, TRUSTEE SHELLEY LYNN RITTENBACH, TRUSTEE Donvan H. Rittenbach Sr. and Shelley Lynn Rittenbach, Trustees of the Rittenbach Family Trust. | as to an undivided | 0.128% | Interest |
| ROGER KAMRANFAR ROSIE PARIVASH Roger Kamranfar and Rosie Parivash, Husband and Wife as Community Property with Right of Survivorship | as to an undivided | 0.128% | Interest |
| ROBERT A. ROBERTO, TRUSTEE FELICIA M. ROBERTO, TRUSTEE Robert A. Roberto and Felicia M. Roberto, Trustees of The Roberto Family 1997 Trust | as to an undivided | 0.127% | Interest |
| MARVIN J. STRUIKSMA, G.P. ROCAL Financial L.P., a California limited partnership | as to an undivided | 0.385% | Interest |
| BARRY RODGERS PHYLLIS M. RODGERS Barry Rodgers and Phyllis M. Rodgers, Husband and Wife as Joint Tenants | as to an undivided | 0.128% | Interest |
| ROBERT L. WELLS, TRUSTEE Robert L. Wells, Trustee of The Robert L. Wells Trust Dated April 4, 1991 | as to an undivided | 0.512% | Interest |
| ROBERT G. WHITE MARY R. WHITE Robert G. White and Mary R. White, Husband and Wife as Community Property with Right of Survivorship | as to an undivided | 0.127% | Interest |
| EARL M. SAROYAN Earl M. Saroyan, a married man as his sole and separate property | as to an undivided | 0.256% | Interest |
| TERRY JAMES SCHLEEDE, TRUSTEE SUSAN THEE SCHLEEDE, TRUSTEE The Schleede Revocable Family Trust dated October 14, 1981 | as to an undivided | 0.128% | Interest |
| ROY L. SCHUBERT TERRY DIXON SCHUBERT Roy L. Schubert and Terry Dixon Schubert, Husband and Wife as Community Property with Rights of Survivorship | as to an undivided | 0.259% | Interest |
| PAULINE MARY SCHELL Paulina Mary Schell, a married woman, as her sole and separate property | as to an undivided | 0.128% | Interest |
| HENRY SZE LING SHING, CO-TTEE WING LAI CHIN SHING, CO-TTEE Henry Sze Ling Shing and Wing Lai Chin Shing, Co-Trustees of The Shing Trust dated May 21, 1996 | as to an undivided | 0.128% | Interest |
| STEVE HOFFMAN Steven Hoffman, a single man | as to an undivided | 0.128% | Interest |
| BARBARA SKLAR, TRUSTEE Barbara Sklar, Trustee of The Barbara Sklar Living Trust dated 8/31/01 | as to an undivided | 0.19% | Interest |
| MELVIN SMALL, TRUSTEE SHIRLEY FAYE SMALL, TRUSTEE Melvin Small and Shirley Faye Small, Trustees of The 3rd Amendment and Restatement of The Melvin Small and Shirley Faye Small 1991 Trust | as to an undivided | 0.127% | Interest |
| TAYLOR FLETCHER, MANAGING MEMBER | as to an undivided | 0.127% | Interest |

Applied Business Software, Inc. (800) 833-3343

[206070/THE PRESERVE, LLC]
Lender Identification
Page 6 of 7

Exhibit ___A___
Page ___92___

Exhibit ___b___
Page ___89___

Loan # 206070                                                                    Order # 09301656-12

Exhibit C

| | | | |
|---|---|---|---|
| Southwest Marketing, LLC, a Wyoming limited liability company | | | |
| H.W. STEERE, TRUSTEE<br>H. W. Steere, Trustee of The H.W. Steere Trust established on November 1, 2004 | as to an undivided | 1.282% | Interest |
| EDWIN B. SUDDARTH, SR.<br>KATHLEEN SUDDARTH<br>Edwin B. Suddarth, Sr.and Kathleen Suddarth, Husband and Wife as Community Property With Right of Survivorship | as to an undivided | 0.128% | Interest |
| JOHN C. HALL, PRESIDENT<br>Tall Cotton, Inc., a California corporation | as to an undivided | 0.385% | Interest |
| BRIAN TANKLAGE, MANAGING MEMBER<br>Tanks Enterprises LLC, a Delaware limited liability company | as to an undivided | 1.925% | Interest |
| MARY KATHRYN THEE, TRUSTEE<br>Mary Katherine Thee, Trustees of the Second Restated Thee Revocable Family Trust of October 8th, 1980 | as to an undivided | 0.128% | Interest |
| EARL GOTTFRIED, PRESIDENT<br>Valley Financial West, Inc., a Nevada Corporation<br>Earl Gottfried, President | as to an undivided | 0.128% | Interest |
| NINETTE R. WASSEF<br>Ninette R. Wassef, a single woman | as to an undivided | 0.192% | Interest |
| MARYALIN V. WHITE<br>Maryalin V. White a Widow | as to an undivided | 0.127% | Interest |
| RICHARD M. WILBUR, TRUSTEE<br>Richard M. Wilbur, Trustee of The RM Wilbur Co. Employees Profit Sharing Plan | as to an undivided | 0.127% | Interest |
| KENNETH M. WILSON, TRUSTEE<br>Kenneth M. Wilson, Trustee of The Wilson Family Trust UTD October 5, 1989 | as to an undivided | 0.127% | Interest |
| THOMAS F. WILSON, TRUSTEE<br>PATSY R. WILSON, TRUSTEE<br>Thomas F. Wilson and Patsy R. Wilson, Trustees of The Wilson Trust Dated September 9, 1993 | as to an undivided | 0.359% | Interest |
| SHERRYL WISEMAN, TRUSTEE<br>Sherryl Wiseman, Trustee of The Sherryl Wiseman Trust | as to an undivided | 0.128% | Interest |
| WALTER C. WHITE<br>PHYLLIS L. WHITE<br>Walter C. White and Phyllis L. White, husband and wife as joint tenants | as to an undivided | 0.256% | Interest |
| MICHAEL M. YORBA, TRUSTEE<br>VICTORIA D. YORBA, TRUSTEE<br>Michael M. Yorba and Victoria D. Yorba, Trustees of The Yorba Family Trust Dated December 7, 1988 | as to an undivided | 0.127% | Interest |
| MARK C. YORBA<br>CRISTA K. YORBA<br>Mark C. Yorba and Crista K. Yorba, Husband and Wife as Community Property with Rights of Survivorship | as to an undivided | 0.385% | Interest |
| IRVING A. YUDOVIN, TRUSTEE<br>Irving A. Yudovin, Trustee of The Yudovin Survivor's Trust under The Yudovin Family Trust Dated February 20, 1992 | as to an undivided | 0.128% | Interest |

Applied Business Software, Inc. (800) 833-3343

Exhibit
Page    93

Exhibit    6
Page    90

[206070/THE PRESERVE, LLC]
Lender Identification    Page 7 of 7

**EXHIBIT D**

**California Provisions**

17.   <u>Remedies</u>.

(a)     Beneficiary may enter upon, take immediate possession of, manage, and operate the Trust Property or any part thereof, make repairs and alterations and do any acts that Beneficiary deems reasonable to protect the security of the Deed of Trust, including remedies contained in any of the Other Security Documents; and either with or without taking possession, in its own name, collect the rents, issues and profits, including those past due and unpaid, and apply the rents, less costs and expenses of operation and collection, including reasonable attorneys' fees and the Beneficiary's costs, upon the Indebtedness and in such order as Beneficiary determines. If Beneficiary requests, Trustor shall assemble and make available to Beneficiary at the Premises any of the Trust Property that has been removed.   None of the foregoing actions shall cure or waive any Event of Default and Beneficiary shall be entitled to exercise every remedy allowed in this Deed of Trust or by law after an Event of Default.

(b)     Beneficiary shall be entitled to the immediate ex parte appointment of a receiver, without notice, to take possession of and protect the Trust Property and to operate it and collect the rents, issues and profits from it.

(c)     Beneficiary may bring suit to foreclose this Deed of Trust or to enforce any of its provisions.

(d)     Trustee may, upon Beneficiary's request, elect to sell the Trust Property or its parts as follows:

(i)     Trustee may proceed as if all of the Trust Property were real property in accordance with subparagraph (iv) below, or Trustee may elect to treat any of the Trust Property which consists of a right in action or which is property that can be severed from the Premises without causing structural damage thereto as if the same were personal property and dispose of the same in accordance with subparagraph (iii) below, separate from the sale of real property, the remainder of the Trust Property being treated as real property.

(ii)     Trustee may cause any such sale or other disposition to be conducted immediately following the expiration of any grace period, if any, provided in this Deed of Trust or the Note, or Trustee may delay any such sale or other disposition as Trustee deems to be in its best interest. If Trustee conducts more than one sale, Trustee may, at its option, cause the sales to be conducted simultaneously, or successively on the same day, or at different days or times and in such order as Trustee may deem to be in its best interest.

(iii)     If Trustee elects to dispose of Trust Property as personal property as permitted in subparagraph (i) above, it or Beneficiary may dispose of any part thereof in any manner permitted by Article 9 of the California Commercial Code.



EXHIBIT D

**California Provisions**

17.    <u>Remedies.</u>

(a)    Beneficiary may enter upon, take immediate possession of, manage, and operate the Trust Property or any part thereof, make repairs and alterations and do any acts that Beneficiary deems reasonable to protect the security of the Deed of Trust, including remedies contained in any of the Other Security Documents; and either with or without taking possession, in its own name, collect the rents, issues and profits, including those past due and unpaid, and apply the rents, less costs and expenses of operation and collection, including reasonable attorneys' fees and the Beneficiary's costs, upon the Indebtedness and in such order as Beneficiary determines. If Beneficiary requests, Trustor shall assemble and make available to Beneficiary at the Premises any of the Trust Property that has been removed. None of the foregoing actions shall cure or waive any Event of Default and Beneficiary shall be entitled to exercise every remedy allowed in this Deed of Trust or by law after an Event of Default.

(b)    Beneficiary shall be entitled to the immediate ex parte appointment of a receiver, without notice, to take possession of and protect the Trust Property and to operate it and collect the rents, issues and profits from it.

(c)    Beneficiary may bring suit to foreclose this Deed of Trust or to enforce any of its provisions.

(d)    Trustee may, upon Beneficiary's request, elect to sell the Trust Property or its parts as follows:

(i)    Trustee may proceed as if all of the Trust Property were real property in accordance with subparagraph (iv) below, or Trustee may elect to treat any of the Trust Property which consists of a right in action or which is property that can be severed from the Premises without causing structural damage thereto as if the same were personal property and dispose of the same in accordance with subparagraph (iii) below, separate from the sale of real property, the remainder of the Trust Property being treated as real property.

(ii)    Trustee may cause any such sale or other disposition to be conducted immediately following the expiration of any grace period, if any, provided in this Deed of Trust or the Note, or Trustee may delay any such sale or other disposition as Trustee deems to be in its best interest. If Trustee conducts more than one sale, Trustee may, at its option, cause the sales to be conducted simultaneously, or successively on the same day, or at different days or times and in such order as Trustee may deem to be in its best interest.

(iii)    If Trustee elects to dispose of Trust Property as personal property as permitted in subparagraph (i) above, it or Beneficiary may dispose of any part thereof in any manner permitted by Article 9 of the California Commercial Code.




Both Trustor and Beneficiary shall be eligible to purchase any part of such property at any sale. Any such disposition may be either public or private, as Trustee or Beneficiary may so elect, subject to the provisions of the California Commercial Code.

Trustee or Beneficiary shall give Trustor at least ten (10) days' prior written notice of the time and place of any public sale or other disposition of such property, and if such notice is sent to Trustor at the address above, it shall constitute reasonable notice to Trustor.

Without limiting the generality of the foregoing, Trustee is expressly authorized to conduct a "unified sale" under Section 9604 of the California Commercial Code.

(iv)    If Trustee elects to sell the Trust Property which is real property or which it has elected to treat as real property, upon such election, Trustee shall give such Notice of Default and election to sell as may then be required by law. Thereafter, upon the expiration of such time and the giving of such Notice of Sale as may then be required by law, Trustee, at the time and place specified by the Notice of Sale, shall sell such Trust Property, or any portion thereof specified by Trustee, at public auction to the highest bidder for cash in lawful money of the United States. Trustee may, and upon request of Beneficiary shall, from time to time, postpone the sale by public announcement at the time and place noticed for the sale. If the Trust Property consists of several lots or parcels, Trustee may designate the order in which such lots or parcels are offered for sale or sold. Any person, including Trustor, Trustee, or Beneficiary may purchase at the sale. Beneficiary shall have the right to credit upon the amount of the bid made, to the extent necessary to satisfy such bid, the Indebtedness owing to Beneficiary, or if Beneficiary holds less than all of such indebtedness the pro rata part owing to Beneficiary, accounting to all other beneficiaries or noteholders not joining in such bid in cash for the portion of such bid or bids apportionable to such nonbidding beneficiary or noteholder. At the sale the Trustee shall execute and deliver to the purchaser, a deed conveying the property so sold, but without any covenant or warranty, express or implied, after which the purchaser shall be entitled to immediate possession.

(v)    If a foreclosure is commenced by the then Trustee, the Beneficiary may at any time before the sale of the Trust Property direct the Trustee to abandon the sale, and may then institute or complete a suit for the collection of the Note and the other Indebtedness, and for judicial foreclosure of this Deed of Trust. It is agreed that if the Beneficiary institutes a suit for the collection of the Note or any other Indebtedness and for the judicial foreclosure of this Deed of Trust, the Beneficiary may at any time before the entry of a final judgment in said suit dismiss it, and require the Trustee to sell the Trust Property under the provisions of this Deed of Trust.

(vi)    The recital of facts, such as default, the giving of Notice of Default, and Notice of Sale, terms of sale, purchaser, payment of purchase money,







and any other fact affecting the regularity or validity of such sale or disposition in a trustee's deed or other conveyance, shall be conclusive proof of the truth of those facts and conclusive against all persons.

(vii)   The proceeds of any sale or disposition, together with any other sums which then may be held by Trustee or Beneficiary, shall be applied as follows: FIRST, to the expenses of such sale or disposition together with Trustee's fees and reasonable attorneys' fees and expenses, Beneficiary's costs and the actual cost of publishing, recording, mailing and posting notice; SECOND, to the cost of any search or other policy of title procured in connection with the sale, if applicable, and recordation and transfer taxes and other charges, if any, on any release or deed of reconveyance; THIRD, to the payment of all amounts secured by this Deed of Trust and all other sums due Beneficiary from Trustor; FOURTH, to all other sums secured hereby; and the remainder, if any, to the person or persons legally entitled thereto in the order of their priority.

25.   <u>Fixture Filing.</u>   From the date of its recording, this Deed of Trust shall be effective as a financing statement filed as a fixture filing as to all goods constituting part of the Trust Property which are or become fixtures related to the real estate described in this Deed of Trust and the Agreements.  For this purpose, the following information is set forth:

(a)   Name and address of Debtor:  (See Exhibit A).
(b)   Name and Address of Secured Party:
   c/o Point Center Financial, Inc.
   30900 Rancho Viejo Road,
   Suite 100
   San Juan Capistrano, CA 92675
(c)   This document covers goods that are or are to become fixtures.
(d)   Description of Real Estate: See Exhibit "B".
(e)   Owner of Record of Real Estate: Trustor.
(f)   This Financing Statement covers Proceeds.
(g)   This Financing Statement covers Products of the Collateral.

28.   <u>Environmental Provisions.</u>

(f)   <u>Request for Information.</u>  Trustor and Beneficiary agree that:

(i)   paragraph 28 of the Deed of Trust is intended as Beneficiary's written request for information and Trustor's written response concerning the environmental condition of the Trust Property as provided by California Code of Civil Procedure §726.5; and

(ii)   each representation, warranty, covenant, or indemnity made by Trustor in this Article or in any other provision of this Deed of Trust or any Loan Document that relates to the environmental condition of the Trust Property is



Exhibit A
Page 97



Exhibit 6
Page 94

intended by Trustor and Beneficiary to be an environmental provision for purposes of California Code of Civil Procedure §736 and will survive the payment of the Indebtedness and the termination or expiration of this Deed of Trust and will not be affected by Beneficiary's acquisition of any interest in the Trust Property, whether by credit bid at foreclosure, deed in lieu of that, or otherwise. If there is any transfer of any portion of Trustor's interest in the Trust Property, any successor-in-interest to Trustor agrees by its succession to that interest that the written request made pursuant to this Article will be deemed remade to the successor-in-interest without any further or additional action on the part of Beneficiary and that by assuming the debt secured by this Deed of Trust or by accepting the interest of Trustor subject to the lien of this Deed of Trust, the successor remakes each of the representations and warranties in this Deed of Trust and agrees to be bound by each covenant in this Deed of Trust, including, but not limited to, any indemnity provision.

44.   _Waiver of Rights_. Trustor hereby expressly (a) waives any rights it may have under California Civil Code §2954.10 to prepay the Note, in whole or in part, without penalty, upon acceleration of the maturity of the Note, and (b) agrees that if, for any reason, a prepayment of any or all of the Note is made, whether voluntary or upon or following any acceleration of the maturity of the Note by Beneficiary on account of any default by Trustor, including, but not limited to, any transfer or disposition as prohibited or restricted by paragraph 11, then Trustor shall be obligated to pay, concurrently therewith, the prepayment fee, if any, specified in the Note for a voluntary prepayment of the Note at such time. By initialing in the space provided below, Trustor hereby declares that Beneficiary's agreement to make the Loan at the interest rate and for the term set forth in the Note constitutes adequate consideration, given individual weight by Trustor, for this waiver and agreement.

Exhibit ___

Page ___





Exhibit ___ 6

Page ___ 95

## ACKNOWLEDGMENT

STATE OF CALIFORNIA
COUNTY OF _ORANGE_

On _SEPTEMBER 27, 2006_ before me, _MIKE BURCHARTZ, NOTARY PUBLIC_,
(here insert name and title of officer)

personally appeared _SCOTT H. KRENTEL_

_____

_____,

personally known to me (or proved to me on satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature _____

(Seal)

MIKE BURCHARTZ
COMM. #1464954
NOTARY PUBLIC • CALIFORNIA
ORANGE COUNTY
Comm. Exp. JAN. 24, 2008

Order # 09301656-12
Loan # 206070

### Exhibit E
Partial Release Rider To Deed Of Trust

At any time, from time to time, provided no default or event which would constitute a default with the giving of notice or the passage of time, or both, exists under the terms of this Deed of Trust, the Note, or any Loan Document, Trustor shall be entitled to partial release of a portion of the Trust Property (a "Parcel"), upon and subject to the following conditions:

(a) Any portion of the Trust Property to be released must be a legal parcel on a recorded final map pursuant to applicable state law. Notwithstanding anything herein to the contrary, it shall be a condition precedent to Trustor's right to obtain releases hereunder that Trustor, at its sole expense, shall have fully complied with all applicable federal, state, and local laws and rules, and all local ordinances pertaining thereto in connection with any Parcel so released and the unreleased portion of the Trust Property. If Trustor fails to comply with any of the provisions of this paragraph, Trustor shall not be relieved in any way of its obligations under the Loan Documents.

(b) Trustor shall be entitled to the partial release of a Parcel upon the payment to Beneficiary in cash of a release price (the "Release Price") in accordance with Exhibit E-1 hereto.

(c) All remaining Trust Property shall have adequate ingress and egress and direct access to dedicated public streets and utilities.

(d) The following procedures shall be used for all releases:

(i) Trustor's written request for the release must give the legal description of the portion of the Trust Property to be released,

(ii) Within a reasonable time after its approval of a release, Beneficiary will deposit the authorization for the partial release and its demand in the escrow, but Beneficiary shall be obligated to do so only if Beneficiary has received from Trustor satisfactory evidence that all of the conditions to the release set forth herein have been fulfilled.

(iii) Trustor will pay all costs and expenses incurred in connection with any releases, including, but not limited to, any and all trustee's fees, reconveyance fees, recording fees, premiums for title insurance endorsements, Beneficiary's costs in connection with such release(s), and escrow fees.

THE PRESERVE, LLC, a California limited liability company
BY: Beaumont 1600, LLC, a California limited liability company, Manager

By: _____
Scott H. Krentel, Managing Member

Exhibit _____ A
Page _____ 100

Exhibit _____ 6
Page _____ 97

ACKNOWLEDGMENT

STATE OF CALIFORNIA
COUNTY OF _ORANGE_

On _SEPTEMBER 27, 2006_ before me, _MIKE BURCHARTZ, NOTARY PUBLIC_,
(here insert name and title of officer)
personally appeared _SCOTT H. KRENTEL_ _____

_____

_____,

personally known to me (or proved to me on satisfactory evidence) to be the person(s)

whose name(s) is/are subscribed to the within instrument and acknowledged to me that

he/she/they executed the same in his/her/their authorized capacity(ies), and that by

his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of

which the person(s) acted, executed the instrument.


Witness my hand and official seal.


Signature _____        (Seal)

MIKE BURCHARTZ
COMM. #1464954
NOTARY PUBLIC • CALIFORNIA
ORANGE COUNTY
Comm. Exp. JAN. 24, 2008

Exhibit ___A___
Page ___101___

Exhibit ___6___
Page ___98___

| In re: The Preserve, LLC, a California Limited Liability Company | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2030 Main Street, Irvine, CA 92614

A true and correct copy of the foregoing document described <u>DECLARATION OF JESSICA M. LOUIE IN SUPPORT OF OPPOSITION OF REAL PARTIES IN INTEREST TO MOTION BY POINT CENTER FINANCIAL, INC. TO MOTION FOR RELIEF FROM STAY</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY OVERNIGHT MAIL(indicate method for each person or entity served):**
On <u>July 20, 2009</u>                                                     I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

See Attachment.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond, 225 E. Temple St., Room 940, Los Angeles, CA  90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 10, 2009 | Gerry Lynn Gauden | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1

Exhibit                                                                    Exhibit
Page  102                                                                 Page  99

**Robert P Goe**
Goe & Forsythe, LLP
660 Newport Center Drive, Suite 320
Newport Beach, Ca 92660
(949) 467-3780
(949) 721-0409 (fax)
kmurphy@goeforlaw.com
*Assigned: 10/08/2008*

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com

**Elizabeth A Lossing**
3685 Main St Ste 300
Riverside, CA 92501
951-276-6354
951-276-6973 (fax)
elizabeth.lossing@usdoj.gov
*Assigned: 10/02/2008*

representing

**United States Trustee (RS)**
3685 Main Street, Suite 300
Riverside, CA 92501
ustpregion16.rs.ecf@usdoj.gov
*(U.S. Trustee)*

**Mark C Schnitzer**
Reid & Hellyer APC
P O Box 1300
Riverside, CA 92502-1300
951-682-1771
mschnitzer@rhlaw.com
*Assigned: 10/27/2008*
*Assigned: 11/14/2008*

representing

**Courtesy NEF**
*(Interested Party)*

representing

**Deep Canyon Holdings, Inc.**
*(Creditor)*

**David R Zaro**
515 S Figueroa St 7th Fl
Los Angeles, CA 90071-3398
213-622-5555
213-620-8816 (fax)
dzaro@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**Joshua del Castillo**
515 S Figueroa St
7th Fl
Los Angeles, CA 90071
213-622-5555
213-620-8816 (fax)
jdelcastillo@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

Exhibit A

Page 103

Exhibit 6

Page 100

**Jeffrey W Broker**
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114
949-222-2000
949-222-2022 (fax)              representing
jbroker@brokerlaw.biz
*Assigned: 09/25/2008*

**The Preserve, LLC**
7006 Magnolia Ave
PMB No 309
Riverside, CA 92506
*(Debtor)*

**Don Fisher**
2603 Main St E Tower Ste1300
Irvine, CA 92614-6228
949-851-9400                    representing
949-757-1225 (fax)
dfisher@ptwww.com
*Assigned: 11/12/2008*

**Courtesy NEF**
*(Interested Party)*

**PALMIERI, TYLER, WIENER
WILHELM & WALDRON LLP**
2603 Main St
Suite 1300
Irvine, CA 92614-9712           representing
(949) 851-9400
(949) 757-1225 (fax)
dfisher@ptwww.com
*(Creditor)*

Creditor

**Marc C Forsythe**
18101 Von Karman Avenue Ste 510
Irvine, CA 92612
949-798-2460                    representing
949-955-9437 (fax)
kmurphy@goeforlaw.com
*Assigned: 05/26/2009*

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com
*(Creditor)*

David C. Grant (SBN 053635)
Catherine Convy (SBN 178208)
Amanda R. Breneman (SBN 252810)
GRANT, GENOVESE & BARATTA, LLP
2030 Main Street, Suite 1600
Irvine, CA  92614
Telephone:  (949) 660-1600
Facsimile:  (949) 660-6060
Email: dcg@ggb-law.com
        catherine@ggb-law.com
        arb@ggb-law.com

Attorneys for Real Parties in Interest

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

|  |  |
|---|---|
| In re<br><br>THE PRESERVE, LLC, a California Limited Liability Company,<br><br>Debtor and<br>Debtor-in Possession | Case No. 6:08-bk-23006BB<br>Chapter 11 Proceeding<br><br>**DECLARATION OF WANDA HARRELL IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY**<br><br>DATE     :     July 14, 2009<br>TIME     :     10:00 a.m.<br>CRTRM. :     303 |

I, WANDA HARRELL, DECLARE AND STATE AS FOLLOWS:

1.   I am a Real Party in Interest/ Investor in the project known as The Preserve, LLC.  The matters stated herein are true and correct and are within my personal knowledge.  If called upon to testify as a witness I could and would competently testify thereto.

2.   I invested approximately $199,680 in the Point Center offered direct trust deed, known as The Preserve, LLC.

Exhibit __A__
Page __105__

Exhibit __7__
Page __102__

1

3.  Point Center Financial is the manager of my investment.  I depend on Point Center Financial to keep me informed of the status of my investment.

4.  At no time has the investment manager, Point Center Financial, informed me that the borrower, The Preserve, LLC, ever sought to contact investors, who are the real parties in interest, to discuss a possible reorganization plan.

5.  As a real party in interest, I need and would like to be kept informed of all proceedings which take place concerning my investment's security.

6.  As a real party in interest, I object to any actions being taken with respect to the land asset, which secures my indebtedness, without proper notice being provided to me and without my prior authorization.  I need due process.

7.  At this time, as I have not been provided with any information.  I object to any foreclosure as not in the best interest of the real parties in interest—the investors and me.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this Declaration was executed this 9th day of July , 2009 at Orange County , California.

WANDA HARRELL Wells

| In re: The Preserve, LLC, a California Limited Liability Company | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2030 Main Street, Irvine, CA  92614

A true and correct copy of the foregoing document described <u>DECLARATION OF WANDA HARRELL IN SUPPORT OF OPPOSITION OF REAL PARTIES IN INTEREST TO MOTION BY POINT CENTER FINANCIAL, INC. TO MOTION FOR RELIEF FROM STAY</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

**II.  SERVED BY OVERNIGHT MAIL**(indicate method for each person or entity served):
On <u>July 20, 2009</u> _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

See Attachment.

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond, 225 E. Temple St., Room 940, Los Angeles, CA  90012

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 10, 2009 | Gerry Lynn Gauden | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Exhibit _____ Page _____ 104

**Robert P Goe**
Goe & Forsythe, LLP
660 Newport Center Drive, Suite 320
Newport Beach, Ca 92660
(949) 467-3780
(949) 721-0409 (fax)
kmurphy@goeforlaw.com
*Assigned: 10/08/2008*

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com

**Elizabeth A Lossing**
3685 Main St Ste 300
Riverside, CA 92501
951-276-6354
951-276-6973 (fax)
elizabeth.lossing@usdoj.gov
*Assigned: 10/02/2008*

representing

**United States Trustee (RS)**
3685 Main Street, Suite 300
Riverside, CA 92501
ustpregion16.rs.ecf@usdoj.gov
*(U.S. Trustee)*

**Mark C Schnitzer**
Reid & Hellyer APC
P O Box 1300
Riverside, CA 92502-1300
951-682-1771
mschnitzer@rhlaw.com
*Assigned: 10/27/2008*
*Assigned: 11/14/2008*

representing

**Courtesy NEF**
*(Interested Party)*

representing

**Deep Canyon Holdings, Inc.**
*(Creditor)*

**David R Zaro**
515 S Figueroa St 7th Fl
Los Angeles, CA 90071-3398
213-622-5555
213-620-8816 (fax)
dzaro@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**Joshua del Castillo**
515 S Figueroa St
7th Fl
Los Angeles, CA 90071
213-622-5555
213-620-8816 (fax)
jdelcastillo@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**Jeffrey W Broker**
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114
949-222-2000
949-222-2022 (fax)
jbroker@brokerlaw.biz
  *Assigned: 09/25/2008*

representing

**The Preserve, LLC**
7006 Magnolia Ave
PMB No 309
Riverside, CA 92506
*(Debtor)*

**Don Fisher**
2603 Main St E Tower Ste1300
Irvine, CA 92614-6228
949-851-9400
949-757-1225 (fax)
dfisher@ptwww.com
  *Assigned: 11/12/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**PALMIERI, TYLER, WIENER
WILHELM & WALDRON LLP**
2603 Main St
Suite 1300
Irvine, CA 92614-9712
(949) 851-9400
(949) 757-1225 (fax)
dfisher@ptwww.com
*(Creditor)*

representing

Creditor

**Marc C Forsythe**
18101 Von Karman Avenue Ste 510
Irvine, CA 92612
949-798-2460
949-955-9437 (fax)
kmurphy@goeforlaw.com
  *Assigned: 05/26/2009*

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com
*(Creditor)*

1  David C. Grant (SBN 053635)
   Catherine Convy (SBN 178208)
2  Amanda R. Breneman (SBN 252810)
   GRANT, GENOVESE & BARATTA, LLP
3  2030 Main Street, Suite 1600
   Irvine, CA 92614
4  Telephone: (949) 660-1600
   Facsimile: (949) 660-6060
5  Email: dcg@ggb-law.com
          catherine@ggb-law.com
6          arb@ggb-law.com

7  Attorneys for Real Parties in Interest

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         RIVERSIDE DIVISION

11

12  In re                                  Case No. 6:08-bk-23006BB
                                           Chapter 11 Proceeding
13
    THE PRESERVE, LLC, a California Limited
14  Liability Company,                     **DECLARATION OF ROBERT L. WELLS
                                           IN SUPPORT OF OPPOSITION TO
15          Debtor and                     MOTION FOR RELIEF FROM STAY**
            Debtor-in Possession
16
                                           DATE    :   July 14, 2009
17                                         TIME    :   10:00 a.m.
                                           CRTRM.  :   303
18

19

20          I, ROBERT L. WELLS, DECLARE AND STATE AS FOLLOWS:

21

22          1.   I am a Real Party in Interest/ Investor in the project known as The Preserve, LLC.  The

23  matters stated herein are true and correct and are within my personal knowledge.  If called upon to

24  testify as a witness I could and would competently testify thereto.

25

26          2.   As Trustee of The Robert L. Wells Trust I invested approximately $199,680 in the

27  Point Center offered direct trust deed, known as The Preserve, LLC.

28

    Exhibit ___A___
    Page ___110___

    Exhibit ___8___
    Page ___107___

                                       1

3.  Point Center Financial is the manager of my investment.  I depend on Point Center Financial to keep me informed of the status of my investment.

4.  At no time has the investment manager, Point Center Financial, informed me that the borrower, The Preserve, LLC, ever sought to contact investors, who are the real parties in interest, to discuss a possible reorganization plan.

5.  As a real party in interest, I need and would like to be kept informed of all proceedings which take place concerning my investment's security.

6.  As a real party in interest, I object to any actions being taken with respect to the land asset, which secures my indebtedness, without proper notice being provided to me and without my prior authorization.  I need due process.

7.  At this time, as I have not been provided with any information.  I object to any foreclosure as not in the best interest of the real parties in interest—the investors and me.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this Declaration was executed this 9th day of July, 2009 at ___Orange County___, California.

_Robert L. Wells_
ROBERT L. WELLS

| In re: The Preserve, LLC, a California Limited Liability Company | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2030 Main Street, Irvine, CA  92614

A true and correct copy of the foregoing document described <u>DECLARATION OF ROBERT L. WELLS IN SUPPORT OF OPPOSITION OF REAL PARTIES IN INTEREST TO MOTION BY POINT CENTER FINANCIAL, INC. TO MOTION FOR RELIEF FROM STAY</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

**II.  SERVED BY OVERNIGHT MAIL**(indicate method for each person or entity served):
On <u>July 20, 2009</u> _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

See Attachment.

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond, 225 E. Temple St., Room 940, Los Angeles, CA  90012

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 10, 2009 | Gerry Lynn Gauden | _Ser A_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                    Page                                                                                  9013-3.1

**Jeffrey W Broker**
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114
949-222-2000                    representing
949-222-2022 (fax)
jbroker@brokerlaw.biz
  Assigned: 09/25/2008

**The Preserve, LLC**
7006 Magnolia Ave
PMB No 309
Riverside, CA 92506
*(Debtor)*

**Don Fisher**
2603 Main St E Tower Ste1300
Irvine, CA 92614-6228
949-851-9400                    representing
949-757-1225 (fax)
dfisher@ptwww.com
  Assigned: 11/12/2008

**Courtesy NEF**
*(Interested Party)*

 **PALMIERI, TYLER, WIENER
 WILHELM & WALDRON LLP**
2603 Main St
Suite 1300
Irvine, CA 92614-9712          representing        Creditor
(949) 851-9400
(949) 757-1225 (fax)
dfisher@ptwww.com
*(Creditor)*

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
**Marc C Forsythe**                               Suite 320
18101 Von Karman Avenue Ste 510                   Newport Beach, CA 92660
Irvine, CA 92612                                  (949) 467-3780
949-798-2460                    representing        rgoe@goeforlaw.com
949-955-9437 (fax)                                *(Creditor)*
kmurphy@goeforlaw.com
  Assigned: 05/26/2009

1   David C. Grant (SBN 053635)
    Catherine Convy (SBN 178208)
2   Amanda R. Breneman (SBN 252810)
    GRANT, GENOVESE & BARATTA, LLP
3   2030 Main Street, Suite 1600
    Irvine, CA  92614
4   Telephone:  (949) 660-1600
    Facsimile:  (949) 660-6060
5   Email: dcg@ggb-law.com
           catherine@ggb-law.com
6          arb@ggb-law.com

7   Attorneys for Real Parties in Interest

8              UNITED STATES BANKRUPTCY COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                   RIVERSIDE DIVISION

11

12  In re                                  Case No. 6:08-bk-23006BB
                                           Chapter 11 Proceeding
13
    THE PRESERVE, LLC, a California Limited
14  Liability Company,                     **DECLARATION OF MAX PERRY  IN**
                                           **SUPPORT OF OPPOSITION TO**
15              Debtor and                 **MOTION FOR RELIEF FROM STAY**
                Debtor-in Possession
16                                         DATE    :    July 14, 2009
17                                         TIME    :    10:00 a.m.
                                           CRTRM.  :    303
18

19

20      I, MAX PERRY, DECLARE AND STATE AS FOLLOWS:

21

22      1.  I am a Real Party in Interest/ Investor in the project known as The Preserve, LLC.  The

23  matters stated herein are true and correct and are within my personal knowledge.  If called upon to

24  testify as a witness I could and would competently testify thereto.

25

26      2.  As co-trustee of the Alder Creek Family Trust I invested approximately $100,000 in the

27  Point Center offered direct trust deed, known as The Preserve, LLC.

28

    Exhibit   A
    Page      114                                    Exhibit   9
                                                     Page      111

                            1

3.  Point Center Financial is the manager of my investment.  I depend on Point Center Financial to keep me informed of the status of my investment.

4.  At no time has the investment manager, Point Center Financial, informed me that the borrower, The Preserve, LLC, ever sought to contact investors, who are the real parties in interest, to discuss a possible reorganization plan.

5.  As a real party in interest, I need and would like to be kept informed of all proceedings which take place concerning my investment's security.

6.  As a real party in interest, I object to any actions being taken with respect to the land asset, which secures my indebtedness, without proper notice being provided to me and without my prior authorization.  I need due process.

7.  At this time, as I have not been provided with any information.   I object to any foreclosure as not in the best interest of the real parties in interest—the investors and me.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this Declaration was executed this 9th day of July , 2009 at _Los Angeles_ , California.

MAX PERRY

Exhibit ___A___
Page ___15___

2

Exhibit ___9___
Page ___112___

| In re: The Preserve, LLC, a California Limited Liability Company | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2030 Main Street, Irvine, CA 92614

A true and correct copy of the foregoing document described <u>DECLARATION OF MAX PERRY IN SUPPORT OF OPPOSITION OF REAL PARTIES IN INTEREST TO MOTION BY POINT CENTER FINANCIAL, INC. TO MOTION FOR RELIEF FROM STAY</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II.  **SERVED BY OVERNIGHT MAIL(indicate method for each person or entity served):**
On <u>July 20, 2009</u>_____I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

See Attachment.

☒ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond, 225 E. Temple St., Room 940, Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 10, 2009 | Gerry Lynn Gauden | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                     **9013-3.1**

Exhibit ____

Page ____

Page ____ 113

| | | |
|---|---|---|
| **Robert P Goe**<br>Goe & Forsythe, LLP<br>660 Newport Center Drive, Suite 320<br>Newport Beach, Ca 92660<br>(949) 467-3780<br>(949) 721-0409 (fax)<br>kmurphy@goeforlaw.com<br>*Assigned: 10/08/2008* | representing | **Point Center Financial Inc**<br>Point Center Financial, Inc.<br>660 Newport Center Drive<br>Suite 320<br>Newport Beach, CA 92660<br>(949) 467-3780<br>rgoe@goeforlaw.com |
| **Elizabeth A Lossing**<br>3685 Main St Ste 300<br>Riverside, CA 92501<br>951-276-6354<br>951-276-6973 (fax)<br>elizabeth.lossing@usdoj.gov<br>*Assigned: 10/02/2008* | representing | **United States Trustee (RS)**<br>3685 Main Street, Suite 300<br>Riverside, CA 92501<br>ustpregion16.rs.ecf@usdoj.gov<br>*(U.S. Trustee)* |
| **Mark C Schnitzer**<br>Reid & Hellyer APC<br>P O Box 1300<br>Riverside, CA 92502-1300<br>951-682-1771<br>mschnitzer@rhlaw.com<br>*Assigned: 10/27/2008*<br>*Assigned: 11/14/2008* | representing<br><br>representing | **Courtesy NEF**<br>*(Interested Party)*<br><br>**Deep Canyon Holdings, Inc.**<br>*(Creditor)* |
| **David R Zaro**<br>515 S Figueroa St 7th Fl<br>Los Angeles, CA 90071-3398<br>213-622-5555<br>213-620-8816 (fax)<br>dzaro@allenmatkins.com<br>*Assigned: 11/07/2008* | representing | **Courtesy NEF**<br>*(Interested Party)* |
| **Joshua del Castillo**<br>515 S Figueroa St<br>7th Fl<br>Los Angeles, CA 90071<br>213-622-5555<br>213-620-8816 (fax)<br>jdelcastillo@allenmatkins.com<br>*Assigned: 11/07/2008* | representing | **Courtesy NEF**<br>*(Interested Party)* |

Exhibit ___A___
Page ___17___

Exhibit ___9___
Page ___114___

**Jeffrey W Broker**
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114
949-222-2000
949-222-2022 (fax)
jbroker@brokerlaw.biz
  Assigned: 09/25/2008

representing

**The Preserve, LLC**
7006 Magnolia Ave
PMB No 309
Riverside, CA 92506
*(Debtor)*

**Don Fisher**
2603 Main St E Tower Ste1300
Irvine, CA 92614-6228
949-851-9400
949-757-1225 (fax)
dfisher@ptwww.com
  Assigned: 11/12/2008

representing

**Courtesy NEF**
*(Interested Party)*

**PALMIERI, TYLER, WIENER
WILHELM & WALDRON LLP**
2603 Main St
Suite 1300
Irvine, CA 92614-9712
(949) 851-9400
(949) 757-1225 (fax)
dfisher@ptwww.com
*(Creditor)*

representing

Creditor

**Marc C Forsythe**
18101 Von Karman Avenue Ste 510
Irvine, CA 92612
949-798-2460
949-955-9437 (fax)
kmurphy@goeforlaw.com
  Assigned: 05/26/2009

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com
*(Creditor)*

Exhibit  A
Page  118

Exhibit  9
Page  115