David C. Grant (SBN 053635)
Catherine Convy (SBN 178208)
Amanda R. Breneman (SBN 252810)
GRANT, GENOVESE & BARATTA, LLP
2030 Main Street, Suite 1600
Irvine, CA  92614
Telephone:  (949) 660-1600
Facsimile:  (949) 660-6060
Email:  dcg@ggb-law.com
        catherine@ggb-law.com
        arb@ggb-law.com

Attorneys for Real Parties in Interest

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

|  |  |
|---|---|
| In re<br><br>THE PRESERVE, LLC, a California Limited Liability Company,<br><br>        Debtor and<br>        Debtor-in Possession | Case No. 6:08-bk-23006BB<br>Chapter 11 Proceeding<br><br>**DECLARATION OF PAUL KRASNER, M.D. IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY**<br><br>DATE    :    July 14, 2009<br>TIME    :    10:00 a.m.<br>CRTRM. :    303 |

I, PAUL KRASNER, M.D., DECLARE AND STATE AS FOLLOWS:

1.  I am a Real Party in Interest/ Investor in the project known as The Preserve, LLC.  The matters stated herein are true and correct and are within my personal knowledge.  If called upon to testify as a witness I could and would competently testify thereto.

2.  As Trustee of The Paul Krasner M.D. Defined Benefit Pension Plan and Trust I invested approximately $150,000 in the Point Center offered direct trust deed, known as The Preserve, LLC.; and as Trustee of the Nephrology Medical Group of Orange County Profit Sharing Plan

Exhibit _A_
Page _119_

Exhibit _10_
Page _116_

1

1  Retiremen Trust I invested approximately $50,000 in the Point Center offered direct trust deed, known
2  as The Preserve, LLC.

3

4      3.  Point Center Financial is the manager of my investment.  I depend on Point Center
5  Financial to keep me informed of the status of my investment.

6

7      4.  At no time has the investment manager, Point Center Financial, informed me that the
8  borrower, The Preserve, LLC, ever sought to contact investors, who are the real parties in interest, to
9  discuss a possible reorganization plan.

10

11      5.  As a real party in interest, I need and would like to be kept informed of all proceedings
12  which take place concerning my investment's security.

13

14      6.  As a real party in interest, I object to any actions being taken with respect to the land
15  asset, which secures my indebtedness, without proper notice being provided to me and without my
16  prior authorization.  I need due process.

17

18      7.  At this time, as I have not been provided with any information.  I object to any
19  foreclosure as not in the best interest of the real parties in interest—the investors and me.

20

21      I declare under penalty of perjury under the laws of the State of California and the United
22  States of America that the foregoing is true and correct and that this Declaration was executed this 9th
23  day of July  2009 at ___Dana Point___, California.

24

25

26  PAUL KRASNER, M.D.

27

28

| In re: The Preserve, LLC, a California Limited Liability Company | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2030 Main Street, Irvine, CA  92614

A true and correct copy of the foregoing document described <u>DECLARATION OF PAUL KRASNER, M.D. IN SUPPORT OF OPPOSITION OF REAL PARTIES IN INTEREST TO MOTION BY POINT CENTER FINANCIAL, INC. TO MOTION FOR RELIEF FROM STAY</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached **page**

**II.  SERVED BY OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On July 20, 2009 _____I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

See Attachment.

☒ Service information continued on attached **page**

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond, 225 E. Temple St., Room 940, Los Angeles, CA  90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 10, 2009 | Gerry Lynn Gauden | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                 F 9013-3.1

Exhibit

Page 121

Page 118

**Robert P Goe**
Goe & Forsythe, LLP
660 Newport Center Drive, Suite 320
Newport Beach, Ca 92660
(949) 467-3780
(949) 721-0409 (fax)
kmurphy@goeforlaw.com
*Assigned: 10/08/2008*

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com

**Elizabeth A Lossing**
3685 Main St Ste 300
Riverside, CA 92501
951-276-6354
951-276-6973 (fax)
elizabeth.lossing@usdoj.gov
*Assigned: 10/02/2008*

representing

**United States Trustee (RS)**
3685 Main Street, Suite 300
Riverside, CA 92501
ustpregion16.rs.ecf@usdoj.gov
*(U.S. Trustee)*

**Mark C Schnitzer**
Reid & Hellyer APC
P O Box 1300
Riverside, CA 92502-1300
951-682-1771
mschnitzer@rhlaw.com
*Assigned: 10/27/2008*
*Assigned: 11/14/2008*

representing

**Courtesy NEF**
*(Interested Party)*

representing

**Deep Canyon Holdings, Inc.**
*(Creditor)*

**David R Zaro**
515 S Figueroa St 7th Fl
Los Angeles, CA 90071-3398
213-622-5555
213-620-8816 (fax)
dzaro@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**Joshua del Castillo**
515 S Figueroa St
7th Fl
Los Angeles, CA 90071
213-622-5555
213-620-8816 (fax)
jdelcastillo@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**Jeffrey W Broker**
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114
949-222-2000
949-222-2022 (fax)
jbroker@brokerlaw.biz
 Assigned: 09/25/2008

representing

**The Preserve, LLC**
7006 Magnolia Ave
PMB No 309
Riverside, CA 92506
*(Debtor)*

**Don Fisher**
2603 Main St E Tower Ste1300
Irvine, CA 92614-6228
949-851-9400
949-757-1225 (fax)
dfisher@ptwww.com
 Assigned: 11/12/2008

representing

**Courtesy NEF**
*(Interested Party)*

 **PALMIERI, TYLER, WIENER
WILHELM & WALDRON LLP**
2603 Main St
Suite 1300
Irvine, CA 92614-9712
(949) 851-9400
(949) 757-1225 (fax)
dfisher@ptwww.com
*(Creditor)*

representing

Creditor

**Marc C Forsythe**
18101 Von Karman Avenue Ste 510
Irvine, CA 92612
949-798-2460
949-955-9437 (fax)
kmurphy@goeforlaw.com
 Assigned: 05/26/2009

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com
*(Creditor)*

Exhibit ___A___
Page ___123___

Exhibit ___10___
Page ___120___

David C. Grant (SBN 053635)
Catherine Convy (SBN 178208)
Amanda R. Breneman (SBN 252810)
GRANT, GENOVESE & BARATTA, LLP
2030 Main Street, Suite 1600
Irvine, CA 92614
Telephone: (949) 660-1600
Facsimile: (949) 660-6060
Email: dcg@ggb-law.com
        catherine@ggb-law.com
        arb@ggb-law.com

Attorneys for Real Parties in Interest

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>THE PRESERVE, LLC, a California Limited<br>Liability Company,<br><br>          Debtor and<br>          Debtor-in Possession | Case No. 6:08-bk-23006BB<br>Chapter 11 Proceeding<br><br>**DECLARATION OF TERRY N. HOLDT<br>IN SUPPORT OF OPPOSITION TO<br>MOTION FOR RELIEF FROM STAY**<br><br>DATE    :    July 14, 2009<br>TIME    :    10:00 a.m.<br>CRTRM.  :    303 |

I, TERRY N. HOLDT, DECLARE AND STATE AS FOLLOWS:

1.   I am a Real Party in Interest/ Investor in the project known as The Preserve, LLC. The matters stated herein are true and correct and are within my personal knowledge. If called upon to testify as a witness I could and would competently testify thereto.

2.   As co-trustee of the Holdt Living Trust I invested approximately $49,000, in the Point Center offered direct trust deed, known as The Preserve, LLC.

Exhibit _A_
Page _124_

Exhibit _11_
Page _121_

1

3.  Point Center Financial is the manager of my investment.  I depend on Point Center Financial to keep me informed of the status of my investment.

4.  At no time has the investment manager, Point Center Financial, informed me that the borrower, The Preserve, LLC, ever sought to contact investors, who are the real parties in interest, to discuss a possible reorganization plan.

5.  As a real party in interest, I need and would like to be kept informed of all proceedings which take place concerning my investment's security.

6.  As a real party in interest, I object to any actions being taken with respect to the land asset, which secures my indebtedness, without proper notice being provided to me and without my prior authorization. I need due process.

7.  At this time, as I have not been provided with any information.  I object to any foreclosure as not in the best interest of the real parties in interest—the investors and me.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this Declaration was executed this 9th day of July  2009 at San Juan Capistrano California.

TERRY N. HOLDT

Exhibit  A
Page  125

2

Exhibit  11
Page  122

| In re: The Preserve, LLC, a California Limited Liability Company | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2030 Main Street, Irvine, CA 92614

A true and correct copy of the foregoing document described <u>DECLARATION OF TERRY N. HOLDT IN SUPPORT OF OPPOSITION OF REAL PARTIES IN INTEREST TO MOTION BY POINT CENTER FINANCIAL, INC. TO MOTION FOR RELIEF FROM STAY</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.   SERVED BY OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On July 20, 2009 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See Attachment.

☒ Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond, 225 E. Temple St., Room 940, Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 10, 2009 | Gerry Lynn Gauden | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Robert P Goe**
Goe & Forsythe, LLP
660 Newport Center Drive, Suite 320
Newport Beach, Ca 92660
(949) 467-3780
(949) 721-0409 (fax)
kmurphy@goeforlaw.com
*Assigned: 10/08/2008*

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com

**Elizabeth A Lossing**
3685 Main St Ste 300
Riverside, CA 92501
951-276-6354
951-276-6973 (fax)
elizabeth.lossing@usdoj.gov
*Assigned: 10/02/2008*

representing

**United States Trustee (RS)**
3685 Main Street, Suite 300
Riverside, CA 92501
ustpregion16.rs.ecf@usdoj.gov
*(U.S. Trustee)*

**Mark C Schnitzer**
Reid & Hellyer APC
P O Box 1300
Riverside, CA 92502-1300
951-682-1771
mschnitzer@rhlaw.com
*Assigned: 10/27/2008*
*Assigned: 11/14/2008*

representing

**Courtesy NEF**
*(Interested Party)*

representing

**Deep Canyon Holdings, Inc.**
*(Creditor)*

**David R Zaro**
515 S Figueroa St 7th Fl
Los Angeles, CA 90071-3398
213-622-5555
213-620-8816 (fax)
dzaro@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**Joshua del Castillo**
515 S Figueroa St
7th Fl
Los Angeles, CA 90071
213-622-5555
213-620-8816 (fax)
jdelcastillo@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

Exhibit ___A___
Page ___127___

Exhibit ___11___
Page ___124___

**Jeffrey W Broker**
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114
949-222-2000                    representing
949-222-2022 (fax)
jbroker@brokerlaw.biz
  *Assigned: 09/25/2008*

**The Preserve, LLC**
7006 Magnolia Ave
PMB No 309
Riverside, CA 92506
*(Debtor)*

**Don Fisher**
2603 Main St E Tower Ste1300
Irvine, CA 92614-6228
949-851-9400                    representing
949-757-1225 (fax)
dfisher@ptwww.com
  *Assigned: 11/12/2008*

**Courtesy NEF**
*(Interested Party)*

**PALMIERI, TYLER, WIENER
WILHELM & WALDRON LLP**
2603 Main St
Suite 1300
Irvine, CA 92614-9712          representing          Creditor
(949) 851-9400
(949) 757-1225 (fax)
dfisher@ptwww.com
*(Creditor)*

**Marc C Forsythe**
18101 Von Karman Avenue Ste 510
Irvine, CA 92612
949-798-2460                    representing
949-955-9437 (fax)
kmurphy@goeforlaw.com
  *Assigned: 05/26/2009*

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com
*(Creditor)*

David C. Grant (SBN 053635)
Catherine Convy (SBN 178208)
Amanda R. Breneman (SBN 252810)
GRANT, GENOVESE & BARATTA, LLP
2030 Main Street, Suite 1600
Irvine, CA 92614
Telephone: (949) 660-1600
Facsimile: (949) 660-6060
Email: dcg@ggb-law.com
       catherine@ggb-law.com
       arb@ggb-law.com

Attorneys for Real Parties in Interest

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

In re

THE PRESERVE, LLC, a California Limited
Liability Company,

        Debtor and
        Debtor-in Possession

Case No. 6:08-bk-23006BB
Chapter 11 Proceeding

**DECLARATION OF ALBERT
HECHINGER IN SUPPORT OF
OPPOSITION TO MOTION FOR
RELIEF FROM STAY**

DATE    :   July 14, 2009
TIME    :   10:00 a.m.
CRTRM. :   303

    I, ALBERT HECHINGER, DECLARE AND STATE AS FOLLOWS:

    1.   I am a Real Party in Interest/ Investor in the project known as The Preserve, LLC. The matters stated herein are true and correct and are within my personal knowledge. If called upon to testify as a witness I could and would competently testify thereto.

    2.   As co-trustee of the Kathryn and Albert Family Trust I invested approximately $101,010, in the Point Center offered direct trust deed, known as The Preserve, LLC.

Exhibit _A_
Page _129_

Exhibit _12_
Page _126_

1

3.   Point Center Financial is the manager of my investment.  I depend on Point Center Financial to keep me informed of the status of my investment.

4.   At no time has the investment manager, Point Center Financial, informed me that the borrower, The Preserve, LLC, ever sought to contact investors, who are the real parties in interest, to discuss a possible reorganization plan.

5.   As a real party in interest, I need and would like to be kept informed of all proceedings which take place concerning my investment's security.

6.   As a real party in interest, I object to any actions being taken with respect to the land asset, which secures my indebtedness, without proper notice being provided to me and without my prior authorization.  I need due process.

7.   At this time, as I have not been provided with any information.  I object to any foreclosure as not in the best interest of the real parties in interest—the investors and me.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this Declaration was executed this 9th day of July , 2009 at _____Los Angeles_____, California.

_____
ALBERT HECHINGER

Exhibit ___A___
Page ___130___

2

| In re: The Preserve, LLC, a California Limited Liability Company | CHAPTER 11 |
| | |
| Debtor(s). | CASE NUMBER 6:08-bk-23006BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2030 Main Street, Irvine, CA 92614

A true and correct copy of the foregoing document described <u>DECLARATION OF ALBERT HECHINGER IN SUPPORT OF OPPOSITION OF REAL PARTIES IN INTEREST TO MOTION BY POINT CENTER FINANCIAL, INC. TO MOTION FOR RELIEF FROM STAY</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On <u>July 20, 2009</u>_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

See Attachment.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond, 225 E. Temple St., Room 940, Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 10, 2009 | Gerry Lynn Gauden | _Signature_ |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Exhibit _____A_____
Page ___131___

Page _128_

**Robert P Goe**
Goe & Forsythe, LLP
660 Newport Center Drive, Suite 320
Newport Beach, Ca 92660
(949) 467-3780
(949) 721-0409 (fax)
kmurphy@goeforlaw.com
*Assigned: 10/08/2008*

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com

**Elizabeth A Lossing**
3685 Main St Ste 300
Riverside, CA 92501
951-276-6354
951-276-6973 (fax)
elizabeth.lossing@usdoj.gov
*Assigned: 10/02/2008*

representing

**United States Trustee (RS)**
3685 Main Street, Suite 300
Riverside, CA 92501
ustpregion16.rs.ecf@usdoj.gov
*(U.S. Trustee)*

**Mark C Schnitzer**
Reid & Hellyer APC
P O Box 1300
Riverside, CA 92502-1300
951-682-1771
mschnitzer@rhlaw.com
*Assigned: 10/27/2008*
*Assigned: 11/14/2008*

representing

**Courtesy NEF**
*(Interested Party)*

representing

**Deep Canyon Holdings, Inc.**
*(Creditor)*

**David R Zaro**
515 S Figueroa St 7th Fl
Los Angeles, CA 90071-3398
213-622-5555
213-620-8816 (fax)
dzaro@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**Joshua del Castillo**
515 S Figueroa St
7th Fl
Los Angeles, CA 90071
213-622-5555
213-620-8816 (fax)
jdelcastillo@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

Exhibit ___A___
Page ___13a___

Exhibit __12__
Page __129__

**Jeffrey W Broker**
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114
949-222-2000
949-222-2022 (fax)
jbroker@brokerlaw.biz
  *Assigned: 09/25/2008*

representing

**The Preserve, LLC**
7006 Magnolia Ave
PMB No 309
Riverside, CA 92506
*(Debtor)*

**Don Fisher**
2603 Main St E Tower Ste1300
Irvine, CA 92614-6228
949-851-9400
949-757-1225 (fax)
dfisher@ptwww.com
  *Assigned: 11/12/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**PALMIERI, TYLER, WIENER
WILHELM & WALDRON LLP**
2603 Main St
Suite 1300
Irvine, CA 92614-9712
(949) 851-9400
(949) 757-1225 (fax)
dfisher@ptwww.com
*(Creditor)*

representing

Creditor

**Marc C Forsythe**
18101 Von Karman Avenue Ste 510
Irvine, CA 92612
949-798-2460
949-955-9437 (fax)
kmurphy@goeforlaw.com
  *Assigned: 05/26/2009*

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com
*(Creditor)*

Exhibit ___A___
Page ___133___

Exhibit ___12___
Page ___130___

David C. Grant (SBN 053635)
Catherine Convy (SBN 178208)
Amanda R. Breneman (SBN 252810)
GRANT, GENOVESE & BARATTA, LLP
2030 Main Street, Suite 1600
Irvine, CA 92614
Telephone: (949) 660-1600
Facsimile: (949) 660-6060
Email: dcg@ggb-law.com
       catherine@ggb-law.com
       arb@ggb-law.com

Attorneys for Real Parties in Interest

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:08-bk-23006BB |
| THE PRESERVE, LLC, a California Limited Liability Company, | Chapter 11 Proceeding |
| | **DECLARATION OF ROBERT M. PEPPERCORN, M.D. IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY** |
| Debtor and Debtor-in Possession | |

DATE    :    July 14, 2009
TIME    :    10:00 a.m.
CRTRM. :    303

I, ROBERT M. PEPPERCORN, M.D., DECLARE AND STATE AS FOLLOWS:

1.    I am a Real Party in Interest/ Investor in the project known as The Preserve, LLC. The matters stated herein are true and correct and are within my personal knowledge. If called upon to testify as a witness I could and would competently testify thereto.

2.    As Authorized Agent for Pensco Trust Company as Custodian of IRA #PE1DY FBO Robert M. Peppercorn I invested approximately $50,000, in the Point Center offered direct trust deed, known as The Preserve, LLC.

Exhibit ___A___
Page ___134___

Exhibit ___13___
Page ___131___

1

3.  Point Center Financial is the manager of my investment. I depend on Point Center Financial to keep me informed of the status of my investment.

4.  At no time has the investment manager, Point Center Financial, informed me that the borrower, The Preserve, LLC, ever sought to contact investors, who are the real parties in interest, to discuss a possible reorganization plan.

5.  As a real party in interest, I need and would like to be kept informed of all proceedings which take place concerning my investment's security.

6.  As a real party in interest, I object to any actions being taken with respect to the land asset, which secures my indebtedness, without proper notice being provided to me and without my prior authorization. I need due process.

7.  At this time, as I have not been provided with any information. I object to any foreclosure as not in the best interest of the real parties in interest—the investors and me.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this Declaration was executed this 9th day of July , 2009 at ___YUBA CITY___, California.

_____
ROBERT M. PEPPERCORN, M.D.

Exhibit ___A___
Page ___155___

2

Exhibit ___13___
Page ___132___

| In re: The Preserve, LLC, a California Limited Liability Company | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2030 Main Street, Irvine, CA 92614

A true and correct copy of the foregoing document described <u>DECLARATION OF ROBERT M. PEPPERCORN, M.D. IN SUPPORT OF OPPOSITION OF REAL PARTIES IN INTEREST TO MOTION BY POINT CENTER FINANCIAL, INC. TO MOTION FOR RELIEF FROM STAY</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY OVERNIGHT MAIL** (indicate method for each person or entity served):
On July 20, 2009 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

See Attachment.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond, 225 E. Temple St., Room 940, Los Angeles, CA  90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 10, 2009 | Gerry Lynn Gauden | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

Exhibit A
Page 136

Exhibit 12
Page 133

**Robert P Goe**
Goe & Forsythe, LLP
660 Newport Center Drive, Suite 320
Newport Beach, Ca 92660
(949) 467-3780
(949) 721-0409 (fax)
kmurphy@goeforlaw.com
*Assigned: 10/08/2008*

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com

**Elizabeth A Lossing**
3685 Main St Ste 300
Riverside, CA 92501
951-276-6354
951-276-6973 (fax)
elizabeth.lossing@usdoj.gov
*Assigned: 10/02/2008*

representing

**United States Trustee (RS)**
3685 Main Street, Suite 300
Riverside, CA 92501
ustpregion16.rs.ecf@usdoj.gov
*(U.S. Trustee)*

**Mark C Schnitzer**
Reid & Hellyer APC
P O Box 1300
Riverside, CA 92502-1300
951-682-1771
mschnitzer@rhlaw.com
*Assigned: 10/27/2008*
*Assigned: 11/14/2008*

representing

**Courtesy NEF**
*(Interested Party)*

representing

**Deep Canyon Holdings, Inc.**
*(Creditor)*

**David R Zaro**
515 S Figueroa St 7th Fl
Los Angeles, CA 90071-3398
213-622-5555
213-620-8816 (fax)
dzaro@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**Joshua del Castillo**
515 S Figueroa St
7th Fl
Los Angeles, CA 90071
213-622-5555
213-620-8816 (fax)
jdelcastillo@allenmatkins.com
*Assigned: 11/07/2008*

representing

**Courtesy NEF**
*(Interested Party)*

Exhibit ___A___
Page ___137___

Exhibit ___13___
Page ___134___

**Jeffrey W Broker**
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114
949-222-2000
949-222-2022 (fax)
jbroker@brokerlaw.biz
*Assigned: 09/25/2008*

representing

**The Preserve, LLC**
7006 Magnolia Ave
PMB No 309
Riverside, CA 92506
*(Debtor)*

**Don Fisher**
2603 Main St E Tower Ste1300
Irvine, CA 92614-6228
949-851-9400
949-757-1225 (fax)
dfisher@ptwww.com
*Assigned: 11/12/2008*

representing

**Courtesy NEF**
*(Interested Party)*

**PALMIERI, TYLER, WIENER
WILHELM & WALDRON LLP**
2603 Main St
Suite 1300
Irvine, CA 92614-9712
(949) 851-9400
(949) 757-1225 (fax)
dfisher@ptwww.com
*(Creditor)*

representing

Creditor

**Marc C Forsythe**
18101 Von Karman Avenue Ste 510
Irvine, CA 92612
949-798-2460
949-955-9437 (fax)
kmurphy@goeforlaw.com
*Assigned: 05/26/2009*

representing

**Point Center Financial Inc**
Point Center Financial, Inc.
660 Newport Center Drive
Suite 320
Newport Beach, CA 92660
(949) 467-3780
rgoe@goeforlaw.com
*(Creditor)*

Exhibit A
Page 138

Exhibit 13
Page 135

B10 (Official Form 10) (12/08) - Page 1

| UNITED STATES BANKRUPTCY COURT | CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor:** The Preserve, LLC, a California Limited Liability Company

**Case Number:** 6:08-bk-23006-BB

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor (the person or entity to whom the debtor owes money or property):**
Point Center Financial as designated agent

☐ Check this box to indicate that this claim amends a previously filed claim.

**Name and address where notices should be sent:**
Point Center Financial
7 Argonaut
Aliso Viejo, CA 92656

**Court Claim Number:** _____
(If known)

**Telephone number:**

Filed on: _____

**Name and address where payment should be sent (if different from above):**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**Telephone number:**

**1. Amount of Claim as of Date Case Filed:** $38,200,489.64

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Money loaned
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 6070

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☒ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

**Value of Property:$** _____   **Annual Interest Rate** 12.50%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $ _____   **Basis for perfection:** _____

**Amount of Secured Claim:** $ _____   **Amount Unsecured:** $ _____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -- 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** 4-3-09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Dan Harkey, President of
Point Center Financial, as designated agent

**FOR COURT USE ONLY**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

| In re:<br>THE PRESERVE, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006-BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 510, Irvine, CA 92612.

A true and correct copy of the foregoing document described <u>PROOF OF CLAIM</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>April 8, 2009</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Jeffrey W Broker    jbroker@brokerlaw.biz
- Don Fisher    dfisher@ptwww.com
- Robert P Goe    kmurphy@goeforlaw.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Mark C Schnitzer    mschnitzer@rhlaw.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- David R Zaro    dzaro@allenmatkins.com
- Joshua del Castillo    jdelcastillo@allenmatkins.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On <u>April 8, 2009</u>, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>April 8, 2009</u>, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

The Honorable Sheri Bluebond, USBC, 3420 Twelfth Street, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 8, 2009 | Kerry A. Murphy | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                  **F 9013-3.1**

Exhibit   A
Page   140

Exhibit   14
Page   137

The Preserve, LLC
Loan #206070

**THE PRESERVE POC FIGURES 09-25-2008**

| | |
|---|---|
| Principal Balance | $32,665,620.00 |
| Interest 12.50% from 01/29/08 to 09/25/08: 240 Days @ $11,186.86 per diem | $2,684,846.40 |
| Interest 12.50% from 01/01/08 to 01/29/08: 28 Days @ $11,069.87 per diem (on UPB of $32,324,020.00) | $309,956.36 |
| Default Int. 10.00% 02/01/08 to 09/25/08: 237 Days @ $8,949.48 per diem | $2,121,028.76 |
| Late Fees 9 @ $34,026.69 | $306,240.21 |
| Less Impounded Funds | -$409.14 |
| Palmieri, Tyler Attorney Fees from 11/30/07-2/29/08 | $7,005.99 |
| TD Services Fees and Costs thru 9/25/2008 | $106,203.06 |
| **TOTAL** | **$38,200,489.64 *** |

Does not include post-petition attorneys' fees, interest and other costs

Exhibit A
Page 141

Exhibit 14
Page 138

*Note + Addendum*

Loan No.206070

## PROMISSORY NOTE

$39,000,000.00

Date: September 21, 2006
San Juan Capistrano, CA

FOR VALUE RECEIVED, the undersigned, THE PRESERVE, LLC, a California limited liability company ("Borrower"), whose address for purposes of this Promissory Note ("Note") is 7006 Magnolia Avenue, #309, Riverside, CA 92506, PROMISES TO PAY to the order of the lenders identified on Exhibit "A" (collectively, the "Lender"), at c/o Point Center Financial, Inc., 30900 Rancho Viejo Road, Suite 100, San Juan Capistrano, CA 92675, or such other place as the Lender may specify, the principal sum of Thirty-Nine Million and No/100 US Dollars, ($39,000,000.00), together with interest thereon, to be paid in lawful money of the United States of America.

1. <u>Security</u>. This Note is secured, without limitation, by that certain Deed of Trust, Security Agreement and Fixture Filing with Assignment of Rents, dated as of even date of this Note by Borrower to and in favor of National Financial Lending, Inc., a California corporation, as trustee for the benefit of Lender (the "Security Document") for the benefit of Lender, on certain real property and personal property defined therein as the Trust Property. Capitalized terms used, but not defined, herein shall have the meanings set forth in the Security Document.

2. <u>Interest</u>. Borrower promises to pay interest on the unpaid principal balance from the day upon which funds are deposited with the closing agent and/or when any proceeds of the Loan are advanced on behalf of Borrower in accordance with the separately executed Funding Agreement of even date herewith (the "Date of Disbursement") until repayment in full, at the rate per annum equal to the "Interest Rate," as defined below. The term "Interest Rate," as used herein, means the rate or rates of interest applicable to all or portions of the outstanding balance of the Loan, as set forth below. Interest on this Note shall be computed on the basis of a 365-day year.

(a) "Interest Rate." The "Interest Rate" shall mean a fixed rate of interest equal to Twelve and Fifty Hundredths percent (12.50%) per annum.

(b) "Default Rate." From and after the Maturity Date (as defined in Section 3 below), or an earlier date on which all sums owing under this Note become due by acceleration or otherwise, all sums owing, including outstanding interest and any fee, expense or other amount payable under this Note, the Security Document or any other Loan Documents (relating back to any applicable due date), will bear interest until paid in full at a rate equal to ten percent (10.00%) per annum in excess of the rate of interest specified above ("Default Rate"). All interest accrued at the Default Rate shall be immediately due and payable.

3. <u>Repayment Terms and Maturity Date</u>. Payments shall be interest only with a balloon payment of all outstanding principal and interest due on the Maturity Date. Payments of interest in the amount of Four Hundred Six Thousand Two Hundred Fifty and No/100 US Dollars, $406,250.00 shall be due and payable on the first day of each month, commencing on the first day of December 1, 2006, and continuing on the first day of each month until the final payment of this Note, due on November 1, 2008 ("Maturity Date"). In the event any payment is not made when due, a late charge in the amount of ten percent (10%) of the late payment will be assessed in addition to any applicable Default Rate. The final payment shall be in an amount equal to the entire outstanding principal balance of this Note, together with all accrued and unpaid interest and all other amounts remaining outstanding under the Loan Documents.

1

Exhibit __A__
Page __142__

Exhibit __14__
Page __139__

4. <u>Allocation of Payments</u>. All payments on this Note will be applied first to the payment of any costs, fees, late charges or other charges incurred in connection with the indebtedness evidenced by this Note; next, to the payment of accrued interest; then to the reduction of the principal balance; or in any other order that Lender reasonably requires.

5. <u>Acceleration</u>. If Borrower fails to pay when due any sums payable under this Note, or an Event of Default occurs or any other event or condition occurs that, under the terms of the Security Document or any other Loan Document, gives rise to a right of acceleration of sums owing under this Note, then Lender, at its sole option, will have the right to declare all sums owing under the Note immediately due.

6. <u>Prepayment</u>. Prepayment of principal in the first twelve (12) months from the interest accrual date, a prepayment penalty will apply. The penalty will be twelve (12) months interest upon 100% of the prepayment amount, less any interest already paid from the interest accrual date.

7. <u>No Offset</u>. Borrower will pay to Lender all sums owing under this Note without deduction, offset, or counterclaim of any kind. The relationship of Borrower and Lender under this Note is solely that of borrower and lender, and the loan evidenced by this Note and secured by the Security Document will in no manner make Lender the partner or joint venturer of Borrower. Borrower acknowledges that there is no fiduciary relationship between Borrower and Lender.

8. <u>No Assignment by Borrower or Assumption</u>. This Note may not be assumed. Any attempt to assign or assume Borrower's rights and/or obligations of this Note or of any of the Loan Documents shall constitute a material default of this Note and each of the Loan Documents, entitling Lender to exercise any and all remedies available to it, including, but not limited to, acceleration of all sums owed under the Note and foreclosure under the Security Document.

9. <u>No Transfers or Encumbrances</u>. This Promissory Note is the Note referred to in, and is entitled to the benefits of, the Security Document and the Other Security Documents. Among the provisions of the Security Document is the following paragraph 11:

11. <u>Encumbrance or Transfer of the Trust Property</u>.

(a) <u>Encumbrance</u>. Except for the liens securing the Indebtedness, Trustor will not create or permit to continue in existence any mortgage, pledge, encumbrance, lien, or charge of any kind (including purchase money and conditional sale liens) on any of the Trust Property except for:

(i) liens for taxes not yet delinquent, and

(ii) any other liens or charges that are specifically approved in writing by Beneficiary prior to the recordation of this Deed of Trust.

Any transaction in violation of this paragraph 11 will cause all Indebtedness, irrespective of the maturity dates, at the option of the holder and without demand or notice, to immediately become due, together with any prepayment premium in accordance with the terms of the Note.

(b) <u>Transfer</u>. Trustor acknowledges that Beneficiary has examined both the creditworthiness of Trustor and Trustor's experience in owning and operating properties such as the Trust Property in

2

Y:\LoanDocs\LoansInProcess\206070 - The Preserve, LLC\Loan Documents\Promissory Note-interest only.DOCY:\LoanDocs\LoansInProcess\206070 - The Preserve, LLC\Loan Documents\Promissory Note-interest only.DOC

Exhibit A
Page 143

Exhibit 14
Page 140

B21

determining whether or not to make the Loan, that Beneficiary has relied on Trustor's creditworthiness and experience in deciding to make the Loan, and that Beneficiary will continue to rely on Trustor's ownership of the Trust Property as a means of maintaining the value of the Trust Property as security for repayment of the Indebtedness. Trustor acknowledges that Beneficiary has a valid interest in maintaining the value of the Trust Property so as to ensure that, if Trustor defaults in the repayment of the Indebtedness, Beneficiary can recover the Indebtedness by a sale of the Trust Property. Trustor shall not, without the prior written consent of Beneficiary, assign, transfer or convey the right to manage or control the operation of any part of the Trust Property. A sale, transfer or conveyance within the meaning of this paragraph shall be deemed to include:

(i) an installment sales agreement in which Trustor agrees to sell any part of the Trust Property for a price to be paid in installments;

(ii) an agreement by Trustor leasing all or a substantial part of the Trust Property (except as provided in paragraph 21(d)), or a sale, pledge, assignment or other transfer of, or the grant of a security interest in, Trustor's right, title and interest in any Leases or any Rents;

(iii) if Trustor is a corporation or a limited partnership with a corporate general partner, the transfer of stock of the Trustor or its corporate general partner to parties who do not now hold a controlling interest;

(iv) if Trustor is a general or limited partnership, joint venture, or other form of partnership (a "Partnership"), a transfer of any general partnership interest or the admission of any new general partner; and

(v) if Trustor is a limited liability company or a limited partnership with a limited liability company as general partner, the transfer of membership interests in the Trustor or its limited liability company general partner (or the stock or membership interests in any corporation or limited liability company controlling Trustor or its limited liability company general partner) or the creation or issuance of new memberships in Trustor or its limited liability company general partner to parties so as to reduce the ownership interest of any manager to less than fifty-one percent (51%) or so as to change the control of the current manager over the company or partnership.

Beneficiary reserves the right to condition its consent upon a modification of the terms of this Deed of Trust and the Note and on assumption of this Deed of Trust as so modified, by the proposed transferee, payment of a transfer or assumption fee, or such other conditions as Beneficiary shall determine in its sole discretion to be in the interest of Beneficiary. Beneficiary shall not be required to demonstrate any actual impairment of its security or any increased risk of default in order to declare the Indebtedness immediately due and payable upon Trustor's sale, transfer, conveyance or further encumbrance of the Trust Property without Beneficiary's consent. This provision shall apply to every sale, transfer, conveyance, or further encumbrance of the Trust Property regardless of whether voluntary or not or whether or not Beneficiary has consented to any previous sale, transfer, conveyance, or further encumbrance of the Trust Property.

3

Exhibit ___ A

Page ___ 144

Exhibit ___ 14

Page ___ 141

22

10. <u>Remedies Cumulative</u>. Acceptance by Lender of any payment for less than what is due shall be deemed an acceptance on account only, and the failure to pay the entire amount then due shall be and continue to be an Event of Default. The rights or remedies of Lender, as provided in this Note, the Security Document or any of the Other Security Documents, or as provided at law or in equity shall be cumulative and concurrent, and may be pursued singly, jointly or successively against the Trust Property, Leases, Rents or any other funds, property or security held by Lender for the payment or performance thereof, or against Borrower, any Guarantor or otherwise, at the sole discretion of Lender.

11. <u>No Waivers or Modifications</u>. This Note shall not be amended, modified or changed, nor shall any waiver of any of its provisions be effective unless accomplished by an instrument in writing signed by the party against whom enforcement of any amendment, modification, change or waiver is sought. No waiver or failure or delay by Lender in acting with respect to the terms of this Note, the Security Document, or the other Loan Documents will constitute a waiver of any other breach, default, or failure of condition under this Note, the Security Document, or the other Loan Documents.

12. <u>Collection Costs and Attorneys Fees</u>. Borrower and all endorsers, guarantors, sureties, accommodation parties hereof and all other persons liable or to become liable for all or any part of this indebtedness agree to pay all costs of collection, including reasonable attorneys' fees. If any attorney is engaged by Lender to enforce or construe any provision of this Note, the Security Document, or the other Loan Documents or as a consequence of any Event of Default, with or without the filing of any legal action or proceeding, then Borrower will immediately pay to Lender on demand all attorney fees and other costs incurred by Lender, including reasonable fees attributable to in-house counsel, together with interest from the date of the demand until paid at the Default Rate.

13. <u>Usury Savings Clause</u>. Notwithstanding anything herein or in any related Loan Document to the contrary, it is not the intention of the parties to charge or pay, nor shall there at any time be charged or paid, any interest (whether fixed, variable or otherwise) that would result in a rate of interest being paid in excess of the maximum rate permitted to be charged by applicable law. In the event that any sum in excess of the maximum legal rate of interest is paid, that amount shall, immediately upon discovery thereof, be deemed to have been a prepayment of principal (which prepayment shall be permitted without premium or penalty) as of the date of such receipt, and all payments made thereafter shall be appropriately reapplied to interest and principal to give effect to the maximum interest rate permitted by applicable law. After such reapplication, any excess payment shall be immediately refunded to Borrower.

14. <u>Miscellaneous</u>. Whenever used herein, the words "Borrower" and "Lender" shall be deemed to include their respective successors and Lender's assigns. If this Note is executed by more than one person or entity as Borrower, the obligations of each person or entity will be joint and several. No person or entity will be a mere accommodation maker, but each will be primarily and directly liable. Borrower waives presentment; demand; notice of dishonor; notice of default or delinquency; notice of acceleration; notice of protest and nonpayment; notice of costs, expenses, or losses and interest; notice of interest on interest and late charges; and diligence in taking any action to collect any sums owing under this Note or in proceeding against any of the rights or interests to properties securing payment of this Note. All endorsers, guarantors, sureties, and accommodation parties hereby consent to any and all renewals, extensions or modifications of the terms hereof, including time for payment. Any such renewals, extensions or modifications may be made without notice to any of said parties. Time is of the essence with respect to the performance of each of the covenants and agreements contained in this Note.

15. <u>Notices</u>. Any notice required or permitted to be given under this Note shall be given in the manner set forth in the Security Document.

4

Y:\LoanDocs\LoansInProcess\206070 - The Preserve, LLC\Loan Documents\Promissory Note-interest only.DOCY:\LoanDocs\LoansInProcess\206070 - The Preserve, LLC\Loan Documents\Promissory Note-interest only.DOC

P23

Exhibit ___A___
Page ___145___

Exhibit ___14___
Page ___143___

16. <u>Governing Law</u>. This Note shall be governed by and construed in accordance with the applicable laws of the State of California (without regard to principles of conflicts of law) except to the extent (a) of procedural and substantive matters relating only to the creation, perfection and foreclosure of liens, and enforcement of rights and remedies against the Trust Property, which matters shall be governed by the laws of the State in which such Trust Property is located and (b) that the laws of the United States of America and any rules, regulations or orders issued or promulgated thereunder, applicable to the affairs and transactions entered into by Borrower, otherwise pre-empt California law or the laws of the State in which the Trust Property is located, in which event such Federal law shall control.

17. <u>Severability</u>. Whenever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remaining provisions of this Note.

18. <u>Dispute Resolution</u>. Any and all disputes arising out of or relating to this Note or any of the Loan Documents shall be resolved by binding arbitration between the parties pursuant to the Dispute Resolution provisions contained in the Security Document.

19. <u>Entire Agreement</u>. This Note and the other Loan Documents set forth the entire understanding between Borrower and Lender and they will not be amended except by a written instrument duly executed by each Borrower and Lender. Any previous representations, warranties, agreements, and understandings among the parties regarding the subject matter of the Loan or the Loan Documents, whether written or oral, are superseded by this Note and the other Loan Documents.

<u>[THIS NOTE CONTAINS PROVISIONS WHICH WILL
REQUIRE A BALLOON PAYMENT AT MATURITY.]</u>

IN WITNESS WHEREOF, the undersigned has executed and delivered this Note effective as of the date first above written.

THE PRESERVE, LLC, a California limited liability company

BY: Beaumont 1600, LLC, a California limited liability company, Manager

By: _____
Scott H. Krentel, Managing Member

5

Y:\LoanDocs\LoansInProcess\206070 - The Preserve, LLC\Loan Documents\Promissory Note-interest only.DOCY:\LoanDocs\LoansInProcess\206070 - The Preserve, LLC\Loan Documents\Promissory Note-interest only.DOC

P24

Exhibit _____A_____
Page _____146_____

Exhibit _____14_____
Page _____143_____

ADDENDUM TO PROMISSORY NOTE SECURED BY DEED OF TRUST
*(Stage Funded Loan)*

Borrower:        THE PRESERVE, LLC, a California limited liability company
Lender:          Point Center Financial, Inc, as agent for the beneficiaries identified on Exhibit "A" to the Note
Date of Note:    September 21, 2006
Loan No.:        206070
Loan Amount:     $39,000,000.00

This Addendum to Promissory Note Secured by Deed of Trust ("Addendum") amends and is hereby incorporated into the existing Promissory Note Secured by Deed of Trust (the "Note"), entered into by and between Lender and Borrower on September 21, 2006 by which Lender agreed to loan and Borrower agreed to borrow the Loan Amount (the "Loan").

Lender and Borrower mutually agree to modify the Note to incorporate the terms of this Addendum. If any conflict exists between the terms of the Note or any of the Loan Documents as defined in the Deed of Trust Security Agreement and Fixture Filing with Assignment of Rents and Agreements (the "Deed of Trust") and this Addendum, the terms of this Addendum shall govern.

In consideration of the Loan and other covenants, Lender and Borrower acknowledge and agree as follows:

1.    **Loan Only Partially Funded at Closing.** Borrower acknowledges that notwithstanding that the Note and other Loan Documents recite that the amount loaned by Lender to Borrower is the Loan Amount set forth above, Borrower and Lender have agreed to proceed to close the Loan, to record the Deed of Trust and any other security instruments and to commence disbursement of Loan proceeds even though approximately Nine Million Four Hundred Twenty-Five Thousand Eight Hundred Eleven and No/100 US Dollars ($9,425,811.00) of the Loan Amount has not been funded or committed to be funded by Lender or any investor ("Unfunded Portion"). Point Center Financial, Inc. ("PCF") agrees to use its best efforts to raise the Unfunded Portion as soon as possible. However, neither PCF nor the Lender have guaranteed or do guarantee or commit that the Unfunded Portion, or any part of it, will ever be funded. Borrower acknowledges and agrees that it is prepared to fully and completely assume all risks that PCF will be unsuccessful in raising the Unfunded Portion.

2.    **Right to Call Loan.** If PCF is unable to raise all or any portion of the Unfunded Amount, it shall provide written notice ("Notice") to Borrower of that fact and arrange to record a modification of the security instrument securing the Note to reflect the actual principal of the Loan that has been funded.

In the event that Lender notices Borrower that any portion of the loan proceeds will not be funded, Borrower shall deposit with PCF (or any fund control in force) the Unfunded Portion of the Loan within ninety (90) days of the date of the Notice. In such event, Lender shall give its consent to an encumbrance junior in priority to the Deed of Trust securing an obligation not to exceed the Unfunded Portion (plus reasonable closing costs), provided all proceeds of the junior loan (less reasonable closing costs) are deposited with PCF (or any fund control in force). Borrower's failure to do so shall, at Lender's sole option, constitute a material default under the Note, entitling Lender to exercise all remedies available to it at law, up to and including foreclosure.

3.    **Conditions to Funding the Unfunded Portion.** In the event Lender is able to raise the additional funds required to fund the Unfunded Portion, before such funds are advanced to Borrower, the following conditions shall be satisfied:

.a.    Borrower shall not be in default under any of the Loan Documents;
b.    The representations and warranties in the Loan Documents will be correct as of the date of the advance as though made on that date;

1

P25

Exhibit     *A*
Page ___ 147

Exhibit ___ 14
Page ___ 144

c.   There shall not have been any unfavorable material change in Borrower's financial condition which would impact Borrower's ability to repay the Loan.

4.   Failure to Raise Unfunded Portion Not a Loan Defense.  Borrower acknowledges and agrees that the failure of PCF to raise the Unfunded Portion shall not provide any defense or excuse to the full enforcement of the Loan according to its terms, as modified by this Addendum. Borrower hereby irrevocably waives any defense to enforcement of the Loan by reason of any failure (for any reason or no reason) of Lender or PCF to raise the Unfunded Portion.

5.   Hold Harmless.  Borrower shall hold Lender and PCF and each of their officers, directors, employees, agents and assignees harmless from and indemnify them from any failure by Lender or PCF to raise the Unfunded Portion, including any claims, costs, and expenses (including attorneys' fees).

6.   Arbitration.  Any dispute between Borrower, Lender and/or PCF (including their officers, directors, successors and assigns and representatives) arising out of this Addendum or the rights and duties of the parties hereunder shall be resolved by binding arbitration in accordance with the Dispute Resolution provisions of the Deed of Trust.

7.   No Oral Agreements or Representations.  Borrower acknowledges and agrees that it has not relied on any oral or written representations or promises from any person that are inconsistent in any way with the provisions of this Addendum. Specifically, Borrower acknowledges that it has not received nor relied upon any verbal or written assurances from any source that the Unfunded Portion will be raised. This Addendum represents the complete and integrated agreement between the parties with respect to the matters set forth herein and supersedes all prior and contemporaneous agreements. This Addendum may only be modified or waived by a written documents signed by both Lender and Borrower. In the event of any conflict between the provisions of this Addendum and any other documents for the Loan, this Addendum shall control.  This Addendum shall be construed as if drafted by both parties.

8.   Advice of Legal Counsel.  Borrower has been advised to seek the advice of legal counsel before entering into this Addendum and the other Loan Documents.

9.   Binding Effect.  This Addendum shall be binding on Borrower, on one hand, and Lender and any assignee of the Note as intended third party beneficiaries hereof, notwithstanding the absence of the signatures of Lender and any assignee of the Note hereto.

Borrower has executed this Addendum as of the date of the Note to which it is attached.

THE PRESERVE, LLC, a California limited liability company

BY: Beaumont 1600, LLC, a California limited liability company, Manager

By: _____
    Scott H. Krentel, Managing Member

2

Exhibit  A
Page  148

P26
Exhibit  14
Page  145

Loan # 206070                                          Order # 09301656-12

## Exhibt A

| | | | |
|---|---|---|---|
| JEFFREY ABRAHAM, TRUSTEE<br>Jeffrey Abraham, Trustee of the Jeff Abraham Trust | as to an undivided | 0.127% | Interest |
| SANDRA S. ALDEN, TRUSTEE<br>Sandra S. Alden, Trustee of The Sandra S. Alden Family Trust Dated August 18, 1992 | as to an undivided | 0.128% | Interest |
| ALAN M. MARKUS<br>TRENA L. MARKUS<br>Alan M. Markus and Trena L. Markus, husband and wife as joint tenants with right of survivorship | as to an undivided | 0.128% | Interest |
| LANNY W. APLANALP, TRUSTEE<br>Lanny W. Aplanalp, Trustee of The Lanny W. Aplanalp Trust Dated July 5, 2002 | as to an undivided | 0.127% | Interest |
| NICOL J. BELL<br>Nicol J. Bell, a married woman as her sole and separate property | as to an undivided | 0.128% | Interest |
| ADAM M. BENECKE<br>ANGELA K. BENECKE<br>Adam M. Benecke and Angela K. Benecke, husband and wife as joint tenants. | as to an undivided | 0.128% | Interest |
| RICHARD T. BREENE<br>Richard T. Breene, a single man | as to an undivided | 0.128% | Interest |
| ALBERT HECHINGER, CO-TRUSTEE<br>KATHRYN BERKOWITZ, CO-TRUSTEE<br>Albert Hechinger and Kathryn Berkowitz, Co-Trustees of The Kathryn and Albert Family Trust dated May 15, 2001 | as to an undivided | 0.259% | Interest |
| ARLENE BRUCKNER<br>Arlene Bruckner, a widow | as to an undivided | 0.128% | Interest |
| RICHARD BRUCKNER<br>VICKY BRUCKNER<br>Richard Bruckner and Vicky Bruckner, husband and wife as community property | as to an undivided | 0.333% | Interest |
| Lyle O. Burgess<br>Paula M. Burgess<br>Lyle O. and Paula M. Burgess husband and wife as community property with rights of survivorship | as to an undivided | 0.128% | Interest |
| CARLETON CARLSON, CUSTODIAN<br>FBO BRIANNA CARLSON<br>Carleton Carlson as Custodian FBO Brianna Carlson | as to an undivided | 0.192% | Interest |
| OSCAR CASTRO-NEVES, TRUSTEE<br>LORRAINE CASTRO-NEVES, TRUSTEE<br>Oscar Castro-Neves and Lorraine Castro-Neves, Trustees of The Castro-Neves Family Trust | as to an undivided | 0.127% | Interest |
| MILTON J. CHASIN, TRUSTEE<br>DORIS H. CHASIN, TRUSTEE | as to an undivided | 0.386% | Interest |
| WILLY CHIN, TRUSTEE<br>MARGARITA C. CHIENG, TRUSTEE<br>Willy Chin and Margarita C. Chieng, Trustees of the Chin Family Trust dated April 10, 2000 | as to an undivided | 0.128% | Interest |
| JOHN H. CHANG, TRUSTEE<br>JESSICA S. CHANG, TRUSTEE<br>John H. Chang and/or Jessica S. Chang, Trustees of The Chang Family Revocable Trust of March 22, 2000 | as to an undivided | 0.259% | Interest |
| STEVEN C. COLBURN<br>ANDREA K COLBURN<br>Steven C. Colburn and Andrea K. Colburn, husband and wife as community property with right of survivorship | as to an undivided | 0.128% | Interest |

Applied Business Software, Inc.  (800) 833-3343                              [206070/THE PRESERVE, LLC]
                                                                            Lender Identification      Page 1 of 7

Exhibit _A_
Page _149_

P27
Exhibit _14._
Page _146_

Loan # 206070                                                    Order # 09301656-12

## Exhibit A

| | | | |
|---|---|---|---|
| STANLEY R. CONNOR<br>GENEVIEVE C. CONNOR<br>Genevieve C. Connor and Stanley R. Connor, Trustees as husband and wife as joint tenants with the right of survivorship | as to an undivided | 0.385% | Interest |
| MARIO F. COSTA, TRUSTEE<br>EVELYN K. COSTA, TRUSTEE<br>Mario F. Costa and Evelyn K. Costa, as Trustees of The Costa 2003 Family Trust dated October 1, 2003 | as to an undivided | 0.128% | Interest |
| JAMES ADEN DAVIS, TRUSTEE<br>James Aden Davis, Trustee of The James Aden Davis Trust dated January 29, 1992 | as to an undivided | 0.512% | Interest |
| DON DUNCAN<br>Don Duncan, a Single Man | as to an undivided | 0.127% | Interest |
| JAMES N. DEGLANDON<br>MAUREEN DETOY<br>James N. Deglandon and Maureen Detoy, joint tenants with right of survivorship | as to an undivided | 0.259% | Interest |
| MICHAEL M. DULBERG<br>LUCETTE R. DULBERG<br>Michael M. Dulberg and Lucette R. Dulberg, husband and wife joint tenants with right of survivorship | as to an undivided | 0.127% | Interest |
| TIMOTHY G. DUMOULIN, TRUSTEE<br>SHERRY L. DUMOULIN, TRUSTEE<br>Timothy G. Du Moulin and Sherry L. Du Moulin, Trustees of The Du Moulin 2001 Living Trust | as to an undivided | 0.243% | Interest |
| TIMOTHY GEORGE DuMOULIN, TRUSTEE<br>SHERRY LEE DuMOULIN, TRUSTEE<br>Timothy George DuMoulin and Sherry Lee DuMoulin, Trustees of The 2000 Charitable Remainder Unitrust of Timothy George DuMoulin and Sherry Lee DuMoulin | as to an undivided | 0.127% | Interest |
| SHAHAB EMRANI<br>CATHERINE A. EMRANI<br>Shahab Emrani and Catherine Emrani, husband and wife as community property | as to an undivided | 0.513% | Interest |
| MARY E. FARRELL, TRUSTEE<br>Mary E. Farrell, Trustee of The Mary E. Farrell Revocable Trust | as to an undivided | 0.128% | Interest |
| KATHLEEN B.FISHER, TRUSTEE<br>Kathleen B. Fisher, Trustee of The Kathleen B. Fisher Profit Sharing Plan | as to an undivided | 0.127% | Interest |
| DAVID FRIEDMAN, TRUSTEE<br>David Friedman, Trustee of The David Friedman Sole Proprietorship Retirement Trust | as to an undivided | 0.128% | Interest |
| DELBERT FREEMAN, G.P.<br>CAROL J. FREEMAN, G.P.<br>The Delbert & Carol Freeman Family L.P., a Nevada limited partnership | as to an undivided | 0.259% | Interest |
| JAMES D. GOODIN, TRUSTEE<br>CAROLYN J. GOODIN, TRUSTEE<br>James D. Goodin and Carolyn J. Goodin, Trustees of The Goodin Family Trust dated September 22, 1990 | as to an undivided | 0.127% | Interest |
| ROBIN GRAHAM, TRUSTEE<br>Robin B. Graham, Trustee of The Graham Marital Trust B | as to an undivided | 0.259% | Interest |
| DALE HARTLEY, TRUSTEE<br>AUDREY HARTLEY, TRUSTEE | as to an undivided | 0.256% | Interest |

Exhibit  A
Page  150

Loan # 206070                                    Order # 09301656-12

## Exhibit A

| | | | |
|---|---|---|---|
| Dale Hartley and Audrey Hartley, Trustees of The Dale and Audrey Hartley Family Trust | | | |
| WANDA HARRELL<br>Wanda Harrell, an unmarried woman | as to an undivided | 0.512% | Interest |
| TERRY NORMAN HOLDT, TRUSTEE<br>SHARON RAE HOLDT, TRUSTEE<br>Terry Norman Holdt and Sharon Rae Holdt, Trustees of The Holdt Living Trust | as to an undivided | 0.128% | Interest |
| JOHN L. HARDING<br>HELGA M. HARDING<br>John L. Harding and Helga M. Harding, husband and wife as joint tenants with right of survivorship | as to an undivided | 0.128% | Interest |
| THOMAS W. HRIBAR, TRUSTEE<br>Thomas W. Hribar, Trustee of the Thomas W. Hribar Profit Sharing Plan and Trust | as to an undivided | 0.063% | Interest |
| JOHN R. HUGHES, TRUSTEE<br>John R. Hughes, Trustee of The John R. Hughes Separate Property Trust dated November 19, 2004 | as to an undivided | 0.385% | Interest |
| STEVE COTUGNO<br>PENSCO CUSTODIAN<br>Pensco Trust Company as Custodian of IRA# CO445 FBO Steve Cotugno | as to an undivided | 0.127% | Interest |
| GERALD GHELFI<br>AUTHORIZED AGENT<br>Pensco Trust Company as Custodian of IRA# GH1AA FBO Gerald J. Ghelfi | as to an undivided | 0.156% | Interest |
| ROBERT M. PEPPERCORN<br>AUTHORIZED AGENT<br>Pensco Trust Company as Custodian of IRA #PE1DY FBO Robert M. Peppercorn | as to an undivided | 0.127% | Interest |
| BLAINE C. STRICKLAND<br>AUTHORIZED AGENT<br>IRA Resources, Inc. FBO Blaine C. Strickland IRA #30609 | as to an undivided | 0.127% | Interest |
| DENNIS L. JOHNSON, TRUSTEE<br>CHARLENE J. JOHNSON, TRUSTEE<br>Dennis L. Johnson and Charlene J. Johnson, Trustees of The Johnson Family Trust Dated November 30, 1999 | as to an undivided | 0.256% | Interest |
| BYRON D. KINSMAN, JR. CO-TTEE<br>SYLVIA L. KINSMAN, CO-TTEE<br>Byron D. Kinsman, Jr. and Sylvia L. Kinsman, Co-Trustees of The Kinsman Family Trust | as to an undivided | 0.128% | Interest |
| Albert R. Kleist, Trustee<br>Jeanette H. Kleist, Trustee<br>Albert R. Kleist and Jeanette H. Kleist, Trustees under Declaration of Trust dated December 12, 1991, The Kleist Family Trust | as to an undivided | 0.128% | Interest |
| PAUL KRASNER, M.D., TRUSTEE<br>Paul Krasner, M.D., Trustee of the Paul Krasner, M.D. Defined Benefit Pension Plan and Trust | as to an undivided | 0.385% | Interest |
| JOHN W. LANG, TRUSTEE<br>EUGENA M. LANG, TRUSTEE<br>John W. Lang and Eugena M. Lang, Trustees of The John W. Lang and Eugena M. Lang 1988 Trust | as to an undivided | 0.259% | Interest |
| SHIH SHEN LING<br>MING SHEN MARGARET LING<br>Shih Shen Ling and Ming Shen Margaret Ling, husband and wife as community property with right of survivorship | as to an undivided | 0.128% | Interest |

Applied Business Software, Inc. (800) 833-3343                    [206070/THE PRESERVE, LLC]
                                                                  Lender Identification     Page 5 of 7

P29

Exhibit _____A_____
Page _____151_____

Exhibit _____14_____
Page _____148_____

Loan # 206070                                                Order # 09301656-12

## Exhibit A

| | | | |
|---|---|---|---|
| WILLIAM K. LITTLE, TRUSTEE<br>RONDA L. LITTLE, TRUSTEE<br>William K. Little and Ronda L. Little, Trustees of the William K. Little and Ronda L. Little Revocable Trust, created on December 17,1994 | as to an undivided | 0.192% | Interest |
| NEVE J. LOVELL, TRUSTEE<br>Neva J. Lovell, Trustee of The Lovell Family Trust, dated July 2,1985 (First Amendment / Restatement dated August 30,1991) | as to an undivided | 0.128% | Interest |
| ANTONIO N. LUCERO<br>LAUREANA T. LUCERO<br>Antonio N. Lucero and Laureana T. Lucero, husband and wife joint tenants with right of survivorship | as to an undivided | 0.19% | Interest |
| MICHAEL MADDEN, TRUSTEE<br>Michael E. Madden, Trustee of The Michael Madden Associates Retirement Trust dated December 27, 1998 | as to an undivided | 0.154% | Interest |
| MAURICE C. MAMO, TRUSTEE<br>AMY A. MAMO, TRUSTEE<br>Maurice C. Mamo and Amy A. Mamo, Trustees of the Mamo Family Trust | as to an undivided | 0.128% | Interest |
| ANNA R. MARUCA, TRUSTEE<br>Anna R. Maruca, Trustee of the Anna R. Maruca Family Trust Dated August 1, 1997 | as to an undivided | 0.128% | Interest |
| EAMON J. McCLORY, TRUSTEE<br>SUE ANNE McCLORY, TRUSTEE<br>Eamon J. McClory and Sue Anne McClory, Trustees of The McClory Family Trust | as to an undivided | 0.128% | Interest |
| MARK ROBERT MEDINA, TRUSTEE<br>BARBARA LOUISE MEDINA, TRUSTEE<br>Mark Robert Medina and Barbara Louise Medina , Trustees of the Medina Living Trust, dated July 28th 1993 | as to an undivided | 0.128% | Interest |
| WILLIAM Y. MOREHART<br>William Y. Morehart, an unmarried man | as to an undivided | 0.128% | Interest |
| JEFFERY LEE MORSE, TRUSTEE<br>PAULA JEANNETTE MORSE, TRUSTEE<br>Jeffery Lee Morse and Paula Jeannette Morse, Trustees of The Morse Family Trust Dated December 27, 2001 | as to an undivided | 0.127% | Interest |
| MARK LURIE, SECRETARY<br>The Church of The Movement of Spiritual Inner Awareness, a California nonprofit religious corporation<br>Paul Kaye, President<br>Mark Lurie, Secretary | as to an undivided | 0.259% | Interest |
| JAMES D. MURCHISON, III<br>DEBORAH T. MURCHISON<br>VESTING - James D. Murchison, III & Deborah T. Murchison, Husband and Wife as Joint Tenants | as to an undivided | 0.192% | Interest |
| SALEEM S. NABER, TRUSTEE<br>ABLA S. NABER, TRUSTEE<br>Saleem S. Naber and Abla S. Naber, Trustees of The Saleem S. Naber and Abla S. Naber Revocable Living Trust Dated August 31, 1995 | as to an undivided | 0.127% | Interest |
| PAUL P. KRASNER, M.D., TRUSTEE<br>Paul P. Krasner, M.D., Trustee of The Nephrology Medical Group, Inc. of Orange County Profit Sharing Plan Retirement Trust | as to an undivided | 0.128% | Interest |
| NATIONAL FINANCIAL LENDING, LLC, A CA LIMITED LIABILITY COMPANY | as to an undivided | 24.223% | Interest |

Applied Business Software, Inc. (800) 833-3343                     [206070]THE PRESERVE, LLC)
                                                                  Lender Identification    Page 4 of 7

Exhibit  A

Page  152

P30

Exhibit  14

Page  149

Loan # 206070                                          Order # 09301656-12

## Exhibt A

National Financial Lending, LLC, a California limited liability company

| | | | |
|---|---|---|---|
| RICHARD NORRIS<br>Richard Norris, an unmarried man | as to an undivided | 0.156% | Interest |
| GREGORY T. NORMAN<br>Gregory T. Norman, an Unmarried Man | as to an undivided | 0.128% | Interest |
| Denis O'Connor, Trustee<br>Annie O'Connor, Trustee<br>Denis and Annie O'Connor, Trustees of the O'Connor Family Trust | as to an undivided | 0.128% | Interest |
| RONALD F. OGLETREE<br>Ronald F. Ogletree, a Married Man as His Sole and Separate Property | as to an undivided | 0.259% | Interest |
| WILLIAM G. OLIVER, TRUSTEE<br>William G. Oliver, Trustee of The William G. Oliver 2002 Trust | as to an undivided | 0.128% | Interest |
| ROBERT M. PARKS, TRUSTEE   and/or<br>AUDREY L. PARKS, TRUSTEE<br>Robert M. Parks and/or Audrey L. Parks, Trustees of The Parks Family Trust Dated October 13, 1975 amended and restated on March 27, 2003 | as to an undivided | 0.259% | Interest |
| Richard L. Pasquini, Trustee<br>Diane M. Pasquini, Trustee<br>Living Trust of Richard L. Pasquini and Diane M. Pasquini dated June 29, 1998 | as to an undivided | 0.256% | Interest |
| PHILIP W. PAYNE, TRUSTEE   and/or<br>HELGA G. PAYNE, TRUSTEE<br>Philip W. Payne and/or Helga G. Payne, Trustees of The Payne Family Trust Dated February 10, 1992 | as to an undivided | 0.307% | Interest |
| Point Center Financial, Inc., a California Corporation (PCF1) | as to an undivided | 27.856% | Interest |
| Point Center Financial, Inc., a California corporation (PCFU) | as to an undivided | 24.168% | Interest |
| SAMUEL J. POIDMORE, TRUSTEE<br>ELENA POIDMORE, TRUSTEE<br>Samuel J. Poidmore and Elena Poidmore, Trustees of The Samuel J. Poidmore, D.D.S., Inc. Pension Plan Trust | as to an undivided | 0.192% | Interest |
| MAX PERRY, TRUSTEE<br>MARY PERRY, TRUSTEE<br>Max Perry and Mary Perry, Trustees of the Alder Creek Family Trust | as to an undivided | 0.256% | Interest |
| GEORGE M. PHELPS<br>George M. Phelps, a single man | as to an undivided | 0.19% | Interest |
| BRUCE R. PITTENGER, TRUSTEE<br>JOHNI H. PITTENGER, TRUSTEE<br>Bruce R. Pittenger and Johni H. Pittenger, Trustees, or their successors in trust, under The Bruce R. Pittenger and Johni H. Pittenger Declaration of Trust, dated January 4, 2001, and any amendments thereto. | as to an undivided | 0.231% | Interest |
| RONALD L. PRINZING, TRUSTEE<br>ROSALYN YVONNE PRINZING, TRUSTEE<br>Ronald L. Prinzing and Rosalyn Yvonne Prinzing, Trustees of The Prinzing Revocable Living trust UDT June 21, 1990 | as to an undivided | 0.229% | Interest |
| JESUS RAMIREZ, TRUSTEE<br>Jesus Ramirez, M.D., A Medical Corporation Profit Sharing Plan | as to an undivided | 0.128% | Interest |
| RICHARD A.J. RICHARDSON, TTEE<br>BARBARA K. RICHARDSON, TTEE<br>Richard A.J. Richardson and Barbara K. Richardson, | as to an undivided | 0.128% | Interest |

Applied Business Software, Inc.  (800) 833-3343

[206070/THE PRESERVE, LLC]
Lender Identification          Page 5 of 7

P31

Exhibit ___A___
Page ___153___

Exhibit ___14___
Page ___150___