(b) <u>Representations and Warranties</u>. Except as disclosed in writing to, and acknowledged in writing by, Beneficiary, Trustor represents and warrants that:

(i) during the period of Trustor's ownership of the Trust Property

(A) there has been no use, generation, manufacture, storage, treatment, disposal, discharge, Release, or threatened Release of any Hazardous Substance by any person on or around the Trust Property; and

(B) there have been no Hazardous Substances transported over or through the Trust Property;

(ii) after diligent inquiry, Trustor has no knowledge of, or reason to believe that, there has been:

(A) any use, generation, manufacture, storage, treatment, disposal, Release, or threatened Release of any hazardous waste or substance by any prior owners or prior occupants of the Trust Property or by any third parties onto the Trust Property; or

(B) any actual or threatened litigation or claims of any kind by any person relating to these matters;

(iii) no Hazardous Substances in excess of permitted levels or reportable quantities under applicable Hazardous Substance Laws are present in or about the Trust Property or any nearby real property that could migrate to the Trust Property;

(iv) no Release or threatened Release exists or has occurred;

(v) no underground storage tanks of any kind are or ever have been located in or about the Trust Property;

(vi) the Trust Property and all operations and activities at, and the use and occupancy of, the Trust Property, comply with all applicable Hazardous Substance Laws;

(vii) Trustor and every user of the Trust Property ("User") has, and is now in strict compliance with, every permit, license, and approval required by all applicable Hazardous Substance Laws for all activities and operations at, and the use and occupancy of, the Trust Property;

(viii) to the best of Trustor's knowledge, after diligent inquiry, there are no Hazardous Substance Claims pending or threatened with regard to Trust Property or against Trustor or any Guarantor;

23

P57

Exhibit A
Page 178

Exhibit
Page 14
175

(ix)    any written disclosure submitted by or on behalf of Trustor to Beneficiary concerning any Release or threatened Release, past or present compliance by Trustor, or any User or other person with any Hazardous Substance Laws applicable to the Trust Property, the past and present use and occupancy of the Trust Property, and any environmental concerns relating to the Trust Property, was true and complete when submitted and continues to be true and complete as of the date of this Deed of Trust.

(c)    Covenants.  Trustor agrees, except in the ordinary course of business and in strict compliance with all applicable Hazardous Substance Laws, as follows:

(i)    not to cause or permit the Trust Property to be used as a site for the use, generation, manufacture, storage, treatment, Release, discharge, disposal, transportation, or presence of any Hazardous Substance;

(ii)    not to cause, contribute to, permit, or acquiesce in any Release or threatened Release;

(iii)    not to change or modify the use of the Trust Property without the prior written consent of Beneficiary;

(iv)    to comply with and to cause the Trust Property and every User of the Trust Property to comply with all Hazardous Substance Laws;

(v)    to immediately notify Beneficiary in writing and to provide Beneficiary with a reasonably detailed description of:

(A)    any noncompliance of the Trust Property with any Hazardous Substance Laws;
(B)    any Hazardous Substance Claim;
(C)    any Release or threatened Release;
(D)    the discovery of any occurrence or condition on any real property adjoining or in the vicinity of the Trust Property that would cause the Trust Property or any part of it to be designated as hazardous waste property;

(vi)    in the event that Trustor discovers a Release or the presence of any Hazardous Substance on or about the Trust Property in violation of any Hazardous Substance Law, to:

(A)    notify Beneficiary of that discovery together with a reasonably detailed description;

(B)    promptly after a request by Beneficiary, engage a qualified environmental engineer reasonably satisfactory to Beneficiary to investigate these matters and prepare and

24

Exhibit A
Page 179

14
176

submit to Beneficiary a written report containing the findings and conclusions resulting from that investigation, all at the sole expense of Trustor; and

(C) take, at Trustor's sole expense, all necessary actions to remedy, repair, clean up, or detoxify any Release or Hazardous Substance, including, but not limited to, any remedial action required by any Hazardous Substance Laws or any judgment, consent, decree, settlement, or compromise in respect of any Hazardous Substance Claims. These actions are to be performed in accordance with Hazardous Substance Laws; and in a good and proper manner; and under the supervision of a qualified environmental engineer approved in writing by Beneficiary; and in accordance with plans and specifications for these actions approved in writing by Beneficiary; and using licensed and insured qualified contractors approved in writing by Beneficiary;

(vii) immediately furnish to Beneficiary copies of all written communications received by Trustor from any governmental authority or other person or given by Trustor to any person and any other information Beneficiary may reasonably request concerning any Release, threatened Release, Hazardous Substance Claim, or the discovery of any Hazardous Substance on or about the Trust Property in violation of any Hazardous Substance Law; and

(viii) keep Beneficiary generally informed regarding any Release, threatened Release, Hazardous Substance Claim, or the discovery of any Hazardous Substance on or about the Trust Property in violation of any Hazardous Substance Law.

(d) Inspection and Receivership Rights. Upon Beneficiary's reasonable belief of the existence of a past or present Release or threatened Release not previously disclosed by Trustor in connection with the making of the Loan or the execution of this Deed of Trust or upon Beneficiary's reasonable belief that Trustor has failed to comply with any environmental provision of this Deed of Trust or any other Loan Document and upon reasonable prior notice (except in the case of an emergency) to Trustor, Beneficiary or its representatives, employees, and agents, may from time to time and at all reasonable times (or at any time in the case of an emergency) enter and inspect the Trust Property and every part of it (including all samples of building materials, soil, and groundwater, and all books, records, and files of Trustor relating to the Trust Property) and perform those acts and things that Beneficiary deems necessary or desirable to inspect, investigate, assess, and protect the security of this Deed of Trust, for the purpose of determining:

(i) the existence, location, nature, and magnitude of any past or present Release or threatened Release;

25

Exhibit A
Page 180

14
177

(ii)   the presence of any Hazardous Substances on or about the Trust Property in violation of any Hazardous Substance Law; and

(iii)   the compliance by Trustor of every environmental provision of this Deed of Trust and every other Loan Document. In furtherance of the purposes above, without limitation of any of its other rights, Beneficiary may:

(A)   obtain a court order to enforce Beneficiary's right to enter and inspect the Trust Property, to which the decision of Beneficiary as to whether there exists a Release, a threatened Release, any Hazardous Substances on or about the Trust Property in violation of any Hazardous Substance Law, or a breach by Trustor of any environmental provision of this Deed of Trust or any other Loan Document, will be deemed reasonable and conclusive as between the parties; and

(B)   have a receiver appointed to enforce Beneficiary's right to enter and inspect the Trust Property for the purpose set forth above.

All costs and expenses incurred by Beneficiary with respect to the audits, tests, inspections, and examinations that Beneficiary or its agents, representatives, or employees may conduct, including the fees of the engineers, laboratories, contractors, consultants, and attorneys, will be paid by Trustor. All costs or expenses incurred by Trustee and Beneficiary pursuant to this subparagraph (including without limitation court costs, consultant's fees, and attorney fees, whether incurred in litigation and whether before or after judgment) will bear interest at the Default Rate from the date they are incurred until those sums have been paid in full. Except as provided by law, any inspections or tests made by Beneficiary or its representatives, employees, and agents will be for Beneficiary's purposes only and will not be construed to create any responsibility or liability on the part of Beneficiary to Trustor or to any other person. Beneficiary will have the right, but not the obligation, to communicate with any governmental authority regarding any fact or reasonable belief of Beneficiary that constitutes or could constitute a breach of any of Trustor's obligations under any environmental provision contained in this Deed of Trust or any Loan Document.

(e)   <u>Release and Indemnity</u>. Trustor:

(i)   releases and waives any future claims against Beneficiary for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any Hazardous Substance Laws or under any Hazardous Substance Claim;

(ii)   agrees to reimburse Beneficiary, on demand, for all costs and expenses incurred by Beneficiary in connection with any review, approval,

26

Exhibit _A_

Page _181_

14/178

consent, or inspection relating to the environmental provisions in this Deed of Trust together with interest, after demand, at the Default Rate; and

(iii)    agrees to indemnify, defend, and hold Beneficiary and Trustee harmless from all losses, costs, claims, damages, penalties, liabilities, causes of action, judgments, court costs, attorney fees and other legal expenses, costs of evidence of title, cost of evidence of value, and other expenses (collectively, "Expenses"), including, but not limited to, any Expenses incurred or accruing after the foreclosure of the lien of this Deed of Trust, which either may suffer or incur and which directly or indirectly arises out of or is in any way connected with the breach of any environmental provision either in this Deed of Trust or in any Loan Document or as a consequence of any Release or threatened Release on the presence, use, generation, manufacture, storage, disposal, transportation, Release, or threatened Release of any Hazardous Substance on or about the Trust Property, including the soils and groundwaters, caused or permitted by Trustor, any prior owner or operator of the Trust Property, any adjoining landowner or any other party, including, without limitation, the cost of any required or necessary repair, cleanup, remedy, or detoxification of any Hazardous Substance and the preparation of any closure, remedial action, or other required plans, whether that action is required or necessary by reason of acts or omissions occurring prior to or following the recordation of this Deed of Trust. Trustor's obligations will survive the satisfaction, release, or cancellation of the Indebtedness, the release and reconveyance or partial release and reconveyance of this Deed of Trust, and the foreclosure of the lien of this Deed of Trust or deed in lieu of the Deed of Trust.

(f)    Request for Information.  Trustor and Beneficiary agree as set forth in Exhibit C hereto.

(g)    Effect of Site Assessment.  Even though Trustor may have provided Beneficiary with an environmental site assessment or other environmental report together with other relevant information regarding the environmental condition of the Trust Property, Trustor acknowledges and agrees that Beneficiary is not accepting the Trust Property as security for the Loan based on that assessment, report, or information.  Rather Beneficiary has relied on the representations and warranties of Trustor in this Deed of Trust, and Beneficiary is not waiving any of its rights and remedies in the environmental provisions of this Deed of Trust or any other Loan Document.

29.    Dispute Resolution.

(a)    Arbitration of Disputes.  Any dispute arising out of, or relating to, this Deed of Trust, the Note or the other Loan Documents, or the breach, termination, enforcement, interpretation or validity thereof, including the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in Orange County, California, before one arbitrator. The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures, a copy of which the parties acknowledge receiving at the time of executing this Agreement.  At the conclusion of the arbitration, the arbitrator shall enter an arbitrator's award

27

(the "Arbitration Award"). Judgment on the Arbitration Award may be entered in any court having jurisdiction. If the amount in controversy exceeds $100,000, any party can appeal the award to a three-arbitrator panel administered by JAMS which shall reconsider de novo any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote. The costs of such an appeal will be borne by the appealing party regardless of the outcome of the appeal. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction, including preliminary injunctive relief to preserve the status quo or prevent irreparable injury. The parties agree not to defend against any application for provisional relief on the ground that an arbitration is pending.

        (b)    <u>Allocation of Fees and Costs</u>. The arbitrator may, in the Arbitration Award, allocate all or part of the costs of the arbitration, including the fees of the arbitrator and the reasonable attorneys' fees of the prevailing party.

        (c)    <u>Alternative Arbitration Agency</u>. In the event JAMS ceases to exist, or at the written stipulation of the parties, the above mediation and arbitration shall be conducted by, and pursuant to the rules of, the American Arbitration Association, or such other alternative dispute resolution association as the parties may mutually agree.

        (d)    <u>Federal Arbitration Act</u>. This Dispute Resolution provision is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. Sections 1 et seq. The arbitrator shall apply applicable substantive law consistent with the FAA and applicable statutes of limitations and shall honor claims of privilege recognized at law.

    30.    <u>Authority</u>. Trustor has full power, authority and legal right to execute this Deed of Trust, and to create the security interest in the Trust Property contained in this Deed of Trust and to keep and observe all of the terms of this Deed of Trust.

    31.    <u>Inapplicable Provisions</u>. Whenever possible, each provision of this Deed of Trust shall be interpreted as effective and valid under applicable law, but if any provision of this Deed of Trust is prohibited or invalid, it shall be ineffective to the extent necessary to make the remaining provisions valid.

    32.    <u>Duplicate Originals</u>. This Deed of Trust may be executed in any number of duplicate originals and each such duplicate original shall be deemed to be one and the same instrument.

    33.    <u>Certain Definitions</u>. Words used in this Deed of Trust in singular or plural form shall include the other, and the word "Trustor" shall mean "each Trustor or any subsequent owner or owners of the Trust Property or any part thereof or any interest therein," the word "Trustee" shall mean "Trustee and any successor trustee appointed by Beneficiary according to law," the word "Beneficiary" shall mean "Beneficiary or any subsequent holder of the Note or any part thereof or any of the Indebtedness," and the word "Note" shall mean "the Note or any other evidence of indebtedness secured by this Deed of Trust," the word "person" shall mean an individual, partnership, corporation, limited liability company, trust, unincorporated association,

Exhibit   A

Page   83

P62

14
180

or other entity or association, the word "Trust Property" shall include any portion of the Trust Property or interest in it; the term "attorneys fees" shall include reasonable fees attributable to in-house counsel. Whenever the context may require, any pronouns used shall include the corresponding masculine, feminine or neuter forms, and the singular form of nouns and pronouns shall include the plural and vice versa.

34.    No Oral Change. This Deed of Trust may not be modified, amended, changed, discharged, waived or terminated orally, but only by a writing signed by the person against whom the enforcement of the modification, amendment, change, waiver, discharge or termination is sought.

35.    Further Acts, Etc. Trustor will, at its cost, do, execute, acknowledge and deliver all other acts, deeds, conveyances, mortgages, assignments, notices of assignments, transfers and assurances as Beneficiary shall require for to facilitate the performance of the terms of this Deed of Trust or for filing, registering or recording this Deed of Trust and, on demand, will execute and deliver any financing statement, chattel mortgages or comparable security instruments, to evidence more effectively the lien upon the Trust Property.

36.    Headings, Etc. The headings and captions of various paragraphs of this Deed of Trust are for convenience of reference only and are not to be considered as affecting the contents of the paragraphs.

37.    Filing of Deed of Trust, Etc. Trustor shall pay all filing, registration or recording fees and all attorneys' fees, commissions, and expenses for the preparation, execution and acknowledgment of the Note, this Deed of Trust, and the Other Security Documents.

38.    Reconveyance of Trust Property. Upon payment of all sums secured by this Deed of Trust, the Trustee shall reconvey all of the Trust Property to the person or persons entitled to such reconveyance.

39.    Governing Law. The Note, this Deed of Trust and all Other Security Documents shall be governed by and construed in accordance with the applicable laws of the State of California (without regard to principles of conflicts of law) except to the extent (a) of procedural and substantive matters relating only to the creation, perfection and foreclosure of liens, and enforcement of rights and remedies against the Trust Property, which matters shall be governed by the laws of the State in which such Trust Property is located and (b) that the laws of the United States of America and any rules, regulations or orders issued or promulgated thereunder, applicable to the affairs and transactions entered into by Trustor, otherwise pre-empt California law or the laws of the State in which the Trust Property is located, in which event such Federal law shall control.

40.    Duties and Obligations of Trustee. Trustor agrees that:

(a)    the duties and obligations of Trustee shall be determined solely by the express provisions of this Deed of Trust and the Trustee shall not be liable except for the

29

Exhibit A
Page 184

P63

14
181

performance of such duties and obligations as are specifically set forth in this Deed of Trust, and no implied covenants or obligations shall be imposed upon Trustee;

(b)    no provision of this Deed of Trust shall require Trustee to expend or risk its own funds, or otherwise incur any financial obligation in the performance of any of its duties, or in the exercise of any of its rights or powers, if it shall have grounds for believing that the repayment of such funds or adequate indemnity against such risk or liability is not reasonably assured of it;

(c)    Trustee may consult with counsel of its own choosing and the advice of such counsel shall be full and complete authorization and protection in the respect of any actions taken by it in good faith and in reliance upon the advice;

(d)    Trustee shall not be liable for any action taken by it in good faith and reasonably believed by it to be authorized or within the discretion or rights or powers conferred upon it by this Deed of Trust.

41.    Notices.  Any notice, demand, statement, request, or consent made under this Deed of Trust shall be in writing and shall be deemed given when hand delivered, or within three (3) days after the date sent by certified mail, return receipt requested, or the next business day after the date sent by nationally recognized overnight mail or courier service to the address, as set forth in Exhibit A, of the party to whom such notice is to be given, or to such other address as Trustor, Trustee or Beneficiary, as the case may be, shall in like manner designate in writing.

42.    Request for Notice.  Trustor hereby requests that, unless otherwise prescribed by law, a copy of any notice of default or notice of sale pursuant to a nonjudicial foreclosure of this Deed of Trust be delivered to Trustor as set forth in the Notice provision above.

43.    Entire Agreement.  This Deed of Trust and the other Loan Documents set forth the entire understanding between Trustor and Beneficiary and they will not be amended except by a written instrument duly executed by each of Trustor and Beneficiary.  Any previous representations, warranties, agreements, and understandings among the parties regarding the subject matter of the Loan or the Loan Documents, whether written or oral, are superseded by this Deed of Trust and the other Loan Documents.

44.    Waiver of Rights.  Trustor and Beneficiary agree as set forth in Exhibit C hereto.

45.    Agreement to Subordinate.

(a)    Beneficiary acknowledges that Trustor currently is engaged in entitling the Trust Property and taking the steps necessary tot complete the subdivision of the Trust Property and cause the recordation of a Final Map(s) or Parcel Map(s), which may include lot line adjustments, the creation of easements and other requirements that may be imposed by the applicable governmental agency processing the Final or Parcel Map(s) (the "Final Map Process").

30

Exhibit  A
Page  185

P64

14,
182

(b) Beneficiary agrees to unconditionally subordinate this Deed of Trust, together with the Note in favor of Beneficiary, together with any renewals or extensions thereof, to any and all reasonable requirements imposed by any applicable governmental agency as part of the Final Map Process.

Beneficiary declares, agrees and acknowledges that:

(i)    It will consent to and approve all commercially reasonable conditions, requirements and documents required as part of the Final Map Process; and

(ii)    It will timely execute, acknowledge and deliver any and all documents or agreements necessary or required as part of the Final Map Process, as requested by Trustor.

46.    California Provision Exhibit D
47.    Partial Release Rider to Deed of Trust Exhibit E

IN WITNESS WHEREOF, the undersigned has executed and delivered this Deed of Trust, effective as of the date first above written.

Trustor:
THE PRESERVE, LLC, a California limited liability company

BY: Beaumont 1600, LLC, a California limited liability company, Manager

By: _____
Scott H. Krentel, Managing Member

31

Exhibit    A
Page    166

P65

Exhibit    14
Page    183

## ACKNOWLEDGMENT

State of California
County of ~~Riverside~~ ORANGE

On SEPTEMBER 27, 2006 before me, MIKE BURCHARTZ, NOTARY PUBLIC,
(here insert name and title of the officer)

personally appeared SCOTT H. KRENTEL

_____, personally
known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

MIKE BURCHARTZ
COMM. #1484954
NOTARY PUBLIC ★ CALIFORNIA
ORANGE COUNTY
Comm. Exp. JAN. 28, 2008

(Seal)

32

DDT 2

Loan No. 206076

Order # 9301656-12

## EXHIBIT "A"
### (Descriptions)

**PREAMBLE:**
Name (including State of formation, if any) and Mailing Address of Trustor:

THE PRESERVE, LLC, a California limited liability company

C/o Scott H. Krentel

7006 Magnolia Avenue, #309

Riverside, CA 92506

As of the signing of this document the names of the "Beneficiary" are unknown.

A complete listing of the Private Party Beneficiaries will be attached hereto, and a copy provided to Trustor at the close of escrow.


DESCRIPTION OF NOTE:

That certain promissory note executed of even date herewith by and between THE PRESERVE, LLC, in the amount of $39,000,000.00 in favor of Beneficiaries identified in the schedule of Private Party Beneficiaries attached hereto.

1



P67

Exhibit _A_

Page _88_

Exhibit

14

185

Loan #206070                                              Order #9301656-12

## EXHIBIT "B"

### Legal Description of Real Property

Real property in the unincorporated area of the County of Riverside, State of California, described
as follows:

PARCEL 1:
LOTS 6, 7 AND 8 IN SECTION 8, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE
AND MERIDIAN;

EXCEPTING FROM LOTS 7 AND 8 THAT PORTION DESCRIBED AS FOLLOWS:
BEGINNING AT THE NORTHEAST CORNER OF SAID LOT 8;
THENCE WESTERLY ON THE NORTH LINE OF SAID GOVERNMENT LOT 8, 400
FEET;
THENCE SOUTHERLY AT RIGHT ANGLES TO SAID NORTHERLY LINE 900 FEET;
THENCE EASTERLY PARALLEL WITH THE NORTHERLY LINE OF SAID LOTS 7
AND 8, 1000 FEET
TO A POINT IN SAID LOT 7;
THENCE NORTHERLY AT RIGHT ANGLES 900 FEET TO A POINT ON THE NORTH
LINE OF SAID
LOT 7;
THENCE WESTERLY ON SAID NORTH LINE 600 FEET TO THE POINT OF
BEGINNING,
DESCRIBED IN THE DEED RECORDED JANUARY 22, 1963 AS INSTRUMENT NO.
7083 OF
OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;
ALSO EXCEPTING FROM LOT 7 A RESERVATION OF 1/20 SHARE IN ALL OIL
AND MINERAL
RIGHTS AND DEPOSITS AS RESERVED IN DEED TO ED C. MARTIN AND BIRDIE
F. MARTIN
FROM JAMES E. THOMPSON, A WIDOWER, RECORDED JUNE 15, 1946 IN BOOK
756 PAGE 217
OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL 2:
SECTION 17, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE
AND MERIDIAN,
AS SHOWN BY UNITED STATES GOVERNMENT SURVEY;

B-1

Exhibit    A
Page    189

P68

14/186

EXCEPTING THEREFROM THAT PORTION OF THE NORTHEAST 1/4 OF SAID SECTION,
PARTICULARLY DESCRIBED AS FOLLOWS:
BEGINNING AT A POINT FROM WHICH THE NORTHEAST CORNER OF SAID SECTION BEARS
NORTH 14 DEGREES 58' EAST, 1073.0 FEET;
THENCE SOUTH 88 DEGREES 42' WEST, 660 FEET;
THENCE SOUTH 01 DEGREES 18' EAST, 660 FEET;
THENCE NORTH 88 DEGREES 42' EAST, 660 FEET;
THENCE NORTH 01 DEGREES 18' WEST, 660 FEET TO THE POINT OF BEGINNING.

PARCEL 3:
THE NORTH 1/2 OF THE NORTHWEST 1/4 AND SOUTHWEST 1/4 OF NORTHWEST 1/4 OF
SECTION 20, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE AND MERIDIAN,
AS SHOWN BY UNITED STATES GOVERNMENT SURVEY;
EXCEPTING THEREFROM ALL THE OIL AND GAS TOGETHER WITH THE RIGHT TO PROSPECT
FOR, MINE AND REMOVE SUCH DEPOSITS FROM SAME UPON COMPLIANCE WITH THE
CONDITIONS AND SUBJECT TO THE PROVISIONS AND LIMITATIONS OF ACT OF JULY 17, 1914,
AS RESERVED IN THE PATENT FROM THE UNITED STATES OF AMERICA, RECORDED MARCH 15,
1949 IN BOOK 1059 PAGE 170 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL 4:
THE NORTH 1/2 OF THE NORTHEAST 1/4 AND THE SOUTHWEST 1/4 OF THE NORTHEAST 1/4
AND THE SOUTHEAST 1/4 OF THE NORTHWEST 1/4 OF SECTION 20, TOWNSHIP 3 SOUTH,
RANGE 1 WEST, SAN BERNARDINO BASE AND MERIDIAN.

PARCEL 5:
THE WEST HALF OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION
20, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE AND MERIDIAN,
ACCORDING TO THE OFFICIAL PLAT THEREOF.

PARCEL 6:
THE SOUTHEAST QUARTER OF THE NORTHEAST QUARTER OF SECTION 20;
THE NORTH HALF OF THE SOUTHEAST QUARTER OF SECTION 20;
THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 20;

B-2



EAST HALF OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 20;
ALL IN TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE AND MERIDIAN,
ACCORDING TO THE OFFICIAL PLAT THEREOF;
EXCEPTING THEREFROM THAT PORTION OF THE SOUTHEAST QUARTER OF SECTION 20 AS
CONVEYED TO THE SOUTHERN CALIFORNIA EDISON COMPANY BY DEED RECORDED JUNE 12,
1970 AS INSTRUMENT NO. 55231 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL 6A:
AN EASEMENT AND RIGHT OF WAY TO CONSTRUCT, USE, MAINTAIN AND REPAIR ONE ROAD,
20 FEET WIDE, EXTENDING IN A GENERALLY NORTHWESTERLY AND SOUTHEASTERLY
DIRECTION IN, ON, OVER AND ACROSS THAT PORTION OF THE SOUTHEAST QUARTER OF
SECTION 20, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN BERNARDINO BASE AND MERIDIAN,
ACCORDING TO THE OFFICIAL PLAT THEREOF AS DESCRIBED IN THE DEED TO THE
SOUTHERN CALIFORNIA EDISON COMPANY AND UPON THE TERMS AND CONDITIONS SET
FORTH IN SAID DEED RECORDED JUNE 12, 1970 AS INSTRUMENT NO. 55231 OF OFFICIAL
RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL 7:
THAT PORTION OF GOVERNMENT LOTS 7 AND 8 OF FRACTIONAL SECTION 8 TOWNSHIP 3
SOUTH RANGE 1 WEST, SAN BERNARDINO BASE AND MERIDIAN, ACCORDING TO AN
ADDITIONAL PLAT OF SAID LAND AS FOLLOWS:
BEGINNING AT THE NORTHEAST CORNER OF SAID LOT 8;
THENCE WESTERLY 400 FEET ON THE NORTHERLY LINE OF SAID GOVERNMENT LOT 8;
THENCE SOUTHERLY 900 FEET AT RIGHT ANGLES TO SAID NORTHERLY LINE;
THENCE EASTERLY 1000 FEET PARALLEL WITH THE NORTHERLY LINE OF SAID LOTS TO A
POINT IN SAID LOT 7;
THENCE NORTHERLY 900 FEET AT RIGHT ANGLES TO A POINT OF THE NORTHERLY LINE OF
SAID LOT 7;
THENCE WESTERLY 600 FEET ON SAID NORTHERLY LINE TO THE POINT OF

B-3



P70

Exhibit
Page

Exhibit
Page
14
188



BEGINNING;
ALSO EXCEPTING FROM LOT 7 A RESERVATION OF 1/20 SHARE IN ALL OIL
AND MINERAL
RIGHTS AND DEPOSITS AS RESERVED IN DEED TO ED C. MARTIN AND BIRDIE
F. MARTIN
FROM JAMES E. THOMPSON, A WIDOWER, RECORDED JUNE 15, 1946 IN BOOK
756 PAGE 217
OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL 8:
LOTS 1 AND 2 IN SECTION 8, TOWNSHIP 3 SOUTH, RANGE 1 WEST, SAN
BERNARDINO BASE
AND MERIDIAN, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA;
EXCEPT THE PORTION INCLUDED IN PUBLIC HIGHWAY ON THE NORTH.

PARCEL 8A:
AN EASEMENT FOR INGRESS AND EGRESS OVER AND ACROSS THE
NORTHERLY 40 FEET OF
GOVERNMENT LOT 3, SECTION 8, TOWNSHIP 3 SOUTH, SAN BERNARDINO
BASE AND
MERIDIAN, AS RESERVED IN DOCUMENT RECORDED OCTOBER 23, 1970 AS
INSTRUMENT NO.
106752 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

APN: 421-070-001-5 and 421-070-004-8 and 421-070-005-9 and 421-070-006-0 and 421-
070-
007-1 and 421-080-002-7 and 421-190-002-7 and 421-190-003-8 and 421-190-004-9 and
421-
421-190-005-0 and 421-190-006-1 and 421-190-011-5

B-4



P71

Exhibit

Page

A
192

Exhibit

Page

14
189

Loan # 206070

Order # 09301656-12

## Exhibit C

| | | | |
|---|---|---|---|
| JEFFREY ABRAHAM, TRUSTEE<br>Jeffrey Abraham, Trustee of the Jeff Abraham Trust | as to an undivided | 0.127% | Interest |
| SANDRA S. ALDEN, TRUSTEE<br>Sandra S. Alden, Trustee of The Sandra S. Alden Family<br>Trust Dated August 18, 1992 | as to an undivided | 0.128% | Interest |
| ALAN M. MARKUS<br>TRENA L. MARKUS<br>Alan M. Markus and Trena L. Markus, husband and wife as<br>joint tenants with right of survivorship | as to an undivided | 0.128% | Interest |
| LANNY W. APLANALP, TRUSTEE<br>Lanny W. Aplanalp, Trustee of The Lanny W. Aplanalp Trust<br>Dated July 5, 2002 | as to an undivided | 0.127% | Interest |
| NICOL J. BELL<br>Nicol J. Bell, a married woman as her sole and separate<br>property | as to an undivided | 0.128% | Interest |
| ADAM M. BENECKE<br>ANGELA K. BENECKE<br>Adam M. Benecke and Angela K. Benecke, husband and<br>wife as joint tenants. | as to an undivided | 0.128% | Interest |
| RICHARD T. BREENE<br>Richard T. Breene, a single man | as to an undivided | 0.128% | Interest |
| ALBERT HECHINGER, CO-TRUSTEE<br>KATHRYN BERKOWITZ, CO-TRUSTEE<br>Albert Hechinger and Kathryn Berkowitz, Co-Trustees of The<br>Kathryn and Albert Family Trust dated May 15, 2001 | as to an undivided | 0.259% | Interest |
| ARLENE BRUCKNER<br>Arlene Bruckner, a widow | as to an undivided | 0.128% | Interest |
| RICHARD BRUCKNER<br>VICKY BRUCKNER<br>Richard Bruckner and Vicky Bruckner, husband and wife as<br>community property | as to an undivided | 0.333% | Interest |
| Lyle O. Burgess<br>Paula M. Burgess<br>Lyle O. and Paula M. Burgess husband and wife as<br>community property with rights of survivorship | as to an undivided | 0.128% | Interest |
| CARLETON CARLSON, CUSTODIAN<br>FBO BRIANNA CARLSON<br>Carleton Carlson as Custodian FBO Brianna Carlson | as to an undivided | 0.192% | Interest |
| OSCAR CASTRO-NEVES, TRUSTEE<br>LORRAINE CASTRO-NEVES, TRUSTEE<br>Oscar Castro-Neves and Lorraine Castro-Neves, Trustees of<br>The Castro-Neves Family Trust | as to an undivided | 0.127% | Interest |
| MILTON J. CHASIN, TRUSTEE<br>DORIS H. CHASIN, TRUSTEE | as to an undivided | 0.385% | Interest |
| WILLY CHIN, TRUSTEE<br>MARGARITA C. CHIENG, TRUSTEE<br>Willy Chin and Margarita C. Chieng, Trustees of the Chin<br>Family Trust dated April 10, 2000 | as to an undivided | 0.128% | Interest |
| JOHN H. CHANG, TRUSTEE<br>JESSICA S. CHANG, TRUSTEE<br>John H. Chang and/or Jessica S. Chang, Trustees of The<br>Chang Family Revocable Trust of March 22, 2000 | as to an undivided | 0.259% | Interest |
| STEVEN C. COLBURN<br>ANDREA K COLBURN<br>Steven C. Colburn and Andrea K. Colburn, husband and wife<br>as community property with right of survivorship | as to an undivided | 0.128% | Interest |

Applied Business Software, Inc. (800) 833-3343

[206070]THE PRESERVE, LLC]
Lender Identification    Page 1 of 7

P-72

Exhibit ___A___
Page ___193___

Exhibit ___14___
Page ___190___

Loan # 206070                                        Order # 09301656-12

## Exhibit C

| | | | |
|---|---|---|---|
| STANLEY R. CONNOR<br>GENEVIEVE C. CONNOR<br>Genevieve C. Connor and Stanley R. Connor, Trustees as husband and wife as joint tenants with the right of survivorship | as to an undivided | 0.385% | Interest |
| MARIO F. COSTA, TRUSTEE<br>EVELYN K. COSTA, TRUSTEE<br>Mario F. Costa and Evelyn K. Costa, as Trustees of The Costa 2003 Family Trust dated October 1, 2003 | as to an undivided | 0.128% | Interest |
| JAMES ADEN DAVIS, TRUSTEE<br>James Aden Davis, Trustee of The James Aden Davis Trust dated January 29, 1992 | as to an undivided | 0.512% | Interest |
| DON DUNCAN<br>Don Duncan, a Single Man | as to an undivided | 0.127% | Interest |
| JAMES N. DEGLANDON<br>MAUREEN DETOY<br>James N. Deglandon and Maureen Detoy, joint tenants with right of survivorship | as to an undivided | 0.259% | Interest |
| MICHAEL M. DULBERG<br>LUCETTE R. DULBERG<br>Michael M. Dulberg and Lucette R. Dulberg, husband and wife joint tenants with right of survivorship | as to an undivided | 0.127% | Interest |
| TIMOTHY G. DUMOULIN, TRUSTEE<br>SHERRY L. DUMOULIN, TRUSTEE<br>Timothy G. Du Moulin and Sherry L. Du Moulin, Trustees of The Du Moulin 2001 Living Trust | as to an undivided | 0.243% | Interest |
| TIMOTHY GEORGE DuMOULIN, TRUSTEE<br>SHERRY LEE DuMOULIN, TRUSTEE<br>Timothy George DuMoulin and Sherry Lee DuMoulin, Trustees of The 2000 Charitable Remainder Unitrust of Timothy George DuMoulin and Sherry Lee DuMoulin | as to an undivided | 0.127% | Interest |
| SHAHAB EMRANI<br>CATHERINE A. EMRANI<br>Shahab Emrani and Catherine Emrani, husband and wife as community property | as to an undivided | 0.513% | Interest |
| MARY E. FARRELL, TRUSTEE<br>Mary E. Farrell, Trustee of The Mary E. Farrell Revocable Trust | as to an undivided | 0.128% | Interest |
| KATHLEEN B. FISHER, TRUSTEE<br>Kathleen B. Fisher, Trustee of The Kathleen B. Fisher Profit Sharing Plan | as to an undivided | 0.127% | Interest |
| DAVID FRIEDMAN, TRUSTEE<br>David Friedman, Trustee of The David Friedman Sole Proprietorship Retirement Trust | as to an undivided | 0.128% | Interest |
| DELBERT FREEMAN, G.P.<br>CAROL J. FREEMAN, G.P.<br>The Delbert & Carol Freeman Family L.P., a Nevada limited partnership | as to an undivided | 0.259% | Interest |
| JAMES D. GOODIN, TRUSTEE<br>CAROLYN J. GOODIN, TRUSTEE<br>James D. Goodin and Carolyn J. Goodin, Trustees of The Goodin Family Trust dated September 22, 1990 | as to an undivided | 0.127% | Interest |
| ROBIN B. GRAHAM, TRUSTEE<br>Robin B. Graham, Trustee of The Graham Marital Trust B | as to an undivided | 0.259% | Interest |
| DALE HARTLEY, TRUSTEE<br>AUDREY HARTLEY, TRUSTEE | as to an undivided | 0.256% | Interest |

P73

Exhibit _A_
Page _194_

Exhibit
Page _14/191_

Loan # 206870                                        Order # 09301656-12

Exhibit  C

| | | | |
|---|---|---|---|
| Dale Hartley and Audrey Hartley, Trustees of The Dale and Audrey Hartley Family Trust | | | |
| WANDA HARRELL <br> Wanda Harrell, an unmarried woman | as to an undivided | 0.512% | Interest |
| TERRY NORMAN HOLDT, TRUSTEE <br> SHARON RAE HOLDT, TRUSTEE <br> Terry Norman Holdt and Sharon Rae Holdt, Trustees of The Holdt Living Trust | as to an undivided | 0.128% | Interest |
| JOHN L. HARDING <br> HELGA M. HARDING <br> John L. Harding and Helga M. Harding, husband and wife as joint tenants with right of survivorship | as to an undivided | 0.128% | Interest |
| THOMAS W. HRIBAR, TRUSTEE <br> Thomas W. Hribar, Trustee of the Thomas W. Hribar Profit Sharing Plan and Trust | as to an undivided | 0.063% | Interest |
| JOHN R. HUGHES, TRUSTEE <br> John R. Hughes, Trustee of The John R. Hughes Separate Property Trust dated November 19, 2004 | as to an undivided | 0.385% | Interest |
| STEVE COTUGNO <br> PENSCO CUSTODIAN <br> Pensco Trust Company as Custodian of IRA# CO445 FBO Steve Cotugno | as to an undivided | 0.127% | Interest |
| GERALD GHELFI <br> AUTHORIZED AGENT <br> Pensco Trust Company as Custodian of IRA# GH1AA FBO Gerald J. Ghelfi | as to an undivided | 0.156% | Interest |
| ROBERT M. PEPPERCORN <br> AUTHORIZED AGENT <br> Pensco Trust Company as Custodian of IRA #PE1DY FBO Robert M. Peppercorn | as to an undivided | 0.127% | Interest |
| BLAINE C. STRICKLAND <br> AUTHORIZED AGENT <br> IRA Resources, Inc. FBO Blaine C. Strickland IRA #30609 | as to an undivided | 0.127% | Interest |
| DENNIS L. JOHNSON, TRUSTEE <br> CHARLENE J. JOHNSON, TRUSTEE <br> Dennis L. Johnson and Charlene J. Johnson, Trustees of The Johnson Family Trust Dated November 30, 1999 | as to an undivided | 0.266% | Interest |
| BYRON D. KINSMAN, JR. CO-TTEE <br> SYLVIA L. KINSMAN, CO-TTEE <br> Byron D. Kinsman, Jr. and Sylvia L. Kinsman, Co-Trustees of The Kinsman Family Trust | as to an undivided | 0.128% | Interest |
| Albert R. Kleist, Trustee <br> Jeanette H. Kleist, Trustee <br> Albert R. Kleist and Jeanette H. Kleist, Trustees under Declaration of Trust dated December 12, 1991, The Kleist Family Trust | as to an undivided | 0.128% | Interest |
| PAUL KRASNER, M.D., TRUSTEE <br> Paul Krasner, M.D., Trustee of The Paul Krasner, M.D. Defined Benefit Pension Plan and Trust | as to an undivided | 0.385% | Interest |
| JOHN W. LANG, TRUSTEE <br> EUGENA M. LANG, TRUSTEE <br> John W. Lang and Eugena M. Lang, Trustees of The John W. Lang and Eugena M. Lang 1988 Trust | as to an undivided | 0.259% | Interest |
| SHIH SHEN LING <br> MING SHEN MARGARET LING <br> Shih Shen Ling and Ming Shen Margaret Ling, husband and wife as community property with right of survivorship | as to an undivided | 0.128% | Interest |

Applied Business Software, Inc. (800) 833-3343

E0007/3/THE PRESERVE, LLC/
Lender Identification       Page 5 of 7

P.14

Exhibit  A <br> Page  195

Exhibit  14 <br> Page  192

Loan # 206070

Order # 09301656-12

### Exhibit C

| | | | |
|---|---|---|---|
| WILLIAM K. LITTLE, TRUSTEE<br>RONDA L. LITTLE, TRUSTEE<br>William K. Little and Ronda L. Little, Trustees of the William K. Little and Ronda L. Little Revocable Trust, created on December 17, 1994 | as to an undivided | 0.192% | Interest |
| NEVE J. LOVELL, TRUSTEE<br>Neve J. Lovell, Trustee of The Lovell Family Trust, dated July 2, 1985 (First Amendment / Restatement dated August 30, 1991) | as to an undivided | 0.128% | Interest |
| ANTONIO N. LUCERO<br>LAUREANA T. LUCERO<br>Antonio N. Lucero and Laureana T. Lucero, husband and wife joint tenants with right of survivorship | as to an undivided | 0.19% | Interest |
| MICHAEL MADDEN, TRUSTEE<br>Michael E. Madden, Trustee of The Michael Madden Associates Retirement Trust dated December 27, 1998 | as to an undivided | 0.154% | Interest |
| MAURICE C. MAMO, TRUSTEE<br>AMY A. MAMO, TRUSTEE<br>Maurice C. Mamo and Amy A. Mamo, Trustees of the Mamo Family Trust | as to an undivided | 0.128% | Interest |
| ANNA R. MARUCA, TRUSTEE<br>Anna R. Maruca, Trustee of the Anna R. Maruca Family Trust Dated August 1, 1997 | as to an undivided | 0.128% | Interest |
| EAMON J. McCLORY, TRUSTEE<br>SUE ANNE McCLORY, TRUSTEE<br>Eamon J. McClory and Sue Anne McClory, Trustees of The McClory Family Trust | as to an undivided | 0.128% | Interest |
| MARK ROBERT MEDINA, TRUSTEE<br>BARBARA LOUISE MEDINA, TRUSTEE<br>Mark Robert Medina and Barbara Louise Medina, Trustees of the Medina Living Trust, dated July 28th 1993 | as to an undivided | 0.128% | Interest |
| WILLIAM Y. MOREHART<br>William Y. Morehart, an unmarried man | as to an undivided | 0.128% | Interest |
| JEFFERY LEE MORSE, TRUSTEE<br>PAULA JEANNETTE MORSE, TRUSTEE<br>Jeffery Lee Morse and Paula Jeannette Morse, Trustees of The Morse Family Trust Dated December 27, 2001 | as to an undivided | 0.127% | Interest |
| MARK LURIE, SECRETARY<br>The Church of The Movement of Spiritual Inner Awareness, a California nonprofit religious corporation<br>Paul Kaye, President<br>Mark Lurie, Secretary | as to an undivided | 0.269% | Interest |
| JAMES D. MURCHISON, III<br>DEBORAH T. MURCHISON<br>VESTING - James D. Murchison, III & Deborah T. Murchison, Husband and Wife as Joint Tenants | as to an undivided | 0.192% | Interest |
| SALEEM S. NABER, TRUSTEE<br>ABLA S. NABER, TRUSTEE<br>Saleem S. Naber and Abla S. Naber, Trustees of The Saleem S. Naber and Abla S. Naber Revocable Living Trust Dated August 31, 1995 | as to an undivided | 0.127% | Interest |
| PAUL P. KRASNER, M.D., TRUSTEE<br>Paul P. Krasner, M.D., Trustee of The Nephrology Medical Group, Inc. of Orange County Profit Sharing Plan Retirement Trust | as to an undivided | 0.128% | Interest |
| NATIONAL FINANCIAL LENDING, LLC, A CA LIMITED LIABILITY COMPANY | as to an undivided | 24.223% | Interest |

Applied Business Software, Inc. (800) 833-3343

206070/THE PRESERVE, LLC)
Lender Identification          Page 4 of 7

Exhibit ____ A____

Page ____ 196____

Loan # 206070

Order # 09301656-12

Exhibit C

| | | | |
|---|---|---|---|
| National Financial Lending, LLC, a California limited liability company | | | |
| RICHARD NORRIS<br>Richard Norris, an unmarried man | as to an undivided | 0.166% | Interest |
| GREGORY T. NORMAN<br>Gregory T. Norman, an Unmarried Man | as to an undivided | 0.126% | Interest |
| Denis O'Connor, Trustee<br>Annie O'Connor, Trustee<br>Denis and Annie O'Connor, Trustees of the O'Connor Family Trust | as to an undivided | 0.128% | Interest |
| RONALD F. OGLETREE<br>Ronald F. Ogletree, a Married Man as His Sole and Separate Property | as to an undivided | 0.259% | Interest |
| WILLIAM G. OLIVER, TRUSTEE<br>William G. Oliver, Trustee of The William G. Oliver 2002 Trust | as to an undivided | 0.128% | Interest |
| ROBERT M. PARKS, TRUSTEE   and/or<br>AUDREY L. PARKS, TRUSTEE<br>Robert M. Parks and/or Audrey L. Parks, Trustees of The Parks Family Trust Dated October 13, 1976 amended and restated on March 27, 2003 | as to an undivided | 0.259% | Interest |
| Richard L. Pasquini, Trustee<br>Diane M. Pasquini, Trustee<br>Living Trust of Richard L. Pasquini and Diane M. Pasquini dated June 29, 1998 | as to an undivided | 0.256% | Interest |
| PHILIP W. PAYNE, TRUSTEE   and/or<br>HELGA G. PAYNE, TRUSTEE<br>Philip W. Payne and/or Helga G. Payne, Trustees of The Payne Family Trust Dated February 10, 1992 | as to an undivided | 0.307% | Interest |
| Point Center Financial, Inc., a California Corporation (PCF1) | as to an undivided | 27.856% | Interest |
| Point Center Financial, Inc., a California corporation (PCFU) | as to an undivided | 24.168% | Interest |
| SAMUEL J. POIDMORE, TRUSTEE<br>ELENA POIDMORE, TRUSTEE<br>Samuel J. Poidmore and Elena Poidmore, Trustees of The Samuel J. Poidmore, D.D.S., Inc. Pension Plan Trust | as to an undivided | 0.192% | Interest |
| MAX PERRY, TRUSTEE<br>MARY PERRY, TRUSTEE<br>Max Perry and Mary Perry, Trustees of the Alder Creek Family Trust | as to an undivided | 0.256% | Interest |
| GEORGE M. PHELPS<br>George M. Phelps, a single man | as to an undivided | 0.19% | Interest |
| BRUCE R. PITTENGER, TRUSTEE<br>JOHNI H. PITTENGER, TRUSTEE<br>Bruce R. Pittenger and Johni H. Pittenger, Trustees, or their successors in trust, under The Bruce R. Pittenger and Johni H. Pittenger Declaration of Trust, dated January 4, 2001, and any amendments thereto. | as to an undivided | 0.231% | Interest |
| RONALD L. PRINZING, TRUSTEE<br>ROSALYN YVONNE PRINZING, TRUSTEE<br>Ronald L. Prinzing and Rosalyn Yvonne Prinzing, Trustees of The Prinzing Revocable Living trust UDT June 21, 1990 | as to an undivided | 0.229% | Interest |
| JESUS RAMIREZ, TRUSTEE<br>Jesus Ramirez, M.D., A Medical Corporation Profit Sharing Plan | as to an undivided | 0.128% | Interest |
| RICHARD A.J. RICHARDSON, TTEE<br>BARBARA K. RICHARDSON, TTEE<br>Richard A.J. Richardson and Barbara K. Richardson, | as to an undivided | 0.128% | Interest |

P 16

Exhibit A

Page 197

Exhibit 14

Page 194

Loan # 206070

Order # 09301656-12

Exhibit: C

| | | | |
|---|---|---|---|
| Trustees of The Richard A.J. Richardson and Barbara K. Richardson Trust restated July 25, 2005, or the successor Trustee thereunder | | | |
| DONOVAN H. RITTENBACH, TRUSTEE<br>SHELLEY LYNN RITTENBACH, TRUSTEE<br>Donvan H. Rittenbach Sr. and Shelley Lynn Rittenbach, Trustees of the Rittenbach Family Trust | as to an undivided | 0.128% | interest |
| ROGER KAMRANFAR<br>ROSIE PARIVASH<br>Roger Kamranfar and Rosie Parivash, Husband and Wife as Community Property with Right of Survivorship | as to an undivided | 0.128% | interest |
| ROBERT A. ROBERTO, TRUSTEE<br>FELICIA M. ROBERTO, TRUSTEE<br>Robert A. Roberto and Felicia M. Roberto, Trustees of The Roberto Family 1997 Trust | as to an undivided | 0.127% | interest |
| MARVIN J. STRUIKSMA, G.P.<br>ROCAL Financial L.P., a California limited partnership | as to an undivided | 0.385% | interest |
| BARRY RODGERS<br>PHYLLIS M. RODGERS<br>Barry Rodgers and Phyllis M. Rodgers, Husband and Wife as Joint Tenants | as to an undivided | 0.128% | interest |
| ROBERT L. WELLS, TRUSTEE<br>Robert L. Wells, Trustee of The Robert L. Wells Trust Dated April 4, 1991 | as to an undivided | 0.512% | interest |
| ROBERT G. WHITE<br>MARY R. WHITE<br>Robert G. White and Mary R. White, Husband and Wife as Community Property with Right of Survivorship | as to an undivided | 0.127% | interest |
| EARL M. SAROYAN<br>Earl M. Saroyan, a married man as his sole and separate property | as to an undivided | 0.266% | interest |
| TERRY JAMES SCHLEEDE, TRUSTEE<br>SUSAN THEE SCHLEEDE, TRUSTEE<br>The Schleede Revocable Family Trust dated October 14, 1981 | as to an undivided | 0.128% | interest |
| ROY L. SCHUBERT<br>TERRY DIXON SCHUBERT<br>Roy L. Schubert and Terry Dixon Schubert, Husband and Wife as Community Property with Rights of Survivorship | as to an undivided | 0.259% | interest |
| PAULINE MARY SCHELL<br>Pauline Mary Schell, a married woman, as her sole and separate property | as to an undivided | 0.128% | interest |
| HENRY SZE LING SHING, CO-TTEE<br>WING LAI CHIN SHING, CO-TTEE<br>Henry Sze Ling Shing and Wing Lai Chin Shing, Co-Trustees of The Shing Trust dated May 21, 1996 | as to an undivided | 0.128% | interest |
| STEVE HOFFMAN<br>Steven Hoffman, a single man | as to an undivided | 0.128% | interest |
| BARBARA SKLAR, TRUSTEE<br>Barbara Sklar, Trustee of The Barbara Sklar Living Trust dated 8/31/01 | as to an undivided | 0.19% | interest |
| MELVIN SMALL, TRUSTEE<br>SHIRLEY FAYE SMALL, TRUSTEE<br>Melvin Small and Shirley Faye Small, Trustees of The 3rd Amendment and Restatement of The Melvin Small and Shirley Faye Small 1991 Trust | as to an undivided | 0.127% | interest |
| TAYLOR FLETCHER, MANAGING MEMBER | as to an undivided | 0.127% | interest |

Exhibit A
Page 198

P77
Exhibit 14
Page 195

Loan # 206070                                          Order # 09301656-12

Exhibit C

| | | | |
|---|---|---|---|
| Southwest Marketing, LLC, a Wyoming limited liability company | | | |
| H.W. STEERE, TRUSTEE<br>H. W. Steere, Trustee of The H.W. Steere Trust established on November 1, 2004 | as to an undivided | 1.282% | Interest |
| EDWIN B. SUDDARTH, SR.<br>KATHLEEN SUDDARTH<br>Edwin B. Suddarth, Sr.and Kathleen Suddarth, Husband and Wife as Community Property With Right of Survivorship | as to an undivided | 0.128% | Interest |
| JOHN C. HALL, PRESIDENT<br>Tall Cotton, Inc., a California corporation | as to an undivided | 0.385% | Interest |
| BRIAN TANKLAGE, MANAGING MEMBER<br>Tanks Enterprises LLC, a Delaware limited liability company | as to an undivided | 1.925% | Interest |
| MARY KATHRYN THEE, TRUSTEE<br>Mary Katherine Thee, Trustees of the Second Restated Thee Revocable Family Trust of October 8th, 1980 | as to an undivided | 0.128% | Interest |
| EARL GOTTFRIED, PRESIDENT<br>Valley Financial West, Inc., a Nevada Corporation<br>Earl Gottfried, President | as to an undivided | 0.128% | Interest |
| NINETTE R. WASSEF<br>Ninette R. Wassef, a single woman | as to an undivided | 0.192% | Interest |
| MARYALIN V. WHITE<br>Maryalin V. White a Widow | as to an undivided | 0.127% | Interest |
| RICHARD M. WILBUR, TRUSTEE<br>Richard M. Wilbur, Trustee of The RM Wilbur Co. Employees Profit Sharing Plan | as to an undivided | 0.127% | Interest |
| KENNETH M. WILSON, TRUSTEE<br>Kenneth M. Wilson, Trustee of The Wilson Family Trust UTD October 5, 1989 | as to an undivided | 0.127% | Interest |
| THOMAS F. WILSON, TRUSTEE<br>PATSY R. WILSON, TRUSTEE<br>Thomas F. Wilson and Patsy R. Wilson, Trustees of The Wilson Trust Dated September 9, 1993 | as to an undivided | 0.359% | Interest |
| SHERRYL WISEMAN, TRUSTEE<br>Sherryl Wiseman, Trustee of The Sherryl Wiseman Trust | as to an undivided | 0.128% | Interest |
| WALTER C. WHITE<br>PHYLLIS L. WHITE<br>Walter C. White and Phyllis L. White, husband and wife as joint tenants | as to an undivided | 0.256% | Interest |
| MICHAEL M. YORBA, TRUSTEE<br>VICTORIA D. YORBA, TRUSTEE<br>Michael M. Yorba and Victoria D. Yorba, Trustees of The Yorba Family Trust Dated December 7, 1988 | as to an undivided | 0.127% | Interest |
| MARK C. YORBA<br>CRISTA K. YORBA<br>Mark C. Yorba and Crista K. Yorba, Husband and Wife as Community Property with Rights of Survivorship | as to an undivided | 0.385% | Interest |
| IRVING A. YUDOVIN, TRUSTEE<br>Irving A. Yudovin, Trustee of The Yudovin Survivor's Trust under The Yudovin Family Trust Dated February 20, 1992 | as to an undivided | 0.128% | Interest |

Exhibit ___A___

Page ___199___

P78

Exhibit ___14___

Page ___196___

## EXHIBIT D

### California Provisions

17.    Remedies.

(a)    Beneficiary may enter upon, take immediate possession of, manage, and operate the Trust Property or any part thereof, make repairs and alterations and do any acts that Beneficiary deems reasonable to protect the security of the Deed of Trust, including remedies contained in any of the Other Security Documents; and either with or without taking possession, in its own name, collect the rents, issues and profits, including those past due and unpaid, and apply the rents, less costs and expenses of operation and collection, including reasonable attorneys' fees and the Beneficiary's costs, upon the Indebtedness and in such order as Beneficiary determines. If Beneficiary requests, Trustor shall assemble and make available to Beneficiary at the Premises any of the Trust Property that has been removed. None of the foregoing actions shall cure or waive any Event of Default and Beneficiary shall be entitled to exercise every remedy allowed in this Deed of Trust or by law after an Event of Default.

(b)    Beneficiary shall be entitled to the immediate ex parte appointment of a receiver, without notice, to take possession of and protect the Trust Property and to operate it and collect the rents, issues and profits from it.

(c)    Beneficiary may bring suit to foreclose this Deed of Trust or to enforce any of its provisions.

(d)    Trustee may, upon Beneficiary's request, elect to sell the Trust Property or its parts as follows:

(i)    Trustee may proceed as if all of the Trust Property were real property in accordance with subparagraph (iv) below, or Trustee may elect to treat any of the Trust Property which consists of a right in action or which is property that can be severed from the Premises without causing structural damage thereto as if the same were personal property and dispose of the same in accordance with subparagraph (iii) below, separate from the sale of real property, the remainder of the Trust Property being treated as real property.

(ii)    Trustee may cause any such sale or other disposition to be conducted immediately following the expiration of any grace period, if any, provided in this Deed of Trust or the Note, or Trustee may delay any such sale or other disposition as Trustee deems to be in its best interest. If Trustee conducts more than one sale, Trustee may, at its option, cause the sales to be conducted simultaneously, or successively on the same day, or at different days or times and in such order as Trustee may deem to be in its best interest.

(iii)    If Trustee elects to dispose of Trust Property as personal property as permitted in subparagraph (i) above, it or Beneficiary may dispose of any part thereof in any manner permitted by Article 9 of the California Commercial Code.

- 1 -



Both Trustor and Beneficiary shall be eligible to purchase any part of such property at any sale. Any such disposition may be either public or private, as Trustee or Beneficiary may so elect, subject to the provisions of the California Commercial Code.

Trustee or Beneficiary shall give Trustor at least ten (10) days' prior written notice of the time and place of any public sale or other disposition of such property, and if such notice is sent to Trustor at the address above, it shall constitute reasonable notice to Trustor.

Without limiting the generality of the foregoing, Trustee is expressly authorized to conduct a "unified sale" under Section 9604 of the California Commercial Code.

(iv)    If Trustee elects to sell the Trust Property which is real property or which it has elected to treat as real property, upon such election, Trustee shall give such Notice of Default and election to sell as may then be required by law. Thereafter, upon the expiration of such time and the giving of such Notice of Sale as may then be required by law, Trustee, at the time and place specified by the Notice of Sale, shall sell such Trust Property, or any portion thereof specified by Trustee, at public auction to the highest bidder for cash in lawful money of the United States. Trustee may, and upon request of Beneficiary shall, from time to time, postpone the sale by public announcement at the time and place noticed for the sale. If the Trust Property consists of several lots or parcels, Trustee may designate the order in which such lots or parcels are offered for sale or sold. Any person, including Trustor, Trustee, or Beneficiary may purchase at the sale. Beneficiary shall have the right to credit upon the amount of the bid made, to the extent necessary to satisfy such bid, the Indebtedness owing to Beneficiary, or if Beneficiary holds less than all of such indebtedness the pro rata part owing to Beneficiary, accounting to all other beneficiaries or noteholders not joining in such bid in cash for the portion of such bid or bids apportionable to such nonbidding beneficiary or noteholder. At the sale the Trustee shall execute and deliver to the purchaser, a deed conveying the property so sold, but without any covenant or warranty, express or implied, after which the purchaser shall be entitled to immediate possession.

(v)    If a foreclosure is commenced by the then Trustee, the Beneficiary may at any time before the sale of the Trust Property direct the Trustee to abandon the sale, and may then institute or complete a suit for the collection of the Note and the other Indebtedness, and for judicial foreclosure of this Deed of Trust. It is agreed that if the Beneficiary institutes a suit for the collection of the Note or any other Indebtedness and for the judicial foreclosure of this Deed of Trust, the Beneficiary may at any time before the entry of a final judgment in said suit dismiss it, and require the Trustee to sell the Trust Property under the provisions of this Deed of Trust.

(vi)    The recital of facts, such as default, the giving of Notice of Default, and Notice of Sale, terms of sale, purchaser, payment of purchase money,

-2-

Exhibit _A_
Page _201_

Exhibit _14_
Page _198_

and any other fact affecting the regularity or validity of such sale or disposition in a trustee's deed or other conveyance, shall be conclusive proof of the truth of those facts and conclusive against all persons.

(vii)   The proceeds of any sale or disposition, together with any other sums which then may be held by Trustee or Beneficiary, shall be applied as follows: FIRST, to the expenses of such sale or disposition together with Trustee's fees and reasonable attorneys' fees and expenses, Beneficiary's costs and the actual cost of publishing, recording, mailing and posting notice; SECOND, to the cost of any search or other policy of title procured in connection with the sale, if applicable, and recordation and transfer taxes and other charges, if any, on any release or deed of reconveyance; THIRD, to the payment of all amounts secured by this Deed of Trust and all other sums due Beneficiary from Trustor; FOURTH, to all other sums secured hereby; and the remainder, if any, to the person or persons legally entitled thereto in the order of their priority.

25.   **Fixture Filing.**   From the date of its recording, this Deed of Trust shall be effective as a financing statement filed as a fixture filing as to all goods constituting part of the Trust Property which are or become fixtures related to the real estate described in this Deed of Trust and the Agreements. For this purpose, the following information is set forth:

(a)   Name and address of Debtor: (See Exhibit A).
(b)   Name and Address of Secured Party:
c/o Point Center Financial, Inc.
30900 Rancho Viejo Road,
Suite 100
San Juan Capistrano, CA 92675
(c)   This document covers goods that are or are to become fixtures.
(d)   Description of Real Estate: See Exhibit "B".
(e)   Owner of Record of Real Estate: Trustor
(f)   This Financing Statement covers Proceeds.
(g)   This Financing Statement covers Products of the Collateral.

28.   **Environmental Provisions.**

(i)   **Request for Information.**   Trustor and Beneficiary agree that:

(i)   paragraph 28 of the Deed of Trust is intended as Beneficiary's written request for information and Trustor's written response concerning the environmental condition of the Trust Property as provided by California Code of Civil Procedure §726.5; and

(ii)   each representation, warranty, covenant, or indemnity made by Trustor in this Article or in any other provision of this Deed of Trust or any Loan Document that relates to the environmental condition of the Trust Property is

- 3 -

intended by Trustor and Beneficiary to be an environmental provision for purposes of California Code of Civil Procedure §736 and will survive the payment of the Indebtedness and the termination or expiration of this Deed of Trust and will not be affected by Beneficiary's acquisition of any interest in the Trust Property, whether by credit bid at foreclosure, deed in lieu of that, or otherwise. If there is any transfer of any portion of Trustor's interest in the Trust Property, any successor-in-interest to Trustor agrees by its succession to that interest that the written request made pursuant to this Article will be deemed remade to the successor-in-interest without any further or additional action on the part of Beneficiary and that by assuming the debt secured by this Deed of Trust or by accepting the interest of Trustor subject to the lien of this Deed of Trust, the successor remakes each of the representations and warranties in this Deed of Trust and agrees to be bound by each covenant in this Deed of Trust, including, but not limited to, any indemnity provision.

44.    Waiver of Rights.  Trustor hereby expressly (a) waives any rights it may have under California Civil Code §2954.10 to prepay the Note, in whole or in part, without penalty, upon acceleration of the maturity of the Note, and (b) agrees that if, for any reason, a prepayment of any or all of the Note is made, whether voluntary or upon or following any acceleration of the maturity of the Note by Beneficiary on account of any default by Trustor, including, but not limited to, any transfer or disposition as prohibited or restricted by paragraph 11, then Trustor shall be obligated to pay, concurrently therewith, the prepayment fee, if any, specified in the Note for a voluntary prepayment of the Note at such time.  By initialing in the space provided below, Trustor hereby declares that Beneficiary's agreement to make the Loan at the interest rate and for the term set forth in the Note constitutes adequate consideration, given individual weight by Trustor, for this waiver and agreement.

-4-

P82

Exhibit A
Page 203

Exhibit 14
Page 200

## ACKNOWLEDGMENT

STATE OF CALIFORNIA
COUNTY OF ~~ORANGE~~

On ~~SEPTEMBER 27, 2005~~ before me, _MIKE BURCHARTZ, NOTARY PUBLIC_
(here insert name and title of officer)

personally appeared _SCOTT H. KRENTEL_

personally known to me (or proved to me on satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature _[signature]_

(Seal)

MIKE BURCHARTZ
COMM. #1464954
NOTARY PUBLIC ● CALIFORNIA
ORANGE COUNTY
Comm. Exp. JAN. 24, 2008

Exhibit __A__
Page __204__

P83

Exhibit __14__
Page __201__

Order # 09301656-12
Loan # 206070

## Exhibit B
### Partial Release Rider To Deed Of Trust

At any time, from time to time, provided no default or event which would constitute a default with the giving of notice or the passage of time, or both, exists under the terms of this Deed of Trust, the Note, or any Loan Document, Trustor shall be entitled to partial release of a portion of the Trust Property (a "Parcel"), upon and subject to the following conditions:

(a) Any portion of the Trust Property to be released must be a legal parcel on a recorded final map pursuant to applicable state law. Notwithstanding anything herein to the contrary, it shall be a condition precedent to Trustor's right to obtain releases hereunder that Trustor, at its sole expense, shall have fully complied with all applicable federal, state, and local laws and rules, and all local ordinances pertaining thereto in connection with any Parcel so released and the unreleased portion of the Trust Property. If Trustor fails to comply with any of the provisions of this paragraph, Trustor shall not be relieved in any way of its obligations under the Loan Documents.

(b) Trustor shall be entitled to the partial release of a Parcel upon the payment to Beneficiary in cash of a release price (the "Release Price") in accordance with Exhibit B-1 hereto.

(c) All remaining Trust Property shall have adequate ingress and egress and direct access to dedicated public streets and utilities.

(d) The following procedures shall be used for all releases:

(i) Trustor's written request for the release must give the legal description of the portion of the Trust Property to be released,

(ii) Within a reasonable time after its approval of a release, Beneficiary will deposit the authorization for the partial release and its demand in the escrow, but Beneficiary shall be obligated to do so only if Beneficiary has received from Trustor satisfactory evidence that all of the conditions to the release set forth herein have been fulfilled.

(iii) Trustor will pay all costs and expenses incurred in connection with any releases, including, but not limited to, any and all trustee's fees, reconveyance fees, recording fees, premiums for title insurance endorsements, Beneficiary's costs in connection with such release(s), and escrow fees.

THE PRESERVE, LLC, a California limited liability company
BY: Beaumont 1609, LLC, a California limited liability company, Manager

By: _____
Scott L. Krentel, Managing Member

P84

Exhibit  A
Page  205

Exhibit  14
Page  202

## ACKNOWLEDGMENT

STATE OF CALIFORNIA
COUNTY OF _Orange_

On _September 27 2006_ before me, _Mike Burchartz, Notary Public_,
<span style="font-size:small">(here insert name and title of officer)</span>

personally appeared _Scott H. Krentel_ _____

_____

personally known to me (or proved to me on satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature _[signature]_

(Seal)

MIKE BURCHARTZ
COMM. #1464854
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
Comm. Exp. JAN. 24, 2008

Exhibit  A
Page  206

Loan #206070                    Exhibit B-1        Order #08301656-12

## SCHEDULE OF RELEASE PRICES

| LOT # | APPRAISED VALUE | AMOUNT LENT BY PCF AT 45.42% | RELEASE PRICE AT 125% OF APPRAISED VALUE PER LOT |
|---|---|---|---|
| 2,881 | $85,860,000 | $39,000,000 | $37,253 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

P86

Exhibit _A_
Page _207_

Exhibit _14_
Page _204_


**LandAmerica**
Commercial Services

## PENALTY OF PERJURY AFFIDAVIT
### (GOVERNMENT CODE 27361.7)

I certify under the penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of the Notary: Mike Burchartz

Date Commission expires: Jan. 24, 2008

County Where Bond is Filed: Orange

Commission No.: 1464954          Manufacturer/Vendor No.: MGG1

Place of Execution: _____ Irvine, Ca. _____ Date: October 5, 2006


Signature: _____
                    LAWYERS TITLE COMPANY


I further certify under the penalty of perjury that the illegible portion of the document to which this statement is attached reads as follows (if applicable):




Date: October 5, 2006


Signature: _____
                    LAWYERS TITLE COMPANY

Exhibit _A_
Page _208_

Exhibit _14_
Page _205_