1 | Robert P. Goe - State Bar No. 137019
Elizabeth A, LaRocque – State Bar No. 219977
2 | **GOE & FORSYTHE, LLP**
18101 Von Karman Ave., Ste. 510
3 | Irvine, CA 92612
rgoe@goeforlaw.com
4 | elarocque@goeforlaw.com

5 | Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437
6 |
7 | Attorneys for Secured Creditor, POINT CENTER FINANCIAL, INC.

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **RIVERSIDE DIVISION**

11 |

12 | In re:

13 | THE PRESERVE, LLC,

14 |

15 | Debtor and Debtor in Possession.

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

Case No.  6:08-bk-23006-BB

Chapter 11 Case

**POINT CENTER FINANCIAL, INC.'S
REPLY TO OPPOSITIONS TO
MOTION FOR RELIEF FROM STAY;
MEMORANDUM OF POINTS AND
AUTHORITIES AND DECLARATIONS
OF DAN HARKEY AND PAUL
CHANDLER IN SUPPORT THEREOF**

**Hearing:**
Date:       July 14, 2009
Time:       10: 00 a.m.
Courtroom: 303

24 | **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY**

25 | **JUDGE AND ALL INTERESTED PARTIES:**

26 |     Point Center Financial, Inc., secured creditor herein ("PCF") hereby submits this Reply to

27 | Oppositions to PCF's Motion for Relief from Stay (the "Motion"); Memorandum of Points and

28 | Authorities and Declarations of Dan Harkey ("Harkey Declaration") and Paul E. Chandler, MAI

1    ("Chandler Declaration") in Support Thereof. As discussed herein, both of the oppositions are

2    littered with false statements and irrelevant arguments, declarations and documents. Rather than

3    respond to the issues squarely framed by the Motion (i.e. is there any equity in the Property and is

4    a successful reorganization in prospect), the objecting parties dance around the issues in what

5    should be an unsuccessful effort to confuse the Court. By the time of the hearing on the Motion,

6    this case will have been pending for nearly 10 months and rather than moving the case forward, it

7    is going in reverse. Further, if the Court grants the 60-75 day continuance requested by the

8    Debtor, the case will be over a year old with no Disclosure Statement and Plan filed and not a

9    single payment to PCF. There is no need for further hearings and the Motion should be granted

10   immediately.

11   **I.      INTRODUCTION AND STATEMENT OF FACTS**

12           PCF has produced evidence from an MAI appraiser that the Property has no equity.

13   Pursuant to Code Section 362 (g) that is PCF's only evidentiary burden, which it has easily met.

14   The Preserve, LLC ("Debtor") provides <u>absolutely no evidence of the value of the Property</u>.

15   Debtor does not even provide a number that it believes is accurate. Moreover, the testimony of

16   Scott Krentel is inadmissible regarding the value of the Property as Krentel is not the owner of

17   the Property and is not established as a qualified expert.

18           The issues raised in the Debtor's Opposition, that PCF's claim is in dispute is irrelevant

19   in that it does not constitute cause for denying relief from stay. Additionally, the alleged dispute

20   over PCF's claim is bogus. PCF fully performed under the loan agreement as all parties were

21   aware and agreed that PCF would provide staged funding. Debtor conveniently fails to attach

22   the operative loan documents in an effort to mislead the Court. Attached to the Harkey

23   Declaration as **<u>Exhibit "1"</u>** is a true and correct copy of the Addendum to Promissory Note

24   Secured by Deed of Trust (Stage Funded Loan) dated September 21, 2006 and signed by Mr.

25   Krentel ("Note Addendum"). Remarkably, Debtor does not ever bother to attach the Note

26   Addendum to its Opposition, which destroys not only the Opposition, but its credibility and the

27   litigation before this Court. The allegation that Debtor did not come to realize over a year later

28   that the loan was not fully funded and that there are missing funds of $7,675,980 are complete

Exhibit    4
Page    210

2

Exhibit    15
Page    207

1   fabrications. Thus, the argument that PCF did not provide all the funds and thus caused Debtor's

2   problems is bogus as all parties agreed the funding would be staged with no guaranty the loan

3   would be fully funded.

4          Moreover, PCF is authorized to bring the Motion on behalf of the investors based upon

5   the Loan Servicing Agreement (at times "LSA") that each of the investors signed, including

6   Deep Canyon Holdings, Inc., ("DCH"). A true and correct copy of the Loan Servicing

7   Agreement with all approximate 182 signatures[1] of all of the lenders is attached to the Harkey

8   Declaration as **Exhibit "2"** and incorporated herein by reference. PCF also recorded, on

9   October 23, 2006, its Memorandum of Servicing Agreement ("MSA") providing notice to all,

10  including DCH and the Debtor that PCF had entered the LSA with the lenders. A true and

11  correct copy of the MSA is attached to the Harkey Declaration as **Exhibit "3"** and incorporated

12  herein by reference.

13         Further, in what can only be described as a fraud on the Court and perjury by DCH's

14  President Allen Parrin, he states that "[o]n behalf of Deep Canyon, I have not signed any

15  agreement authorizing Point Center to act as the servicer of the Loan that has been recorded."

16  (Parrin Dec., pg. 4, lines 25-26). This outrageous lie is countered by the fact that Mr. Parrin

17  signed at least twelve (12) documents with PCF. In connection with the $1,000,000 investment

18  made by DCH with PCF for a 2.564% interest in the Debtor's loan, Mr. Parrin signed the (i)

19  Exhibit A Lender/Purchaser Disclosure Statement to Subscription Agreement, (ii) Multiple

20  Lender Addendum to Lender/Purchaser Disclosure Statement, (iii) Addendum A, (iv)

21  Addendum B, (v) Loan Servicing Agreement (Deed of Trust)[2] and (vi) Exhibit C to Subscription

22  Agreement. The foregoing are collectively referred to as the "First Subscription Agreement" and

23  attached to the Harkey Declaration as **Exhibit "4"** and incorporated herein by reference.

24         DCH made a second investment with PCF in the amount of $341,600.00 bringing its

25  total investment in the loan up to approximately 3.44%, signing an additional six (6) documents

26  

27  [1] Each investor signed a separate, but identical, Loan Servicing Agreement. To eliminate unnecessary paper, Exhibit
    "1" provides one copy of the Loan Servicing Agreement and the signature page of all approximate 182 investors that
28  signed the identical Loan Servicing Agreement.

[2] This is the same Loan Servicing Agreement signed by the other investors and attached hereto as Exhibit "1".

Exhibit ___A___
Page ___211___                              3                    Exhibit ___15___
                                                                 Page ___208___

1  JEFFREY W. BROKER – State Bar No. 53226
   PAMELA J. ZYLSTRA – State Bar No. 147977
2  BROKER & ASSOCIATES PROFESSIONAL CORPORATION
   18191 Von Karman Avenue, Suite 470
3  Irvine, CA 92612-7114

4  Telephone:  (949) 222-2000
   Facsimile:  (949) 222-2022
5  email:     jbroker@brokerlaw.biz

6  General Reorganization Counsel
   for Debtor and Debtor-in-Possession

7

**ECF-FILED**

MAR 4  2009

**Docket # 87**

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    RIVERSIDE DIVISION

11

12  In re

13

14  THE PRESERVE, LLC, a California Limited
    Liability Company,

15

16

17              Debtor and
                Debtor-in-Possession

18

19

20

21

22

23

Case No.  6:08-bk-23006-BB
Chapter 11 Proceeding

**SUPPLEMENTAL DECLARATION OF
JOHN C. NOLAN IN SUPPORT OF
REPLY BY DEBTOR AND DEBTOR-IN-
POSSESSION TO OPPOSITION BY
POINT CENTER FINANCIAL TO
MOTION OF DEBTOR AND DEBTOR-IN-
POSSESSION FOR ORDER (1)
AUTHORIZING EXTENSION OF
DEADLINE TO FILE A PLAN AND
DISCLOSURE STATEMENT AND (2)
EXCLUSIVITY PERIOD REGARDING
SOLICITATION OF ACCEPTANCES
AND REJECTIONS TO PLAN**

Date:  March 11, 2009
Time:  11:00 a.m.
Ctrm:  303

24       I, John C. Nolan, declare and state as follows:

25       1.   I am an attorney at law, duly licensed to practice in the State of California and

26  before the bar of this Court.  I am a shareholder of Gresham Savage Nolan & Tilden APC (the

27  "Firm"), special litigation counsel to THE PRESERVE, LLC, a California Limited Liability

28  Company, the Debtor and Debtor-in-Possession (the "Debtor") in the within Chapter 11 case in

Exhibit  A
Page  212

A:\40410.2 THE PRESERVE CH 11\0230 Declarations\Supplement Dec Exclusivity Nolan.doc
Exhibit  16
Page  209

1  connection with . All of the matters testified to herein are based upon my own personal knowledge,

2  are true and correct and, if called upon to testify, I could testify competently thereto.

3       2.     The Firm was hired pursuant to Bankruptcy Court Order entered on November 19,

4  2008 to advise, represent and assist the Debtor with respect to the pending litigation in the Superior

5  Court of California, County of Riverside, Case No. RIC 492830 which is a "CEQA challenge."

6  Although the City of Beaumont is the named Respondent, the Debtor is specified in the caption of

7  the CEQA challenge as the Real Party in Interest in that its property interests in the Legacy

8  Highlands specific plan are potentially impacted by the CEQA challenge.  The interests of the

9  Debtor and the City of Beaumont are at all times aligned with one another in this matter.  I have

10  been the lead trial counsel in connection with the litigation of the CEQA challenge.

11  In order for The Preserve, LLC ("Preserve"), to develop its property near the City of Beaumont,

12  California, it must first obtain the necessary land use approvals.  In pursuit of these approvals,

13  Preserve sought to have Beaumont issue it an approved Specific Plan that would authorize the

14  ultimate build-out and construction envisioned by Preserve.

15       3.     Under California law (Public Resources Code Section 21000, et seq.) before any

16  public agency can take discretionary action on any land use decision, it must first comply with the

17  California Environmental Quality Act ("CEQA").

18       4.     Where, after initial review, a land use project is shown to have a reasonable

19  possibility of creating an environmental impact, CEQA requires that before making the land use

20  decision, the agency first prepare (or have prepared for it by independent experts) an Environmental

21  Impact Report ("EIR").  The EIR is to examine a range of potential impacts, discuss them, and also

22  evaluate potential, possibly less impacting, alternatives.  Additionally, where a project will create

23  more than 500 residences, a Water Supply Assessment is required, to illustrate that the proposed

24  project will, if built, have sufficient water.  The purpose of the EIR is to inform the decision makers

25  so that they can determine if an alternative is feasible, and whether the proposed project, despite

26  possible environmental impacts, has benefits that "override" those impacts so that it should still be

27  approved.

28

-2-

Exhibit _A_
Page _213_

Exhibit _16_
Page _210_

5.      The EIR thus becomes something akin to the record of proceedings for a project, and must contain all the necessary information required under CEQA.  Additionally, if the approving agency determines to "override" the environmental impact potential and approve the projects, its action in doing so must have factual support either from within the EIR or from other information or testimony adduced during the review proceedings.

6.      In the instant situation, the application made by the Debtor did result in the production of an EIR, which included a presentation regarding water supply.  After reviewing the EIR and noting some of the alternatives considered, the City of Beaumont, though it's City Council, determined that the water supply had been adequately analyzed, and that the suggested alternatives which were smaller in scope were not practical.  Accordingly, the City issued a Statement of Overriding Considerations indicating that, despite potential environmental impacts, the benefits of the project served to override them.

7.      A lawsuit was then filed with the Riverside Superior Court, Case No. RIC 492830 by certain nearby residents, contesting almost every aspect of the CEQA process involved with this project (the "CEQA Challenge").

8.      A CEQA "trial" is, in reality, much like an appellate proceeding, where the only "evidence" is the administrative record which includes all oral and written presentation made at the various agency review steps.

9.      Although there were a large number of CEQA issues contested within the CEQA Challenge, when the trial was held on January 23, 2009, the trial court judge concluded that, in his opinion, some, (but far from all that had been alleged) CEQA "violations" had occurred.  Specifically, the trial count found that the water supply for the next 20 years had not been adequately reviewed.  The court further determined that there was not sufficient information included within the administrative record to justify the rejection of some alternatives.  Finally, it was held that, in preparing the Statement of Overriding Considerations, that the City did not rely on specific "record" information, but instead, acted largely upon conclusion.

1   10. This determination was made by way of the trial court's Statement of Decision

2 issued on February 3, 2009, which will, in due course, serve as the basis for a Judgment and Writ

3 of Mandate.

4   11. Recognizing that the scope of items reviewed under CEQA can be, and often is,

5 extensive, the statutes require that the court "itemize" its determination of any shortfall.  This, then,

6 enables the agency to redo that portion (<u>and that portion only</u>) that was found to be inadequate.

7 Accordingly, this project will be returned to the City of Beaumont to "correct" those portions of

8 CEQA's requirements that were found wanting.  The Debtor has, even before trial, conducted its

9 own further water analysis and can with relative ease supply the City with additional factual data

10 about water as well as more information regarding the unacceptability of the suggested alternatives

11 and furnish more support for the overriding benefits of the project.

12   12. Although precise time lines are somewhat uncertain for situations such as this, I

13 believe it to be likely that the correction activities can be completed within the next 4 to 6 months

14 and then submitted to this same court for confirmation and the matter of the CEQA Challenge

15 concluded favorably to the Debtor and the City of Beaumont.

16

17   I declare under penalty of perjury under the laws of the State of California that the

18 foregoing is true and correct and that this declaration was executed this 2nd day of March, 2009

19 at Riverside, California.

20

21         John C. Nolan

22

23

24

25

26

27

28

-4-

Exhibit 16
213.

| In re:<br>THE PRESERVE, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006-BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 18191 Von Karman Avenue, Suite 470, Irvine, CA 92612

The foregoing document described **SUPPLEMENTAL DECLARATION OF JOHN C. NOLAN IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO OPPOSITION BY POINT CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1) AUTHORIZING EXTENSION OF DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 4, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

dfisher@ptwww.com (Palmieri Tyler et al.)
kmurphy@goeforlaw.com (Goe & Forsythe, LLP) [counsel for Point Center Financial, Inc.]
ustregion16.rs.ecf@usdoj.gov (United States Trustee)
elizabeth.lossing@usdoj.gov  (United States Trustee)
mcschnitzer@rhlaw.com (Reid & Hellyer) [counsel for Deep Canyon Holdings
dzaro@allenmatkins.com (courtesy NEF)
jdelcastillo@allenmatkins.com (courtesy NEF)

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On February 10, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or **with an overnight mail service** addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

The Hon. Sheri Bluebond, 255 East Temple Street, Suite 1482, Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 4, 2009 | Jeffrey W. Broker | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

Exhibit   A
Page   216

Exhibit  /6   **F 9013-3.1**
Page   213

1  JEFFREY W. BROKER – State Bar No. 53226
   PAMELA J. ZYLSTRA – State Bar No. 147977
2  BROKER & ASSOCIATES PROFESSIONAL CORPORATION
   18191 Von Karman Avenue, Suite 470
3  Irvine, CA 92612-7114

4  Telephone:  (949) 222-2000
   Facsimile:  (949) 222-2022
5  email:      jbroker@brokerlaw.biz

6  General Reorganization Counsel
   for Debtor and Debtor-in-Possession

**FILED**

JUL -1 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **RIVERSIDE DIVISION**

11

12  In re                                Case No.  6:08-bk-23006-BB
                                         Chapter 11 Proceeding
13
    THE PRESERVE, LLC, a California Limited   **DECLARATION OF JOHN C. NOLAN IN**
14  Liability Company,                        **SUPPORT OF OPPOSITION BY DEBTOR**
                                              **AND DEBTOR-IN-POSSESSION TO**
15                                            **MOTION FOR RELIEF FROM STAY**
                                              **FILED BY POINT CENTER FINANCIAL,**
16                                            **INC.**

17          Debtor and
            Debtor-in-Possession
18                                       Date:  July 14, 2009
                                         Time:  10:00 a.m.
19                                       Ctrm:  303

20

21      I, John C. Nolan, declare and state as follows:

22      1.      I am an attorney at law, duly licensed to practice in the State of California and

23  before the bar of this Court.  I am a shareholder of Gresham Savage Nolan & Tilden APC (the

24  "Firm"), special litigation counsel to THE PRESERVE, LLC, a California Limited Liability

25  Company, the Debtor and Debtor-in-Possession (the "Debtor") in the within Chapter 11 case in

26  connection with the litigation referenced in paragraph 2 hereof.  All of the matters testified to

27  herein are based upon my own personal knowledge, are true and correct and, if called upon to

28  testify, I could testify competently thereto.

Exhibit  A
Page  217

A:\40410.2 THE PRESERVE CH 11\0230 Declarations\Nolan Relief from Stay.doc

Exhibit 17
Page 214

1   2.  The Firm was hired pursuant to Bankruptcy Court Order entered on November 19,

2 2008 to advise, represent and assist the Debtor with respect to the pending litigation in the Superior

3 Court of California, County of Riverside, Case No. RIC 492830, that was filed on February 14,

4 2008, which is a "CEQA challenge." Although the City of Beaumont is the named Respondent, the

5 Debtor is specified in the caption of the CEQA challenge as the Real Party in Interest in that its

6 property interests in the Legacy Highlands specific plan are potentially impacted by the CEQA

7 challenge. The interests of the Debtor and the City of Beaumont are at all times aligned with one

8 another in this matter. I have been the lead trial counsel in connection with the litigation of the

9 CEQA challenge.

10   3.  I have previously provided the Court with a declaration that I signed on March 2,

11 2009 entitled **SUPPLEMENTAL DECLARATION OF JOHN C. NOLAN IN SUPPORT OF**

12 **REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO OPPOSITION BY POINT**

13 **CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR**

14 **ORDER (1) AUTHORIZING EXTENSION OF DEADLINE TO FILE A PLAN AND**

15 **DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING**

16 **SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN** regarding the CEQA

17 challenge which is incorporated by reference and also is the subject of a Request for Judicial Notice

18 in this proceeding.

19   4.  A notice of appeal has been timely filed in connection with the Judgment rendered

20 in the CEQA matter. This was done to preserve the status quo while at the same time this project

21 has been returned to the City of Beaumont to "correct" those portions of CEQA's requirements that

22 were found wanting. The Debtor has, even before trial, conducted its own further water analysis

23 and can with relative ease supply the City with additional factual data about water as well as more

24 information regarding the unacceptability of the suggested alternatives and furnish more support for

25 the overriding benefits of the project. In addition, the City is in the process of causing a new study

26 to be done in order to "correct" those portions of CEQA's requirements that were found wanting

27 and again obtain certification of the EIR on the Legacy Highlands project.

28

Exhibit _A_
Page _218_

Exhibit _17_
Page _215_

1    5.    Although precise time lines are somewhat uncertain for situations such as this, I

2    believe it to be likely that the correction activities can be completed within the next 4 to 6 months

3    and then submitted to this same trial court for confirmation and the matter of the CEQA Challenge

4    concluded favorably to the Debtor and the City of Beaumont.

5    I declare under penalty of perjury under the laws of the State of California that the

6    foregoing is true and correct and that this declaration was executed this 25th day of June, 2009 at

7    Riverside, California.

8

9    John C. Nolan

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

Exhibit  A

Page  219

Exhibit  17

Page  216

| In re:<br>THE PRESERVE, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006-BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 18191 Von Karman Avenue, Suite 470, Irvine, CA 92612

The foregoing document described **DECLARATION OF JOHN C. NOLAN IN SUPPORT OF OPPOSITION BY DEBTOR AND DEBTOR-IN-POSSESSION TO MOTION FOR RELIEF FROM STAY FILED BY POINT CENTER FINANCIAL, INC.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 30, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

dfisher@ptwww.com ( Don Fisher at Palmieri Tyler et al.)
kmurphy@goeforlaw.com (Robert P. Goe at Goe & Forsythe, LLP)
ustregion16.rs.ecf@usdoj.gov (United States Trustee)
elizabeth.lossing@usdoj.gov (Elizabeth Lossing at Office of the United States Trustee)
mcschnitzer@rhlaw.com (Mark Schnitzer at Reid & Hellyer)
dzaro@allenmatkins.com (David R. Zaro at Allen Matkins)
jdelcastillo@allenmatkins.com (Joshua del Castillo at Allen Matkins)

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On June 30, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

The Hon. Sheri Bluebond, 255 East Temple Street, Suite 1482, Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 30, 2009 | Barbara Jean Little-Raphael | *signature* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                              **F 9013-3.1**

Exhibit   _A_
Page   _220_

Exhibit  _17_
Page  _217_

| In re:<br>THE PRESERVE, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006-BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 18191 Von Karman Avenue, Suite 470, Irvine, CA 92612

A true and correct copy of the foregoing document described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO PRELIMINARY OPPOSITION BY POINT CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1) AUTHORIZING SECOND EXTENSION OF DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 22, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

dfisher@ptwww.com ( Don Fisher at Palmieri Tyler et al.)
kmurphy@goeforlaw.com (Robert P. Goe at Goe & Forsythe, LLP)
ustregion16.rs.ecf@usdoj.gov (United States Trustee)
elizabeth.lossing@usdoj.gov (Elizabeth Lossing at Office of the United States Trustee)
mcschnitzer@rhlaw.com (Mark Schnitzer at Reid & Hellyer)
dzaro@allenmatkins.com (David R. Zaro at Allen Matkins)
jdelcastillo@allenmatkins.com (Joshua del Castillo at Allen Matkins)
dickatlaw@cox.net (Richard Harvey)

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On July 22, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge _will be_ completed no later than 24 hours after the document is filed.

The Hon. Sheri Bluebond, 255 East Temple Street, Suite 1482, Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. _Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed._

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 22, 2009 | Barbara Jean Little-Raphael | _Barbara Jean Little-Raphael_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Exhibit ___A___
Page ___221___

**F 9013-3.1**

## Miscellaneous:

6:08-bk-23006-BB The Preserve, LLC

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 6 (Riverside) |
| Assets: y | Judge: BB | Case Flag: PlnDue, DsclsDue |

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Jeffrey W Broker entered on 7/22/2009 at 10:06 AM PDT and filed on 7/22/2009

**Case Name:**        The Preserve, LLC
**Case Number:**      6:08-bk-23006-BB
**Document Number:** 138

**Docket Text:**
Request for judicial notice *REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO PRELIMINARY OPPOSITION BY POINT CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1) AUTHORIZING SECOND EXTENSION OF DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN and PROOF OF SERVICE* Filed by Debtor The Preserve, LLC (RE: related document(s)[96] Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *DEBTOR'S NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING SECOND EXTENSION OF (1) DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT; AND (2) EXCLUSIVITY PE).* (Attachments: # (1) Exhibit Part 2# (2) Exhibit Part 3# (3) Exhibit Part 4# (4) Exhibit Part 5# (5) Exhibit Part 6) (Broker, Jeffrey)

*The following document(s) are associated with this transaction:*

***Document description:*** *Main Document*
***Original filename:*** *C:\fakepath\ECF Judicial Notice 2nd Exclusivity part 1.pdf*
***Electronic document Stamp:***
*[STAMP bkecfStamp_ID=1106918562 [Date=7/22/2009] [FileNumber=26903582-0] [c7a6a24214f3ce53140d2b74ed681d7633dc50b9418c0f12c9922d3a8ef6cb5f99 a128aa7a784cc99c9b37f3d33db1e0a784f4e7e3e7bc891dff776cac7676e6]]*
***Document description:*** *Exhibit Part 2*
***Original filename:*** *C:\fakepath\ECF Judicial Notice 2nd Exclusivity part 2.pdf*
***Electronic document Stamp:***
*[STAMP bkecfStamp_ID=1106918562 [Date=7/22/2009] [FileNumber=26903582-1] [08953181f6a82d27080777404e50655db19fea40c64e417675c8a675ce243ab57e bd4a8cbdebbbe0b16bff7eb04897aa58b80372c6d76e1a0bc718c99dc48c8b]]*
***Document description:*** *Exhibit Part 3*
***Original filename:*** *C:\fakepath\ECF Judicial Notice 2nd Exclusivity part 3.pdf*
***Electronic document Stamp:***

Exhibit _____4_____

Page _____222_____

[STAMP bkecfStamp_ID=1106918562 [Date=7/22/2009] [FileNumber=26903582-2] [061412547b9e07e75fb9368e1f1d9963f859b85fc54099c205e792b7fd7acd430c333faf9ab16e74ea7aee9acee70913a41152fc397cb12ee006b08164144b95]]
**Document description:Exhibit Part 4**
**Original filename:C:\fakepath\ECF Judicial Notice 2nd Exclusivity part 4.pdf**
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=7/22/2009] [FileNumber=26903582-3] [08191856cb3c22d588cd0653939802e11f8af8c2c59fab9ebaa4429a9cc4d12d117375a39f0dd8ab0c0edc2cc29d61a9952269834c89614df1e6a65382879338]]
**Document description:Exhibit Part 5**
**Original filename:C:\fakepath\ECF Judicial Notice 2nd Exclusivity part 5.pdf**
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=7/22/2009] [FileNumber=26903582-4] [6a98307ecb28d9d1b9f177a7b8e584910e7982e33617ca5694e809338ee8b4f4dd7d9c7f6ec80574c45f2385078213096789c8adfaa6ec2268814aba7e85652d]]
**Document description:Exhibit Part 6**
**Original filename:C:\fakepath\ECF Judicial Notice 2nd Exclusivity part 6.pdf**
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=7/22/2009] [FileNumber=26903582-5] [7133156f98fede3d44fed155086ad3047b7b91a52eb904ec2ee0de767fb1258eeba5b5cc52c809b027f0da88b7c509a57fb1fa46c7b23081a2ede557a9a6e8f2]]

**6:08-bk-23006-BB Notice will be electronically mailed to:**

Jeffrey W Broker on behalf of Debtor The Preserve, LLC
jbroker@brokerlaw.biz

Don Fisher on behalf of Creditor PALMIERI, TYLER, WIENER WILHELM & WALDRON LLP
dfisher@ptwww.com

Marc C Forsythe on behalf of Creditor Point Center Financial Inc
kmurphy@goeforlaw.com

Robert P Goe on behalf of Attorney Robert Goe
kmurphy@goeforlaw.com

Richard A Harvey on behalf of Plaintiff The Preserve LLC
dickatlaw@cox.net

Elizabeth A Lossing on behalf of U.S. Trustee United States Trustee (RS)
elizabeth.lossing@usdoj.gov

Mark C Schnitzer on behalf of Creditor Deep Canyon Holdings, Inc.
mschnitzer@rhlaw.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

David R Zaro on behalf of Interested Party Courtesy NEF
dzaro@allenmatkins.com

Exhibit A
Page 223

*Joshua del Castillo on behalf of Interested Party Courtesy NEF*
*jdelcastillo@allenmatkins.com*

**6:08-bk-23006-BB Notice will not be electronically mailed to:**

*Jeffrey S Benice on behalf of Defendant Escrow Professionals Inc*
*650 Town Center Drive Ste 1300*
*Costa Mesa, CA 92626*

*Amanda R Breneman on behalf of Interested Party Albert Hechinger*
*Grant Genovese & Baratta LLP*
*2030 Main St Ste 1600*
*Irvine, CA 92614*

*- Broker & Associates*
*18191 Von Karman Ave Ste 470*
*Irvine, CA 92612-7114*

*Gresham Savage Nolan & Tilden APC*
*3750 University Ave, Ste 250*
*Attn: John Nolan Esq.*
*Riverside, CA 92501-3335*

*Richard A Harvey*
*21076 Bake Parkway Ste 106*
*Lake Forest, CA 92630*

*Law Office of Richard A Harvey*
*21076 Bake Parkway Ste 106*
*Lake Forest, CA 92630*

Exhibit ____A____
Page ____224____

1 | JEFFREY W. BROKER – State Bar No. 53226
PAMELA J. ZYLSTRA – State Bar No. 147977
2 | BROKER & ASSOCIATES PROFESSIONAL CORPORATION
18191 Von Karman Avenue, Suite 470
3 | Irvine, CA 92612-7114

**ECF-FILED**

4 | Telephone:  (949) 222-2000
Facsimile:   (949) 222-2022
5 | email:      jbroker@brokerlaw.biz

AUG 2 7 2009

**Docket #** _____ 152

6 | General Reorganization Counsel
for Debtor and Debtor-in-Possession

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **RIVERSIDE DIVISION**

11

12 | In re

Case No.  6:08-bk-23006-BB

13 |

Chapter 11 Proceeding

14 | THE PRESERVE, LLC, a California Limited
Liability Company,

**DECLARATION OF ALLEN PARRIN IN
SUPPORT OF OPPOSITION BY DEBTOR
AND DEBTOR-IN-POSSESSION TO
MOTION FOR RELIEF FROM STAY
FILED BY POINT CENTER FINANCIAL,
INC. FOR EVIDENTIARY HEARING**

15

16

17 |              Debtor and
              Debtor-in-Possession

18

19 | Date:  September 17, 2009
Time:  2:00 p.m.
Ctrm:  1475
        255 East Temple Street
        Los Angeles, CA 90012

20

21

22 | I, Allen Parrin, declare and state as follows:

23 | 1.     I am the president of Deep Canyon Holdings, Inc. ("Deep Canyon").  I have first

24 | hand knowledge of the matters set forth herein and if called as a witness I could and would

25 | competently testify thereto.

26 | 2.     I believe from my review of the Escrow Closing Documents for the Loan, which

27 | were attached as an exhibit to the declaration of Scott Krentel in pleadings previously filed in this

28 | case and to the Declaration of Scott Krentel filed concurrently herewith collectively as Exhibit "C"

Exhibit ___B___
Page ___225___

1  thereto, and the Point Center proof of claim that has as an exhibit the Deed of Trust that was

2  recorded on October 23, 2006, that Deep Canyon is the largest fractional, non Point Center-related,

3  investor in the $39,000,000.00 loan that Point Center arranged for the Debtor (the "Loan"). Deep

4  Canyon is scheduled by the Debtor as having a secured claim in the original amount of $1,341,600,

5  representing its fractional investment in the Loan in the aggregate amount of 3.44%. The Secured

6  Claim is not indicated to be disputed, contingent or unliquidated. On April 27, 2009, Deep Canyon

7  filed a secured proof of claim (the "Secured Claim") in this case with supporting documents to

8  substantiate its fractional investment. A true and correct copy of the Secured Claim is attached

9  hereto as Exhibit G.

10        3.        The Escrow Closing Documents for the Loan, which were attached as an exhibit to

11  the declaration of Scott Krentel in pleadings previously filed in this case and to the Declaration of

12  Scott Krentel filed concurrently herewith collectively as Exhibit "C" thereto, identifies four

13  individual investors holding about 0.52% of the fractional interests in the Loan.

14        4.        On behalf of Deep Canyon, I have not signed any agreement authorizing Point

15  Center to act as the servicer of the Loan that has been recorded. I am not aware of nor have I been

16  served on behalf of Deep Canyon with any Majority Action Affidavit pursuant to California Civil

17  Code §2941.9.

18        5.        Deep Canyon has its own disputes with Point Center regarding the Loan and Point

19  Center's acting as servicer of the Loan. After Deep Canyon became a fractional investor in the

20  Loan, on its behalf, I made written requests to Point Center to provide Deep Canyon with the

21  names and addresses of the other fractional investors. True and correct copies of letters dated

22  January 25, 2008 and September 18, 2008 are attached hereto as Exhibits H and I. Point Center

23  has failed to comply with my requests. However, according to the recorded deed of trust and the

24  proof of claim filed by Point Center in this case, Point Center indicates at least a hundred (100)

25  more fractional investors than are set forth in the Escrow Closing Documents pertaining to the

26  Loan. Deep Canyon is not included as an investor in the Loan in the proof of claim filed by Point

27  Center.

28

-2-

6.    I understood that Deep Canyon would be making periodic investments and receiving additional fractional interests in the Loan. After the investments referenced in Exhibit G, Point Center refused to allow Deep Canyon to make additional investments. Deep Canyon would not have made the investments that it made as referenced in Exhibit G had it known that future investments would not be permitted by Point Center.

7.    It may be that Deep Canyon is the majority non-affiliated Point Center investor in the Loan, but I will not be able to verify that until Point Center complies with Deep Canyon's requests for the names and addresses of the other investors. Since I believed that Point Center was not acting in the best interests of Deep Canyon, on Deep Canyon's behalf, I served notice of termination as servicer upon Point Center pursuant to a letter dated October 3, 2008. A true and correct copy of the termination letter is attached hereto as Exhibit J.

8.    I have reviewed the recorded Deed of Trust and I caused to be prepared an Excel spreadsheet setting forth names, percentage share, and dollar amount as a mathematical function of the percentage share indicated. I have determined that there are one hundred nine (109) "names" and three (3) Point Center-affiliated entities listed on the recorded Deed of Trust. A true and correct copy of the spreadsheet and its summary page relating to the recorded Deed of Trust is attached hereto as Exhibit K. Based upon my calculations the Point Center affiliated entities total 76.247% and third party names total 23.753%. As previously indicated, Point Center has not provided Deep Canyon with the names and addresses of other alleged fractional investors who are referenced by name in the recorded Deed of Trust.

9.    Attached hereto collectively as Exhibit L are true and correct copies of what I am informed are all recorded assignments that were recorded in Riverside County after the Deed of Trust's recording date of October 23, 2006. Upon reviewing the aforementioned documents, I have determined that the first recorded assignment was recorded on December 7, 2006 and the last recorded assignment was recorded on July 9, 2008. I caused to be prepared an Excel spreadsheet setting forth names, percentage share, and dollar amount as a mathematical function of the percentage share indicated on the recorded assignments. A true and correct copy of the

-3-

Exhibit B

Page 227

1   spreadsheet and its summary page relating to the assignments of record *subsequent to* the date of

2   the recording of the Deed of Trust is attached hereto as Exhibit M.  Other than recorded

3   assignments that merely changed vesting without actually transferring out a percentage interest, I

4   have determined that, out of the forty-one (41) recorded assignments, 92 separate fractional

5   interests totaling 32.270% interests, totaling $12,736,269, were set forth in the assignments.  As

6   previously indicated, Point Center has not provided Deep Canyon with the names and addresses of

7   other alleged fractional investors who are referenced by name in the recorded assignments of

8   interests that were recorded subsequent to the date of the recording of the Deed of Trust.

9          10.     On behalf of Deep Canyon, I have been in discussions with the Debtor and believe

10   it is in Deep Canyon's best interest and the best interest of creditors if the Debtor is given the

11   opportunity to reorganize.  Deep Canyon has a significant investment in the Debtor.  Allowing

12   Point Center relief to foreclose on the Legacy Highlands property would be extremely detrimental,

13   not only to Deep Canyon, but to all non Point Center-affiliated creditors and investors.  Deep

14   Canyon therefore opposes the Motion for Relief from Stay filed by Point Center and requests that it

15   be denied.

16          I declare under penalty of perjury under the laws of the State of California and the United

17   States of America that the foregoing is true and correct and that this declaration was executed this

18   10 day of August, 2009.

19

20                                                        _____
                                                          Allen Parrin
21

22

23

24

25

26

27

28

-4-

CM/ECF - U.S. Bankruptcy Court (v3.3.1 - LIVE)                                    Page 1 of 1

## U.S. Bankruptcy Court

## Central District Of California

Notice of Electronic Claims Filing

The following transaction was received from Schnitzer, Mark on 4/27/2009 at 11:15 AM PDT

| | |
|---|---|
| **Case Name:** | The Preserve, LLC |
| **Case Number:** | 6:08-bk-23006-BB |
| **Creditor Name:** | Deep Canyon Holdings Inc. |
| | P O Box 10723 |
| | Palm Desert, CA 92255 |
| **Claim Number:** | 6   Claims Register |
| **Total Amount Claimed:** | $1484914.71 |

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** S:\WP\D0766\pleadings\ECF\Proof of Claim [Secured].pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=4/27/2009] [FileNumber=25219116-0] [a403b430a696330c9fd2dff51bcecc61038e526dccbce361a1b0612df2446b0f57 c703daba6f9ff84df36c70f88a772bf583eb7d195ef7324aaa86021314bb3a]]

File another claim

Exhibit B
Page 224

-7-

Exhibit G
Page 5

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>The Preserve, LLC, a California Limited Liability Company | Case Number:<br>6:08-bk-23006BB |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Deep Canyon Holdings, Inc. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Mark C. Schnitzer, Esq.<br>Reid & Hellyer, APC<br>P.O. Box 1300<br>Riverside, CA 92502<br>Telephone number 951-682-1771 | Court Claim Number: _____<br>*(If known)*<br><br>Filed on. _____ |
| Name and address where payment should be sent (if different from above):<br>Deep Canyon Holdings, Inc.<br>P.O. Box 10723<br>Palm Desert, CA 92255<br><br>Telephone number | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars<br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| 1. Amount of Claim as of Date Case Filed:    $1,484,914.71<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>X  Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges | 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim |
| 2. Basis for Claim: Money loaned.<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B) |
| 3. Last four digits of any number by which creditor identifies debtor:_____<br><br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 4. Secured Claim (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information<br><br>Nature of property or right of setoff:  X  Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br><br>Value of Property: $103,000,000.00    Annual Interest Rate 12.5 %<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br>if any: $ _____    Basis for perfection: _____<br><br>Amount of Secured Claim: $1,484,914.71    Amount Unsecured: $ _____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C §507 (a)(8). |
| 6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a) (____). |
| 7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest.  You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)<br><br>DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | Amount entitled to priority:<br><br>$ 0.00<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |

| Date:<br>4 24 09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any.<br><br>Deep Canyon Holdings, Inc. By A. Parrin, President | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim.  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.*    B10

## ITEMIZATION OF INTEREST

Principal:                                                $1,341,600.00

Interest at 12.5% from 12-12-2007                          143,314.71

Total secured claim on 9-25-2008                         $1,484,914.71

$1.0 MILLION POINT CENTER INVESTMENT

ASSIGNMENT OF UNDIVIDED 2.5641%

Exhibit B
Page 232

Exhibit G
Page 8

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

NAME        Point Center Financial, Inc.
ADDRESS     30900 Rancho Viejo Road, #100
CITY &      San Juan Capistrano, CA 92875
STATE
Attn:       Loan Servicing Department

Loan #206070/The Preserve, LLC

---

## CORPORATION ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to:

**Deep Canyon Holdings, Inc., a Nevada corporation, as to an undivided 2.5641% interest.**

All of Assignor's undivided right, title and beneficial interest of the undersigned, without recourse or warranty, in and to that certain Deed of Trust dated **September 21, 2006** executed by **The Preserve, LLC, a California limited liability company,** as Trustor to National Financial Lending, Inc., a California corporation, as Trustee and recorded on **October 23, 2006** as instrument no. **2006-776838** of Official Records in the office of the County Recorder of **Riverside** County, State of **California**, describing land therein.

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: December 12, 2007

Point Center Financial, Inc.
a California corporation

By: _____
Dan J. Harkey, President

STATE OF CALIFORNIA
COUNTY OF ORANGE

On 12-12-07 , before me, M. Courtney Hagee , a Notary Public in and for said County, and State, personally appeared Dan J. Harkey, personally known to me (or proven to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____

M. COURTNEY HAGEE
COMM. #1663368
Notary Public-California
ORANGE COUNTY
My Comm. Exp. May 2, 2010

Place Notary Seal Above

Exhibit B
Page 233

-11-

Exhibit G
Page 9

**Loan #206070/The Preserve, LLC**

## CORPORATION ASSIGNMENT OF PROMISSORY NOTE

Dated: December 12, 2007

FOR   VALUABLE   CONSIDERATION,   RECEIPT   OF   WHICH   IS   HEREBY
ACKNOWLEDGED, THE UNDERSIGNED HEREBY ASSIGNS AND TRANSFERS TO:

**Deep Canyon Holdings, Inc., a Nevada corporation, as to an undivided 2.5641%
interest.**

ALL OF ASSIGNOR'S UNDIVIDED BENEFICIAL INTEREST, <u>AS STATED</u>, IN AND TO
THIS NOTE FOR **$39,000,000.00** TOGETHER WITH ALL INTEREST ACCRUED OR TO
ACCRUE THEREFROM.

Point Center Financial, Inc.
a California corporation

By: _____
Dan J. Harkey, President

$341,600 POINT CENTER INVESTMENT

ASSIGNMENT OF UNDIVIDED .876%

Exhibit _B_
Page _235_

Exhibit _G_
Page _11_

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

NAME        Point Center Financial, Inc.
   DRESS  30900 Rancho Viejo Road, #100
CITY &      San Juan Capistrano, CA 92675
STATE
Attn:        Loan Servicing Department

Loan #206070/The Preserve, LLC

---

## CORPORATION ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to:

**Deep Canyon Holdings, Inc., a Nevada corporation, as to an undivided 0.876% interest.**

All of Assignor's undivided right, title and beneficial interest of the undersigned, without  recourse or warranty, in and to that certain Deed of Trust dated September 21, 2006 executed by The Preserve, LLC, a California limited liability company, as Trustor to National Financial Lending, Inc., a California corporation, as Trustee and recorded on  **October 23, 2006** as instrument no. **2006-776838** of Official Records in the office of the County Recorder of Riverside County, State of California, describing land therein.

    GETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: January 29, 2008

                                        Point Center Financial, Inc.
                                        a California corporation

                                        By: _____
                                             Dan J. Harkey, President

STATE OF CALIFORNIA
COUNTY OF ORANGE

On _January 29, 2008_ before me, _M. Courtney Hagee_____, a Notary Public personally appeared Dan J. Harkey, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

Witness my hand and official seal.

_____

```
M. COURTNEY HAGEE
COMM. #1663368
Notary Public-California
ORANGE COUNTY
My Comm. Exp. May 2, 2010
```
Place Notary Seal Above

Exhibit _B_
Page _236_

Exhibit _G_
Page _12_

Loan #206070/The Preserve, LLC

## CORPORATION ASSIGNMENT OF PROMISSORY NOTE

Dated: January 29, 2008

FOR VALUABLE CONSIDERATION, RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED,
THE UNDERSIGNED HEREBY ASSIGNS AND TRANSFERS TO:

**Deep Canyon Holdings, Inc., a Nevada corporation, as to an undivided 0.876%
interest.**

ALL OF ASSIGNOR'S UNDIVIDED BENEFICIAL INTEREST, <u>AS STATED</u>, IN AND TO
THIS NOTE FOR $39,000,000.00 TOGETHER WITH ALL INTEREST ACCRUED OR TO
ACCRUE THEREFROM.

Point Center Financial, Inc.
a California corporation

By: _____
Dan J. Harkey, President

Exhibit B
237
Page

Exhibit G
13
Page

# *Deep Canyon Holdings, Inc.*

January 25, 2008

Mr. Dan Harkey
Point Center Financial, Inc.
30900 Rancho Viejo Road, #100
San Juan Capistrano, CA 92675

RE:   The Preserve, LLC
      List of Joint Beneficiaries

Dear Mr. Harkey:

We have today made an additional investment in the note and deed of trust secured by real property owned by the The Preserve, LLC.

We have not received the list of the names and addresses of the other beneficiaries under the note described herein, available to us under your subscription agreement, from either the broker or the servicing agent.

Please consider this a formal request for the list of the names and addresses of the other beneficiaries under the note in which we are a joint beneficiary to be furnished to us promptly.

Yours very truly,

DEEP CANYON HOLDINGS, INC.

By:   A. Parrin
Its:   President

Deep Canyon Holdings, Inc.
P. O. Box 10723 Palm Desert, CA 92255

Exhibit B
Page 238

-21-

Exhibit H
Page 14

# Deep Canyon Holdings, Inc.

September 18, 2008

Mr. Dan Harkey
Point Center Financial, Inc.
7 Argonaut
Aliso Viejo, CA 92656

RE:    The Preserve, LLC Loan

Dear Mr. Harkey:

As you may recall, this firm is an investor in the loan to The Preserve and for some months we
have requested appropriate contact information for each of the co-investors in that loan.

Your continued failure to constructively respond to our request for information regarding
co-investors in the loan to The Preserve will no longer be tolerated.    Demand is made, for the
last time, for sufficient contact information for each of the co-investors named on the Deed of
Trust recorded against The Preserve property so that representatives of Deep Canyon Holdings
can contact them regarding the present situation.

If the requested information is not received by the end of the business day on September 24,
2008, we intend to pursue the appropriate civil remedies against your firm, yourself, and each of
the individuals who participated in this investment on behalf of Point Center.

Yours very truly,

DEEP CANYON HOLDINGS, INC.

By:    A. Parrin
Its:    President

Exhibit **B**
Page **239**

Exhibit **I**
Page **15**

# *Deep Canyon Holdings, Inc.*

October 3, 2008

Mr. Dan Harkey
Point Center Financial, Inc.
7 Argonaut
Aliso Viejo, CA 92656

RE:    The Preserve, LLC Loan

Dear Mr. Harkey:

The purpose of this letter is to give notice of termination of any and all Servicing Agreements that may pertain or be alleged to pertain to the relationship that exists between Point Center Financial, Inc. ("Point Center") and Deep Canyon Holdings, Inc. ("Deep Canyon") with regard to Deep Canyon's investment in The Preserve. While Deep Canyon is of the opinion that no valid Servicing Agreement presently exists between Point Center and Deep Canyon, and the forwarding of this letter in no way is an admission that any Servicing Agreement either exists or controls the conduct and liability of the parties with regard to the investment by Deep Canyon, Point Center is hereby notified Deep Canyon hereby terminates Point Center's "servicer" position effective immediately.

This termination is for cause as Point Center has defaulted and continues to default under both the draft Servicing Agreement attached to the Subscription Agreement and the duties, both fiduciary and otherwise, owed to Deep Canyon by Point Center as a broker, agent, servicer, and co-investor as those interests either appear or are subsequently found to be in existence between the parties. Point Center has continuously, without exception, refused to supply contact information to Deep Canyon regarding other purported investors in The Preserve, thus effectively preventing Deep Canyon from obtaining the 50% majority vote for actions taken by investors, in the unlikely event the Servicing Agreement controls the relationship. This willful misconduct is obviously in bad faith and terminates any obligation of any investor under any Servicing Agreement pertaining to The Preserve which may otherwise ultimately be applied to the issues at hand.

Further multiple violations of the Servicing Agreement and of the fiduciary duties that exist between Deep Canyon, on the one hand, and Point Center and its multiple affiliates and controlled entities, on the other, include, but are not limited to, commingling of funds, failure to fund, failure to attempt to fund, overt refusal to allow funding by the borrower, further overt steps by Point Center to cause a purported default under The Preserve's loan agreement, failure to pay, failure to truthfully represent the amount funded, potential conversion of funds, and other violations of duties owed to Deep Canyon and other investors which are the subject of further investigation.

Exhibit **B**
Page **240**

Exhibit **J**
Page **16**

Mr. Dan Harkey
October 3, 2008
Page Two


It clearly appears from documentation including, but not limited to, the Deed of Trust for The Preserve loan that Deep Canyon individually holds more than 50% of the fractional interests of the actual money invested in The Preserve (according to Point Center's admissions) other than interests held by Point Center and its controlled entities. Therefore, this termination is in full accordance with the termination requirements of the Servicing Agreement, if the Agreement should ever be held to be applicable to Deep Canyon. In addition, any sums claimed by Point Center to be due as a "servicer" will be subject to all offsets, damages, repayment of converted commissions, and other expenses unlawfully claimed by Point Center and obtained through the close of escrow, unearned servicing fees, and other valid costs, expenses, and damages caused as a result of Point Center's and its controlled entities' actions.

You are immediately directed to turn over originals of all accounting records, investor lists, and other records, books of account, correspondence, and the like to Deep Canyon or its designee.

Your continued failures to respond other than by refusal to cooperate and proceeding with unauthorized actions has caused, and will continue to cause, the investors substantial damages. Demand is thereby made for an immediate response from Point Center which response must include confirmation of an early delivery of all relevant documents, books of account, bank statements, and other accounting records. Failure to do so will result in the filing of a civil lawsuit against Point Center and its affiliates, controlled parties, managers, and representatives to enforce the investors' rights.

Demand is further made that copies of this letter be immediately forwarded to all other investors in The Preserve. Failure to do so will be yet another willful failure by Point Center and will be further evidence of its continuing misrepresentations.


Yours very truly,

DEEP CANYON HOLDINGS, INC.


By:    A. Parrin
Its:    President

RIVERSIDE COUNTY

THE PRESERVE $39,000,000 LOAN

# RECORDED DEED OF TRUST

PUBLIC RECORD

Exhibit _B_
Page _242_

Exhibit _K_
Page _18_