PUBLIC RECORD

RIVERSIDE COUNTY

# THE PRESERVE $39,000,000 LOAN

## 2007-0279302 — ASSIGNMENT #25 — April 26, 2007

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| FriedmanH | 0.128 | $49,920 | 1 | |
| Praiswater1 | 0.128 | $49,920 | 1 | |
| Reill1 | 0.436 | $170,040 | 1 | |
| Total | 0.692 | $269,880 | 3 | |
| PcfINC | CASH DUE INVESTORS | | | $269,880 |

### ASSIGNMENT SUMMARY

| | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| TOTAL NAMES | 0.692 | $269,880 | 3 | |
| NfiLLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.692 | $269,880 | 3 | $269,880 |

## CONTROL

### PRIOR PUBLIC BALANCE

| | | | |
|---|---|---|---|
| TOTAL NAMES | 35.613 | $13,889,070 | 178 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 126.587 | $49,368,930 | 189 |

### CUMULATIVE PUBLIC BALANCE

| | | | |
|---|---|---|---|
| TOTAL NAMES | 36.305 | $14,158,950 | 181 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 127.279 | $49,638,810 | 192 |

Exhibit B
Page 36c

Exhibit M
Page 142

PUBLIC RECORD

RIVERSIDE COUNTY

# THE PRESERVE $39,000,000 LOAN

**2007-0361198**
**ASSIGNMENT #26**
**June 1, 2007**

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| NAME | SHARE | AMOUNT | NUMBER | |
| McDaniel | 0.128 | $49,920 | 1 | |
| Saeta | 0.205 | $79,950 | 1 | |
| Total | 0.333 | $129,870 | 2 | |
| PcfNC | | CASH DUE INVESTORS | | $129,870 |
| | | | | $129,870 |

**ASSIGNMENT SUMMARY**

| | SHARE | AMOUNT | NUMBER | |
|---|---|---|---|---|
| TOTAL NAMES | 0.333 | $129,870 | 2 | |
| NfILLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.333 | $129,870 | 2 | |

**CONTROL**

**PRIOR PUBLIC BALANCE**

| | | | 181 |
|---|---|---|---|
| TOTAL NAMES | 36.305 | $14,158,950 | 181 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 127.279 | $49,638,810 | 192 |

**CUMULATIVE PUBLIC BALANCE**

| | | | 183 |
|---|---|---|---|
| TOTAL NAMES | 36.638 | $14,288,820 | 183 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 127.612 | $49,768,680 | 194 |

Exhibit B
Page 367

Exhibit Page 143

PUBLIC RECORD

RIVERSIDE COUNTY

THE PRESERVE $39,000,000 LOAN

## 2007-0448841 — ASSIGNMENT #27 — July 10, 2007

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| Escobedo | 0.128 | $49,920 | 1 | |
| MacLean | 0.128 | $49,920 | 1 | |
| Total | 0.256 | $99,840 | 2 | |
| PcfNC | | | | $99,840 |
| CASH DUE INVESTORS | | | | $99,840 |

### ASSIGNMENT SUMMARY

| | SHARE | AMOUNT | NUMBER | |
|---|---|---|---|---|
| TOTAL NAMES | 0.256 | $99,840 | 2 | |
| NfiLLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.256 | $99,840 | 2 | |

## CONTROL

### PRIOR PUBLIC BALANCE

| | | | |
|---|---|---|---|
| TOTAL NAMES | 36.638 | $14,288,820 | 183 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 127.612 | $49,768,680 | 194 |

### CUMULATIVE PUBLIC BALANCE

| | | | |
|---|---|---|---|
| TOTAL NAMES | 36.894 | $14,388,660 | 185 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 127.868 | $49,868,520 | 196 |

Exhibit B
Page 368

Exhibit M
Page 144

PUBLIC RECORD

RIVERSIDE COUNTY

# THE PRESERVE $39,000,000 LOAN

## 2007-0459931 — ASSIGNMENT #28 — July 16, 2007

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| Saroyan2 | 0.256 | $49,920 | 1 | |
| Total | 0.256 | $49,920 | 1 | |
| (Saroyan1) | -0.256 | -$49,920 | -1 | |
| Net Total | 0.000 | $0.00 | 0 | $0 |

### ASSIGNMENT SUMMARY

| | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| TOTAL NAMES | 0.000 | $0 | 0 | 0 |
| NfiLLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.000 | $0 | 0 | $0 |

## CONTROL

### PRIOR PUBLIC BALANCE

| | SHARE | AMOUNT | NUMBER |
|---|---|---|---|
| TOTAL NAMES | 36.894 | $14,388,660 | 185 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 127.868 | $49,868,520 | 196 |

### CUMULATIVE PUBLIC BALANCE

| | SHARE | AMOUNT | NUMBER |
|---|---|---|---|
| TOTAL NAMES | 36.894 | $14,388,660 | 185 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 127.868 | $49,868,520 | 196 |

Exhibit B
Page 361

Exhibit m
Page 145

PUBLIC RECORD

THE PRESERVE $39,000,000 LOAN

RIVERSIDE COUNTY

**2007-0459932**
**ASSIGNMENT #29**
**July 16, 2007**

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| Praiswater2 | 0.128 | $49,920 | 1 | |
| Total | 0.128 | $49,920 | 1 | |
| (Praiswater1) | -0.128 | -$49,920 | -1 | |
| Net Total | 0.000 | $0.00 | 0 | $0 |
| **ASSIGNMENT SUMMARY** | | | | |
| TOTAL NAMES | 0.000 | $0 | 0 | 0 |
| NfILLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.000 | $0 | 0 | $0 |

**CONTROL**
**PRIOR PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 36.894 | $14,388,660 | 185 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 127.868 | $49,868,520 | 196 |
| **CUMULATIVE PUBLIC BALANCE** | | | |
| TOTAL NAMES | 36.894 | $14,388,660 | 185 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 127.868 | $49,868,520 | 196 |

Exhibit B
Page 370

Exhibit M
Page 146

PUBLIC RECORD

THE PRESERVE $39,000,000 LOAN

RIVERSIDE COUNTY

**2007-0564495**
**ASSIGNMENT #30**
**September 5, 2007**

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| Reinhold | 0.256 | $99,840 | 1 | |
| Rodrigues | 0.129 | $50,310 | 1 | |
| Saroyan2 | 0.129 | $50,310 | 1 | |
| Total | 0.514 | $200,460 | 3 | |
| PcfINC | | | | $200,460 |
| CASH DUE INVESTORS | | $200,460 | | |

**ASSIGNMENT SUMMARY**

| | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| TOTAL NAMES | 0.514 | $200,460 | 3 | $200,460 |
| NfILLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.514 | $200,460 | 3 | $200,460 |

**CONTROL**
**PRIOR PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 36.894 | $14,388,660 | 185 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 127.868 | $49,868,520 | 196 |

**CUMULATIVE PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 37.408 | $14,589,120 | 188 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.382 | $50,068,980 | 199 |

Exhibit B
Page 371

Exhibit M
Page 147

PUBLIC RECORD

THE PRESERVE $39,000,000 LOAN

RIVERSIDE COUNTY

**2007-0592587**
**ASSIGNMENT #31**
**September 20, 2007**

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| Potter | 0.128 | $49,920 | 1 | |
| Total | 0.128 | $49,920 | 1 | |
| PcfNC | CASH DUE INVESTORS | | | $49,920 |
| **ASSIGNMENT SUMMARY** | | | | |
| TOTAL NAMES | 0.128 | $49,920 | 1 | |
| NfiLLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.128 | $49,920 | 1 | $49,920 |

**CONTROL**

| PRIOR PUBLIC BALANCE | | | |
|---|---|---|---|
| TOTAL NAMES | 37.408 | $14,589,120 | 188 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.382 | $50,068,980 | 199 |
| **CUMULATIVE PUBLIC BALANCE** | | | |
| TOTAL NAMES | 37.536 | $14,639,040 | 189 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.510 | $50,118,900 | 200 |

Exhibit B
Page 372

Exhibit M
Page 148

PUBLIC RECORD

THE PRESERVE $39,000,000 LOAN

RIVERSIDE COUNTY

**2007-0665891**
**ASSIGNMENT #32**
**October 30, 2007**

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| Grupp | 0.256 | $99,840 | 1 | |
| Total | 0.256 | $99,840 | 1 | |
| PcfINC | | | | $99,840 |
| CASH DUE INVESTORS | | | | |

**ASSIGNMENT SUMMARY**

| | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| TOTAL NAMES | 0.256 | $99,840 | 1 | $99,840 |
| NfiLLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.256 | $99,840 | 1 | $99,840 |

**CONTROL**

**PRIOR PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 37.536 | $14,639,040 | 189 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.510 | $50,118,900 | 200 |

**CUMULATIVE PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 37.792 | $14,738,880 | 190 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.766 | $50,218,740 | 201 |

Exhibit B
Page 373

Exhibit M
Page 149

PUBLIC RECORD

THE PRESERVE $39,000,000 LOAN

RIVERSIDE COUNTY

**2007-0665892**
**ASSIGNMENT #33**
**October 30, 2007**

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| Levin2 | 0.064 | $24,960 | 1 | |
| Total | 0.064 | $24,960 | 1 | |
| | | | | |
| PcfNC | CASH DUE INVESTORS | | | $24,960 |

**ASSIGNMENT SUMMARY**

| | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| TOTAL NAMES | 0.064 | $24,960 | 1 | |
| NfILLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.064 | $24,960 | 1 | $24,960 |

**CONTROL**

**PRIOR PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 37.792 | $14,738,880 | 190 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.766 | $50,218,740 | 201 |

**CUMULATIVE PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 37.856 | $14,763,840 | 191 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.830 | $50,243,700 | 202 |

Exhibit B
Page 374

Exhibit M
Page 150

RIVERSIDE COUNTY

PUBLIC RECORD

THE PRESERVE $39,000,000 LOAN

### ASSIGNMENT #34 — 2007-0665893 — October 30, 2007

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| Levin2 | 0.128 | $49,920 | 1 | |
| Total | 0.128 | $49,920 | 1 | |
| Levin1 | -0.128 | -$49,920 | -1 | |
| Net Total | 0.000 | $0 | 0 | $0 |

### ASSIGNMENT SUMMARY

| | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| TOTAL NAMES | 0 | $0 | 0 | |
| NfiLLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.000 | $0 | 0 | $0 |

### CONTROL — PRIOR PUBLIC BALANCE

| | SHARE | AMOUNT | NUMBER |
|---|---|---|---|
| TOTAL NAMES | 37.856 | $14,763,840 | 191 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.830 | $50,243,700 | 202 |

### CUMULATIVE PUBLIC BALANCE

| | SHARE | AMOUNT | NUMBER |
|---|---|---|---|
| TOTAL NAMES | 37.856 | $14,763,840 | 191 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.830 | $50,243,700 | 202 |

Exhibit B
Page 375

Exhibit M
Page 151

PUBLIC RECORD

# THE PRESERVE $39,000,000 LOAN

RIVERSIDE COUNTY

**2008-0096211**
**ASSIGNMENT #35**
**February 27, 2008**

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| Garcia2 | 0.128 | $49,920 | 1 | |
| Total | 0.128 | $49,920 | 1 | |
| (Garcia1) | -0.128 | -$49,920 | -1 | |
| Net Total | 0.000 | $0.00 | 0 | $0 |
| **ASSIGNMENT SUMMARY** | | | | |
| TOTAL NAMES | 0.000 | $0 | 0 | 0 |
| NfiLLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.000 | $0 | 0 | $0 |

**CONTROL**
**PRIOR PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 37.856 | $14,763,840 | 191 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.830 | $50,243,700 | 202 |

**CUMULATIVE PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 37.856 | $14,763,840 | 191 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.830 | $50,243,700 | 202 |

PUBLIC RECORD

THE PRESERVE $39,000,000 LOAN

RIVERSIDE COUNTY

**ASSIGNMENT #36**
**2008-0096212**
**February 27, 2008**

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| Schell2 | 0.128 | $49,920 | 1 | |
| Total | 0.128 | $49,920 | 1 | |
| (Schell1) | -0.128 | -$49,920 | -1 | |
| | | | | |
| Net Total | 0.000 | $0.00 | 0 | $0 |

**ASSIGNMENT SUMMARY**

| | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| TOTAL NAMES | 0.000 | $0 | 0 | 0 |
| NfiLLC | 0.000 | $0 | 0 | 0 |
| Pcf1 | 0.000 | $0 | 0 | 0 |
| PcfU | 0.000 | $0 | 0 | 0 |
| PCMFILLC | 0.000 | $0 | 0 | 0 |
| TOTAL HARKEY | 0.000 | $0 | 0 | 0 |
| GRAND TOTAL | 0.000 | $0 | 0 | $0 |

**CONTROL**
**PRIOR PUBLIC BALANCE**

| | SHARE | AMOUNT | NUMBER |
|---|---|---|---|
| TOTAL NAMES | 37.856 | $14,763,840 | 191 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.830 | $50,243,700 | 202 |

**CUMULATIVE PUBLIC BALANCE**

| | SHARE | AMOUNT | NUMBER |
|---|---|---|---|
| TOTAL NAMES | 37.856 | $14,763,840 | 191 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.830 | $50,243,700 | 202 |

PUBLIC RECORD

THE PRESERVE $39,000,000 LOAN

RIVERSIDE COUNTY

**2008-0096213**
**ASSIGNMENT #37**
**February 27, 2008**

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| IzenMorgen2 | 0.128 | $49,920 | 1 | |
| Total | 0.128 | $49,920 | 1 | |
| (IzenMorgen1) | -0.128 | -$49,920 | -1 | |
| Net Total | 0.000 | $0.00 | 0 | $0 |

**ASSIGNMENT SUMMARY**

| | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| TOTAL NAMES | 0 | $0 | 0 | $0 |
| NfiLLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.000 | $0 | 0 | $0 |

**CONTROL**
**PRIOR PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 37.856 | $14,763,840 | 191 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.830 | $50,243,700 | 202 |

**CUMULATIVE PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 37.856 | $14,763,840 | 191 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.830 | $50,243,700 | 202 |

Exhibit B
Page 378

Exhibit M
Page 154

PUBLIC RECORD

# THE PRESERVE $39,000,000 LOAN

RIVERSIDE COUNTY

**2008-0096214**
**ASSIGNMENT #38**
**February 27, 2008**

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| DCH | 2.5641 | $999,999 | 1 | |
| Total | 2.5641 | $999,999 | 1 | |
| PcfINC | CASH DUE INVESTORS | | | $999,999 |

**ASSIGNMENT SUMMARY**

| | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| TOTAL NAMES | 2.5641 | $999,999 | 1 | $999,999 |
| NfILLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 2.564 | $999,999 | 1 | $999,999 |

**CONTROL**

**PRIOR PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 37.856 | $14,763,840 | 191 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 128.830 | $50,243,700 | 202 |

**CUMULATIVE PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 40.420 | $15,763,839 | 192 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 131.394 | $51,243,699 | 203 |

Exhibit B
Page 379

Exhibit M
Page 155

PUBLIC RECORD

RIVERSIDE COUNTY

# THE PRESERVE $39,000,000 LOAN

## 2008-0170316 — ASSIGNMENT #39 — April 7, 2008

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| Fried2 | 0.128 | $49,920.00 | 1 | |
| Total | 0.128 | $49,920.00 | 1 | |
| (Fried1) | -0.128 | -$49,920.00 | -1 | |
| Net Total | 0 | $0.00 | 0 | $0 |

### ASSIGNMENT SUMMARY

| | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| TOTAL NAMES | 0.000 | $0 | 0 | |
| NfILLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.000 | $0 | 0 | $0 |

## CONTROL

### PRIOR PUBLIC BALANCE

| | | | |
|---|---|---|---|
| TOTAL NAMES | 40.420 | $15,763,839 | 192 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 131.394 | $51,243,699 | 203 |

### CUMULATIVE PUBLIC BALANCE

| | | | |
|---|---|---|---|
| TOTAL NAMES | 40.420 | $15,763,839 | 192 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 131.394 | $51,243,699 | 203 |

Exhibit B
Page 380

Exhibit M
Page 156

PUBLIC RECORD

RIVERSIDE COUNTY

# THE PRESERVE $39,000,000 LOAN

**2008-0170319**
**ASSIGNMENT #40**
**April 7, 2008**

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| | | | | |
| DCH | 0.876 | $341,640.00 | 1 | |
| | | | | |
| Total | 0.876 | $341,640.00 | 1 | |
| | | | | |
| PcfINC | | | | $341,640.00 |
| | | | | |
| CASH DUE INVESTORS | | | | $341,640.00 |

**ASSIGNMENT SUMMARY**

| | SHARE | AMOUNT | NUMBER | |
|---|---|---|---|---|
| TOTAL NAMES | 0.876 | $341,640.00 | 1 | |
| NfILLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.876 | $341,640 | 1 | $341,640.00 |

**CONTROL**
**PRIOR PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 40.420 | $15,763,839 | 192 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 131.394 | $51,243,699 | 203 |

**CUMULATIVE PUBLIC BALANCE**

| | | | |
|---|---|---|---|
| TOTAL NAMES | 41.296 | $16,105,479 | 193 |
| NfILLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 132.270 | $51,585,339 | 204 |

Exhibit B
Page 381

Exhibit M
Page 157

PUBLIC RECORD

THE PRESERVE $39,000,000 LOAN

RIVERSIDE COUNTY

**2008-037-3361**
**ASSIGNMENT #41**
**July 9, 2008**

| NAME | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| Fried3 | 0.128 | $49,920.00 | 1 | |
| Total | 0.128 | $49,920.00 | 1 | |
| (Fried2) | -0.128 | -$49,920.00 | -1 | |
| Net Total | 0 | $0.00 | 0 | $0 |

**ASSIGNMENT SUMMARY**

| | SHARE | AMOUNT | NUMBER | CASH DUE INVESTORS |
|---|---|---|---|---|
| TOTAL NAMES | 0.000 | $0 | 0 | 0 |
| NfiLLC | 0.000 | $0 | 0 | |
| Pcf1 | 0.000 | $0 | 0 | |
| PcfU | 0.000 | $0 | 0 | |
| PCMFILLC | 0.000 | $0 | 0 | |
| TOTAL HARKEY | 0.000 | $0 | 0 | |
| GRAND TOTAL | 0.000 | $0 | 0 | $0 |

**CONTROL**
**PRIOR PUBLIC BALANCE**

| | | |
|---|---|---|
| TOTAL NAMES | 41.296 | $16,105,479 | 193 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 132.270 | $51,585,339 | 204 |

**CUMULATIVE PUBLIC BALANCE**

| | | |
|---|---|---|
| TOTAL NAMES | 41.296 | $16,105,479 | 193 |
| NfiLLC | 36.790 | $14,348,100 | 8 |
| Pcf1 | 27.856 | $10,863,840 | 1 |
| PcfU | 24.168 | $9,425,520 | 1 |
| PCMFILLC | 2.160 | $842,400 | 1 |
| TOTAL HARKEY | 90.974 | $35,479,860 | 11 |
| GRAND TOTAL | 132.270 | $51,585,339 | 204 |

Exhibit B
Page 382

Exhibit M
158

| In re:<br>THE PRESERVE, LLC<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER 6:08-bk-23006-BB |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 18191 Von Karman Avenue, Suite 470, Irvine, CA 92612

A true and correct copy of the foregoing document described as **DECLARATION OF ALLEN PARRIN IN SUPPORT OF OPPOSITION BY DEBTOR AND DEBTOR-IN-POSSESSION TO MOTION FOR RELIEF FROM STAY FILED BY POINT CENTER FINANCIAL, INC. FOR EVIDENTIARY HEARING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 27, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

dfisher@ptwww.com ( Don Fisher at Palmieri Tyler et al.)
kmurphy@goeforlaw.com (Robert P. Goe at Goe & Forsythe, LLP)
ustregion16.rs.ecf@usdoj.gov (United States Trustee)
elizabeth.lossing@usdoj.gov (Elizabeth Lossing at Office of the United States Trustee)
mcschnitzer@rhlaw.com (Mark Schnitzer at Reid & Hellyer)
dzaro@allenmatkins.com (David R. Zaro at Allen Matkins)
jdelcastillo@allenmatkins.com (Joshua del Castillo at Allen Matkins)
dickatlaw@cox.net (Richard Harvey)

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On August 27, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Hon. Sheri Bluebond, 255 East Temple Street, Suite 1482, Los Angeles, CA 90012

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 27, 2009 | Barbara Jean Little-Raphael | _Barbara Jean Little-Raphael_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

Exhibit **B**
Page ___**383**___

F 9013-3.1

**Miscellaneous:**

6:08-bk-23006-BB The Preserve, LLC
Type: bk                     Chapter: 11 v              Office: 6 (Riverside)
Assets: y                    Judge: BB                  Case Flag: PlnDue, DsclsDue


### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Jeffrey W Broker entered on 8/27/2009 at 1:57 PM PDT
and filed on 8/27/2009

**Case Name:**         The Preserve, LLC
**Case Number:**       6:08-bk-23006-BB
**Document Number:** 152

**Docket Text:**
Declaration re: *DECLARATION OF ALLEN PARRIN IN SUPPORT OF OPPOSITION BY DEBTOR
AND DEBTOR-IN-POSSESSION TO MOTION FOR RELIEF FROM STAY FILED BY POINT CENTER
FINANCIAL, INC. FOR EVIDENTIARY HEARING and PROOF OF SERVICE* Filed by Debtor The
Preserve, LLC (RE: related document(s)[103] Notice of motion and motion for relief from the automatic
stay with supporting declarations REAL PROPERTY RE: *vacant land in Riverside County California.*
Fee Amount $150,). (Attachments: # (1) Exhibit Part 2 of 3# (2) Exhibit Part 3 of 3) (Broker, Jeffrey)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\ECF PARRIN Trial Declaration Part 1 of 3.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=8/27/2009] [FileNumber=27771070-
0] [6305d5731d14cf20eb5b0965d9ff5053e1aa2ca91709feafb6cc854ccb3c80285f
e989ca741ec60a1aa47fa0d527d3a2305bc0c425276ab3426a4ba2f6357095]]
**Document description:** Exhibit Part 2 of 3
**Original filename:** C:\fakepath\ECF PARRIN Trial Declaration Part 2 of 3.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=8/27/2009] [FileNumber=27771070-
1] [42c1a1417a55a2832c6597b68e65cb49b3a082b80218ad295a7ec82321008a77e1
6335a0f360a3ad3403136ede07902bf5c8f182d8e3770d05da24b9f5c3fe30]]
**Document description:** Exhibit Part 3 of 3
**Original filename:** C:\fakepath\ECF PARRIN Trial Declaration Part 3 of 3.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=8/27/2009] [FileNumber=27771070-
2] [41d53a4eedb27591b83ff27969171aebe6a79af9af7f8476d614543e81db456a3c
cad8526655e9ed7a6b6bed03908ca91843327a3e69ca9592d8eb08f3878d3e]]

**6:08-bk-23006-BB Notice will be electronically mailed to:**

Exhibit *B*

Page _384_

Jeffrey W Broker on behalf of Debtor The Preserve, LLC
jbroker@brokerlaw.biz

Don Fisher on behalf of Creditor PALMIERI, TYLER, WIENER WILHELM & WALDRON LLP
dfisher@ptwww.com

Marc C Forsythe on behalf of Creditor Point Center Financial Inc
kmurphy@goeforlaw.com

Robert P Goe on behalf of Attorney Robert Goe
kmurphy@goeforlaw.com

Richard A Harvey on behalf of Plaintiff The Preserve LLC
dickatlaw@cox.net

Elizabeth A Lossing on behalf of U.S. Trustee United States Trustee (RS)
elizabeth.lossing@usdoj.gov

Mark C Schnitzer on behalf of Creditor Deep Canyon Holdings, Inc.
mschnitzer@rhlaw.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

David R Zaro on behalf of Interested Party Courtesy NEF
dzaro@allenmatkins.com

Joshua del Castillo on behalf of Interested Party Courtesy NEF
jdelcastillo@allenmatkins.com

**6:08-bk-23006-BB Notice will not be electronically mailed to:**

Jeffrey S Benice on behalf of Defendant Escrow Professionals Inc
650 Town Center Drive Ste 1300
Costa Mesa, CA 92626

Amanda R Breneman on behalf of Interested Party Albert Hechinger
Grant Genovese & Baratta LLP
2030 Main St Ste 1600
Irvine, CA 92614

- Broker & Associates
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114

Gresham Savage Nolan & Tilden APC
3750 University Ave, Ste 250
Attn: John Nolan Esq.
Riverside, CA 92501-3335

Exhibit __B__
Page __385__

Richard A Harvey
21076 Bake Parkway Ste 106
Lake Forest, CA 92630

Law Office of Richard A Harvey
21076 Bake Parkway Ste 106
Lake Forest, CA 92630



Exhibit B
Page 386

1   Jeffrey W. Broker, Esq. (SBN 53226)
    BROKER & ASSOCIATES
2     PROFESSIONAL CORPORATION
    18191 Von Karman Ave., Ste. 470
3   Irvine, CA 92612-7114
    Tel:  (949) 222-2000 / Fax:  (949) 222-2022
4   General Reorganization Counsel to          **ECF-FILED**
    Debtor and Debtor-in-Possession
5

6   Richard A. Harvey, Esq. (SBN 61442)          OCT 2 6 2009
    LAW OFFICE OF RICHARD A. HARVEY
7   111 Pacifica, Suite 130                    **Docket #__179__**
    Irvine, CA 92618
8   Tel: (949) 336-6611 Ext. 222 / Fax: (949) 336-6616
    Special Litigation Counsel to
9   Debtor and Debtor-in-Possession

10

11              UNITED STATES BANKRUPTCY COURT

12      CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

13

14  In re                        )  Case No.:  6:08-bk-23006 BB
                                 )
15  THE PRESERVE, LLC            )  Chapter 11
                                 )
16          Debtor,              )  Honorable Sheri Bluebond
                                 )  Ctrm. 303
17                               )
                                 )
18                               )
                                 )  THE PRESERVE, LLC'S
19                               )  SPECIAL BRIEF ON ISSUES OF
                                 )  AUTHORITY AND STANDING
20                               )
                                 )
21                               )
                                 )  DATE:  November 10, 2009
22                               )  TIME:  11:00 a.m.
                                 )  CTRM:  303
23                               )
                                 )
24                               )
                                 )
25  _____)

26  TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE;

27  THE OFFICE OF THE UNITED STATES TRUSTEE; MOVING PARTY POINT

28  CENTER FINANCIAL, INC. AND PARTIES IN INTEREST:

    Exhibit __C__
    Page __387__                    1

    THE PRESERVE, LLC'S SPECIAL BRIEF ON ISSUES OF AUTHORITY AND STANDING

I.

## INTRODUCTION

On September 17, 2009, this Court heard argument on the issues of the authority and standing of POINT CENTER FINANCIAL, INC. ("POINT CENTER") to act in the bankruptcy proceeding.  The Court made certain preliminary rulings and continued the hearing to November 10, 2009 giving the parties an opportunity to brief issues on authority and standing and additionally the issues regarding the value of the real property.  This Brief addresses the authority and standing issues and more specifically the following questions posed by the Court:

1.   May an entity bring a motion for relief from stay in bankruptcy court on behalf of the payees of a promissory note secured by a deed of trust which payees are also the named beneficiaries on the underlying deed of trust without a valid power of attorney?

2.   May an agent for a beneficiary, in effect, sign the beneficiary's name, thus binding the beneficiary, if there is no valid power of attorney?

It is THE PRESERVE, LLC's ("THE PRESERVE") position that failure to record a document executed <u>and</u> notarized which specifically gives POINT CENTER the right and power to execute documents that both bind and apply to the named beneficiaries prevents POINT CENTER from having standing to bring a motion for relief from stay in this case.

///

///

///

Exhibit __C__

Page __388__

THE PRESERVE, LLC'S SPECIAL BRIEF ON ISSUES OF AUTHORITY AND STANDING

## II.

## POINT CENTER DOES NOT HAVE STANDING

It has long been the rule that standing requirements must always be satisfied and standing is "an essential and unchanging part of the case - or - controversy requirement of Article 3". (<u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992).)  This is a threshold requirement.  A <u>claimant</u> must present an actual or imminent injury which can be redressable by a favorable ruling.  (<u>Davis v. Federal Election Commission</u>, 128 S. Ct. 2759 (2008) as provided in <u>Warth v. Seldin</u>, 422 U.S. 490, 495, 95 S. Ct. 2197 (1975).)  (Emphasis added.)  THE PRESERVE's position is that this Court may not entertain a motion unless the standing issue is resolved in favor of the party claimant and since the "lenders" are not before this Court, no present claimant has standing.

It is believed POINT CENTER will try to blend the requirement of being a real party in interest and the requirement of having standing.  Judge Bufford also addresses that issue very straightforwardly and indicates that when a party suffers an injury in fact (not present here), that party <u>may</u> have standing.  Here, POINT CENTER has repeatedly indicated it does <u>not</u> have any interest in the note and that neither the note nor one of the 204 purported fractional interests therein was ever transferred to it.  Thus, POINT CENTER has no rights of its own to assert and does not have standing.

///

///

///

Exhibit ___C___

Page ___389___

3

III.

## POINT CENTER IS NOT A REAL PARTY IN INTEREST

Federal Rule of Civil Procedure Rule 17 requires that an action must be prosecuted in the name of the real party in interest.  As provided in Wright, Miller & Kane, Federal Practice and Procedures, Volume 6A, Section 1541, the purpose of FRCP 17 is to insure the party bringing forth the action is the party who possesses the substantive rights being asserted.

These issues have been addressed by bankruptcy courts within the 9th Circuit.  In the case of Kang Jin Hwang, Debtor, 396 B.R. 757 (Bankr., C.D. CA 2008), United States Bankruptcy Judge, the Honorable Samuel L. Bufford, provides an extensive discussion of what he believes must be shown as prerequisites for a servicer (or agent) to move forward with a motion for relief from stay.  After discussing the applicability of the Uniform Commercial Code, Judge Bufford held the purported "holder" of a negotiable instrument must show possession of the promissory note and, if it was negotiated, the holder must show that promissory note had been endorsed to the holder by the transferor.  These are absolute prerequisites.

This requirement is not even argued by POINT CENTER in this litigation as it knows that no such endorsements were ever obtained.  The promissory note remains, on its face, payable to dozens if not hundreds of individual beneficiaries, none of whom are POINT CENTER  In Hwang, Judge Bufford also provided further guidance by concluding that, "Even if the court had found that a proper agency relationship exists between the holder of the note and the party seeking to enforce the security, this does not

Exhibit __C__

Page __39D__

4

1  excuse the agent from the requirement that an action <u>be</u>

2  <u>prosecuted in the name of the note holder, who is the real party</u>

3  <u>in interest</u>."  (Citing <u>Federal Rule of Civil Procedure</u>

4  §17(a)(1).)  (<u>Hwang</u>, supra.)

5      Judge Bufford makes a further compelling logical argument

6  to the effect that <u>FRCP</u> Rule 17 mandates that an action be

7  prosecuted in the name of the real party in interest, and

8  further buttresses his analysis upon analyzing the application

9  of Rule 4001, which provides that motions for relief from stay

10  must be made in accordance with Rule 9014 which, in turn,

11  incorporates Rule 7017.  He completes the analysis by indicating

12  that a party that seeks relief from stay must be a "real party

13  in interest".  Here, just as in <u>Hwang</u>, even though POINT CENTER

14  has been on notice for more than two months that it should join

15  the real parties in interest, it has not done so.

16      It is respectfully submitted that <u>FRCP</u> §19 also applies in

17  this matter as the effect of not bringing before this Court

18  every person who has an interest in the note would (a) prevent

19  complete relief from being accorded among those who are parties,

20  or (b) impair or impede the real note holders' ability to

21  protect their interests, in those persons' absence, or (c) leave

22  one or more of the existing but non-joined note holders or other

23  parties subject to a substantial risk of incurring double,

24  multiple or otherwise inconsistent obligations because of those

25  interests.  Each of these situations is present in this action.

26      The Honorable Phillip H. Brandt, United States Bankruptcy

27  Judge sitting in the Western District of Washington, in <u>Peter A.</u>

28  <u>Jacobsen and Maria E. Jacobsen, Debtors</u>, 402 B.R. 359, (Bankr.,

Exhibit ___C___

Page ___391___

5

1  W.D. WA 2009) recently concluded that even though a person may
2  be a note holder's agent this is insufficient to show the agent
3  is a real party in interest and the "agent" is required to show
4  (valid) authority that it has the right to act on the note
5  holder's behalf.

6  IV.

7  POINT CENTER MAY NOT PROCEED ON

8  THE BASIS IT IS MERELY AN AGENT

9  California has very strict and specific rules regarding
10  powers of attorney and fractionalized interests.  It is noted to
11  the Court that until challenged by THE PRESERVE and Deep Canyon
12  Holdings, Inc. on the issue, POINT CENTER relied to a great
13  degree to the fact that POINT CENTER held "an irrevocable power
14  of attorney ...".  (See Declaration of Rene Esparza in support
15  of POINT CENTER's Trial Brief, p. 2, lines 16 and 17.)  The
16  Esparza Declaration goes on at great length to provide that this
17  power of attorney expressly authorized POINT CENTER to do what
18  it is attempting to do now.

19  It is without serious debate or argument that the power of
20  attorney is totally invalid in California as it was neither
21  executed in the presence of two witnesses nor was any purported
22  beneficiary signature notarized.  As previously indicated to
23  this Court, "'With regard to property matters, a power of
24  attorney may grant authority to make decisions concerning all or
25  part of a principal's real and personal property, whether owned
26  by the principal at the time of the execution of the power of
27  attorney or thereafter acquired ...'  (Probate Code §4123(b).)
28  'A power of attorney is legally sufficient if all of the

Exhibit ___C___

Page ___392___

6

following requirements are satisfied:  (a) the power of attorney
contains the date of its execution, (b) the power of attorney is
signed either (1) by the principal, or (2) in the principal's
name by another adult in the principal's presence and at the
principal's direction, and (c) the power of attorney is either
(1) acknowledged before a notary public, or (2) signed by at
least two witnesses to satisfy the requirements of §4122 (of the
Probate Code).'  (Emphasis added.)"

"An authority expressed in general terms, however broad,
does not authorize an agent to do any of the following:  (a) act
in the agent's own name, unless it is the usual course of
business to do so ... ."  (California Civil Code §2322.)
California Probate Code §4051 provides as follows:  "Except
where this division provides a specific rule, the general law of
agency ... applies to powers of attorney."  The Law Revision
Commission comments to §4051 provide as follows:  "1994 –
Section 4051 is new.  This section makes clear that the general
agency statutes and the common law of agency apply to powers of
attorney under this division, except where this division
provides a specific rule.

Section 4022 of the Probate Code defines "power of
attorney" as a written instrument, however denominated, that is
executed by a natural person having the capacity to contract and
then grants authority to an attorney-in-fact."  (Emphasis
added.)  It is clear that the phrase "however denominated"
applies in this action.  The so-called authority contained
within the Servicing Agreement which purportedly gives POINT
CENTER the power and authority to bring a motion for relief from

Exhibit ___C___

Page ___393___

7

1  stay, is clearly the type of authority defined in <u>Probate Code</u>

2  §4123(b).  The same language is contained in another section of

3  the Servicing Agreement.  However, the mere repetitive use of

4  the same phrase in an agreement does not change the power of

5  attorney requirements nor does it change the fact that such an

6  arrangement must comply with the power of attorney rules.  This

7  Court has already determined that no valid power of attorney

8  exists.  Therefore, no matter how POINT CENTER "denominates"

9  what is, in reality, a power of attorney, such a grant is

10  invalid.

11      The Court is requested to again note in both the <u>Hwang</u> and

12  <u>Jacobsen</u> cases, those Judges acknowledged that even if there is

13  an attorney-in-fact, the lack of being a principal does not

14  allow the attorney-in-fact or agent to litigate in his or her

15  own name, but rather he must litigate in the name of the

16  principal or principals.  This is an extremely logical

17  conclusion as to hold otherwise would be to allow a court to

18  adjudicate issues to conclusion that affect the beneficiary's

19  rights to obtain relief and the beneficiary's obligations to

20  other people such as the Debtor, without even being notified,

21  let alone participating in the court proceeding.  None of the

22  language in any of the Servicing Agreements even purports that

23  POINT CENTER may bring any action against anyone in its own name

24  as it clearly has no position in the obligation other than as a

25  purported servicing agent.

26  ///

27  ///

28  ///

Exhibit ___C___

Page ___394___

THE PRESERVE, LLC'S SPECIAL BRIEF ON ISSUES OF AUTHORITY AND STANDING

V.

CONCLUSION

It is clear from previous pleadings that POINT CENTER attempted to bolster its position as the real party in interest who has standing to bring the motion for relief from stay by pointing out to this Court in great detail the "fact" that it had a valid power of attorney.  Only after it was brought to its attention that the power of attorney was absolutely invalid for all purposes, did POINT CENTER then strenuously argue that the power of attorney wasn't necessary because there was a clause in another section of the Servicing Agreement that allowed it to take the same actions including moving for relief from stay.  However, the labeling of the grant of authority as a power of attorney as something else does not control what the content clearly describes.  These "powers" are clearly within the ambit of Probate Code §4123(b) and therefore any purported authority must be in accord with the statutory requirements.  To hold otherwise is to ignore the power of attorney statutes.

In addition, application of the California rules regarding powers of attorney is completely consistent with the analysis and rulings of Judge Bufford (and others) in requiring all real parties in interest to be named or joined in a motion for relief from stay.  No document exists which allows POINT CENTER to execute documents which affect interests in real property on behalf of the beneficiaries.

In addition, no document exists, to THE PRESERVE's knowledge, that allows POINT CENTER to act in any capacity for any beneficiary who has terminated POINT CENTER's right to act

Exhibit ___C___

Page ___395___

9

1   on its behalf.   For instance, it is unquestionable that one of

2   the investors, Deep Canyon Holdings, Inc., terminated the

3   Servicing Agreement many months ago for many reasons including

4   POINT CENTER's refusal to provide Deep Canyon Holdings, Inc.

5   with the names and contact information of other investors (as

6   required in the disclosure statement given to Deep Canyon

7   Holdings, Inc. by POINT CENTER).   (See, Parrin Declaration filed

8   on August 27, 2009, ECF No. 152.)

9        It is therefore respectfully submitted and requested that

10  this Court should conclude that POINT CENTER has (a) no standing

11  upon which to bring a motion for relief from stay and (b) POINT

12  CENTER is not a real party in interest and is also precluded

13  from making a motion for relief from stay on that separate

14  basis.   Further, THE PRESERVE requests the Court to order that

15  no further motions for relief from stay be filed until such time

16  as the moving parties represent to this Court that all persons

17  claiming an interest in the promissory note and, by virtue of

18  the deed of trust, an interest in the real property given as

19  security for the promissory note, are named in the motion as

20  moving parties.

21  Date:  October 26, 2009          Respectfully submitted,

22                                   BROKER & ASSOCIATES
                                     PROFESSIONAL CORPORATION
23

24                                   By: _____

25                                   Jeffrey W. Broker, Esq.,
                                     General Reorganization
26                                   Counsel to Debtor and
                                     Debtor-in-Possession
27

28  Exhibit __C__
    Page __396__

THE PRESERVE, LLC'S SPECIAL BRIEF ON ISSUES OF AUTHORITY AND STANDING

| In re:<br>THE PRESERVE, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 6:08-bk-23006-BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 18191 Von Karman Avenue, Suite 470, Irvine, CA 92612

A true and correct copy of the foregoing document described as **THE PRESERVE LLC'S SPECIAL BRIEF ON ISSUES OF AUTHORITY AND STANDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 26, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

jbroker@brokerlaw.biz (Jeffrey Broker)
dfisher@ptwww.com ( Don Fisher at Palmieri Tyler et al.)
kmurphy@goeforlaw.com (Robert P. Goe at Goe & Forsythe, LLP)
ustregion16.rs.ecf@usdoj.gov (United States Trustee)
elizabeth.lossing@usdoj.gov (Elizabeth Lossing at Office of the United States Trustee)
mcschnitzer@rhlaw.com (Mark Schnitzer at Reid & Hellyer)
dzaro@allenmatkins.com (David R. Zaro at Allen Matkins)
jdelcastillo@allenmatkins.com (Joshua del Castillo at Allen Matkins)
dickatlaw@cox.net (Richard Harvey)

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On October 26, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Hon. Sheri Bluebond, 255 East Temple Street, Suite 1482, Los Angeles, CA 90012

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 26, 2009 | Barbara Jean Little-Raphael | _Barbara Jean Little-Raphael_ |
|---|---|---|
| Date | Type Name | Signature |

Exhibit    _C_
Page    _397_

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

## Miscellaneous:

6:08-bk-23006-BB The Preserve, LLC

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 6 (Riverside) |
| Assets: y | Judge: BB | Case Flag: PlnDue, DsclsDue |

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Jeffrey W Broker entered on 10/26/2009 at 4:11 PM PDT
and filed on 10/26/2009

**Case Name:**        The Preserve, LLC
**Case Number:**      6:08-bk-23006-BB
**Document Number:** 179

**Docket Text:**
Brief *THE PRESERVE, LLCS SPECIAL BRIEF ON ISSUES OF AUTHORITY AND STANDING and
PROOF OF SERVICE* Filed by Debtor The Preserve, LLC (RE: related document(s)[103] Notice of
motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY
RE: *vacant land in Riverside County California*. Fee Amount $150,). (Broker, Jeffrey)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\ECF Special Brief re Authority and Standing (11-10-09) Preserve BK
(3).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=10/26/2009] [FileNumber=29238382
-0] [b5cf4a6b864b481db3e60e2a165705f2726e084653b9d328f9f957bf177f5d540
30755ede5ce3336cc98443a6da3648519d6235db43f0e2652fc5419e4c105a9]]

**6:08-bk-23006-BB Notice will be electronically mailed to:**

Jeffrey W Broker on behalf of Debtor The Preserve, LLC
jbroker@brokerlaw.biz

Don Fisher on behalf of Creditor PALMIERI, TYLER, WIENER WILHELM & WALDRON LLP
dfisher@ptwww.com

Marc C Forsythe on behalf of Creditor Point Center Financial Inc
kmurphy@goeforlaw.com

Robert P Goe on behalf of Attorney Robert Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

Exhibit _____C_____

Page _____398_____

Richard A Harvey on behalf of Plaintiff The Preserve LLC
dickatlaw@cox.net

Elizabeth A Lossing on behalf of U.S. Trustee United States Trustee (RS)
elizabeth.lossing@usdoj.gov

Mark C Schnitzer on behalf of Creditor Deep Canyon Holdings, Inc.
mschnitzer@rhlaw.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

David R Zaro on behalf of Interested Party Courtesy NEF
dzaro@allenmatkins.com

Joshua del Castillo on behalf of Interested Party Courtesy NEF
jdelcastillo@allenmatkins.com

**6:08-bk-23006-BB Notice will not be electronically mailed to:**

Jeffrey S Benice on behalf of Defendant Escrow Professionals Inc
650 Town Center Drive Ste 1300
Costa Mesa, CA 92626

Amanda R Breneman on behalf of Interested Party Albert Hechinger
Grant Genovese & Baratta LLP
2030 Main St Ste 1600
Irvine, CA 92614

- Broker & Associates
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114

Gresham Savage Nolan & Tilden APC
3750 University Ave, Ste 250
Attn: John Nolan Esq.
Riverside, CA 92501-3335

Richard A Harvey
21076 Bake Parkway Ste 106
Lake Forest, CA 92630

Law Office of Richard A Harvey
21076 Bake Parkway Ste 106
Lake Forest, CA 92630

Marshall & Stevens Inc
355 S Grand Ave Ste 1750
Los Angeles, CA 90071

Exhibit ___C___
Page ___399___

OCT 2 6 2009

Docket # _177_

1  MARK C. SCHNITZER, State Bar No. 48628
   MARTHA A. WARRINER, State Bar No. 76132
2  **REID & HELLYER**
   A Professional Corporation
3  3880 Lemon Street, Fifth Floor
   Post Office Box 1300
4  Riverside, California 92502-1300
   Telephone: (951) 682-1771
5  Facsimile: (951) 686-2415

6  Attorneys for Deep Canyon Holdings, Inc.

7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                     RIVERSIDE DIVISION

11

12  In re                              )  CASE NO. 6:08-bk-23006BB
                                       )
13  THE PRESERVE, LLC, a California Limited  )  Chapter 11 Proceeding
    Liability Company,                 )
14                                     )  **SPECIAL BRIEF OF DEEP CANYON**
           Debtor and                  )  **HOLDINGS, INC. ON ISSUES OF**
15         Debtor-in Possession        )  **AUTHORITY AND STANDING**
                                       )
16                                     )  **[REQUEST FOR JUDICIAL NOTICE**
                                       )  **FILED CONCURRENTLY HEREWITH]**
17                                     )
                                       )  DATE:    November 10, 2009
18  _____  )  TIME:    11:00 a.m.
                                          CTRM.:   303
19

20      Deep Canyon Holdings, Inc. ("Deep Canyon"), which has filed opposition to the motion for

21  relief from stay ("Motion") filed by Point Center Financial, Inc. ("Point Center") hereby submits

22  this Special Brief on the issues of authority and standing, and the applicability of *California Civil*

23  *Code* §2941.9 (hereafter "Section 2941.9").

24      The Preserve, LLC ("Debtor") has submitted its own special brief on the issue of the

25  authority and standing of Point Center to act on behalf of the investors. The documents filed by

26  Point Center in support of the Motion that are already in evidence include the note and deed of trust.

27  The note and deed of trust clearly indicate that the holders of the note and the beneficiaries of the

28  deed of trust are the fractionalized investors in the loan, not Point Center. As the Debtor has

-1-

Exhibit D

Page 400

REID & HELLYER, APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1   indicated in its special brief, this is significant on the issue of who is the real party in interest for

2   purposes of bringing the Motion and who has standing to bring the Motion pursuant to Bankruptcy

3   Rule 7017. Deep Canyon, as an undisputed non-Point Center related fractional investor, is a real

4   party in interest (not named in the Motion) and, as indicated in previous pleadings filed in this case,

5   does not consent to Point Center acting on its behalf in this case generally, and specifically with

6   regard to the Motion.

7        Deep Canyon would respectfully urge the court to reconsider the applicability of Section

8   2941.9. Deep Canyon was provided a set of documents when it invested in the loan, collectively

9   referred to as the Investor Documents, most of which are in evidence. The focus of discussion and

10  argument has been on the Loan Servicing Agreement which purported to give Point Center authority

11  to act on behalf of the fractional investors. Bates pages 441-450 which are part of Exhibit "6" to

12  Point Center's exhibit book, which has already been admitted into evidence, is a Lender/Purchaser

13  Disclosure Statement that is part of the Investor Documents. This document was signed by both

14  Point Center and Deep Canyon with regard to Deep Canyon's initial $1.0 million investment in the

15  loan in which it obtained a definitive fractional interest in the note and deed of trust. Similarly,

16  Exhibit "7" to Point Center's exhibit book which is already in evidence, commencing at Bates page

17  470, is the Lender/Purchaser Disclosure Statement relating to Deep Canyon's $341,800.00

18  investment in which it obtained a further fractional interest in the note and deed of trust.

19       Significantly, Bates pages 442 and 471, in part 4, contain a paragraph entitled

20  "Servicing" which states:

21       "You will be a joint beneficiary with others on this note and you should request a list

22       of names and addresses of the beneficiaries as of the close of escrow from the broker or

23       servicing agent. The beneficiary(ies) holding more than 50% interest in the note may

24       govern the actions to be taken on behalf of all holders in the event of default or other

25       matters. See Civil Code Section 2941.9."

26  A copy of Section 2941.9 is attached to Deep Canyon's Request For Judicial Notice ("RJN") as

27  Exhibit "1". Thus it is clear that Section 2941.9 was at all times intended by the parties to apply in

28  these transactions.

-2-

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

Exhibit __D__
Page __401__

1    Furthermore, Point Center's own website contains information for fractional investors.

2  Specifically, the website contains a document entitled "Investor Materials" of which the court is

3  requested to take judicial notice.  (RJN, Exhibit "2".)  Specifically, RJN Exhibit "2" discusses

4  Fractional Note Law, references specific code sections related thereto, and states in paragraph h.:

5        "The documentation of the transaction shall require that (1) a default upon any interest or note

6        is a default upon all interests or notes and (2) the holders of more than 50 per cent of the record

7        beneficial interests of the notes or interests may govern the actions to be taken on behalf of all

8        holders in accordance with Section 2941.9 of the Civil Code in the event of default or foreclosure

9        for matters that require direction or approval of the holders, including designation of the broker,

10       servicing agent, or other person acting on their behalf . . . ."

11    The significance of the Lender/Purchaser Disclosure Statement, the Investor Documents and

12  RJN Exh. "2" is that the investment was sold on the basis that it was subject to Section 2941.9.

13  Point Center's own documentation acknowledges that Section 2941.9 applies, yet <u>there has been no</u>

14  <u>compliance by Point Center with Section 2941.9.</u>

15    Further, Point Center has not provided any evidence that any of the conflicting lists of

16  investors it has supplied have any direct fractional investment whatsoever in the note and deed of

17  trust.  This is significant because Section 2941.9 <u>excludes</u> from the majority of investors notes or

18  interests held by a licensed real estate broker that is the issuer or servicer of the notes or interests or

19  any affiliate of that licensed real estate broker.  Paragraph (e) of Section 2941.9 defines an "affiliate

20  of the licensed real estate broker" which definition would exclude the Point Center funds that purport

21  to be part of the investors and the investors in those funds, as well as any other persons who may be

22  affiliates of Point Center.  There is no evidence before the court as to the identities of those investors

23  that would be entitled to be part of the majority of non-affiliated parties and there is no indication

24  that Point Center has obtained appropriate authority from a majority of those investors to act on their

25  behalf.

26  / / /

27  / / /

28  / / /

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

-3-

Exhibit  D
Page  402

1        Deep Canyon, relying on the Lender/Purchaser Disclosure Statement, has made numerous

2    requests to Point Center to provide the names and addresses of the investors but Point Center has

3    refused, in direct conflict with the Lender/Purchaser Disclosure Statement.

4

5    DATED: October 26, 2009                Respectfully submitted,

6                                        REID & HELLYER
                                    A PROFESSIONAL CORPORATION

7

8                                        By:

9                                        MARK C. SCHNITZER
                                    MARTHA A. WARRINER

10                                        Attorneys for Deep Canyon Holdings, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

-4-

Exhibit D
Page 403

| In re:<br>The Preserve, LLC, a California Limited Liability Company<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 6:09-bk-23006BB |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

3880 Lemon Street, 5th Floor, Riverside, CA 92501
Mailing Address:  P.O. Box 1300, Riverside, CA 92502-1300

The foregoing document described as **SPECIAL BRIEF OF DEEP CANYON HOLDINGS, INC. ON ISSUES OF AUTHORITY AND STANDING [FILED CONCURRENTLY WITH REQUEST FOR JUDICIAL NOTICE FILED CONCURRENTLY HEREWITH]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/26/09 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Jeffrey W Broker    jbroker@brokerlaw.biz
- Don Fisher    dfisher@ptwww.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Richard A Harvey    dickatlaw@cox.net
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- David R Zaro    dzaro@allenmatkins.com
- Joshua del Castillo    jdelcastillo@allenmatkins.com

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On 10/26/09 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*
Honorable Sheri Bluebond, United States Bankruptcy Judge, Chambers Service Copy, Edward R. Roybal Federal Building and courthouse, 255 E. Temple Street, Suite 1482, Los Angeles, CA 90012 – Regular Mail

☒ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                      **F 9013-3.1**

Exhibit D
Page 404

| | |
|---|---|
| In re:<br>The Preserve, LLC, a California Limited Liability Company<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER  6:09-bk-23006BB |

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/26/09 | Wendy M. Patrick | *Wendy M. Patrick* |
| Date | Type Name | Signature |

Jeffrey S Benice
650 Town Center Drive Ste 1300
Costa Mesa, CA 92626

Amanda R Breneman
Grant Genovese & Baratta LLP
2030 Main St Ste 1600
Irvine, CA 92614

Gresham Savage Nolan & Tilden APC
3750 University Ave, Ste 250
Attn: John Nolan Esq.
Riverside, CA 92501-3335

Marshall & Stevens Inc
355 S Grand Ave Ste 1750
Los Angeles, CA 90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                            **F 9013-3.1**

Exhibit D
Page 405

## Miscellaneous:

6:08-bk-23006-BB The Preserve, LLC

| | | |
|---|---|---|
| Type: bk | Chapter: 11 v | Office: 6 (Riverside) |
| Assets: y | Judge: BB | Case Flag: PlnDue, DsclsDue |

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Mark C Schnitzer entered on 10/26/2009 at 3:04 PM PDT and filed on 10/26/2009

**Case Name:** The Preserve, LLC
**Case Number:** 6:08-bk-23006-BB
**Document Number:** 177

**Docket Text:**
Brief *Special Brief of Deep Canyon Holdings, Inc. on Issues of Authority and Standing with Proof of Service* Filed by Creditor Deep Canyon Holdings, Inc. (RE: related document(s)[103] Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: *vacant land in Riverside County California*. Fee Amount $150,). (Schnitzer, Mark)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** S:\WP\D0766\pleadings\ECF\Special Brief.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=10/26/2009] [FileNumber=29234491
-0] [ab0aed1eb3351f212f4d39a0c40c5c3ce19bacd8e30ed8361f4854d2c9cd5dfcb
bbd27dd0786ba04e38ef862c7816ba22c778c3830468ef2912f16a1566ef1f1]]

**6:08-bk-23006-BB Notice will be electronically mailed to:**

Jeffrey W Broker on behalf of Debtor The Preserve, LLC
jbroker@brokerlaw.biz

Don Fisher on behalf of Creditor PALMIERI, TYLER, WIENER WILHELM & WALDRON LLP
dfisher@ptwww.com

Marc C Forsythe on behalf of Creditor Point Center Financial Inc
kmurphy@goeforlaw.com

Robert P Goe on behalf of Attorney Robert Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

Exhibit D
Page 406

Richard A Harvey on behalf of Plaintiff The Preserve LLC
dickatlaw@cox.net

Elizabeth A Lossing on behalf of U.S. Trustee United States Trustee (RS)
elizabeth.lossing@usdoj.gov

Mark C Schnitzer on behalf of Creditor Deep Canyon Holdings, Inc.
mschnitzer@rhlaw.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

David R Zaro on behalf of Interested Party Courtesy NEF
dzaro@allenmatkins.com

Joshua del Castillo on behalf of Interested Party Courtesy NEF
jdelcastillo@allenmatkins.com

**6:08-bk-23006-BB Notice will not be electronically mailed to:**

Jeffrey S Benice on behalf of Defendant Escrow Professionals Inc
650 Town Center Drive Ste 1300
Costa Mesa, CA 92626

Amanda R Breneman on behalf of Interested Party Albert Hechinger
Grant Genovese & Baratta LLP
2030 Main St Ste 1600
Irvine, CA 92614

- Broker & Associates
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114

Gresham Savage Nolan & Tilden APC
3750 University Ave, Ste 250
Attn: John Nolan Esq.
Riverside, CA 92501-3335

Richard A Harvey
21076 Bake Parkway Ste 106
Lake Forest, CA 92630

Law Office of Richard A Harvey
21076 Bake Parkway Ste 106
Lake Forest, CA 92630

Marshall & Stevens Inc
355 S Grand Ave Ste 1750
Los Angeles, CA 90071

Exhibit D
Page 407

| In re:<br>THE PRESERVE, LLC<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 6:08-bk-23006-BB |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 18191 Von Karman Avenue, Suite 470, Irvine, CA 92612

A true and correct copy of the foregoing document described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY BY DEBTOR AND DEBTOR-IN-POSSESSION TO OPPOSITION BY POINT CENTER FINANCIAL TO MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER (1) AUTHORIZING THIRD EXTENSION OF DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 28, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

dfisher@ptwww.com ( Don Fisher at Palmieri Tyler et al.)
kmurphy@goeforlaw.com (Robert P. Goe and Marc C. Forsythe at Goe & Forsythe, LLP)
ustregion16.rs.ecf@usdoj.gov (United States Trustee)
elizabeth.lossing@usdoj.gov (Elizabeth Lossing at Office of the United States Trustee)
mcschnitzer@rhlaw.com (Mark Schnitzer at Reid & Hellyer)
dzaro@allenmatkins.com (David R. Zaro at Allen Matkins)
jdelcastillo@allenmatkins.com (Joshua del Castillo at Allen Matkins)
dickatlaw@cox.net (Richard Harvey)

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On October 28, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

The Hon. Sheri Bluebond, 255 East Temple Street, Suite 1482, Los Angeles, CA 90012

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 28, 2009 | Barbara Jean Little-Raphael | _Little-Raphael_ (signature) |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.