1  Robert P. Goe - State Bar No. 137019
   Elizabeth A, LaRocque – State Bar No. 219977
2  **GOE & FORSYTHE, LLP**
   18101 Von Karman Ave., Ste. 510
3  Irvine, CA 92612
   Email:  rgoe@goeforlaw.com
4          elarocque@goeforlaw.com

5  Telephone:  (949) 798-2460
   Facsimile:   (949) 955-9437
6
7  Attorneys for POINT CENTER FINANCIAL, INC.,
   as authorized agent for beneficiaries

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **RIVERSIDE DIVISION**

11

12  In re:                              | Case No.  6:08-bk-23006-BB

13  THE PRESERVE, LLC,                  | Chapter 11 Case

14                                      | **POINT CENTER FINANCIAL'S
                                        | OPPOSITION AND REQUEST FOR
15        Debtor and Debtor in Possession. | HEARING ON DEBTOR'S <u>FOURTH</u>
                                        | MOTION FOR ORDER
16                                      | AUTHORIZING EXTENSION OF (1)
                                        | DEADLINE TO FILE A PLAN AND
17                                      | DISCLOSURE STATEMENT; AND (2)
                                        | EXCLUSIVITY PERIOD REGARDING
18                                      | SOLICITATION OF ACCEPTANCES
                                        | AND REJECTIONS TO PLAN;
19                                      | MEMORANDUM OF POINTS AND
                                        | AUTHORITIES; DECLARATION OF
20                                      | ROBERT P. GOE IN SUPPORT
                                        | THEREOF
21
                                        | **Hearing:**
22                                      | Date:        TBD
23                                      | Time:        TBD
                                        | Courtroom: 303
24

25       **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY**

    **JUDGE AND ALL INTERESTED PARTIES:**
26

27

28

1    The beneficiaries of the first deed of trust through their authorized agent, Point

2  Center Financial, Inc., secured creditor herein ("PCF")[1] hereby files its Opposition ("Opposition")

3  to the debtor, The Preserve, LLC, A California limited liability company's ("Debtor") Fourth

4  Motion For Order Authorizing Extension Of (1) Deadline To File A Plan And Disclosure

5  Statement; And (2) Exclusivity Period Regarding Solicitation Of Acceptances And Rejections To

6  Plan (the "Motion").  Through the Motion, Debtor has requested an extension through March 25,

7  2010, which is 18 months after the filing of the case and is the maximum time the Court is

8  authorized to extend exclusivity pursuant to Section 1121(d)(2)(A).  It is patently absurd to allow

9  Debtor, which is little more than a single asset case, the maximum allowable exclusivity period

10  which Congress clearly reserved for "mega cases," not a hopeless real estate case where all

11  creditors have been held hostage to the whims of Debtor and its principal for over 16 months.

12    Based upon the facts of this case, the Motion should be denied.

13    No progress is being made in this case and the case has been pending for over sixteen (16)

14  months.  As the Court is aware, since the filing of the case Debtor has gone backwards in

15  developing the Legacy Highlands Project, having lost all approval to develop the property after a

16  vote of the City of Beaumont.  This is Debtor's fourth request for an extension to file its disclosure

17  statement and plan.  PCF objected to the first request for an extension and the Court explicitly

18  stated nearly one year ago that it is not inclined to extend exclusivity until the end of litigation

19  (with PCF) and that if Debtor wants to maintain exclusivity it needs to figure out how to propose a

20  plan that includes alternate treatments of the litigated claim.  A true and correct copy of the

21  Court's Tentative Ruling to Debtor's first Motion to Extend Exclusivity is attached to the

22  Declaration of Robert P. Goe ("Goe Declaration") as **Exhibit "1"** and incorporated herein by

23  reference.

24    The Motion repeatedly states that Debtor cannot formulate a Plan of Reorganization while

25  the litigation against PCF is pending.  In fact, the Motion devotes page after page describing its

26  alleged claims against PCF, which PCF vigorously disputes and has filed a Motion for Summary

27

28
_____

[1] Rather than focusing on its own failures, Debtor attempts to cloud the issues concerning its frivolous claims against
PCF as well as alleging PCF lacks standing in this Court.  The Court has already found that PCF was the authorized
agent for the various investors in the loan which ruling the Debtor cross-appealed.

1   Judgment.  Such allegations are a carbon copy of what was set forth in the three (3) previous

2   exclusivity motions.  Other than a few added lines concerning discovery and other procedural

3   matters including that Debtor now has decided it will purportedly file a claims estimation motion

4   (which could have been filed long ago) that have taken place in the adversary, nothing is new or of

5   substance that was not already alleged in previous motions.  Again, the Court has stated that

6   Debtor has to find a way to propose a Plan despite the ongoing litigation.  Clearly, Debtor is

7   unable to propose a Plan of Reorganization because as discussed below, rather than actually

8   focusing on its assets and trying to bring about a financial solution, the Debtor prefers to spend its

9   resources fighting with PCF.

10          Additionally, neither the Motion nor Declarations make any mention of any buyers for the

11  property, refinancing of the existing debt, or any other means to reorganize and pay creditors.

12  Rather, nearly the entire focus of the Motion is on its spurious claims against PCF.  In essence,

13  Debtor is asking for a full 18 month extension of exclusivity to coincide with the pending

14  litigation against PCF and its resolution.  No legal support is cited for such proposition.

15          As previously set forth before this Court in PCF's earlier Oppositions to Debtor's motions

16  to extend the exclusivity period, Krentel, on behalf of the Debtor, requesting an exclusivity

17  extension comes before the Court with unclean hands having made several misrepresentations to

18  the Court, including but not limited to, the following

19          a.      That on September 25, 2008, the <u>day of the bankruptcy filing, he recorded a</u>

20  <u>$3 million deed of trust in his favor against property of the bankruptcy estate</u>, which was not

21  disclosed in the Schedules or Statement of Financial Affairs;

22          b.      That on September 18, 2008 Krentel recorded an additional deed of trust in

23  <u>his favor</u> against property of the bankruptcy estate with no stated amount, which was also not

24  disclosed; and

25          c.      That he fraudulently encumbered certain property which was dedicated to

26  the City of Beaumont for open space for which PCF was asked and did partially release its lien;

27          As the Debtor has provided absolutely no evidence to show that a reorganization of its

28  assets is in progress to support the granting of this Motion by the Debtor, which essentially is a

1    one-asset case, the Motion should be denied.

2    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

3    **I.**

4    <u>**INTRODUCTION**</u>

5    By the Motion, the Debtor has requested that its exclusive period for filing a plan be

6    extended for 18 months, the maximum time period allowed by the Court.  Debtor states that it

7    will not be able to file a plan until after the litigation with PCF is completed, a position

8    completely contrary to the Court's ruling early in the case that the litigation and exclusivity were

9    not going to be tied together.

10    Debtor no longer asserts that it has taken steps necessary to position itself for a

11    reorganization, because it cannot.  There is no evidence of new financing, sale of the Legacy

12    Highlands or any other substantial infusion of cash to reorganize Debtor's case.  Debtor cannot

13    reorganize and is banking on the bogus lawsuit against PCF to funds its Plan.

14    The basis for the Motion is that Debtor needs exclusivity extended until its dispute with

15    PCF is resolved.  However, that is not a basis to grant the Motion.  There is no obstacle to the

16    Debtor's preparation and filing of a plan.  In fact, the Court ruled in response to Debtor's first

17    motion to extend exclusivity that Debtor needed to find a way to deal with PCF's claim in a Plan

18    as the Court was not inclined to extend exclusivity to coincide with the likely end of the PCF

19    litigation.  See **<u>Exhibit "1"</u>**.  The question presented is not whether the Debtor is ready and able

20    to prepare a plan, but whether the Debtor should have the exclusive right to do so.  PCF believes

21    that there is no reason why the Debtor in this case should be favored with exclusivity at all,

22    much less an open ended extension.  Although this Court denied PCF's single asset motion,

23    there is no dispute that the Legacy Highlands project represents over ninety percent (90%) of the

24    alleged value in this bankruptcy estate and Debtor has been working on such project for over

25    seven (7) years.  This is not an overly complicated or large case.

26    There is no justification for a further delay in the filing of a plan of reorganization or

27    liquidation. Allowing the Debtor further time to languish in bankruptcy while <u>preventing</u> PCF or

28    other parties from actively participating in the reorganization process would be inefficient,

costly and detrimental to the bankruptcy estate.  Denial of the Debtor's Motion would facilitate the Debtor's exit from Chapter 11.

Furthermore, Debtor is generating no revenue whatsoever, and is subsisting on insider "loans" further deepening the Debtor into insolvency.

## II.

## <u>NO CAUSE EXISTS TO EXTEND THE EXCLUSIVITY PERIODS</u>

There is insufficient cause to justify and award an extension of the exclusivity periods.

It is Debtor's burden to demonstrate that there is cause to extend the exclusivity period. Here, Debtor has not met its burden in showing good cause for the extension.

"Since the debtor seeks the extension, the burden is on it to demonstrate the existence of good cause." *In re Newark Airport/Hotel L.P.,* 156 B.R. 444, 451 (Bankr.D.N.J.1993), *aff'd* 155 B.R. 93 (D.N.J.1993). "11 U.S.C. Section 1121(d) requires that an affirmative showing of cause, supported by evidence, be made by the party seeking the extension ... of time." *In re Parker Street Florist & Garden Center, Inc.,* 31 B.R. 206, 207 (Bankr.D.Mass.1983).  See *In re R.G. Pharmacy, Inc.* 374 B.R. 484 (Bkrtcy.D.Conn.,2007)

As is the case here, in the *R.G. Pharmacy, Inc*. case there was a pending adversary proceeding affecting the largest claims asserted against the debtor and debtor's value as a viable business.  There, the Debtor argued that the unresolved contingencies favored extending debtor's exclusivity period.  The Court held as follows:

> "The existence of such issues will not ordinarily be sufficient to establish the requisite cause for granting an extension. *See, e.g. In re Lake in the Woods,* 10 B.R. 338, 342 (E.D.Mich.1981) (holding that pending litigation over title to the land on which the debtor's apartment complex was situated was not sufficient cause to extend the exclusivity period). "The ordinary Chapter 11 debtor is expected to bring with it litigation, or the potential for it. Litigation with creditors is not an unusual circumstance, and the fact that litigation is pending with creditors is not in itself sufficient cause to justify an extension of the exclusivity period. Only under extreme circumstances would the existence of litigation constitute cause for an extension ...." *In re Southwest Oil Co. of Jourdanton, Inc.,* 84 B.R. 448, 452 (Bankr.W.D.Tex.1987).

1       Courts have often cited the legislative history of § 1121 , which indicates that the

2 Bankruptcy Code imposed limitations on the debtor's exclusive right to file a plan in order to

3 balance the bargaining positions of debtors and creditors in negotiating the terms of a

4 reorganization. *See, e.g., Lake in the Woods,* 10 B.R. at 342-344.  See *In re R.G. Pharmacy, Inc*.

5 374 B.R. 484 (Bkrtcy.D.Conn.,2007)

6       In *R.G. Pharmacy, Inc.,* the Court further found that the debtor did not show that an

7 extension would be likely to significantly improve the progress of the case and that the

8 contingencies were not cause for granting the extension.  In concluding, the Court indicated that

9 "[t]he fact that the debtor no longer has the *exclusive* right to file a plan does not affect its

10 concurrent right to file a plan. Denying [the] motion only affords creditors their right to file a plan;

11 there is no negative affect [sic] upon the debtor's coexisting right to file its plan." *Parker Street,* 31

12 B.R. at 207.  See *In re R.G. Pharmacy, Inc*.  374 B.R. 484 (Bkrtcy.D.Conn., 2007).

13       The *R.G. Pharmacy, Inc.* case is directly on point as this case also presents a situation

14 where the Debtor is seeking to extend the exclusivity period because of pending litigation, which

15 the Court found was not sufficient cause.  Thus, in this case, the exclusivity period should not be

16 extended.

17     **A.**     **The Majority of Cases Hold That Routine Requests for Extensions of the**

18               **Exclusivity Period Should be Denied Absent Special Circumstances**

19       Section 1121(d) of the Code provides that the Court may extend the Debtor's exclusivity

20 period "for cause."  See  11 U.S.C. §1121(d).  However, it is manifest that the debtor has the

21 burden of establishing that cause exists to extend the exclusivity period.  In re Curry Corp., 148

22 B.R. 754, 755 (Bankr. S.D.N.Y. 1992).

23       Cases interpreting Section 1121(d) uniformly hold that "cause" to extend the Debtor's

24 exclusivity period does not include the Debtor's mere need for additional time to formulate or

25 confirm a plan of reorganization.  See, e.g., In re Tony Downs Food Co., 34 B.R. 405 (Bankr. D.

26 Minn. 1983).  For instance, in the Tony Downs case, the bankruptcy court stated:

27           The debtor argued at the hearing that it needed more time in order to develop its
          plan.  Section 1121 does not create a deadline for filing a plan; the debtor is free to

28           take as much time to develop and file its plan as it feels appropriate.  The risk is, of

1  course, that while it is developing its plan, another party in interest will file a plan.
   However, that is as Congress intended.

2  Tony Downs, 34 B.R. at 757 (emphasis added). Thus, the Tony Downs court aptly recognized

3  that absent special circumstances, the Debtor's exclusivity period should not be extended beyond

4  the initial term.

5      In United Savings Assn. of Texas v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365

6  (1988), the Supreme Court held that bankruptcy courts should exercise greater scrutiny in

7  reviewing routine requests for extensions of the exclusivity period. In Timbers, the Court

8  declared:

9          The bankruptcy court must avoid reinstituting the imbalance between
           the debtor and its creditors that characterized proceedings under the old
10         Chapter XI. Section 1121 was designed, and should be faithfully
           interpreted, to limit the delay that makes creditors the hostages of
11         Chapter 11 debtors.

12 Timbers of Inwood Forest, 484 U.S. at 372 (emphasis added).

13     In other words, the Timbers Court recognized that Congress intended that the exclusivity

14 period of Section 1121 should confer upon the Debtor a certain degree of bargaining power during

15 the early stages of the Debtor's chapter proceeding. However, once the initial period expires, the

16 Debtor's inability to negotiate effectively with its creditors is not cause to extend the exclusivity

17 period and does not preclude interested parties from exercising their valid rights. Under no

18 circumstances should an extension be employed as a tactical device to put pressure on creditors to

19 yield to a plan that they might not otherwise consider. Curry, 148 B.R. at 756.

20     This case is little more than a single asset real estate case (respectfully, PCF believes it is

21 such) that would subject it to the ninety (90) day timeframes of Code Section 362(d) (3).

22     **B.    This Case Does Not Involve Special Circumstances that Justify Extension of**

23          **the Exclusivity Period.**

24     Refusal by this court to extend the Debtor's exclusivity period will in no way affect the

25 Debtor's ability to negotiate with PCF and other creditors in this case. If anything, denial of the

26 Motion will cause the Debtor to work more effectively in negotiating with its constituents in order

27 to confirm a consensual plan as soon as possible.

28     Denial by this Court of the Debtor's fourth request to extend the exclusivity period will not

1  impede upon the Debtor's ability to continue negotiating with its creditors.  Rather, denial of the

2  Motion will serve to free the creditors from the restraint imposed upon them by Section 1121 and

3  allow it to prepare and file its own plan in this case as contemplated by the <u>Timbers</u> Court should

4  a more favorable alternative arise.

5                                              **III.**

6                                      **<u>CONCLUSION</u>**

7          As set forth above, the Debtor has failed to meet its burden of proof regarding "cause"

8  within the meaning of Section 1121(d) for an extension of the exclusive periods for the filing of

9  a plan and the solicitation of acceptances thereto.  Accordingly, the Debtor's Motion should be

10  denied.

11

12  DATED:  February 8, 2010                    **GOE & FORSYTHE, LLP**

13

14                                      By: <u>/s/Robert P. Goe</u>
                                                 Robert P. Goe
15                                      Attorneys for Point Center Financial, Inc., as
                                        authorized agent for beneficiaries
16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ROBERT P. GOE

I, Robert P. Goe, declare and state:

     I am a partner at the law firm of Goe & Forsythe, LLP, attorneys for creditor Point Center Financial, Inc., as authorized agent for beneficiaries, of the first deed of trust ("PCF") in the bankruptcy case of <u>In re The Preserve</u>, LLC ("Debtor").  I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto.

     1.    Attached hereto as **<u>Exhibit "1"</u>** is a true and correct copy of the Bankruptcy Court's tentative ruling dated March 11, 2009 in regard to Debtor's first Motion to Extend Exclusivity Period.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated:  February 8, 2010          By:  <u>/s/Robert P. Goe  </u>
                                   Robert P. Goe

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

# United States Bankruptcy Court
## Central District of California

### Riverside

### Judge Sheri Bluebond, Presiding

### Courtroom 303 Calendar

**Wednesday, March 11, 2009**                                    **Hearing Room    303**

---

<u>11:00 am</u>

| | | |
|---|---|---|
| 6:08-23006 | **The Preserve, LLC** | **Chapter    11** |
| #115.00 | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement | |

Docket #:    76

**Courtroom Deputy:**

3/10/09 - Robert Goe, (949)467-3781, has been approved for telephonic appearance on 3/11/09 @ 11am

**Tentative Ruling:**

Grant motion.  Court agrees that it would be difficult at this point for the debtor to craft a plan of reorganization in light of uncertainties surrounding the amount of the secured creditor's claim; however, debtor should be aware that Court is not inclined to extend exclusivity until the likely end of litigation with the debtor's secured creditor.  If debtor wishes to maintain exclusivity, it will need to figure out how to propose a plan that includes alternate treatments for the lender's secured claim, depending on the outcome of the litigation.

| Party Information |
|---|

Debtor(s):

    The Preserve, LLC                                    Represented By

           Jeffrey W Broker

Movant(s):

    The Preserve, LLC                                    Represented By

           Jeffrey W Broker

---

1

**PROOF OF SERVICE OF DOCUMENT**

2

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  18101 Von Karman Avenue, Suite 510, Irvine, CA 92612.

3

4

5

The foregoing document described **POINT CENTER FINANCIAL'S OPPOSITION AND REQUEST FOR HEARING ON DEBTOR'S FOURTH MOTION FOR ORDER AUTHORIZING EXTENSION OF (1) DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT; AND (2) EXCLUSIVITY PERIOD REGARDING SOLICITATION OF ACCEPTANCES AND REJECTIONS TO PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROBERT P. GOE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

6

7

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>February 8, 2010,</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

8

9

10

☒      Service information continued on attached page

11

**II.   SERVED BY U.S. MAIL OR ~~OVERNIGHT MAIL~~** (indicate method for each person or entity served)**:**
On <u>February 8, 2010</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

12

13

14

☒      Service information continued on attached page

15

**III.   SERVED BY PERSONAL DELIVERY, ~~FACSIMILE TRANSMISSION OR EMAIL~~** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>February 8, 2010,</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

16

17

18

19

☒      Service information continued on attached page

20

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

21

| February 8, 2010 | Kerry A. Murphy | /s/Kerry A. Murphy |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

22

23

24

25

26

27

28

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Jeffrey S Benice    jsb@jeffreybenice.com
- Jeffrey W Broker    jbroker@brokerlaw.biz
- Don Fisher    dfisher@ptwww.com
- Marc C Forsythe    kmurphy@goeforlaw.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Everett L Green    everett.l.green@usdoj.gov
- Richard A Harvey    dickatlaw@cox.net
- Mark C Schnitzer    mschnitzer@rhlaw.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- David R Zaro    dzaro@allenmatkins.com
- Joshua del Castillo    jdelcastillo@allenmatkins.com

**II.    SERVED BY U.S. MAIL**

Jeffrey S Benice
650 Town Center Drive Ste 1300
Costa Mesa, CA 92626

Broker & Associates
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114

Gresham Savage Nolan & Tilden APC
3750 University Ave, Ste 250
Attn: John Nolan Esq.
Riverside, CA 92501-3335

Richard A Harvey
21076 Bake Parkway Ste 106
Lake Forest, CA 92630

Amanda R Breneman
Grant Genovese & Baratta LLP
2030 Main St Ste 1600
Irvine, CA 92614

Marshall & Stevens Inc
355 S Grand Ave Ste 1750
Los Angeles, CA 90071

**III.  SERVED BY PERSONAL DELIVERY**

- The Honorable Sheri Bluebond, USBC, East Temple Street, Suite 1482, Los Angeles, CA 90012