Robert P. Goe - State Bar No. 137019
Elizabeth A, LaRocque – State Bar No. 219977
**GOE & FORSYTHE, LLP**
18101 Von Karman Ave., Ste. 510
Irvine, CA 92612
Email: rgoe@goeforlaw.com
        elarocque@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Beneficiaries through their authorized agent
Point Center Financial

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>THE PRESERVE, LLC,<br><br><br>        Reorganized Debtor. | Case No.  2:10-bk-18429-BB<br><br>Chapter 11 Case<br><br>**BENEFICIARIES' MOTION TO CONVERT BANKRUPTCY PROCEEDING TO CHAPTER 7 AND TO DENY POST-CONFIRMATION PLAN MODIFICATION PURSUANT TO DEBTOR THE PRESERVE LLC'S DEFAULT OF THE FIFTH AMENDED CHAPTER 11 PLAN AS MODIFIED; DECLARATION OF ROBERT P. GOE**<br><br>**[APPLICATION FOR ORDER SHORTENING TIME FILED CONCURRENTLY HEREWITH]**<br><br>Hearing:<br>Date:        TBD<br>Time:        TBD<br>Ctrm:        1575 |

/ / /

/ / /

/ / /

1

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

Beneficiaries (the "Beneficiaries") by and through their authorized agent, Point Center Financial, Inc., secured creditor herein, ("PCF") hereby submits this Motion (the "Motion") to Convert Bankruptcy Proceeding To Chapter 7 and to Deny Post-Confirmation Plan Modification Pursuant To Debtor The Preserve LLC's ("Debtor") Default Of The Fifth Amended Chapter 11 Plan As Modified (the "Plan") and the order confirming same ("Confirmation Order"). The Motion is based upon the Memorandum of Points and Authorities, Declaration of Robert P. Goe ("Goe Declaration") attached hereto and in support thereof, the records on file herein, and such other evidence and oral argument as may be presented at the hearing on this Motion.

In what can only be stated as a shocking disrespect for this Court, as well as without any legal support, Debtor through Richard Harvey (Mr. Broker's name is nowhere to be found on the pleadings as he knows better) has filed in the District Court a Motion for Issuance of a Preliminary Injunction and/or to Advance Action for Trial ("Injunction Motion"), attached as **Exhibit "1"** to the Goe Declarattion, to modify Debtor's Plan to excuse Debtor from making the required Plan payments to the Beneficiaries through their authorized agent, PCF.  The hearing in the District Court is scheduled for October 11, 2012, and a hearing on this Motion is requested prior thereto as this Court is the proper forum to determine whether the Plan can be modified once it has gone effective and been consummated.  Not only was this effort to "set off" extensively litigated in connection with Debtor's original disclosure statement and plan and explicity rejected by this Court, but it is barred by res judicata as the Plan calls for these quarterly payments of $302,575 and were mandated by the Court to comply with Section 1129(a) and (b).  Moreover, just recently, in connection with the now dismissed interpleader action, these same arguments were made and disposed of by the Court as PCF is merely the agent for the Beneficiaries.

/ / /

/ / /

/ / /

Debtor made the first two plan payments after the Beneficiaries were forced to go to the expense of sending default notices (Docket Nos. 533 and 548), and has now again breached the Plan by failing to make the third required Plan payment and filing the Injunction Motion.[1]

Based on Debtor's defaults, the case should be converted to chapter 7 forthwith.  Although Debtor purportedly has 30 days to cure, the filing of the Injunction Motion requires immediate conversion to chapter 7 and the denial of any post-confirmation Plan modifications.

Dated:  September 18, 2012                                    Respectfully Submitted By:


                                                             GOE & FORSYTHE LLP


                                                             By: __/s/Robert P. Goe_____
                                                                   Robert P. Goe, Attorneys for
                                                                   Beneficiaries through their authorized
                                                                   agent Points Center Financial, Inc.

---

[1]

On September 12, 2012, Beneficiaries sent the third Notice of Default ("**Exhibit "2"** to the Goe Declaration) to which Debtor responded (**Exhibit "3"** to the Goe Declaration) stating the payment was not due until September 17, 2012. As of September 18, 2012, the third payment was not made.

**I.**

## **INTRODUCTION**

In an incredible attempt to side step provisions of Debtor's confirmed Plan, Debtor has filed in the District Court the Injunction Motion seeking to avoid making Plan payments to Beneficiaries through an impermissible plan modification of the admittedly consummated Plan. The Injunction Motion violates the payment provisions of the Plan, which requires Debtor to make quarterly payments of $302,575 to PCF, as agent for the Beneficiaries.  Such quarterly payments are the foundation of the Plan and why the Court allowed cramdown under Section 1129(b). Moreover, the Injunction Motion attempts to improperly modify the consummated Plan and does so by not coming before the Court as required by the Plan and Confirmation Order (which retained jurisdiction), but instead the District Court which only recently received transfer of the Debtor's adversary proceeding to resolve disputes unrelated to the Plan.  The Plan specifically provides that any Plan modification had to be approved by this Court.

Even more egregious, the attempted modification to allow for a purported "set off" of payments owed to the Beneficiairies of funds PCF allegedly owes Debtor, was soundly rejected by the Court at the hearing on Debtor's **first** disclosure statement where the Court found such Plan as patently unconfirmable.  Debtor was forced to remove any offset language from future disclosure statements and plans of reorganization as there was no mutuality between PCF, acting on behalf of itself, and PCF as an agent acting on behalf of the Beneficiaries.

The Plan has gone effective and consummated, is res judicata and cannot be challenged through the Injunction Motion.  Debtor is currently delinquent and has ignored the Plan's requirement that payments be made every 90 days following the initial Plan payment.  Debtor's gamesmanship must not be allowed.  Debtor's actions have triggered the default provisions of the Plan, and thus the case should be immediately converted to chapter 7.

/ / /

/ / /

/ / /

4

**II.**

**STATEMENT OF FACTS**

**A.      The Property, Beneficiaries Secured Claim and Debtor's Bankruptcy Filing**.

1.      PCF, as authorized agent for the beneficiaries, holds a first priority deed of trust on the Debtor's property known as the Legacy Highlands ("Property").  A true and correct copy of one of the Loan Servicing Agreements is attached to the Goe Declaration as **Exhibit "4"**.

2.      Prior to the Petition Date, on or about September 21, 2006, Debtor executed a Promissory Note and Addendum ("Note") in favor of the Beneficiaries, each of whom act through their authorized agent PCF, to obtain a loan in the principal sum of $39,000,000 (the "Loan"). The Property serves as security for Debtor's repayment of the Loan pursuant to a Deed of Trust, Security Agreement and Fixture Filing with Assignment of Rents recorded on October 23, 2006 (the "Deed of Trust").

3.      After Debtor defaulted and a non-judicial foreclosure proceeding was scheduled, Debtor's bankruptcy proceeding was filed on September 25, 2008.

**B.      The Original Disclosure Statement and Plan with Off Set Provisions**.

4.      On March 8, 2010, Debtor filed its Original Disclosure Statement Describing Debtor's Original Chapter 11 Plan (the "First Disclosure Statement").  The First Disclosure Statement sought an offset against PCF to be applied as a credit to any payments required by Debtor towards the Beneficiaries' claim.  A true and correct copy of the pertinent pages of the First Disclosure Statement are attached as **Exhibit "5"** to the Goe Declaration.  The Court requested further briefing on this and other issues.

5.      Debtor and Beneficiaries filed briefs regarding the offset issue raised in the First Disclosure Statement.  On May, 5, 2010, Debtor filed its brief on the issue ("Debtor's Offset Brief").  A true and correct copy of Debtor's Offset Brief is attached as **Exhibit "6"** to the Goe Declaration.  On May 17, 2010, Beneficiaries filed its response to Debtor's Offset Brief ("Beneficiaries Brief").  A  true and correct copy of the Beneficiaries Brief Offset is attached as **Exhibit "7"** to the Goe Declaration.

6.      On May 26, 2010, the Court issued a tentative ruling ("May Tentative") specifically stating there is no right to setoff and Debtor cannot seek to offset any alleged credit from PCF (who was merely the agent) against payments due the Beneficiaries.  A true and correct copy of the May Tentative is attached as **Exhibit "8"** to the Goe Declaration.  The Court stated:

> In order for there to be a valid right of setoff, there must be mutuality. When obligations are due to and from a party in different capacities, there is no mutuality.  Ratification and authority do not change this result.  The debtor has repeatedly emphasized the point that PCF and the beneficiaries are not synonomous.  In collecting amounts due under the loan, PCF would be acting solely in its capacity as an agent for the beneficiaries.  In charging loan fees, it was acting on its own behalf in its capacity as the party that arranged the loan.  There is no mutuality.  It is inappropriate for the debtor to attempt to credit any amount that PCF may owe it against amounts that would otherwise need to be paid to the beneficiaries.

7.      At the May 26, 2010 hearing on the First Disclosure Statement, the Court upheld the May Tentative in finding there was no mutuality required for an offset to be applied.  A true and correct copy of pertinent excerpts from the transcript of the May Hearing is attached as **Exhibit "9"** to the Goe Declaration.  As such, Debtor was required to amend the First Disclosure Statement and eliminate the language pertaining to an offset, as well as separate classification of certain Beneficiaries' claims as well.  The Debtor filed at least 4 amended versions of the disclosure statement and plan, leading to the eventual version that did not include any offset language and was confirmed by the Court.

**C.      Debtor's Plan and the Confirmation Order**.

8.      On September 28, 2011, Debtor filed its Fifth Amended Chapter 11 Plan As Modified (the "Plan").  A true and correct copy of the Plan is attached as **Exhibit "10"** to the Goe Declaration.  The offending "off set" language is not in the Plan.

9.      On December 1, 2011, the Court entered the Order Confirming Debtor's Fifth Amended Chapter 11 Plan As Modified (the "Confirmation Order").  A true and correct copy of the Confirmation Order is attached as **Exhibit "11"** to the Goe Declaration.

10.    The Plan required Debtor to make payments to PCF, as agent to the Beneficiaries, every 90 days following the first plan payment.  Debtor has yet to make a timely payment.  (See Docket Nos. 533 and 548, and **Exhibits "2" and "3"**).

11.    Furthermore, the Plan provides that it may be modified "after confirmation so long as (1) Plan has not been substantially consummated, **and** (2) the Court authorizes the proposed modifications after notice and a hearing" (emphasis in original) (Plan, page 24, Section IV, C.).

12.    In fact, even though the Plan did not have any set off language it did continue to refer to the ability of Debtor to propose a revised payment schedule to the Beneficiaries, which the Court required to be deleted.  (See Confirmation Order, page 2, lines 18-19, page 3, lines 6-8, and page 4, lines 1-3).

13.    Additionally, jurisdiction was specifically reserved in the Confirmation Order concerning "modification of this Plan after confirmation to the extent permissible…".  (See Confirmation Order, page 6, lines 14-15).

14.    On March 30, 2012, Debtor filed its First Post-Confirmation Status Report ("Status Report") where it provides, among other things, that the Plan went effective and was "consummated."  A true and correct copy of the Status Report is attached as **Exhibit "12"** to the Goe Declaration.

## D.    **District Court Action.**

15.    On June 21, 2012, the Court entered an order transferring the adversary proceeding entitled The Preserve, LLC v. Point Center Financial, LLC, et al., Adversary Case 2:10-ap-01296-BB (the "Adversary Proceeding"), to the United States District Court for the Central District of California, Eastern Division-Riverside (the "District Court").  Thereafter, Debtor filed the Injunction Motion to modify the Plan rather than coming before this Court as required.

16.    Debtor has brought the Injunction Motion to modify the payments required by Debtor pursuant to the Plan.  This is an improper plan modification and is contrary to the Court's findings regarding earlier offset and mutuality arguments asserted by Debtor, as well as other rulings.

/ / /

**E.      The Interpleader Action**

17.      On July 7, 2012, Debtor filed the Complaint in Interpleader of the Preserve, LLC ("Interpleader Action") and also filed an Emergency Motion for Order Directing Deposit of Funds Into Court Registry Pending Interpleader Adversary Proceeding ("Interpleader Motion").  PCF and the Beneficiaries opposed the Interpleader Motion.

18.      At the July 17, 2012 Interpleader Motion hearing the Court issued a tentative ruling which was adopted after the hearing that the Interpleader Motion was denied as PCF was merely the agent for the Beneficiaries.  A true and correct copy of the Court's tentative ruling is attached as **Exhibit "13"** to the Goe Declaration.

19.      By Court Order entered July 25, 2012, the Interpleader Motion was denied and by Court Order entered September 14, 2012, the Interpleader Action was dismissed (collectively "Interpleader Orders") based upon the stipulation of all parties.  True and correct copies of both Interpleader Orders are attached to the Goe Declaration as **Exhibits "14" and "15"**.

20.      Pursuant to the Order Denying the Interpleader Motion, the Court specifically provided in pargraph 1:

> "… Pursuant to the Plaintiff's Fifth Amended Chapter 11 Plan as Modified
> (the "Plan") payments are to be made thereunder by the Plaintiff to the Class
> 1 Claimant, Point Center Financial, Inc., in its capacity under the Plan as the
> agent for beneficiairies, payable to *Point Center Financial, Inc. Trust
> Account."*

**III.**

**ARGUMENT**

**A.      Cause Exists To Convert This Case To One Under Chapter 7.**

Debtor's actions have created cause to convert this proceeding to one under chapter 7. Section 1112(b)(1) of the Bankruptcy Code states, in relevant part, "on request of a party in interest…the court shall convert a case under this chapter to a case under chapter 7...for cause..." Cause under Section 1112 can been defined as "material default by the debtor with respect to a

confirmed plan" and/or "termination of a confirmed plan by reason of the occurrence of a condition specified in the plan." See 11 U.S.C. § 1112(b)(4)(N), (O).   Here, Beneficiaries are the largest creditor of the estate, and thus has standing to bring this Motion.

### 1.    Debtor Materially Defaulted On Its Plan.

Debtor's failure to make timely payments constitutes a material default under the Plan.  As one notable treatise explains "Under section 1112(b), the court may convert or dismiss the case at any time under the occurrence of a default, provided that the default is also material. Although the Code does not define the term material, certainly the failure to make payments when due under the plan would constitute a material default." 7-1112 Collier on Bankruptcy P 1112.04 Since the Order was entered, Debtor has been responsible for making three payments.  Every payment has been delinquent.  Debtor's gamesmanship must not be allowed.  By failing to make timely payments and filing the Injunction Motion, Debtor is violating explicit terms of the Plan and Confirmation Order and should be prevented from modifying the payment schedule ordered by the Court.

### 2.    Debtor Has Violated The Plan By Filing The Injunction Motion and the Court Should Waive the 30 Day Cure Period.

The Injunction Motion seeks to modify the Plan by seeking to withhold payments due to the Beneficiaries.  As discussed below, this is an improper plan modification.  In the Injunction Motion, Debtor argues the Beneficiaries should not receive payments because Debtor may recover against PCF.  However, as noted above, this Court has specifically ruled on this offset theory, as the Court required Debtor to remove any offset language from the First Disclosure Statement as there was no mutuality.  As the Court explained in its May Tentative, "[i]n collecting amounts due under the loan, PCF would be acting solely in its capacity as an agent for the beneficiaries.  In charging loan fees, it was acting on its own behalf in its capacity as the party that arranged the loan.  There is no mutuality."  Debtor has purposefully avoided seeking relief before this Court, which is the proper forum to do so.  As the Court is aware from the recent Interpleader Action that was dismissed, PCF is collecting the Plan payments on behalf of the Beneficiaries, not for itself.

As such, Debtor will not perform a mandatory provision of the Plan thereby triggering the Plan's

default provisions.[2]

**B.**      **The Plan Acts As Res Judicata**.

The Plan is res judicata and cannot be challenged by the Injunction Motion. Section

1141(a) states:

> Except as provided in subsections (d)(2) and (d)(3) of this section,
> the provisions of a confirmed plan bind the debtor, any entity
> issuing securities under the plan, any entity acquiring property under
> the plan, and any creditor, equity security holder, or general partner
> in the debtor, whether or not the claim or interest of such creditor,
> equity security holder, or general partner is impaired under the plan
> and whether or not such creditor, equity security holder, or general
> partner has accepted the plan.

As one notable treatise explains:

> "Confirmation of a plan operates as a final judgment. All questions that could
> have been raised that pertain to the confirmed plan are barred by the doctrine of
> res judicata. Under the doctrine, questions concerning the treatment of any
> creditor under the plan, discharge of liabilities, or disposition of property, may
> no longer be raised after plan confirmation. These issues must be raised in the
> context of objections to confirmation of the plan." 8-1141 Collier on Bankruptcy
> P 1141.02[4] (internal citations omitted).

See also, In re MLC I, Inc. 2008 Bankr. LEXIS 4700, *23 (9th Cir. BAP 2008) (holding "It is well established that the preclusive effect of a plan confirmation order bars non-debtor plaintiffs, creditors, equity holders, principals of the debtor and parties in privity with the debtor or any of their successors in interest from relitigating issues that could or should have been raised before confirmation."); see also, In re Heritage Hotel P'ship I, 160 B.R. 374, 377 (9th Cir. BAP 1993); see also, In re Wolfberg, 255 B.R. 879, 882 (9th Cir. BAP 2000) (holding res judicata bars not only claims that were asserted earlier in the action, but also claims that could or should have been raised during the pendency of the case.)

Here, the issue of whether Debtor may offset payments due to the Beneficiaries because of

potential recovery against PCF has been litigated.  Mutuality was raised and extensively briefed

by the parties and resulted in Debtor amending the Plan in accordance with the Court's rulings.

The Court ruled that any offset or credit language must be removed from future plan documents.

---

[2] The Plan's default provisions require a 30 day cure period.  Based upon Debtor's repeated failure to make timely payments the cure period should be waived.  More significantly, the Injunction Motion is a clear sign Debtor does not intend to make payments until the District Court proceeding has been resolved.  As such, there is little reason to wait 30 days to cure.

As such, the relief sought in the Injunction Motion is barred as it runs contrary to the Plan. Moreover, if Debtor wanted an injunction to stay any payments, Debtor should have acted during the pendency of the bankruptcy proceeding or attempted to include injunctive relief language into the Plan. Debtor failed to do so, and thus Debtor is prohibited from attempting to do so now.

**C.    The Injunction Motion Attempts to Improperly Modify the Plan.**

The language in the Plan and Confirmation Order could not be more clear. Debtor must make quarterly payments of $302,575 to the Beneficiaries. Such payments were an integral part of the Court confirming the Plan and if such interest only payments were not a part of the Plan it would not have been confirmed, nor would the Plan have satisfied Section 1129, i.e., without the quarterly payments the Plan could not have been crammed down.

Obviously the Injunction Motion seeks to modify the rights of Beneficiaires as provided for in the Plan. Section 1127(b) provides:

> The proponent of a plan or the reorganized debtor may modify such plan at any time <u>after confirmation of such plan and before substantial consummation of such plan</u>, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title [11 USCS §§ 1122 and 1123]. <u>Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title</u>.

(emphasis added).

Modification "has been defined to mean to 'alter the legal relationships among the debtor and its creditors and other parties in interest' or 'affect' the legal relationships among them." 7-1127 <u>Collier on Bankruptcy</u> P 1127.03. Here, the attempted modification seeks to prevent the Beneficiaries' right to receive payments as required by the Plan. Again, without these payments the Plan would not have satisfied Section 1129. Debtor has not met any of the requirements of Section 1127. Further, the Plan, if modified, would not comply with Section 1129(b) which requires the quarterly payments as ordered by the Court.

**1.    The Plan Has Been Substantially Consummated.**

The Plan has been substantially consummated, as admitted by Debtor in its Status Report. Section 1101(2) defines substantial consummation as occurring when "(1) All or substantially all

of the property proposed by the plan to be transferred has been transferred; (2) The debtor or any successor to the debtor under the plan has assumed operation of the debtor's business or assumed possession of all or substantially all of the property dealt with by the plan; and (3) Distributions under the plan have commenced." Here, each element has been satisfied. The Plan was confirmed almost one year ago. The Property, as required by the Plan, vested in the reorganized Debtor upon the Plan's effective date. Debtor has allegedly continued its development of the Property. Debtor has made distributions, albeit delinquent, to creditors. As such, any attempted modification must be barred.

**2.     Debtor Failed To Seek This Court's Approval Of The Proposed Plan Modification.**

Debtor did not file a motion seeking modification before the Court, but instead sought to side-step the Court by filing the Injunction Motion before the District Court. Debtor ignored the fact that the Plan explicitly states "the Court will retain jurisdiction to the extent required by law and as described in the Plan." The Plan further provides "the Proponent of the Plan may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated <u>and</u> (2) the Court authorizes the proposed modifications after notice and a hearing." Debtor has breached the Plan separate and apart from the payment defaults. As such, the bankruptcy proceeding should be converted to chapter 7.

**IV.**

**CONCLUSION**

Based upon the foregoing, Debtor's bankruptcy proceeding should be immediately converted to chapter 7 and any modification to the Plan denied.

Dated: September 18, 2012                    Respectfully Submitted By:

GOE & FORSYTHE LLP


By: __/s/Robert P. Goe_____
      Robert P. Goe, Attorneys for
      Beneficiaries through their authorized
      Agent Points Center Financial, Inc.

### **DECLARATION OF ROBERT P. GOE**

I, Robert P. Goe, declare and state:

I am a partner in the law firm of Goe & Forsythe, LLP, attorneys for Beneficiaries through their authorized agent, Point Center Financial, Inc.  I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto.

1.     The Debtor's District Court a Motion for Issuance of a Preliminary Injunction and/or to Advance Action for Trial ("Injunction Motion") filed September 10, 2012, is attached hereto as **Exhibit "1"**.

2.     On September 12, 2012, Beneficiaries sent the third Notice of Default, attached hereto as "**Exhibit "2"**, and Debtor's September 13, 2012 response letter is attached hereto as **Exhibit "3"**.  As of September 18, 2012, the third payment was not made.

3.     A true and correct copy of one of the Loan Servicing Agreements is attached hereto as **Exhibit "4"**.

4.     A true and correct copy of the pertinent pages of the First Disclosure Statement are attached hereto as **Exhibit "5"**.

5.     A true and correct copy of Debtor's Offset Brief filed May 10, 2010 (without exhibits) is attached hereto as **Exhibit "6"**.  A  true and correct copy of the Beneficiaries Brief Offset filed May 17, 2010 (without exhibits) is attached hereto as **Exhibit "7"**.

6.     A true and correct copy of the Court's May 26, 2010 tentative ruling is attached hereto as **Exhibit "8"**.

7.     A true and correct copy of pertinent excerpts from the transcript of the May 26, 2010 hearing is attached hereto as **Exhibit "9"**.

8.     A true and correct copy of the Debtor's Fifth Amended Chapter 11 Plan as Modified filed September 28, 2011 is attached hereto as **Exhibit "10"**.

9.     A true and correct copy of the Confirmation Order is attached hereto as **Exhibit "11"**.

10.     A true and correct copy of the First Post-Confirmation Status Report filed March 30, 2012 is attached hereto as **Exhibit "12"**.

11.    A true and correct copy of the Court's July 17, 2012 tentative ruling in the Interpleader Action is attached hereto as **Exhibit "13"**.

12.    By Court Order entered July 25, 2012, the Interpleader Motion was denied and by Court Order entered September 14, 2012, the Interpleader Action was dismissed (collectively "Interpleader Orders") based upon the stipulation of all parties.  True and correct copies of both Interpleader Orders are attached hereto as **Exhibits "14" and "15"**.

I declare under penalty of perjury under the laws of the United States of America, the foregoing is true and correct.

Executed this 18th day of September 2012 in Irvine, California.

/s/Robert P. Goe
Robert P. Goe

14

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 510, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **BENEFICIARIES' MOTION TO CONVERT BANKRUPTCY PROCEEDING TO CHAPTER 7 AND TO DENY POST-CONFIRMATION PLAN MODIFICATION PURSUANT TO DEBTOR THE PRESERVE LLC'S DEFAULT OF THE FIFTH AMENDED CHAPTER 11 PLAN AS MODIFIED; DECLARATION OF ROBERT P. GOE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 18, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒      Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 18, 2012, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒      Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 18, 2012, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 18, 2012 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

15

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Jeffrey S Benice jsb@jeffreybenice.com
- Jeffrey W Broker jbroker@brokerlaw.biz
- Catherine Convy glg@ggb-law.com
- James R Felton jfelton@greenbass.com
- Don Fisher dfisher@ptwww.com
- Marc C Forsythe kmurphy@goeforlaw.com
- Cynthia Futter cfutter@futterwells.com
- Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Richard A Harvey dickatlaw@cox.net
- John Mark Jennings jjennings@shbllp.com
- Loraine L Pedowitz lpedowitz@allenmatkins.com
- Martha E Romero Romero@mromerolawfirm.com
- Mark C Schnitzer mschnitzer@rhlaw.com, mschnitzer@verizon.net
- Andrea Schoor aschoor@allenmatkins.com
- Melanie C Scott Melanie.Scott@usdoj.gov
- Leonard M Shulman lshulman@shbllp.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- David R Zaro dzaro@allenmatkins.com
- Joshua del Castillo jdelcastillo@allenmatkins.com

2. **SERVED BY UNITED STATES MAIL**:

Jeffrey S Benice
650 Town Center Drive Ste 1300
Costa Mesa, CA 92626

Broker & Associates
18191 Von Karman Ave Ste 470
Irvine, CA 92612-7114

Gresham Savage Nolan & Tilden APC
3750 University Ave, Ste 250
Attn: John Nolan Esq.
Riverside, CA 92501-3335

Richard A Harvey
111 Pacifica, Ste. 130
Irvine, CA 92618-4721

Amanda R Breneman
Grant Genovese & Baratta LLP
2030 Main St Ste 1600
Irvine, CA 92614

Marshall & Stevens Inc
355 S Grand Ave Ste 1750
Los Angeles, CA 90071

Mark C Schnitzer
Reid & Hellyer APC
P O Box 1300
Riverside, CA 92501

Deep Canyon Holdings, Inc.
P O Box 10723
Palm Desert, CA 92255

County Of Riverside
P O Box 12005
Riverside, CA 92502-2205

Jon F Gauthier
Marks, Finch, Thornton & Baird, LLP
4747 Executive Dr Ste 700
San Diego, CA 92121-3107

3. **SERVED BY PERSONAL DELIVERY**

- The Honorable Sheri Bluebond, USBC, East Temple Street, Suite 1482, Los Angeles, CA 90012