JAMES R. FELTON, ESQ. (State Bar No. 138767)
jfelton@greenbass.com
YI SUN KIM, ESQ. (State Bar No. 252303)
ykim@greenbass.com
GREENBERG & BASS LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel:  (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Creditors
Deep Canyon Holdings, LLC and
Beach, Freeman, Lim & Cleveland, LLP

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>THE PRESERVE, LLC, a California Limited Liability Company,<br><br>　　　　Debtor and Debtor-in-Possession. | Case No.: 2:10-bk-18429-BB<br><br>(Chapter 11)<br><br>**SUPPLEMENTAL OPPOSITION OF DEEP CANYON HOLDINGS, LLC. AND BEACH, FREEMAN, LIM & CLEVELAND, LLC TO BENEFICIARIES' MOTION TO CONVERT BANKRUPTCY PROCEEDING TO CHAPTER 7 AND TO DENY POST-CONFIRMATION PLAN MODIFICATION PURSUANT TO DEBTOR THE PRESERVE LLC'S DEFAULT OF THE FIFTH AMENDED CHAPTER 11 PLAN AS MODIFIED**<br><br>Date:　　　October 31, 2012<br>Time:　　　10:00 a.m.<br>Ctrm:　　　1475 |

Creditors Deep Canyon Holdings, LLC ("DCH") and Beach, Freeman, Lim & Cleveland, LLC ("Beach Firm") (sometimes collectively "Creditors") hereby submit their supplemental opposition (the "Supplemental Opposition") for the continued hearing on the Beneficiaries' Motion to Convert Bankruptcy Proceeding to Chapter 7 and to Deny Post-Confirmation Plan Modification Pursuant to Debtor The Preserve LLC's Default of the Fifth Amended Chapter 11 Plan as Modified (the "Motion to Convert") filed by Point Center Financial, Inc. ("PCF") as the alleged authorized agent for the Beneficiaries.

1

**SUPPLEMENTAL OPPOSITION OF DEEP CANYON HOLDINGS, LLC. AND BEACH, FREEMAN, LIM & CLEVELAND, LLC TO BENEFICIARIES' MOTION TO CONVERT**

849091.1 -- 31101.0001
856519.1 -- 31101.0001

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

One thing is so clear that it cannot be disputed. If conversion is ordered it will not give any further rights to PCF than it already has as a fully secured Class 1 Creditor if there is a default under the Plan. What it will do is greatly harm all other creditors and give PCF the opportunity to sidestep its liability to the Debtor which is the subject of the pending District Court Action.

In the Motion to Convert PFC alleged that the third installment under the confirmed Plan was not timely made by the Debtor to PFC as the alleged authorized agent for the Beneficiaries and as such this constituted a material default under the Plan which was grounds to convert this case to Chapter 7. The initial hearing on the Motion was held on October 17, 2012 and was continued until October 31, 2012. At the initial hearing the Court wanted to be advised if the third installment due under the Plan had been made by pleadings filed no later than October 24, 2012. It is conceded that the third installment was not made; however, Creditors contend that this should not be the basis to convert this case to Chapter 7. Creditors refer and incorporate herein their prior oppositions and declarations as well as the Further Opposition to the Motion to Convert filed by the Debtor on this date.

DCH, both as one of the Beneficiaries and as the largest Class 4 general unsecured creditor of the Debtor and the Beach Firm, a Class 4 general unsecured creditor of the Debtor, oppose conversion on several grounds as follows:

1.      PCF, as a fully secured creditor, can only look to its real property collateral to satisfy its claim and it is not entitled to participate in any other assets of the estate under any circumstances. So why would PCF move to convert this case when they have the right to look to their collateral if there is a default in payments of the Class 1 claim? The answer is self-evident: PCF wants to avoid at all costs having to defend the pending District Court Action brought by the Debtor. What better way to do this than remove the Debtor from active participation in the litigation and then try to settle for pennies on the dollar with a Chapter 7 Trustee. And who suffers as a result of this? All of the other creditors of the estate, including the Creditors. It is submitted that this Court needs to look outside of the box and take into consideration the motivations of the moving party in ruling on the Motion. Conversion adds

2

849091.1 -- 31101.0001
856519.1 -- 31101.0001

2.      PCF has alleged that non-payment is a material default under the Plan.  While it might be a material default as to PCF it is not a material default as to the other creditors.  If it is a material default as to PCF, then PCF has its remedies – to exercise its rights as to the collateral because that is all it is entitled to in the event of a default with respect to its Class 1 claim.  But this is not a material default as to all other creditors, including the Creditors.  The Court needs to fashion a remedy that takes into account all interest holders and not just PCF.  Conversion simply is overly draconian and frankly unnecessary to protect the rights of PCF.

3.      As has been set forth in other pleadings, despite the fact that the Debtor has made two payments totaling in excess of $600,000 on the Class 1 claim not one penny has been paid to DCH (or any of the other Beneficiaries) who are supposed to be getting distributions.  Instead PCF has been using the monies for purposes other than distributions to DCH and the Beneficiaries.  This is clearly contrary to the intent of the Plan.  The Court is also aware of the allegations made by the Debtor in the District Court Action (that the loan was not fully funded but PCF took a brokerage commission on the full amount of the loan commitment) and the damages the Debtor alleges to have suffered.  In deciding whether or not to convert this case the Court must take into consideration all of these factors and consider who are the bad guys and who are the victims and in doing so must conclude that there is no basis to convert this case.

As will be discussed there is ample authority for this Court to deny the Motion to Convert.

## II.

## CONVERSION IS NOT IN THE BEST INTERESTS OF CREDITORS OR THE ESTATE

Whether there has been a material breach is not by itself dispositive of this issue. Even if there had been a material breach, the Court must consider what is in the best interests of creditors before ordering conversion or dismissal. In re Whitehurst, III, 198 B.R. 981, 985 (Bankr. N.D. Ala. 1996). "A court may dismiss or convert into a Chapter 7 liquidation any bankruptcy proceeding where the court finds 'cause' to do so, *so long as the conversion or dismissal is in the best interests of the creditors and the debtors' estate.*" In re Congoleum Corp., 414 B.R. 44, 60 (D. N.J. 2009) (emphasis added).

One thing is so clear that it cannot be disputed.  If conversion is ordered it will not give any further rights to PCF than it already has as a fully secured Class 1 Creditor in the event in a default

3

SUPPLEMENTAL OPPOSITION OF DEEP CANYON HOLDINGS, LLC. AND BEACH, FREEMAN, LIM & CLEVELAND, LLC TO BENEFICIARIES' MOTION TO CONVERT

849091.1 -- 31101.0001
856519.1 -- 31101.0001

under the Plan. What it will do is greatly harm all other creditors and give PCF the opportunity to sidestep its liability to the Debtor which is the subject of the pending District Court Action.

"In determining whether to dismiss or convert the debtors' Chapter 11 cases, the Court must consider what will be in the best interest of *all creditors*." In re Larmar Estates, Inc., 6 B.R. 933, 937 (Bankr. E.D. N.Y. 1980) (emphasis added). Analysis of the interest of one creditor or group of creditors is not the equivalent of the best interests of creditors test. In re Mazzocone, 183 B.R. 402, 413 (Bankr. E.D. Penn. 1995). There is not a single case where the preference of a single creditor was held to be dispositive of the best interests of creditors test, and there must be an independent analysis of the "best interests of the estate" portion of the test as well. Id. at 414.

The Court has wide discretion and must balance the equities to determine what is in the best interests of creditors and the estate. In re Austin Ocola Ltd., 150 B.R. 279, 281 (Bankr. M.D. Fla. 1993). The Court must select the option (even denial of the motion) where "the purposes of the bankrutpcy code to encourage financial restructuring and facilitate payments to creditors is furthered." In re Orbit Petroleum, Inc., 396 B.R. 145, 149 (Bankr. D. N.M. 2008).

Therefore, there have been numerous cases in which a court *denied* a party's motion to convert or dismiss, even where there has been a material breach or default by the Debtor in its reorganization efforts. See, e.g., In re Te-Kon Travel Court, Inc., 424 B.R. 775, 785 (Bankr. W.D. Mich. 2010) (finding that the debtor's breach was essentially a two-party dispute with that particular creditor and that there was no need to "add unnecessary expense and delay" in converting the case just because of that dispute); In re West Pointe Ltd. P'ship, 270 B.R. 481, 484-485 (Bankr. E.D. Mo. 2001) (denying a motion to convert based on the debtor's post-confirmation default because "neither the best interests of creditors, nor the best interests of the estates would be served by conversion to Chapter 7."); In re Austin Ocola Ltd., 150 B.R. at 282 (concluding that the best interests of both creditor and the estate would best be served by the continuation of the case under Chapter 11); In re Weber, 209 B.R. 793, 801 (Bankr. D. Mass. 1997) (holding that it would be in the best interests of creditors to allow the debtor to amend his plan where conversion would not result in a distribution to creditors); In re Orbit Petroleum, Inc., 396 B.R. 145, 149 (Bankr. D. N.M. 2008) (refusing to allow dismissal or conversion where the confirmed plan may pay all creditors in full); In re Jartran, Inc., 71 B.R. 938, 945 (Bankr. M.D. Ill. 1987) (denying

4

**SUPPLEMENTAL OPPOSITION OF DEEP CANYON HOLDINGS, LLC. AND BEACH, FREEMAN, LIM & CLEVELAND, LLC TO BENEFICIARIES' MOTION TO CONVERT**

a motion to dismiss or convert noting the post-confirmation conversion would consume enormous resources that could and should be otherwise distributed to creditors).

The Bankruptcy Court in the District of Columbia was directly on point, stating:

**The Debtor in this case has not complied with the provisions of the confirmed Plan of Reorganization.** Such noncompliance is a ground for conversion of a Chapter 11 case into a Chapter 7 liquidation or for dismissal, pursuant to 11 U.S.C. § 1112(a)(2)(1982). However, the record in this case and the complaint in the adversary proceeding initiated by 12th & N indicate **a reasonable probability that the Debtor's noncompliance may have been caused by other parties.** The adversary complaint indicates that Debtor's noncompliance may have been occasioned wholly by other parties' failure to comply with contractual commitments, including the moving party here, rather than any delinquency by Debtor. **If the moving party is partly responsible for the default, it is, under basic contract principles, estopped to rely on a default for which it is partly responsible.**

Moreover, as provided by 11 U.S.C. § 1141(a), "the provisions of a confirmed plan bind the debtor . . . . and any creditors . . . ." Section 1142(b) authorizes the Court to "direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of a lien, that is necessary for the consummation of the plan." Therefore, under appropriate circumstances, the Court can order various parties to do what must be done to effectuate a confirmed plan.

Here, the Debtor is in default under the Plan but, as cases cited by Debtor state, that is not necessarily a condition that preordains conversion. **Conversion is an "extreme step" and should be exercised "only when a Court is satisfied that no fruitful avenue remains, other than liquidation."** In re Coral Air, 40 B.R. 979, 982 (D.V.I. 1984).

In re 12th & N Joint Venture, 63 B.R. 36, 37-38 (Bankr. D.C. 1986) (emphasis added).

Here, while conversion would benefit PCF in the District Court Action, it would only harm the Creditors and like creditors within the actual bankruptcy case. DCH is the largest of the Class 4 General Unsecured Creditors. Under the Plan, Class 4 General Unsecured Creditors are expected to receive future cash distributions from the sales of portions of the Legacy Highland project. Future payments may commence earlier than anticipated based on the results of the Point Center Litigation. If the case is converted, significantly fewer funds will be received upon immediate liquidation than is projected throughout the implementation of the Plan. As a Class 4 claimants, the Creditors have had no objection with the manner in which the Debtor has been operating under the Plan, in which the unsecured creditors stand to receive a healthy distribution by the Plan's end.

SUPPLEMENTAL OPPOSITION OF DEEP CANYON HOLDINGS, LLC. AND BEACH, FREEMAN, LIM & CLEVELAND, LLC TO BENEFICIARIES' MOTION TO CONVERT

849091.1 -- 31101.0001
856519.1 -- 31101.0001

GREENBERG & BASS LLP

### III.

### <u>CONCLUSION</u>

It would be unfair and inequitable to allow PCF to have this case to be converted to Chapter 7. It doesn't help them in the least as far as their claims against the estate. They can look to their collateral and nothing more which they can do upon a default. What it will do is greatly harm the other creditors of the Debtor and give PCF an unfair advantage in the pending District Court Action. It is indisputable that PCF has unclean hands. The Court should not reward them at the expense of all other creditors when their remedy is apparent – let them look to their collateral if there is a default which is all they can do under the Plan. Conversion is not necessary nor warranted to protect the rights of PCF. Therefore, the Creditors respectfully request that this Court <u>deny</u> PCF's Motion to Convert.

DATED: October 24, 2012                     GREENBERG & BASS LLP

By:_____
JAMES R. FELTON, ESQ.
YI SUN KIM, ESQ.
Attorneys for Creditor
Deep Canyon Holdings, LLC

**SUPPLEMENTAL OPPOSITION OF DEEP CANYON HOLDINGS, LLC. AND BEACH, FREEMAN, LIM & CLEVELAND, LLC TO BENEFICIARIES' MOTION TO CONVERT**

849091.1 -- 31101.0001
856519.1 -- 31101.0001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

16000 Ventura Blvd., Ste. 1000, Encino, CA 91436

A true and correct copy of the foregoing document entitled (specify):  **SUPPLEMENTAL OPPOSITION OF DEEP CANYON HOLDINGS, LLC. AND BEACH, FREEMAN, LIM & CLEVELAND, LLC TO BENEFICIARIES' MOTION TO CONVERT BANKRUPTCY PROCEEDING TO CHAPTER 7 AND TO DENY POST-CONFIRMATION PLAN MODIFICATION PURSUANT TO DEBTOR THE PRESERVE LLC'S DEFAULT OF THE FIFTH AMENDED CHAPTER 11 PLAN AS MODIFIED** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 24, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠        Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:** On (*date*) October 24, 2012, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⊠        Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** <u>(state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 24, 2012, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⊠        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 24, 2012 | Moran Kerpik | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVI**

850077.1 -- 31101.0001

## SERVICE LIST

### SERVED BY THE COURT VIA NEF:

| | |
|---|---|
| Jeffrey S. Benice | jsb@jeffreybenice.com |
| Jeffrey W. Broker | jbroker@brokerlaw.biz |
| Catherine Convy | eac@ggb-law.com |
| Don Fisher | dfisher@ptwww.com |
| Joshua del Castillo | jdelcastillo@allenmatkins.com |
| James R. Felton | jfelton@greenbass.com |
| Marc C. Forsythe | kmurphy@goeforlaw.com |
| Cynthia Futter | cfutter@futterwells.com |
| Robert P. Goe | kmurphy@goeforlaw.com, rgoe@goeforlaw.com, mforsythe@goeforlaw.com |
| Richard A. Harvey | dickatlaw@cox.net |
| John Mark Jennings | jjennings@shblp.com |
| Loraine L. Pedowitz | lpedowitz@allenmatkins.com |
| Martha E. Romero | romero@mromerolawfirm.com |
| Mark C. Schnitzer | mschnitzer@rhlaw.com |
| Leonard M Shulman | lshulman@shbllp.com |
| Andrea Schoor | aschoor@allenmatkins.com |
| Melanie C. Scott | Melanie.Scott@usdoj.gov |
| U.S. Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| David R. Zaro | dzaro@allenmatkins.com |

### FOLLOWING SERVICES VIA U.S. MAIL UNLESS OTHERWISE INDICATED

**Debtor**:
The Preserve, LLC
c/o Beaumont 1600 LLC Manager
P.O. Box 55317
Riverside, CA 92517

The Honorable Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple Street, Ste. 1482
Los Angeles, CA 90012
**VIA OVERNIGHT DELIVERY**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
850077.1 -- 31101.0001

**F 9013-3.1.PROOF.SERVI(**