1  TIMOTHY J. YOO (State Bar No. 155531)
   IRVING M. GROSS (State Bar No. 53659)
2  MONICA Y. KIM (State Bar No. 180139)
   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
3  10250 Constellation Blvd., Suite 1700
   Los Angeles, California 90067
4  Telephone: (310) 229-1234
   Telecopier: (310) 229-1244
5  E-mail: tjy@lnbyb.com; img@lnbyb.com; myk@lnbyb.com
6
7  Attorneys for John J. Menchaca, Chapter 7 Trustee

8              **UNITED STATES BANKRUPTCY COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
9                  **LOS ANGELES DIVISION**

10

11  In re                              | Case No. 2:10-bk-18429-BB

12  THE PRESERVE, LLC, a California Limited | Chapter 7
    Liability Company,
13                          Debtor.     | **CHAPTER 7 TRUSTEE'S MOTION FOR**
                                        | **ORDER APPROVING COMPROMISE OF**
14                                      | **CONTROVERSY WITH THE WILLIAM F.**
                                        | **MARANO LIVING TRUST;**
15                                      | **MEMORANDUM OF POINTS AND**
                                        | **AUTHORITIES AND DECLARATIONS OF**
16                                      | **JOHN J. MENCHACA AND SCOTT**
                                        | **KRENTEL IN SUPPORT THEREOF**
17
18
19                                      | [NO HEARING REQUIRED]
20
21
22
23
24
25
26
27
28

1

2  **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES**

3  **BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE,**

4  **CREDITORS, AND PARTIES IN INTEREST:**

5      John J. Menchaca, in his capacity as Chapter 7 Trustee of The Preserve, LLC, a

6  California Limited Liability Company, the Debtor in this Chapter 7 case ("Trustee") respectfully

7  moves the Court (the "Motion") to approve the compromise of controversy between Steve

8  Coldwell, individually, and Janthon Marano, individually and both as Co-Trustees of *THE*

9  *WILLIAM F. MARANO LIVING TRUST* (the "Marano Trust") and the Debtor made in

10  connection with the settlement of litigation that is pending in the Riverside Superior Court for

11  the State of California, Case No. RIC 1200309 entitled Steve Coldwell, etc., et al., v. The

12  Preserve, LLC, etc., et al. and the related cross-complaint (the "Coldwell Action").

13      The specific terms of the settlement are more particularly set forth in the SETTLEMENT

14  AND GENERAL RELEASE AGREEMENT (the "Settlement Agreement") which is attached as

15  Exhibit 1 to the Declaration of John J. Menchaca filed annexed hereto (the "Menchaca

16  Declaration"). By way of summary only, the Settlement Agreement calls for the Marano Trust

17  to receive a Deed in Lieu of foreclosure on the land that is subject to the deed of trust more

18  particularly described hereinbelow, and for the Marano Trust to withdraw Proof of Claim no. 8

19  on file in this case in its entirety. Mutual General Releases are to be exchanged. The entirety of

20  the Coldwell Action is to be dismissed with prejudice.

21      This Motion is based upon the foregoing request for relief, the Memorandum of Points

22  and Authorities annexed hereto, and the Menchaca Declaration and the Declaration of Scott

23  Krentel (the "Krentel Declaration") also annexed hereto.

24      WHEREFORE, Trustee prays:

25      (1)    That this Court grant this Motion and authorize the Trustee to take all necessary

26  steps in order to complete the Settlement Agreement attached to the Menchaca Declaration as

27  Exhibit 1 thereto, and to cause to be executed all instruments required thereunder in order to

28  effectuate the Settlement Agreement; and

2

1     (2)    For such other relief as is just and proper.

2 DATED: March ___, 2014             LEVENE, NEALE, BENDER YOO
                          & BRILL L.L.P.

5                        By____ */s/ Monica Y. Kim*
                           Monica Y. Kim

6                        Attorneys for John J. Menchaca, Chapter 7 Trustee

3

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

### **I.**

3

### **FACTUAL BACKGROUND**

4     One of the real properties that is property of the estate is approximately 112 acres of

5   vacant land in Beaumont, California (the "School Site"). The School Site is located near the

6   approximately 1,331 acres of land often referred to in this case as the "Legacy Highlands". On

7   or about November 27, 2002 the Debtor executed a "Note Secured by Deed of Trust" in the face

8   amount of \$4 million and a Deed of Trust in favor of the Marano Trust (the "\$4 Million Deed of

9   Trust"). On or about May 21, 2004 the Debtor executed a "Promissory Note" dated May 21,

10   2004, in the amount of \$125,000, which referenced and incorporated the terms of the Marano \$4

11   million Note Secured by Deed of Trust. See, Krentel Declaration, ¶2.

12     The Debtor filed a Chapter 11 case on September 25, 2008, which case was subsequently

13   converted to a Chapter 7 case pursuant to an Order entered on November 7, 2012. The Marano

14   Trust filed a Proof of Claim in this case (Claim No. 8) in a secured amount of \$4,150,000.00 and

15   in an unsecured amount of \$6,400,000.00 (the "Marano Trust Proof of Claim"). See, Krentel

16   Declaration, ¶3.

17     On or about January 9, 2012 the Coldwell Action was filed against the Debtor alleging,

18   among other things, claims for judicial foreclosure of the \$4 million deed of trust, breach of

19   promissory note and for a deficiency judgment pertaining to the School Site. The Debtor

20   answered the complaint in the Coldwell Action and filed a cross-complaint to have the \$4

21   Million Deed of Trust declared to be related to an equity investment and other relief, including a

22   declaration that no deficiency could be obtained under the \$4 Million Deed of Trust. See,

23   Krentel Declaration, ¶4.

24     The parties to the Coldwell Action attended a mandatory settlement conference at the

25   Riverside Superior Court on February 20, 2014 at which time a settlement was reached, subject

26   to the approval of this Court. This Motion seeks such approval. See, Menchaca Declaration at

27   ¶2 and Krentel Declaration at ¶5.

28

4

## II.

## SUMMARY OF SETTLEMENT TERMS

This Motion seeks to compromise the controversy between the Debtor and the Marano Trust pertaining to the School Site as well as Proof of Claim No. 8 filed by the Marano Trust in this case. The Debtor (through the Trustee) and the Marano Trust have entered into a Settlement Agreement subject to approval by this Court, a true and correct copy of which is attached to the Menchaca Declaration as Exhibit 1 thereto. A Deed-in-Lieu of foreclosure of the School Site property is to be delivered to the Marano Trust free and clear of taxes, liens and encumbrances save and except the $4 million Marano Note and Deed of Trust and the $125,000 note. Pursuant to the Settlement Agreement, any and all claims that the Marano Trust has in the Debtor's case, both secured and unsecured evidenced by the Marano Trust Proof of Claim, are to be withdrawn. The Coldwell Action and the Debtor's cross-complaint are to be dismissed in their entirety, with prejudice. The Settlement Agreement contains mutual general releases as described therein. The Settlement Agreement shall become effective upon entry of a Final Order by the Bankruptcy Court approving same and is contingent only on the Debtor's (through the Trustee) ability to delver clear title to the School Site as described therein. See, Menchaca Declaration at ¶3 and Section 12 of the Agreement.

## III.

## THE SETTLEMENT PROPOSED HEREIN IS

## IN THE BEST INTERESTS OF THE ESTATE

Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides:

> On motion of the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

1    The Ninth Circuit has recognized that "[t]he bankruptcy court has great latitude in

2 approving compromise agreements." In re A & C Properties, 784 F.2d 1377, 1380-81, cert.

3 denied, 479 U.S. 854 (1986). "The purpose of a compromise agreement is to allow the debtor

4 and the creditors to avoid the expenses and burdens associated with litigating sharply contested

5 and dubious claims." A & C Properties, 784 F.2d at 1380-81.

6    In approving a compromise, a bankruptcy court must find that the compromise is fair

7 and equitable and that the negotiations between the parties were conducted in good faith. Id.

8 Nevertheless, a bankruptcy court need not conduct an exhaustive investigation or a mini-trial

9 into the validity of the merits of the claims sought to be compromised. Matter of Walsh Const.

10 Inc., 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, the bankruptcy court need only canvas the

11 issues to determine whether the settlement falls below the lowest point of the range of

12 reasonableness. In re Schmitt, 215 B.R. 417, 423 (9th Cir. BAP 1997). In determining the

13 acceptability of a proposed compromise, the court should specifically consider the following

14 factors:

15            1.    The probability of success in litigation;

16            2.    The difficulties, if any, to be encountered in the matter of collection;

17            3.    The complexity of the litigation involved and the expense, inconvenience

18                  and delay necessarily attending it; and

19            4.    The paramount interest of the creditors and a proper

20                  deference to their reasonable views.

21 A & C Properties, 784 F.2d at 1381; In re Colortran, 213 B.R. 507, 511 (9th Cir. BAP 1997).

22    Applying the above described standard to the facts of the proposed settlement of the

23 claim objection and counterclaims, the proposed settlement is reasonable, fair, equitable, and in

24 the best interests of the Debtor's estate because:

25       (1)    The claims of the Marano Trust and the Debtor have been highly litigated, and

26       there is no assurance of the ultimate success in the pursuit of that litigation;

27       (2)    There is no 'collection' issue in this matter, but the claims of the Marano Trust

28       against the estate will be compromised. A Deed-in-Lieu of foreclosure of the School

6

1 Site will be provided to the Marano Trust and the Marano Trust Proof of Claim is to be

2 withdrawn, which will be of substantial benefit to the estate's creditors;

3 (3) Litigation with the Marano Trust has been very expensive to date, discovery has

4 occurred, which has been very expensive for both sides. It is estimated that litigation

5 costs in this matter involving a trial will be substantial going forward if the compromise

6 is not approved; and

7 (4) The proposed settlement is in the best interests of the estate because the

8 settlement permits a deed in lieu of foreclosure of real property that is already

9 encumbered and eliminates any and all further claims of the Marano Trust against the

10 estate, secured or unsecured by the withdrawal of the Marano Trust Proof of Claim.

11 See, Menchaca Declaration at ¶4.

12 The Trustee has carefully considered the above-stated issues and has exercised his

13 business judgment in consultation with Scott Krentel, the manager of the manager of the

14 Debtor, and his advisors, to settle the controversies pursuant to the settlement proposed in this

15 Motion in the fashion summarized hereinabove and as set forth in the Settlement Agreement.

16 The Trustee asserts that the proposed settlement of the Coldwell Action and the Debtor's

17 cross-complaint is reasonable, is in the best interests of the estate and its creditors, and it is

18 requested that same be approved by this Court. See, Menchaca Declaration at ¶5.

19 **IV.**

20 **CONCLUSION**

21 It is respectfully requested that the Motion be granted, that the compromise be approved,

22 that the Trustee be authorized perform and satisfy the terms of the SETTLEMENT AND

23 GENERAL RELEASE AGREEMENT, a copy of which is attached to the Menchaca Declaration

24 as Exhibit 1, together with such other relief as is appropriate.

25 DATED: March ___, 2014                LEVENE, NEALE, BENDER YOO
                                                  & BRILL L.L.P.
26

27                                        By____/s/ Monica Y. Kim_____
                                              Monica Y. Kim
28                                        Attorneys for John J. Menchaca, Chapter 7 Trustee

7

1  **DECLARATION OF JOHN J. MENCHACA**

2  I, John J. Menchaca, declare as follows:

3  1.    I am the duly appointed and acting Chapter 7 Trustee in this case. I have

4  personal knowledge of the facts set forth herein, and, if called as a witness, could and would

5  testify competently with respect thereto.

6  2.    On February 20, 2014 I attended the mandatory settlement conference in the

7  Coldwell Action in the Riverside Superior Court in my capacity as the Chapter 7 Trustee for the

8  Debtor as Defendant and Cross-Complainant . I was represented by counsel on behalf of the

9  estate, John Bailey, Esq. of Hall & Bailey.   Also participating and assisting me at the

10  mandatory settlement conference was Scott Krentel, the manager of the manager of the Debtor.

11  3.    This Motion seeks to compromise the controversy between the Debtor and the

12  Marano Trust pertaining to the School Site as well as Proof of Claim No. 8 filed by the Marano

13  Trust in this case. The Debtor (through me as Chapter 7 Trustee) and the Marano Trust have

14  entered into a Settlement Agreement subject to approval by this Court, a true and correct copy

15  of which is attached hereto as Exhibit 1. A Deed-in-Lieu of foreclosure of the School Site

16  property is to be delivered to the Marano Trust free and clear of taxes, liens and encumbrances

17  save and except the $4 million Marano Note and Deed of Trust and the $125,000 note. Pursuant

18  to the Settlement Agreement, any and all claims that the Marano Trust has in the Debtor's case,

19  both secured and unsecured evidenced by the Marano Trust Proof of Claim, are to be

20  withdrawn. The Coldwell Action and the Debtor's cross-complaint are to be dismissed in their

21  entirety, with prejudice. The Settlement Agreement contains mutual general releases as

22  described therein. The Settlement Agreement shall become effective upon entry of a Final

23  Order by the Bankruptcy Court approving same and is contingent only on the Debtor's (through

24  myself as the Trustee) ability to delver clear title to the School Site as described at Section 12

25  therein.

26  4.    The proposed settlement is reasonable, fair, equitable, and in the best interests of

27  the Debtor's estate because:

28

8

1      (1)    The claims of the Marano Trust and the Debtor have been highly litigated, and

2  there is no assurance of the ultimate success in the pursuit of that litigation;

3      (2)    There is no 'collection' issue in this matter, but the claims of the Marano Trust

4  against the estate will be compromised. A Deed-in-Lieu of foreclosure of the School

5  Site will be provided to the Marano Trust and the Marano Trust Proof of Claim is to be

6  withdrawn, which will be of substantial benefit to the estate's creditors;

7      (3)    Litigation with the Marano Trust has been very expensive to date, discovery has

8  occurred, which has been very expensive for both sides. It is estimated that litigation

9  costs in this matter involving a trial will be substantial going forward if the compromise

10  is not approved; and

11      (4)    The proposed settlement is in the best interests of the estate because the

12  settlement permits a deed in lieu of foreclosure of real property that is already

13  encumbered and eliminates any and all further claims of the Marano Trust against the

14  estate, secured or unsecured by the withdrawal of the Marano Trust Proof of Claim.

15      5.    I as Chapter 7 Trustee have carefully considered the above-stated issues and have

16  exercised my business judgment in consultation with Scott Krentel, the manager of the manager

17  of the Debtor, and my advisors, to settle the controversies pursuant to the settlement proposed in

18  this Motion in the fashion summarized hereinabove and as set forth in the Settlement Agreement

19  (Exhibit 1). I believe that the proposed settlement of the Coldwell Action and the Debtor's

20  cross-complaint is reasonable, is in the best interests of the estate and its creditors, and it is

21  requested that same be approved by this Court.

22      I declare under penalty of perjury under the laws of the United States of America that the

23  foregoing facts are true and correct.

24      Executed on this _19th_ day of March, 2014, at Los Angeles, California.

25

26

    John J. Menchaca

27

28

9

1

## **DECLARATION OF SCOTT KRENTEL**

2    I, Scott Krentel, declare as follows:

3    1.    I am the manager of the manager of the Debtor in this case. I have personal
4    knowledge of the facts set forth herein, and, if called as a witness, could and would testify
5    competently with respect thereto.

6    2    One of the real properties that is property of the estate is approximately 112 acres
7    of vacant land in Beaumont, California (the "School Site"). The School Site is located near the
8    approximately 1,331 acres of land often referred to in this case as the "Legacy Highlands". On
9    or about November 27, 2002 the Debtor executed a "Note Secured by Deed of Trust" in the face
10   amount of $4 million and a Deed of Trust in favor of the Marano Trust (the "$4 Million Deed of
11   Trust"). On or about May 21, 2004 the Debtor executed a "Promissory Note" dated May 21,
12   2004, in the amount of $125,000, which referenced and incorporated the terms of the Marano $4
13   million Note Secured by Deed of Trust.

14   3.    The Debtor filed a Chapter 11 case on September 25, 2008, which case was
15   subsequently converted to a Chapter 7 case pursuant to an Order entered on November 7, 2012.
16   The Marano Trust filed a Proof of Claim in this case (Claim No. 8) in a secured amount of
17   $4,150,000.00 and in an unsecured amount of $6,400,000.00 (the "Marano Trust Proof of
18   Claim").

19   4.    On or about January 9, 2012 the Coldwell Action was filed against the Debtor
20   alleging, among other things, claims for judicial foreclosure of the $4 million deed of trust,
21   breach of promissory note and for a deficiency judgment pertaining to the School Site. The
22   Debtor answered the complaint in the Coldwell Action and filed a cross-complaint to have the $4
23   Million Deed of Trust declared to be related to an equity investment and other relief, including a
24   declaration that no deficiency could be obtained under the $4 Million Deed of Trust.

25   5.    The parties to the Coldwell Action attended a mandatory settlement conference at
26   the Riverside Superior Court on February 20, 2014 at which time a settlement was reached,
27   subject to the approval of this Court. I participated in the mandatory settlement conference in
28   my capacity as manager of the manager of the Debtor in assisting the Trustee in evaluating the

10

1    settlement of the Coldwell Action.  This Motion seeks approval of the settlement that was

2    reached at the mandatory settlement conference.

3        I declare under penalty of perjury under the laws of the United States of America that the

4    foregoing facts are true and correct.

5        Executed on this 1 9 day of March, 2014, at Riverside, California.

6

7        _____
         Scott Krentel
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

**Exhibit 1**

## SETTLEMENT AND GENERAL RELEASE AGREEMENT

This Settlement and General Release Agreement ("Agreement") is made by and between STEVE COLDWELL ("COLDWELL"), individually, and JANTHON MARANO ("JANTHON") individually and both as Co-Trustees of THE WILLIAM F. MARANO LIVING TRUST ("MARANO TRUST") on the one hand, and THE PRESERVE, LLC, a California Limited Liability Company ("THE PRESERVE"), by and through John Menchaca, its Chapter 7 Trustee, on the other hand, with respect to the following recitals.

### RECITALS

A.      The real property which forms the subject matter of this Agreement consists of approximately 112 acres of vacant land in Beaumont, California, more legally described as:

IN THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE, AND BEING A PORTION OF FRACTIONAL SECTION 16, TOWNSHIP 3 SOUTH RANGE 1 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

**PARCEL 1A:**

GOVERNMENT LOTS 2, 3 AND THE NORTH HALF OF GOVERNMENT LOT 6 IN SAID FRACTIONAL SECTION 16.

**PARCEL 1B:**
A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS AND ROAD PURPOSES OVER AND ACROSS THE FOLLOWING DESCRIBED PROPERTY: THE NORTHERLY 30.00 FEET AND THE EASTERLY 30.00 FEET OF GOVERNMENT LOT 6;
THE WESTERLY 30.00 FEET OF GOVERNMENT LOT 5:
AND THE SOUTHERLY 60.00 FEET OF GOVERNMENT LOT 5 LYING WESTERLY OF THE WESTERLY LINE OF LAMB CANYON ROAD ALL IN SAID FRACTIONAL SECTION 16.
EXCEPT THAT PORTION IN THE NORTH HALF OF GOVERNMENTAL LOT 6 (Hereinafter the "SCHOOL SITE")

B.      INTENTIONALLY OMITTED.

C.      INTENTIONALLY OMITTED.

E.      INTENTIONALLY OMITTED.

F.      On or about November 27, 2002, THE PRESERVE executed a "Note Secured by Deed of Trust" in the face amount of $4 million in favor of the MARANO TRUST (the "$4 Million Marano Note").

G.      On or about December 2, 2002, THE PRESERVE executed a "Short Form Deed of Trust and Assignment of Rents" in favor of Stuart L. Wallach, as trustee, and the MARANO TRUST, as beneficiary, which Deed of

Trust recorded against the SCHOOL SITE on December 6, 2002, in the Official Records of Riverside County, as document no. 2002-731807 (the "Marano $4 Million Deed of Trust").

H.    In or about the middle of 2003, the WILLIAM F. MARANO LIVING TRUST as to 65%, Daniel J. Vienna ("Vienna"), an individual as to 16%, Haydee Aeschliman ("Aeschliman"), an individual as to 12%, and JANTHON, an individual as to 8%, sometimes hereinafter collectively referred to as the "Marano Group," loaned the amount of $1,250,000 to THE PRESERVE, which loan was secured by to a Deed of Trust dated  September 15, 2003, in favor of the Marano Group, as beneficiaries, which Deed of Trust was recorded in the Official Records of Riverside County against the SCHOOL SITE on December 18, 2003, as document no. 2003-985943 (hereinafter the "Marano Group Deed of Trust").   The parties hereto understand, acknowledge and agree that THE PRESERVE has previously paid in full all amounts due under the Marano Group Deed of Trust and the underlying loan obligations secured by the Marano Group Deed of Trust.

I.    On or about May 21, 2004, THE PRESERVE executed a "Promissory Note" dated May 21, 2004, in the amount of $125,000, which referenced and incorporated the terms of the Marano $4 Million Note (hereinafter the "125K Marano Note").

J.    THE PRESERVE filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on or about September 25, 2008, which Chapter 11 was converted to a Chapter 7 proceeding under case no. 2:10-bk-18429-BB (hereinafter "The Preserve Bankruptcy").   John Menchaca is the duly appointed and acting Chapter 7 Trustee for THE PRESERVE.  On or about April 29, 2009, the MARANO TRUST filed a "Proof of Claim" in The Preserve Bankruptcy in a secured amount of $4,150,000.00 and in an unsecured amount of $6,400,000.00, plus interest at 10% (denominated in the Bankruptcy Court files as Claim No. 8; hereinafter the "MARANO TRUST Proof of Claim").

K.    On or about January 9, 2012, Plaintiffs STEVE COLDWELL and JANTHON MARANO, as Co-Trustees of the WILLIAM F. MARANO LIVING TRUST, filed with the Riverside Superior Court for the State of California under case number RIC 1200309, a Complaint entitled <u>Steve Coldwell, etc., et al., v. The Preserve, LLC, etc., et al.</u>, alleging, among other things, claims for judicial foreclosure, breach of promissory note and for deficiency judgment pertaining to the SCHOOL SITE. On or about April 17, 2012, Plaintiffs filed a First Amended Complaint in the COLDWELL Action (hereinafter collectively the "COLDWELL Complaint" and/or "COLDWELL Action").

L.    On or about March 2, 2012, THE PRESERVE filed an Answer to the COLDWELL Complaint and concurrently filed a Cross-Complaint against COLDWELL/MARANO in the COLDWELL Action. On or about September 12, 2013, THE PRESERVE filed a First Amended Answer to the COLDWELL Complaint, and concurrently filed a First Amended Cross-Complaint (hereinafter the "PRESERVE Cross-Complaint").

M.     On February 20, 2014, the parties memorialized a "Settlement Agreement" which was mediated by Retired Judge Michael Hider, a true and correct copy of which is attached hereto as Exhibit "1" and is incorporated herein by reference as though set forth in full.   To the extent an ambiguity exists between Exhibit "1" and this Agreement, the terms of this Agreement shall control.

N.     The parties to this Agreement, by entering into this Agreement, desire to fully and finally terminate and cancel all rights, duties, obligations and interests of the parties with respect to their entire relationship prior to the date of this Agreement.  This Agreement shall now form, define and govern the entire relationship of the parties to this Agreement.  This Agreement does not constitute an admission of fault or liability by any party hereto.  This Agreement is entered into in good faith to avoid future disputes and litigation which may result in substantial legal fees and other costs to the parties.

### AGREEMENT

NOW, THEREFORE, in consideration of the foregoing facts and the terms and conditions set forth herein, the parties hereto mutually agree as follows:

1.0  Incorporation of Recitals:  The foregoing recitals form a material part of this Agreement and are hereby incorporated by reference as though set forth in full.

2.0  Mutual General Release--THE PRESERVE: Except as provided for under this Agreement and for valuable consideration as set forth in this Agreement, and the mutual covenants contained herein, THE PRESERVE hereby releases and forever discharges COLDWELL and JANTHON and the MARANO TRUST, and their respective representatives, heirs, assigns, successors, accountants, consultants, agents and attorneys from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, accounts, causes of action, costs, and suits of whatever nature, character, or description, whether known or unknown, and whether anticipated or unanticipated, which each party has, claims to have, or may hereafter claim to have against the other party by reason of any agreement, contract, fact, act or omission and claims known or unknown, intentional or unintentional, in existence prior to the date of this Agreement as defined in section 27.0 below, excepting any such claims or causes of action arising out of the affirmative obligations contained in the body of this Agreement.

3.0  Mutual General Release--COLDWELL/JANTHON/MARANO TRUST: Except as provided for under this Agreement and for valuable consideration as set forth in this Agreement, and the mutual covenants contained herein, COLDWELL, JANTHON and the MARANO TRUST, hereby release and forever discharge THE PRESERVE, and its Chapter 7 Trustee, and their respective predecessors, agents, managing members, representatives, heirs, assigns, successors, accountants, consultants and attorneys from any and all claims, demands, damages, debts, liabilities, obligations, contracts,

agreements, accounts, causes of action, costs, and suits of whatever nature, character, or description, whether known or unknown, and whether anticipated or unanticipated, which each party has, claims to have, or may hereafter claim to have against the other party by reason of any agreement, contract, fact, act or omission and claims known or unknown, intentional or unintentional, in existence prior to the date of this Agreement as defined in section 27.0 below, excepting any such claims or causes of action arising out of the affirmative obligations contained in the body of this Agreement.

4.0  **Finality and Scope of Releases.** The parties hereto acknowledge and agree that it is their intention, through this Agreement and the releases set forth herein to fully, finally and forever settle and release each other from all those matters released herein, and all claims related thereto, which do now exist, may exist or heretofore have existed prior to the date of this Agreement as defined in section 27.0 below excepting any such claims or causes of action arising out of the affirmative obligations contained in the body of the Agreement.

5.0  **Releases of Unknown or Unsuspected Claims.** THE PARTIES HAVE BEEN INFORMED BY THEIR RESPECTIVE ATTORNEYS AND ADVISORS ABOUT CALIFORNIA CIVIL CODE SECTION 1542, AND THE PARTIES ACKNOWLEDGE THAT THEY ARE FAMILIAR WITH AND HEREBY EXPRESSLY WAIVE THE PROVISIONS OF THIS SECTION, AND ANY SIMILAR STATUTE, CODE, LAW OR REGULATION OF ANY STATE IN THE UNITED STATES TO THE FULLEST EXTENT THAT THEY MAY WAIVE SUCH RIGHTS AND BENEFITS. SECTION 1542 OF THE CALIFORNIA CIVIL CODE PROVIDES:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

6.0  **The Effect of Discovery of Different or Additional Facts.** With specific respect only to the Mutual General Releases set forth herein, the parties hereto acknowledge and agree that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, or related or associated parties in addition to or different from those which are listed herein and which the parties believe to exist, pertaining to the matters released herein. Nevertheless, it is the intention of the parties hereto, through this Agreement and the releases herein, to fully, finally, and forever settle and release all such matters, and all claims and parties related thereto, which do now exist, may exist in the future or heretofore have existed as they relate to, arise out of and pertain to the claims and causes of action and facts contained in the COLDWELL Complaint, the PRESERVE Cross-Complaint, and The Preserve Bankruptcy. In furtherance of such intention, the releases herein given shall be and remain in effect as a full and complete release of such matters and parties, notwithstanding the discovery or existence of any such additional or different claims or facts related thereto by the parties hereto. In entering into these releases, the parties hereto

are not relying upon any statement, representation, inducement or promise
of any other parties, except as expressly stated in this Agreement. It
is the intent of the parties to this Agreement to release each other from
claims or causes of action existing prior to the date of this Agreement
as defined in Section 27.0 below, excepting any such claims or causes of
action arising out of the affirmative obligations contained in the body
of this Agreement.

7.0  Assumption of Risks. With specific respect only to the Mutual
Releases set forth herein the parties hereto acknowledge and agree that
no facts or representations are ever absolutely certain; accordingly,
each party hereto assumes the risk of subsequently discovering that any
fact the said party relied upon in entering into this Agreement was
untrue, or that any understanding of the facts or the law was incorrect,
said party shall not be entitled to set aside this Agreement by reason
thereof, or for any reason or circumstances whatsoever. This Agreement
and the releases contained herein are intended to be final and binding
upon the parties hereto, and each of them, and is further intended to be
effective as a novation. Each party relies upon the finality of this
Agreement and the releases herein as a material factor inducing the
party's execution of this Agreement.

8.0  Generality and Specificity of Releases: Covenant Not to Sue or
Make Claims. Except for the rights, duties and obligations of the parties
arising under this Agreement, it is the intention of the parties that
with specific respect only to the mutual general releases set forth
herein, the parties hereto acknowledge and agree that the parties hereto
intend these mutual general releases to be construed in the broadest
possible terms so that the effect of this Agreement is that the persons
released hereby may not be sued by the persons releasing them hereby,
whether directly or indirectly, and no claims may be made related to such
releases whether by way of offset or otherwise or indeed in any manner
and for any reason, under any theory of fact, under any theory of law,
under any alleged set of facts, under any alleged reading of the law and
under or pursuant to any claim of any kind or for any reason or
circumstance whatsoever.

9.0  No Admission of Liability. The parties acknowledge and agree
that no party, by providing the consideration described below or by
entering into this Agreement, has admitted to any unlawful or improper
conduct or liability to any party. Specifically, neither COLDWELL,
JANTHON, nor THE PRESERVE have admitted any liability under the COLDWELL
Complaint, the PRESERVE Cross-Complaint, and The Preserve Bankruptcy, or
under any instrument or theory alleged therein, by reason of entering
into this Agreement. The parties further understand and agree that this
Agreement shall not be admissible as evidence in any Federal, State or
administrative proceeding, except that this Agreement may be submitted
to any appropriate court of competent jurisdiction in an action to
enforce or interpret the terms of this Agreement or to impeach any party
contradicting the recitals or provisions of this Agreement.

10.0 **Voluntary Execution**. The parties hereby acknowledge that each is executing this Agreement voluntarily and of its own free will and that each fully understands the terms of this Agreement, has conducted its own due diligence, and that each party has had an opportunity to and did discuss the terms and implications thereof with legal counsel. Each of the parties hereto acknowledge that no other party, nor any agent or attorney of any other party, has made any promise, representation or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce him/it to execute this Agreement in reliance upon any such promise, representation, or warranty not contained herein.

11.0 **Consideration**:    As further consideration for the mutual releases and other covenants contained herein, the parties further agree as follows:

11.1 Upon the execution of this Agreement and subject to the contingencies listed in section 12.0 below, THE PRESERVE shall execute and deliver to the MARANO TRUST a Deed-in-Lieu of Foreclosure of the SCHOOL SITE property only in the form and content as shown in Exhibit "2" attached hereto and incorporated by reference ("Deed-in-Lieu");

11.2 Upon the execution of this Agreement and subject to the contingencies listed in section 12.0 below, the MARANO TRUST and THE PRESERVE shall execute and deliver together an "Estoppel Affidavit" in connection with the Deed-in-Lieu in the form and content as shown in Exhibit "3" attached hereto and incorporated by reference ("Estoppel Affidavit");

11.3 The parties acknowledge, understand and agree that the SCHOOL SITE Property is to be conveyed to the MARANO TRUST by way of the Deed-in-Lieu, free and clear of taxes due and owing up to and including February 20, 2014, liens and encumbrances save and except the $4 Million Marano Note and Deed of Trust and the $125K Marano Note and the Marano Group Deed of Trust; provided, however, the parties further acknowledge, understand and agree that it is the express duty and obligation of COLDWELL, JANTHON and the MARANO TRUST to remove, release and/or obtain any necessary reconveyances or releases of any lien, claim or encumbrance against the SCHOOL SITE property recorded or asserted in connection with the Marano $4Million Deed of Trust and the Marano Group Deed of Trust;

11.4 Upon the execution of this Agreement and subject to the contingencies listed in section 12.0 below, COLDWELL and the MARANO TRUST shall withdraw any and all claims they have in The Preserve Bankruptcy, both secured and unsecured, including but not limited to the MARANO TRUST Proof of Claim;

11.5 Upon the execution of this Agreement and subject to the contingencies listed in section 12.0 below, the MARANO TRUST hereby acknowledges, understands and agrees that it no longer has any

rights or claims in or to The Preserve Bankruptcy Estate and/or any of the real property which makes up the Legacy Highlands Project, save and except the SCHOOL SITE, which shall be transferred to the MARANO TRUST via the Deed-in-Lieu;

11.6 Upon the execution of this Agreement and subject to the contingencies listed in section 12.0 below, the MARANO TRUST shall dismiss the COLDWELL Action in its entirety, with prejudice, and withdraw its Notice of Pendency of Action (Lis Pendens) that it recorded in connection with the COLDWELL Action on February 16, 2012;

11.7 Upon the execution of this Agreement and subject to the contingencies listed in section 12.0 below, THE PRESERVE shall dismiss the PRESERVE Cross-Complaint in the COLDWELL Action in its entirety, with prejudice, and withdraw any notice of pendency of action it may have recorded in connection with the COLDWELL Action.

12.0 <u>Contingencies to the Settlement Agreement</u>:   The parties expressly understand and agree that this entire Settlement Agreement is contingent upon the successful completion and accomplishment of the following matters:

12.1 THE PRESERVE's ability to provide clear title, including tax liens due and owing up to and including February 20, 2014, of the SCHOOL SITE to the MARANO TRUST subject only to the MARANO TRUST $4 Million Deed of Trust and the Marano Group Deed of Trust, and any covenants, conditions, restrictions and easements of record against the SCHOOL SITE property;

12.2 The review, consideration and approval of this Agreement and all of its terms by the U.S. Bankruptcy Court in The Preserve Bankruptcy.

13.0 <u>Costs and Expenses</u>:  Except as expressly provided for in this Agreement, all parties agree to bear their own costs and expenses, including attorneys' fees, incurred by each party prior to the date of this Agreement.

14.0 <u>Warranties/No Assignment of Claims</u>:  Each party hereto represents and warrants that they have not heretofore assigned or transferred, or purported to have assigned or transferred, to any person or entity, any claims, actions, complaints, counter-complaints, cross-complaints, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, revenues, profits, liabilities, rights, judgment, judgment liens and/or interests, or any part or provision thereof, referred to herein. Each party hereto agrees to indemnify and hold harmless the other parties, against any alleged transfer and/or assignment of said claims, actions, complaints, counter-complaints, cross-complaints, causes of action, obligations, costs, expenses, attorneys fees, damages, losses, revenues, profits, liabilities, judgments, judgment liens and demands.

3/18/14                        Page 7 of  11

15.0 <u>Parties in Interest</u>. Nothing in this Agreement, whether express or implied, is intended to confer any rights or remedies under or by reason of this Agreement on any person other than the parties to it and their respective successors and assigns, nor is anything in this Agreement intended to relieve or discharge the obligation or liability of any third persons to any party to this Agreement, nor shall any provision give any third person any right of subrogation or action over against any party to this Agreement.

16.0 <u>Entire Agreement, Amendments and Waiver</u>. This Agreement constitutes the entire Agreement between the parties pertaining to the subject matter contained herein and supersedes all prior and contemporaneous agreements, representations and understandings whether oral, written or both, of the parties with respect to the subject matter hereof. In the case of this particular Agreement, there have been no prior or contemporaneous agreements, representations and understandings between or among the parties hereto, and the only agreement that formed the topic of negotiations and discussions is contained herein. The parties agree that this Agreement may not be modified and that no attempted modification by the parties shall be binding upon either party hereto unless contained in a written instrument executed by the party to be charged. Accordingly, this Agreement may not be so modified by a writing that is unsigned by the party to be charged and this Agreement may not be modified by any oral amendment, oral agreement or other oral modification. In fact, any oral amendment or written modification that remains unsigned by the party to be charged is invalid in that the parties intend that there is no consideration for any future promises that are not contained in writing.

17.0 <u>Specific Performance</u>. Each party's obligations under this Agreement are unique. If any party should default in its obligations under the terms of this Agreement, the parties each acknowledge that it would be extremely impracticable to measure the resulting damages; accordingly, the non-defaulting party, in addition to any other available rights or remedies, may sue in equity for specific performance, without the necessity of posting bond or other security, and the parties hereto each expressly waive the defense that a remedy in damages will be adequate.

18.0 <u>Parties Bound</u>: This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, legal representatives, successors and assigns.

19.0 <u>Attorney's Fees</u>. Should an action be brought to enforce or interpret this Agreement or any claim or cause of action arising out of this Agreement, between the parties to this Agreement, the prevailing party shall be entitled to recover from the other party, in addition to damages, injunctive or other relief, if any, all costs and expenses (whether or not allowable as "cost" items by law) reasonably incurred at, before and after trial or on appeal, or in any bankruptcy proceeding, including without limitation, attorneys' fees, witness fees (expert or otherwise), deposition costs, copying charges and other expenses.

20.0 **Effect of Headings**:    The headings of the sections and subsections of this Agreement are included for convenience only, and are not to be construed as affecting the construction or interpretation of any of the provisions of this Agreement.

21.0 **Construction and Performance**:    This Agreement shall not be construed against the party preparing it, but shall be construed as if all parties prepared this Agreement, and in accordance with the laws of the State of California. It is further understood and agreed that this Agreement is entered into and is to be performed and enforced in Riverside County, California.

22.0 **Agreement to Perform Necessary Acts**:    The parties shall execute and deliver all documents and perform all further acts that may be reasonably necessary to effectuate the provisions of this Agreement, including but not limited to the execution of all documents necessary to clear title of the SCHOOL SITE as requested by the parties and/or their respective attorneys and/or title companies.

23.0 **Authority**:    Each party hereto affirmatively represents and warrants that any individual executing this Agreement or any Documents referenced in and/or attached to this Agreement on behalf of a corporate entity has the requisite power and authority to so execute this Agreement and/or Document on behalf of the corporation and bind any corporate entity purported to be a party hereto to the obligations and duties set forth herein and does hereby agree to indemnify, defend and hold harmless the other parties, against any claims, actions, complaints, counter-complaints, cross-complaints, causes of action, obligations, costs, expenses, attorneys fees, damages, losses, revenues, profits, liabilities, judgments, judgment liens and demands that attack, seek to set aside and/or otherwise challenge the power and/or authority to so execute this Agreement and/or Document.

24.0 **Time of Essence**:    Time is of the essence for the performance of each and every covenant and satisfaction of each and every condition contained in this Agreement.

25.0 **Counterparts, Gender and Tense**:    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original document, and all of which together shall constitute a single instrument.   In this Agreement, and where the context may require, the singular shall include the plural, and the neuter, masculine and feminine genders shall be deemed to include the others, and the word "person" shall be deemed to include both natural persons and any corporation, partnership, association, joint venture, trust, firm, governmental agency, body politic or any other entity.   A facsimile signature and/or electronically transmitted signature on this Agreement shall be deemed to be an original signature.

26.0 **Invalidity of Provisions**:  If any provision of this Agreement as applied to any party or to any circumstance shall be adjudged by a court to be void and/or unenforceable, the same shall in no way affect:

(a) any other provision of this Agreement; (b) the application of such provision in any other circumstances; and/or (c) the validity or enforceability of this Agreement as a whole.

27.0 <u>Date of This Agreement</u>: This Agreement shall be of full force and effect upon its execution by all parties hereto. The date of the last signature placed hereon, excluding signatures of any attorneys representing the parties, shall herein be known as the "Date of this Agreement."

28.0 <u>Court to Retain Jurisdiction to Enforce</u>: The court shall retain jurisdiction over the parties to enforce the settlement until performance in full of all of the terms of the settlement under Code of Civil Procedure, section 664.6, et seq.

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement on the date set forth opposite their names below.

DATED: __3__|__19__, 2014.

THE WILLIAM F. MARANO LIVING TRUST

By: _____
STEVE COLDWELL, individually and as Co-Trustee of THE WILLIAM F. MARANO LIVING TRUST

DATED: _____, 2014.

By: _____
JANTHON MARANO, individually and as Co-Trustee of THE WILLIAM F. MARANO LIVING TRUST

3/18/14                    Page 10 of 11

(a) any other provision of this Agreement; (b) the application of such provision in any other circumstances; and/or (c) the validity or enforceability of this Agreement as a whole.

27.0 Date of This Agreement: This Agreement shall be of full force and effect upon its execution by all parties hereto.  The date of the last signature placed hereon, excluding signatures of any attorneys representing the parties, shall nerein be known as the "Date of this Agreement."

28.0 Court to Retain Jurisdiction to Enforce: The court shall retain jurisdiction over the parties to enforce the settlement until performance in full of all of the terms of the settlement under Code of Civil Procedure, section 664.6, et seq.

IN WITNESS WHEREOF, the parties hereto have duly executed this Agreement on the date set forth opposite their names below.

THE WILLIAM F. MARANO LIVING TRUST

DATED: _____, 2014.           By: _____
                                         STEVE COLDWELL, individually and
                                         as Co-Trustee of THE WILLIAM F.
                                         MARANO LIVING TRUST

DATED: 03/20, 2014.                 By: _____
                                         ANTHON MARANO, individually and
                                         as Co-Trustee of THE WILLIAM F.
                                         MARANO LIVING TRUST

**Settlement Agreement**
**Coldwell v The Preserve**

DATED: 3 / 18 , 2014.          THE PRESERVE, LLC

By:

John Menchaca
Chapter 7 Trustee

3/18/14                    Page 11 of 11

## Superior Court Of California – County Of Riverside

### Settlement Agreement

Case Number: RIC 1 2 0 0 3 0 9        Date: February 20, 2014

#### THIS IS A BINDING SETTLEMENT AGREEMENT THAT CANNOT BE CANCELED

This Agreement is enforceable pursuant to CCP Section 664.6 and Evidence Code Section 1123(b). If any party institutes proceedings under those sections to enforce this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.

Plaintiff(s) shall execute the customary release of all claims, including a waiver of CC section 1542, which is to be prepared and sent by Defense Counsel, or by Defendant if not represented by an attorney, to Plaintiff's Counsel, or to Plaintiff if not represented by an attorney.

The terms and conditions of settlement are as follows:

1. Deed in-lieu on 112 acres Subject To The Preserve's Ability to provide clean Title By a Subject to Marano Trust whereupon delivering will have deed of Trust A clear Title, including tax liens except the Marano Group's m Deed of Trust Held by "Marano Group".

2. Withdrawal by Marano Trust of all claims in bankruptcy case Both Secured And Unsecured.

3. Mutual dismissals of all claims in this action with prejud

4. Mutual general releases of all parties, attorneys, consultants, accountants, etc.

5. Mutual 1542 waivers

6. Each side to bear its own attorneys' fees & expenses & costs

7. Subject to Bankruptcy Court approval

8. Subject to separate settlement agreement to be executed incorporating provisions stated above.

(Continue on other side if necessary.)

| Plaintiff(s)/Attorney(s) | Defendant(s)/Attorney(s) Cross-Complainant |
| (Print name and sign) | (Print name and sign) |

Steve Coldwell
Steve Coldwell Co Trustee of Marano Trust

John McNulty CK CHRF. If rustee
The Preserve

Loraine L. Podruizitz

Bill Bohler

**EXHIBIT " 1 "**
**PAGE 1 OF 1**

## DEED IN LIEU OF FORECLOSURE

THE UNDERSIGNED GRANTOR DECLARES:          PARCEL NO. 421-100-002-8;
                                           421-100-005-1; and 421-
                                           100-010-5

The Grantees named herein are the foreclosing Beneficiaries

The amount of the unpaid debt together with cost
     is $_____

The amount paid by the Grantee is: $ NONE
Document Transfer Tax is $_____

By: _____
        Steve Coldwell, as Co-Trustee of the
        William F. Marano Living Trust

        FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
THE PRESERVE, LLC, a California Limited Liability Company, by and through
John Menchaca, its Chapter 7 Trustee, hereby GRANTS to STEVE COLDWELL and
JANTHON MARANO as Co-Trustees of THE WILLIAM F. MARANO LIVING TRUST, the
following described real property in the City of Beaumont, County of
Riverside, State of California, more legally described as:

            IN THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE, AND
            BEING A PORTION OF FRACTIONAL SECTION 16, TOWNSHIP 3
            SOUTH RANGE 1 WEST, SAN BERNARDINO MERIDIAN, ACCORDING
            TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

            **PARCEL 1A**:

            GOVERNMENT LOTS 2, 3 AND THE NORTH HALF OF GOVERNMENT
            LOT 6 IN SAID FRACTIONAL SECTION 16.

            **PARCEL 1B**:
            A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS AND ROAD
            PURPOSES OVER AND ACROSS THE FOLLOWING DESCRIBED
            PROPERTY: THE NORTHERLY 30.00 FEET AND THE EASTERLY
            30.00 FEET OF GOVERNMENT LOT 6;
            THE WESTERLY 30.00 FEET OF GOVERNMENT LOT 5:
            AND THE SOUTHERLY 60.00 FEET OF GOVERNMENT LOT 5 LYING
            WESTERLY OF THE WESTERLY LINE OF LAMB CANYON ROAD ALL IN
            SAID FRACTIONAL SECTION 16.
            EXCEPT THAT PORTION IN THE NORTH HALF OF GOVERNMENTAL
            LOT 6

THIS DEED IS AN ABSOLUTE CONVEYANCE, THE GRANTOR HAVING SOLD SAID LAND
TO THE GRANTEE FOR A FAIR AND ADEQUATE CONSIDERATION, SUCH CONSIDERATION,
IN ADDITION TO ANY ABOVE RECITED, BEING FULL SATISFACTION OF ALL
OBLIGATIONS SECURED BY DEED OF TRUST EXECUTED BY THE PRESERVE, LLC, AS
TRUSTOR, STUART L. WALLACH ATTORNEY AT LAW, TRUSTEE, AND WILLIAM F.

3/18/14                        Page 1 of 2
                      **EXHIBIT # 2 #**

MARANO LIVING TRUST, BENEFICIARY, RECORDED ON DECEMBER 6, 2002, AS
INSTRUMENT NO. 2002-731807, OFFICIAL RECORDS OF RIVERSIDE COUNTY, STATE
OF CALIFORNIA.

GRANTOR DECLARES THAT THIS CONVEYANCE IS FREELY AND FAIRLY MADE, AND THAT
THERE ARE NOT AGREEMENTS, ORAL OR WRITTEN, OTHER THAN THIS DEED BETWEEN
GRANTOR AND GRANTEE WITH RESPECT TO SAID LAND; AND

SUBJECT TO that certain Deed of Trust executed by THE PRESERVE, as
Trustor, in favor of WILLIAM F. MARANO LIVING TRUST as to 65%, Daniel J.
Vienna, an individual as to 16%, Haydee Aeschliman, an individual as to
12%, and JANTHON, an individual as to 8%, as Beneficiaries, in the face
amount of $1,250,000, dated September 15, 2003, which Deed of Trust was
recorded in the Official Records of Riverside County on December 18,
2003, as document no. 2003-985943

DATED: _____, 2014.          THE PRESERVE, LLC

                            By: _____
                                 John Menchaca
                                 Chapter 7 Trustee


STATE OF          )
COUNTY OF         ) ss.

On _____, before me, _____, Notary Public,
personally appeared JOHN MENCHACA, who proved to me to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/its authorized capacity(ies), and that
by his/her/its signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

EXHIBIT " 2 "

## ESTOPPEL AFFIDAVIT

This Estoppel Affidavit ("Affidavit") is made by STEVE COLDWELL ("COLDWELL"), individually, and JANTHON MARANO ("JANTHON"), Individually and both as Co-Trustees of THE WILLIAM F. MARANO LIVING TRUST ("MARANO TRUST") on the one hand, and JOHN MENCHACA, AS CHAPTER 7 TRUSTEE OF THE PRESERVE, LLC, a California Limited Liability Company ("THE PRESERVE"), on the other hand, and with reference to the following described property which consists of approximately 112 acres of vacant land in Beaumont, California, more legally described as:

IN THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE, AND BEING A PORTION OF FRACTIONAL SECTION 16, TOWNSHIP 3 SOUTH RANGE 1 WEST, SAN BERNARDINO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF, DESCRIBED AS FOLLOWS:

### PARCEL 1A:

GOVERNMENT LOTS 2, 3 AND THE NORTH HALF OF GOVERNMENT LOT 6 IN SAID FRACTIONAL SECTION 16.

### PARCEL 1B:

A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS AND ROAD PURPOSES OVER AND ACROSS THE FOLLOWING DESCRIBED PROPERTY: THE NORTHERLY 30.00 FEET AND THE EASTERLY 30.00 FEET OF GOVERNMENT LOT 6;
THE WESTERLY 30.00 FEET OF GOVERNMENT LOT 5:
AND THE SOUTHERLY 60.00 FEET OF GOVERNMENT LOT 5 LYING WESTERLY OF THE WESTERLY LINE OF LAMB CANYON ROAD ALL IN SAID FRACTIONAL SECTION 16.
EXCEPT THAT PORTION IN THE NORTH HALF OF GOVERNMENTAL LOT 6 (Hereinafter the "SCHOOL SITE")

The undersigned affiants hereby declare that THE PRESERVE, as Trustor, and the MARANO TRUST, as Beneficiary, are the same parties who made, executed and delivered that certain "Short Form Deed of Trust and Assignment of Rents" in favor of Stuart L. Wallach, as trustee, and the MARANO TRUST, as beneficiary, which Deed of Trust recorded against the SCHOOL SITE on December 6, 2002, in the Official Records of Riverside County, as document no. 2002-731807 (the "Marano $4 Million Deed of Trust").

The undersigned affiants further declare that in or about the middle of 2003, THE PRESERVE, as trustor, and the WILLIAM F. MARANO LIVING TRUST as to 65%, and JANTHON, an individual as to 8%, as part beneficiaries, made, executed and delivered a Deed of Trust in the face amount of $1,250,000.00 dated  September 15, 2003, in favor of the WILLIAM F. MARANO LIVING TRUST and JANTHON, and others, as beneficiaries, which Deed of Trust was recorded in the Official Records of Riverside County against the SCHOOL SITE on December 18, 2003, as document no. 2003-985943 (hereinafter the "Marano Group Deed of Trust").

3/18/14

Page 1 of 5
EXHIBIT " 3 "

The undersigned affiants expressly acknowledge, understand and agree that THE PRESERVE is executing and delivering concurrently with this Affidavit a Deed-in-Lieu of Foreclosure to the MARANO TRUST covering and conveying the SCHOOL SITE property to the MARANO TRUST, and shall hereinafter be referred to as the "Deed-in-Lieu."

The undersigned affiants expressly acknowledge and declare that the Deed-in-Lieu is intended to be and is an absolute conveyance of title to the SCHOOL SITE property to the grantee named therein, and was not and is not now intended as a mortgage, trust conveyance or security instrument of any kind as it was and is the intention of the affiants to convey to the grantee therein named all right, title and interest absolutely in and to the SCHOOL SITE property, and that possession of the SCHOOL SITE property is fully surrendered by THE PRESERVE to the MARANO TRUST.

The undersigned affiants further acknowledge, understand and agree that they are not acting under any misapprehension or misunderstanding as to the effect of the Deed-in-Lieu and have acted freely and voluntarily and without any coercion or duress when delivering, accepting and/or recording the Deed-in-Lieu.

The undersigned affiants further acknowledge, understand and agree that all sums that may be due and/or owing to the beneficiaries described in the Marano $4 Million Deed of Trust shall be declared fully satisfied with delivery of the Deed-in-Lieu and that there is no deficiency or unsecured amounts still owing by THE PRESERVE to any of the undersigned affiants under the Marano $4 Million Deed of Trust as said sums have been declared released, forgiven or withdrawn.

The undersigned affiants further acknowledge, understand and agree that the consideration for the Deed-in-Lieu was exchanged under a Settlement Agreement entered into to resolve that certain action filed with the Riverside Superior Court for the State of California under case number RIC 1200309, under a Complaint entitled Steve Coldwell, etc., et al., v. The Preserve, LLC, etc., et al., (hereinafter the "COLDWELL Action"), which released and satisfied any and all claims and disputes by the undersigned affiants in connection with the Marano $4 Million Deed of Trust.

The undersigned affiants further acknowledge, understand and agree that this Affidavit is being made for the protection and benefit of the grantee described in the Deed-in-Lieu, its successors and assigns, and all other parties hereinafter dealing with or who may acquire an interest in the SCHOOL SITE property for the benefit of the MARANO TRUST, including but not limited to any and all escrow holders and title companies handling and/or recording the Deed-in-Lieu and all their respective successors, assigns and transferees.

3/18/14                          Page 2 of 5

EXHIBIT • 3 •

Estoppel Affidavit
Coldwell/The Preserve

The undersigned affiants hereby declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct of their own personal knowledge.

THE WILLIAM F. MARANO LIVING TRUST

DATED: _____, 2014.          By: _____

                                        STEVE COLDWELL, individually and
                                        as Co-Trustee of THE WILLIAM F.
                                        MARANO LIVING TRUST

STATE OF                  )
COUNTY OF                 ) ss.

On _____, before me, _____, Notary Public, personally appeared STEVE COLDWELL, who proved to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/its authorized capacity(ies), and that by his/her/its signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Estoppel Affidavit
Coldwell/The Preserve

THE WILLIAM F. MARANO LIVING TRUST

DATED: _____, 2014.        By: _____
                                      JANTHON MARANO, Individually and
                                      as Co-Trustee of THE WILLIAM F.
                                      MARANO LIVING TRUST

STATE OF            )
COUNTY OF           ) ss.

On _____, before me, _____, Notary Public,
personally appeared JANTHON MARANO, who proved to me to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/its authorized capacity(ies), and that
by his/her/its signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Estoppel Affidavit
Coldwell v The Preserve

DATED: _____, 2014.          THE PRESERVE, LLC

                                   By: _____
                                        John Menchaca
                                        Chapter 7 Trustee


STATE OF          )
COUNTY OF         ) ss.

On _____, before me, _____, Notary Public,
personally appeared JOHN MENCHACA, who proved to me to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/its authorized capacity(ies), and that
by his/her/its signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature _____

3/18/14                     Page 5 of 5
                        EXHIBIT " 3 "

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY WITH THE WILLIAM F. MARANO LIVING TRUST; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF JOHN J. MENCHACA AND SCOTT KRENTEL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *March 21, 2014*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On *March 21, 2014*, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *March 21, 2014,* I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA ATTORNEY SERVICE**

The Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 East Temple St., Courtroom 1475
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 21, 2014 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**2:10-bk-18429-BB Notice will be electronically mailed to:**

Jeffrey S Benice on behalf of Creditor Pacific Mercantile Bank
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Creditor Point Center Financial, Inc.
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross Defendant Point Center Financial Inc
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant David Shore, O.D., Trustee of the David and Florence Shore
Charitable Remainder Unitrust
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Holdt Living Trust
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Kathryn and Albert Family Trust
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Kent H, Azaren, M.D., PSP
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Paul P. Krasner, Trustee ofthe Nephrology Meidcal Group, Inc. of
Orange County Profit Sharing Plan and Trustee and Trustee ofthe Paul Krasner, M.D. Denined Benefit Pension
Plan and Trust
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Robert A. Coveney Family Trust
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Sherwood L. Simpon and Jean C. Simpson, Trustees of the
Simpson Family Trust dated September 6, 1997
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Sid K. and Jessica M. Louie, Trustees of the Sid K. and Jessica
M. Louie Family Partnership
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant The Kennedy Family Trust
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant William E Dennison and/or Teresa J. Dennison, Trustees of the
Dennison Famil Trust
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Adam Bennecke

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           **F 9013-3.1.PROOF.SERVICE**

jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Angela Bennecke
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant D Max Perry
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant David Shore
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Margaret E Bauerlein
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Mary Perry
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Robert L Wells
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Vincent A Bauerlein
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Cross-Claimant Wanda Harrell
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant Deep Canyon Holdings, Inc.
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant Escrow Professionals Inc
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant National Financial Lending Inc
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant National Financial Lending LLC
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant Point Center Financial Inc
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant Point Center Mortgage Fund I LLC
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant TD Service Company
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant Daniel J Harkey

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**

jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant Joshua Reta
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant Lois R Bejerano
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant M Gwen Melanson
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant Rene E Esparza
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant Stephan George Livingston
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Defendant Vernon Alan Bergfeld
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Interested Party Courtesy NEF
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Plaintiff Point Center Financial, Inc.
jsb@jeffreybenice.com

Jeffrey S Benice on behalf of Plaintiff Point Center Point Center Financial, Inc.
jsb@jeffreybenice.com

Anthony Bisconti on behalf of Defendant Beaumont 1600, LLC Beaumont 1600, LLC
tbisconti@bmkattorneys.com, admin@bmkattorneys.com

Anthony Bisconti on behalf of Interested Party Courtesy NEF
tbisconti@bmkattorneys.com, admin@bmkattorneys.com

Jeffrey W Broker on behalf of Attorney - Broker & Associates
jbroker@brokerlaw.biz

Jeffrey W Broker on behalf of Debtor The Preserve, LLC
jbroker@brokerlaw.biz

Jeffrey W Broker on behalf of Interested Party Courtesy NEF
jbroker@brokerlaw.biz

Jeffrey W Broker on behalf of Interested Party Jeffrey W. Broker
jbroker@brokerlaw.biz

Jeffrey W Broker on behalf of Plaintiff The Preserve, LLC

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**

jbroker@brokerlaw.biz

Catherine Convy on behalf of Cross-Claimant David Shore, O.D., Trustee of the David and Florence Shore
Charitable Remainder Unitrust
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Holdt Living Trust
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Kathryn and Albert Family Trust
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Kent H, Azaren, M.D., PSP
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Paul P. Krasner, Trustee ofthe Nephrology Meidcal Group, Inc.
of Orange County Profit Sharing Plan and Trustee and Trustee ofthe Paul Krasner, M.D. Denined Benefit
Pension Plan and Trust
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Robert A. Coveney Family Trust
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Sherwood L. Simpon and Jean C. Simpson, Trustees of the
Simpson Family Trust dated September 6, 1997
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Sid K. and Jessica M. Louie, Trustees of the Sid K. and Jessica
M. Louie Family Partnership
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant The Kennedy Family Trust
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant William E Dennison and/or Teresa J. Dennison, Trustees of the
Dennison Famil Trust
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Adam Bennecke
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Angela Bennecke
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant D Max Perry
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant David Shore

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Margaret E Bauerlein
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Mary Perry
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Robert L Wells
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Vincent A Bauerlein
glg@ggb-law.com, glg@ggb-law.com

Catherine Convy on behalf of Cross-Claimant Wanda Harrell
glg@ggb-law.com, glg@ggb-law.com

James R Felton on behalf of Creditor Beach, Freeman, Lim & Cleveland, LLP
jfelton@greenbass.com

James R Felton on behalf of Creditor Deep Canyon Holdings, Inc.
jfelton@greenbass.com

James R Felton on behalf of Defendant Deep Canyon Holdings, Inc.
jfelton@greenbass.com

Don Fisher on behalf of Creditor PALMIERI, TYLER, WIENER WILHELM & WALDRON LLP
dfisher@ptwww.com

Don Fisher on behalf of Interested Party Courtesy NEF
dfisher@ptwww.com

Marc C Forsythe on behalf of Creditor Point Center Financial Inc
kmurphy@goeforlaw.com, mforsythe@goeforlaw.com

Cynthia Futter on behalf of Interested Party Courtesy NEF
cfutter@futterwells.com

Lauren N Gans on behalf of Interested Party Lauren GANS
lgans@shensonlawgroup.com

Jon F Gauthier on behalf of Defendant Brewer Corporation dba Brewer Crane & Rigging
, kkingsley@mftb.com

Thomas M Geher on behalf of Defendant National Financial Lending, Inc.
tmg@jmbm.com, we1@jmbm.com;fc3@jmbm.com

Thomas M Geher on behalf of Defendant RESS Financial Corporation, a California Corporation

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE

tmg@jmbm.com, we1@jmbm.com;fc3@jmbm.com

Robert P Goe on behalf of Attorney Robert P. Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

Robert P Goe on behalf of Creditor Point Center Financial Inc
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

Robert P Goe on behalf of Creditor Point Center Financial, Inc.
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

Robert P Goe on behalf of Defendant Point Center Financial, Inc.
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

Robert P Goe on behalf of Interested Party Robert P Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

Robert P Goe on behalf of Plaintiff Point Center Point Center Financial, Inc.
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

Melanie Scott Green on behalf of U.S. Trustee United States Trustee (LA)
Melanie.green@usdoj.gov

Irving M Gross on behalf of Plaintiff John Menchaca
img@lnbrb.com, angela@lnbrb.com

Irving M Gross on behalf of Trustee John J Menchaca (TR)
img@lnbrb.com, angela@lnbrb.com

Richard A Harvey on behalf of Attorney Law Office of Richard A Harvey
dickatlaw@cox.net

Richard A Harvey on behalf of Debtor The Preserve, LLC
dickatlaw@cox.net

Richard A Harvey on behalf of Plaintiff The Preserve LLC
dickatlaw@cox.net

Pamela E Havird on behalf of Creditor Deep Canyon Holdings, Inc.
pehavird@att.net

Pamela E Havird on behalf of Defendant Beach, Freeman, Lim and Cleland, LLP
pehavird@att.net

Pamela E Havird on behalf of Defendant Deep Canyon Holdings, Inc.
pehavird@att.net

Pamela E Havird on behalf of Defendant Doug Beach

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        F 9013-3.1.PROOF.SERVICE

pehavird@att.net

John Mark Jennings on behalf of Creditor Pacific Mercantile Bank
jjennings@shbllp.com

John Mark Jennings on behalf of Cross-Claimant Pacific Mercantile Bank
jjennings@shbllp.com

John Mark Jennings on behalf of Defendant Pacific Mercantile Bank
jjennings@shbllp.com

John Mark Jennings on behalf of Interested Party Pacific Mercantile Bank
jjennings@shbllp.com

Steven J Katzman on behalf of Defendant Beaumont 1600, LLC Beaumont 1600, LLC
SKatzman@bmkattorneys.com, admin@bmkattorneys.com

Steven J Katzman on behalf of Defendant Scott Krentel
SKatzman@bmkattorneys.com, admin@bmkattorneys.com

Steven J Katzman on behalf of Interested Party Courtesy NEF
SKatzman@bmkattorneys.com, admin@bmkattorneys.com

Steven J Katzman on behalf of Trustee John J Menchaca (TR)
SKatzman@bmkattorneys.com, admin@bmkattorneys.com

Monica Y Kim on behalf of Trustee John J Menchaca (TR)
myk@lnbrb.com

Yi S Kim on behalf of Creditor Beach, Freeman, Lim & Cleveland, LLP
ykim@greenbass.com

Yi S Kim on behalf of Creditor Deep Canyon Holdings, Inc.
ykim@greenbass.com

John J Menchaca (TR)
jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com

John J Menchaca (TR) on behalf of Trustee John J Menchaca (TR)
jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com

Loraine L Pedowitz on behalf of Creditor The William F. Marano Living Trust
lpedowitz@allenmatkins.com

Monica Rieder on behalf of Interested Party Courtesy NEF
mrieder@lgbfirm.com, rmartin-patterson@lgbfirm.com

Martha E Romero on behalf of Creditor Riverside County, California Taxing Authoirty

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Romero@mromerolawfirm.com

Mark C Schnitzer on behalf of Creditor Deep Canyon Holdings, Inc.
mschnitzer@rhlaw.com, mcschnitzer@gmail.com

Mark C Schnitzer on behalf of Interested Party Courtesy NEF
mschnitzer@rhlaw.com, mcschnitzer@gmail.com

Andrea Schoor on behalf of Creditor The William F. Marano Living Trust
aschoor@allenmatkins.com, mkrumholt@allenmatkins.com

Jonathon Shenson on behalf of Interested Party Jonathan Seligmann Shenson
jshenson@shensonlawgroup.com

Leonard M Shulman on behalf of Creditor Pacific Mercantile Bank
lshulman@shbllp.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Robert G Wilson on behalf of Interested Party Howard B. Grobstein
rwilson@lgbfirm.com, kalandy@lgbfirm.com

Timothy J Yoo on behalf of Plaintiff John Menchaca
tjy@lnbyb.com

David R Zaro on behalf of Creditor The William F. Marano Living Trust
dzaro@allenmatkins.com

David R Zaro on behalf of Interested Party Courtesy NEF
dzaro@allenmatkins.com

Roye Zur on behalf of Attorney Roye Zur
rzur@lgbfirm.com, rmartin-
patterson@lgbfirm.com;kalandy@lgbfirm.com;marizaga@lgbfirm.com;kmorin@lgbfirm.com

Roye Zur on behalf of Interested Party Courtesy NEF
rzur@lgbfirm.com, rmartin-
patterson@lgbfirm.com;kalandy@lgbfirm.com;marizaga@lgbfirm.com;kmorin@lgbfirm.com

Joshua del Castillo on behalf of Interested Party Courtesy NEF
jdelcastillo@allenmatkins.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE